1    JOHN S. BATTENFELD, State Bar No. 119513
     ALBERT HUANG, State Bar No. 193005
2    MORGAN, LEWIS & BOCKIUS LLP
     300 South Grand Avenue
3    Twenty-Second Floor
     Los Angeles, CA 90071-3132
4    Tel:     213.612.2500
     Fax:     213.612.2501
5    E-mail:   jbattenfeld@morganlewis.com
              ahuang@morganlewis.com
6
     ERIC MECKLEY, State Bar No. 168181
7    STEVEN J. GARRETT, State Bar No. 221021
     MORGAN, LEWIS & BOCKIUS LLP
8    One Market, Spear Street Tower
     San Francisco, CA 94105-1126
9    Tel: 415.442.1000
     Fax: 415.442.1001
10   E-mail:   emeckley@morganlewis.com
              steven.garrett@morganlewis.com
11
     Attorneys for Defendant
12   CHARMING SHOPPES OF DELAWARE, INC.

13

14                          UNITED STATES DISTRICT COURT

15                       NORTHERN DISTRICT OF CALIFORNIA

16

17   SHAMEIKA MOODY, as an individual         Case No. C 07-6073 BZ
     and on behalf of others similarly situated,
18                                            **CERTIFICATE OF FILING AND**
                  Plaintiff,                  **SERVICE OF NOTICE TO PLAINTIFF**
19                                            **AND TO THE SUPERIOR COURT OF**
            vs.                               **REMOVAL OF ACTION TO FEDERAL**
20                                            **DISTRICT COURT**
     CHARMING SHOPPES OF
21   DELAWARE, INC., a corporation, and       Date of Filing: November 30, 2007
     DOES 1 through 20, inclusive,
22
                  Defendant.
23

24        PLEASE TAKE NOTICE THAT on December 3, 2007, Defendant Charming Shoppes,

25   Inc. ("Defendant") filed with the Superior Court and served on counsel for Plaintiff a Notice to

26   Plaintiff and to the Superior Court of Removal of Action to the United States District Court

27   Northern District of California.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
                 1-SF/7630541.1                              CERTIFICATE OF FILING & SERVICE

1        A true and correct copy of the file endorsed Notice to the Plaintiff and to the Superior

2  Court of Removal of Action (without the attached exhibits), along with the Proof of Service for

3  same, is attached to this Certification as **Exhibit A.**

4  Dated: December 7, 2007              MORGAN, LEWIS & BOCKIUS LLP

5

6

                                   By

7                                     Eric Meckley

8                                   Attorneys for Defendant
                                   CHARMING SHOPPES OF

9                                   DELAWARE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7630541.1            2         CERTIFICATE OF FILING & SERVICE

# EXHIBIT A

1 | JOHN S. BATTENFELD, State Bar No. 119513
ALBERT HUANG, State Bar No. 193005
2 | MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
3 | Twenty-Second Floor
Los Angeles, CA 90071-3132
4 | Tel:    213.612.2500
Fax:    213.612.2501
5 | E-mail:   jbattenfeld@morganlewis.com
ahuang@morganlewis.com
6
ERIC MECKLEY, State Bar No. 168181
7 | STEVEN J. GARRETT, State Bar No. 221021
MORGAN, LEWIS & BOCKIUS LLP
8 | One Market, Spear Street Tower
San Francisco, CA 94105-1126
9 | Tel: 415.442.1000
Fax: 415.442.1001
10 | E-mail:   emeckley@morganlewis.com
steven.garrett@morganlewis.com
11
Attorneys for Defendant
12 | CHARMING SHOPPES OF DELAWARE, INC.

ENDORSED
San Francisco County Superior Court
DEC 0 3 2007
GORDON PARK-LI, Clerk
BY:_____ WESLEY RAMIREZ
Deputy Clerk

13

14 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

15 | COUNTY OF SAN FRANCISCO

16

17 | SHAMEIKA MOODY, as an individual and on behalf of others similarly situated,

Plaintiff,

vs.

CHARMING SHOPPES OF DELAWARE, INC., a corporation, and DOES 1 through 20, inclusive,

Defendants.

Case No. RG 07-468057

**NOTICE TO PLAINTIFF AND TO THE SUPERIOR COURT OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT**

Complaint Filed: October 11, 2007

24 | TO THE CLERK OF THE ABOVE-CAPTIONED COURT AND PLAINTIFF AND HER

25 | COUNSEL OF RECORD:

26 | PLEASE TAKE NOTICE THAT on November 30, 2007, Defendant Charming Shoppes

27 | of Delaware, Inc. ("Defendant") filed a Notice of Removal of the above-captioned action to the

28 | United States District Court for the Northern District of California.

1-SF/7630497.1

NOTICE TO PLAINTIFF AND TO THE SUPERIOR COURT OF REMOVAL

1      A true and correct copy of the file-endorsed Notice of Removal of Action, along with all

2   exhibits and attachments, is attached to this notice as **Exhibit A** and is filed and served herewith.

3      PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. Section 1446, the filing

4   of the Notice of Removal of Action in the United States District Court for the Northern District of

5   California, together with the filing of a copy of the Notice herein, effects the removal of this

6   action, and the above-entitled Court lacks jurisdiction to proceed further with this case unless this

7   case is remanded.

8   Dated: December 3, 2007                    MORGAN, LEWIS & BOCKIUS LLP

9

10

11                                               By _____
                                                     Eric Meckley

12                                                   Attorneys for Defendant
                                                     CHARMING SHOPPES OF
13                                                   DELAWARE, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JOHN S. BATTENFELD, State Bar No. 119513
   ALBERT HUANG, State Bar No. 193005
2  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA 90071-3132
4  Tel:    213.612.2500
   Fax:    213.612.2501
5  E-mail:  jbattenfeld@morganlewis.com
            ahuang@morganlewis.com
6
   ERIC MECKLEY, State Bar No. 168181
7  STEVEN J. GARRETT, State Bar No. 221021
   MORGAN, LEWIS & BOCKIUS LLP
8  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
9  Tel: 415.442.1000
   Fax: 415.442.1001
10 E-mail:  emeckley@morganlewis.com
            steven.garrett@morganlewis.com
11
   Attorneys for Defendant
12 CHARMING SHOPPES OF DELAWARE, INC.

13

14                         UNITED STATES DISTRICT COURT

15                        NORTHERN DISTRICT OF CALIFORNIA

**BZ**

16

17  SHAMEIKA MOODY, as an individual        Case No.
    and on behalf of others similarly situated,
18                                           **DEFENDANT CHARMING SHOPPES OF**
                   Plaintiff,                **DELAWARE, INC.'S NOTICE OF**
19                                           **REMOVAL OF ACTION TO THE UNITED**
                   vs.                       **STATES DISTRICT COURT FOR THE**
20                                           **NORTHERN DISTRICT OF CALIFORNIA**
    CHARMING SHOPPES OF
21  DELAWARE, INC., a corporation, and      **28 U.S.C. §1332(d)**
    DOES 1 through 20, inclusive,           **28 U.S.C. §1441(a)**
22
                   Defendant.
23

24  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25        PLEASE TAKE NOTICE that Defendant Charming Shoppes of Delaware, Inc.

26  ("Defendant") removes to this Court the State Court action described below based upon the

27  Court's removal jurisdiction under 28 U.S.C. Section 1441(a), which in turn is based upon the

28  Court's original diversity of citizenship jurisdiction under 28 U.S.C. Section 1332(d), and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7630508.1                                                        NOTICE OF REMOVAL

**EXHIBIT A**

pursuant to 28 U.S.C. Sections 1446(a) and 1453(b), and hereby states that this Court has

jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 (the "CAFA").

As and for its Notice of Removal, Defendant represents and pleads as follows:

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes. *See* 28 U.S.C. § 1453.

2.    On or about October 11, 2007, Plaintiff Shameika Moody ("Plaintiff") filed this civil action in the Superior Court of the State of California for the County of San Francisco with the assigned State Court case number being RG07-468057.

3.    This action was therefore commenced after the effective date of the Class Action Fairness Act of 2005, Pub. L. No. 109-2 (enacted Feb. 18, 2005) ("CAFA"), *codified at* 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

4.    Defendant was served with the Summons and Complaint upon Defendant on November 1, 2007. True and correct copies of the Summons and Complaint are attached hereto as **Exhibit 1**, and are incorporated by reference herein.

5.    Because this Notice of Removal is filed within thirty days of service upon Defendant of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453.

6.    This lawsuit was brought by a putative representative on behalf of a purported class of individuals. Complaint, 2:5-11, ¶¶ 1, 2, 6, 8, 17. As such, this matter is a "class action" as that term is defined pursuant to 28 U.S.C. §§ 1332(d) (1) (B) and 1453.[1]

7.    This action could have been originally filed in this Court pursuant 28 U.S.C. § 1332(d) because this matter was brought as a class action, complete diversity of citizenship exists between one or more members of the class and Defendant, and the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1441(a), 1446 and 1453.

[1] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendant further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

**I.   DIVERSITY OF CITIZENSHIP EXISTS**

8.   Plaintiff is, and was at the institution of this civil action, and at all times intervening, a citizen and resident of California.  Complaint, ¶ 8.

9.   Plaintiff seeks to represent a class of "non-exempt employees" who work or have worked for Defendant from October 11, 2003 through the present, within the State of California. Complaint, p. 2:5-11, ¶¶ 1, 2, 17.

10.   Defendant is, and was at the time of the institution of this civil action, and at all times intervening, a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business (where its executive and administrative functions are performed) in the State of Pennsylvania, and therefore is a citizen of the State of Pennsylvania for the purposes of determining diversity.  28 U.S.C. §1332(c)(1).  Defendant does not manufacture, purchase or sell goods in California, or advertise goods or services in California.  Defendant does not have any California employees, and does not own or lease any property in California.  Defendant does not own or operate any stores in California.  The inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on the ability to remove, pursuant to 28 U.S.C. §§ 1441(a).

11.   As a result, Defendant is not now, and was not at the time of the filing of the complaint, a citizen and/or resident of the State of California within the meaning of the Acts of Congress relating to the removal of causes.

12.   Based on the Complaint, members of the purported class are citizens of a State different from that of Defendant.  Complete diversity exists between the parties.

**II.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

13.   Pursuant to the CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d) (6).

14.   Congress intended for federal jurisdiction to be appropriate under the CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate Judiciary Report, S. REP. 109-14, at 42.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7630508.1                         3                         NOTICE OF REMOVAL

15.     The Complaint in this action purports to allege on behalf of each of the putative
class members the following claims: (1) failure to pay overtime wages in violation of Labor
Code Section 1194 and the California IWC Wage Orders on behalf of herself and each of the
putative class members (*See* Complaint ¶¶ 30-38); (2) failure to timely pay wages due at
termination in violation of Labor Code Sections 201 and 202 and recovery of penalties under
Labor Code Section 203 on behalf of herself and each of the putative class members (*See*
Complaint ¶¶ 39-43); (3) failure to provide meal periods in violation of California Labor Code
Sections 226.7 and Section 11 of the California Industrial Welfare Commission ("IWC") Wage
Order No. 7 on behalf of herself and each of the putative class members (*See* Complaint, ¶¶ 44-
50); (4) failure to comply with itemized employee wage statement provisions in violation of
Labor Code Section 226 (*See* Complaint ¶¶ 51-54); and (5) violation of Business and Professions
Code Section 17200, *et seq.* on behalf of herself and each of the putative class members, based
upon the above alleged violations (*See* Complaint ¶¶ 55-60).

16.     Labor Code Section 226.7(b) provides that "[i]f an employer fails to provide an
employee a meal or rest period in accordance with an applicable order of the Industrial Welfare
Commission, the employer shall pay the employee one additional hour of pay at the employee's
regular rate of compensation for each work day that the meal or rest period was not provided."

17.     Plaintiff worked for Lane Bryant, Inc. (hereinafter "Lane Bryant") as an Assistant
Store Manager from approximately October 31, 2006 through approximately July 7, 2007 (for a
period comprising approximately 35 work weeks). During her typical work week, Plaintiff
worked 5 days. Plaintiff's final hourly rate of pay was $23.07.

18.     The Complaint seeks relief for claims on behalf of a putative class of "non-exempt
employees" who work or have worked for Defendant from October 11, 2003 through the present,
within the State of California. Complaint, 2:5-11, ¶¶ 1, 2, 17. Based on this alleged class
definition, Lane Bryant employed approximately 7,635 non-exempt employees in California
during the period from October 11, 2003 through the present. The total number of managerial
level non-exempt employees, such as Plaintiff, working in California during that period was
approximately 158 employees. The average number of active managerial level non-exempt

1    employees who were employed in California during the 4-year putative class period was
2    approximately 52. The average hourly rate of pay for these managerial level California non-
3    exempt employees (as of October 2005) was approximately $16.58. The total number of non-
4    managerial non-exempt employees working in California during the 4-year putative class period
5    was approximately 7,477 employees. The average number of active non-managerial level
6    California non-exempt employees who were employed in California during the 4 year period was
7    approximately 1,037. The average hourly rate of pay for non-managerial non-exempt employees
8    (as of October 2005) was approximately $8.41.

9    19.    Plaintiff alleges that her claims are typical of the claims of all of the putative class
10   members. Plaintiff does not allege how many meal breaks she or others were not permitted.
11   Assuming Plaintiff alleged that all managerial level non-exempt employees were not provided a
12   meal period on one day out of their typical work week and were entitled to one additional hour of
13   pay for each work day on which a meal period was not provided, the total amount at issue for
14   their meal period claims would be approximately $179,329 or [52 average number of employees
15   x $16.58 x 52 weeks x 4 years].

16   20.    Assuming Plaintiff alleged that all non-managerial non-exempt employees were
17   not provided with a meal period on average one day out of their typical work week and were
18   entitled to one additional hour of pay for each work day on which a meal period was not
19   provided, the total amount at issue for their meal period claims would be approximately
20   $1,814,003 or [1037 average number of employees x $8.41 x 52 weeks x 4 years]. Therefore, the
21   total amount at issue for meal period claims for a class consisting of approximately 52 managerial
22   level non-exempt employees per year and 1,037 non-managerial non-exempt employees per year
23   could be a total of $1,993,332. Assuming Plaintiff claimed that all non-exempt employees were
24   not provided a meal period on average two days per week, then the total amount at issue for the
25   meal period claims at issue could be $3,986,664.

26   21.    Labor Code Section 203 provides that "[i]f any employer willfully fails to
27   pay...any wages of an employee who is discharged or who quits, the wages of the employee shall
28   continue as a penalty from the due date thereof at the same rate until paid ...but the wages shall

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7630508.1                                    5                        NOTICE OF REMOVAL

1    not continue for more than 30 days." If Plaintiff worked approximately 8 hours per day on

2    average, and if Plaintiff proved that she was willfully not paid all wages owing within 30 days of

3    the date on which final wages were owed, Plaintiff's alleged waiting time penalties would be

4    $5,536.80 or [($23.07 x 8 hours per day) x 30 days]. Plaintiff alleges her claims are typical of all

5    of the putative class of non-exempt employees. Complaint ¶ 28. The total number of managerial

6    level non-exempt employees terminated in California from October 11, 2003 through the present

7    was approximately 95 employees. Assuming these managerial level non-exempt employees

8    worked 8 hours per day on average, and assuming they proved they were willfully not paid all

9    wages owing within 30 days of the date on which final wages were owed, their alleged waiting

10   time penalties would be $378,024 or [($16.58 x 8 hours per day) x 30 days x 95 terminated

11   managerial level non-exempt employees].

12        22.     The total number of non-managerial level non-exempt employees terminated in

13   California from October 11, 2003 through the present was approximately 6,208 employees.

14   Some of these employees worked part-time. Assuming the non-managerial non-exempt

15   employees worked 5 hours per day on average, and assuming they prove they were willfully not

16   paid all wages owing within 30 days of the date on which final wages were owed, their alleged

17   waiting time penalties would be $7,831,392 or [($8.41 x 5 hours per day) x 30 days x 6,208 non-

18   managerial non-exempt terminated employees].

19        23.     Labor Code Section 226(e) provides that "an employee suffering injury as a result

20   of a knowing and intentional failure by an employer to comply with Section 226(a) is entitled to

21   recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

22   violation occurs and one hundred dollars ($100) per employee for each subsequent violation in a

23   subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000).

24   Plaintiff alleges that she and the putative class members are entitled to penalties pursuant to Labor

25   Code Section 226. Complaint ¶ 53. Plaintiff worked for approximately 18 pay periods during her

26   employment. If she could prove her claim under Labor Code Section 226, she could recover

27   $1,750 in penalties. Assuming only 2000 putative class members could potentially recover

28   $2,000 in penalties under Section 226(e) (i.e., one-half the maximum amount recoverable), the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7630508.1                                      6                              NOTICE OF REMOVAL

total amount of Section 226(e) penalties could amount to $4,000,000.

24. The Complaint seeks attorneys' fees. *See* Complaint, Prayer for Relief, ¶ 9. Attorneys' fees are properly included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F. 3d 1150, 1156 (9th Cir 1998). Assuming Plaintiff can recover on her claims, she would most likely assert entitlement to attorneys' fees of approximately 25% of the total recovery. *Cf. In re Quintus Securities Litigation,* 148 F.Supp.2d 967, 973 (N.D.Cal. 2001) (noting in the class action settlement context, that the benchmark for setting attorneys' fees is 25 percent of the common fund).

25. Therefore, although Defendant denies Plaintiff's allegations and denies that she or the putative class that she purports to represent is entitled to any of the relief for which she has prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy associated with the aggregated claims asserted, if proven, will exceed the sum or value of $5,000,000, exclusive of interest or costs, and therefore the threshold stated in 28 U.S.C. Section 1332(d)(2) has been satisfied.

## III. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

26. As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon Defendant.

27. This district embraces the county in which the removed action has been pending.

28. The Summons and Complaint attached as **Exhibit 1** constitute all the process, pleadings and orders in this case.

29. Defendant promptly will serve Plaintiff with this Notice of Removal and will file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

30. Defendant has sought no similar relief.

31. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

32. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present both a brief and oral argument in support of its position that this case is removable.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7630508 1                                    7                            NOTICE OF REMOVAL

1     WHEREFORE, Defendant, desiring to remove this case to the United States District

2  Court for the Northern District of California, being the district of said Court for the County in

3  which the action is now pending, respectfully requests that the filing of this Notice of Removal

4  shall effect the removal of the suit to this Court.

5  Dated: November 30, 2007          MORGAN, LEWIS & BOCKIUS LLP

6

7

8                          By _____

                             Eric Meckley

9                             Attorneys for Defendant

                             CHARMING SHOPPES OF

10                           DELAWARE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7630508.1               8             NOTICE OF REMOVAL

OCT-11-2007  11:48                                                                    P.02

## SUMMONS ORIGINAL                                                       SUM-100
### (CITATION JUDICIAL)

|  | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CHARMING SHOPPES OF DELAWARE, INC., a corporation,
and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
SHAMEIKA MOODY, as an individual and on behalf of
others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | CASE NUMBER:<br>(Número del Caso) |
|---|---|
| | CGC-07-469157 |

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California
County of San Francisco
400 McAllister Street
San Francisco, CA 94102-4514
Civic Center Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Larry W. Lee (SBN 228175)                    (213) 488-6555    (213) 488-6554
Diversity Law Group
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071

DATE: OCT 11 2007    GORDON PARK-LI, Clerk, by _Kristine C. Bautista_, Deputy
(Fecha)                       (Secretario)                               (Adjunto)

(For proof of service of this summons use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**                   Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT 1



OCT-11-2007  11:48                    **ORIGINAL**                        P.03
                                                                         CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY
Larry W. Lee (SBN 228175)
Diversity Law Group
444 S. Flower Street, Suite 1370, Los Angeles, CA 90071

TELEPHONE NO.: (213) 488-6555      FAX NO.: (213) 488-6554
ATTORNEY FOR (name): Plaintiff Shencila Moody

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Moody v. Charming Shoppes of Delaware, Inc.

**FILED**
San Francisco County Superior Court
OCT 1 1 2007
GORDON PARK-LI, Clerk
BY_____
         Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC 07 - 468057 |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 11, 2007
Larry W. Lee
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**File by Fax**

OCT-11-2007  11:49                                                          P.04

( ORIGINAL (

1 | PETER M. HART (California Bar No. 198691)
2 | LAW OFFICES OF PETER M. HART
  | 13952 Bora Bora Way, F-320
3 | Marina Del Rey, CA 90292
4 | Telephone: (310) 478-5789
  | Facsimile: (509) 561-6441
5 |
6 | KENNETH H. YOON (California Bar No. 198443)
  | LAW OFFICES OF KENNETH H. YOON
7 | One Wilshire Blvd., Suite 2200
  | Los Angeles, California 90017-3383
8 | Telephone: (213) 612-0988
9 | Facsimile:   (213) 947-1211

10 | LARRY W. LEE (California Bar No. 228175)
   | DIVERSITY LAW GROUP, A Professional Corporation
11 | 444 S. Flower St., Suite 1370
12 | The Citigroup Building
   | Los Angeles, CA 90071
13 | Telephone:   (213) 488-6555
   | Facsimile:   (213) 488-6554
14 |
15 | Attorneys for Plaintiff Shameika Moody

**F I L E D**

San Francisco County Superior Court

OCT 1 1 2007

GORDON PARK-LI, Clerk
BY: _____
                Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

MAR 1 4 2008 - 9:00 AM

DEPARTMENT 212

SUMMONS ISSUED

16 |
17 |         SUPERIOR COURT OF THE STATE OF CALIFORNIA
18 |              FOR THE COUNTY OF SAN FRANCISCO
19 |
   | SHAMEIKA MOODY, as an individual and       Case No.: CGC-07-468057
20 | on behalf of others similarly situated,
21 |                                            **CLASS ACTION**
   |              Plaintiff,
22 |         vs.                                **COMPLAINT FOR DAMAGES AND
   |                                            INJUNCTIVE RELIEF FOR:**
23 |
24 | CHARMING SHOPPES OF DELAWARE,              **(1) FAILURE TO PAY OVERTIME
   | INC., a corporation, and DOES 1 through        WAGES;**
25 | 20, inclusive,
   |                                            **(2) VIOLATION OF LABOR CODE §
26 |              Defendants.                        203;**
27 |                                            **(3) VIOLATION OF LABOR CODE §
   |                                                226.7;**
28 |
   |                                            **(4) VIOLATION OF LABOR CODE §
   |                                                226;**

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

File by Fax

**(5) UNFAIR BUSINESS PRACTICES**
(Violation of California Business &
Professions Code §17200 et seq.).

**DEMAND FOR JURY TRIAL**

    Plaintiff Shameika Moody (hereinafter referred to as "Plaintiff"), hereby submit her class action complaint against Defendants CHARMING SHOPPES OF DELAWARE, INC. and DOES 1-20 (hereinafter collectively referred to as "DEFENDANTS") on behalf of herself and the class of all other similarly situated current and former employees of DEFENDANTS for overtime wages owed, meal period wages, waiting time penalties, and penalties or damages for failure to keep accurate records, restitution and injunctive relief as follows:

**INTRODUCTION**

    1.  This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 1194, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

    2.  This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

    3.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all overtime wages due at the proper rate of overtime pay, all final wages due upon termination of employment, and in connection with DEFENDANTS' failure to keep all proper pay roll records of Plaintiff and Class Members.

    4.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

1         5.   The policies, practices and customs of defendants described above and below have

2    resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over

3    businesses that routinely adhere to the strictures of the California Labor Code, Business and

4    Professions Code.

5                      **JURISDICTION AND VENUE**

6         6.   The Court has jurisdiction over the violations of the California Labor Code §§ 201-

7    204, 226, 226.7, 1194 and California Business and Professions Code § 17200, et seq., (Unfair

8    Practices Act).

9        · 7.   Venue is proper because the DEFENDANTS do business in San Francisco County.

10                         **PARTIES**

11        8.   Plaintiff SHAMEIKA MOODY was employed by DEFENDANTS from November

12   2006 until on or about July 2, 2007 as an assistant manager at one of DEFENDANTS' Lane

13   Bryant retail stores in Pleasanton, California, which is a property owned and/or operated by

14
     DEFENDANTS.. Plaintiff was and is the victim of the policies, practices, and customs of
15
     DEFENDANTS complained of in this action in ways that have deprived her of the rights
16
     guaranteed to her by California Labor Code §§ 201-204, 226, 226.7, 1194, and California
17
     Business and Professions Code §17200, et seq., (Unfair Practices Act).
18

19        9.   Plaintiff is informed and believes and based thereon alleges Defendant

20   CHARMING SHOPPES OF DELAWARE, INC. (hereafter "DEFENDANT") was and is a

21   corporation doing business in the State of California with retail stores in California and across

22   the United States, including, but not limited to, retail stores operated under brand names of Lane

23   Bryant, Fashion Bug, Catherines Plus Sizes, Petite Sophisticate Outlet, and Crosstown Traders,

24.  selling clothing and clothing accessories to the public on the retail level, including owning and

25   operating retail stores in San Francisco County, California.

26        10.   Plaintiff is informed and believes and thereon alleges that at all times herein

27   mentioned DEFENDANTS and DOES 1 through 20, are and were corporations, business

28   entities, individuals, and partnerships, licensed to do business and actually doing business in the

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1 | State of California.

2 |     **11.**     As such, and based upon all the facts and circumstances incident to

3 | DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code

4 | §§ 201-204, 226, 226.7, 1194 and California Business and Professions Code § 17200, et seq.,

5 | (Unfair Practices Act).

6 |     **12.**     Plaintiff does not know the true names or capacities, whether individual, partner

7 | or corporate, of the DEFENDANTS sued herein as DOES 1 through 20, inclusive, and for that

8 | reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays for leave to

9 | amend this complaint when the true names and capacities are known. Plaintiff is informed and

10 | believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some

11 | way for the matters alleged herein and proximately caused Plaintiff and members of the general

12 | public and class to be subject to the illegal employment practices, wrongs and injuries

13 | complained of herein.

14 |

15 |     **13.**     At all times herein mentioned, each of said DEFENDANTS participated in the

16 | doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and

17 | furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of

18 | each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times

19 | herein mentioned, were acting within the course and scope of said agency and employment.

20 |     **14.**     Plaintiff is informed and believes and based thereon alleges that at all times

21 | material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego

22 | and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was

23 | acting within the course and scope of such agency, employment, joint venture, or concerted

24 | activity. To the extent said acts, conduct, and omissions were perpetrated by certain

25 | DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts,

26 | conduct, and omissions of the acting DEFENDANTS.

27 |     **15.**     At all times herein mentioned, DEFENDANTS, and each of them, were members

28 | of, and engaged in, a joint venture, partnership and common enterprise, and acting within the

4

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

2       16.     At all times herein mentioned, the acts and omissions of various DEFENDANTS,

3   and each of them, concurred and contributed to the various acts and omissions of each and all of

4   the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.  At

5   all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or

6   omission complained of herein.  At all times herein mentioned, the DEFENDANTS, and each of

7   them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in

8   proximately causing the damages as herein alleged.

9                                    CLASS ACTION ALLEGATIONS

10      17.     Definition:  The named individual Plaintiff bring this action on behalf of herself

11  and the class pursuant to California Code of Civil Procedure § 382.  This action consists of the

12  following Classes of employees (1) all of DEFENDANT'S past and present non-exempt

13  employees employed in California during the period from October 11, 2003 to the present who

14  were paid overtime wages and who were paid any form of incentive pay or were paid any form

15  of non-discretionary bonuses, including sales bonuses and/or sales commissions, (2) all of

16  DEFENDANT'S past and present non-exempt employees employed in California during the

17  period from October 11, 2003 to the present who worked more than 5 hours in a shift.

18

19      18.     Numerosity:  The members of the class are so numerous that joinder of all

20  members would be impractical, if not impossible.  The identity of the members of the class is

21  readily ascertainable by from DEFENDANTS' records, including payroll records and time

22  records. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS failed

23  to (a) pay to Plaintiff and the class all overtime wages owed at the proper rate of overtime pay,

24  (b) pay to Plaintiff and the class all final wages upon termination of employment, (c) provide

25  proper meal periods in violation of Labor Code § 226.7, (d) keep proper payroll records in

26  violation of Labor Code § 226 for Plaintiff and the class, and (e) engaged in Unfair Business

27  Practices, all in violation of IWC Wage Order No 7-2001.

28      19.     Adequacy of Representation:  The named Plaintiff is fully prepared to take all

                                              5

1  necessary steps to represent fairly and adequately the interests of the class defined above.

2  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and

3  individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class

4  actions in the past, have been appointed as class counsel by California courts, and currently have

5  a number of wage-and-hour class actions pending in California state and federal courts.

6          20.      DEFENDANTS uniformly administered a corporate policy, practice of failing to

7  (a) pay to Plaintiff and the class all overtime wages owed at the proper rate of overtime pay by

8  failing to include all non-discretionary bonuses, commissions, and other incentive pay into the

9  calculation and payment of overtime wages, (b) provide or allow Plaintiff to take meal periods in

10  compliance with California Labor Code 226.7 and applicable IWC Wage Orders (c) to Plaintiff

11  and the class all final wages upon termination of employment, (d) keep proper payroll records in

12  violation of Labor Code § 226 for Plaintiff and the class, and (e) engaged in Unfair Business

13  Practices, all in violation of IWC Wage Orders.

14          21.      Plaintiff is informed and believes and based thereon alleges that DEFENDANTS,

15  in violation of California Labor Code §§ 201 to 204, and 1194, respectfully, had a consistent and

16  uniform policy, practice of willfully failing to comply with Labor Code § 203. Plaintiff and

17  other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse

18  to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are

19  liable for waiting time compensation for the unpaid wages to separated employees pursuant to

20  California Labor Code § 203.

21

22          22.      Common Question of Law and Fact: There are predominant common questions

23  of law and fact and a community of interest amongst Plaintiff and the claims of the class

24  concerning DEFENDANTS' failure to (a) pay to Plaintiff and the class all overtime wages owed

25  at the proper rate of overtime pay by failing to include all paid non-discretionary bonuses,

26  commissions, and other incentive pay into the calculation and payment of overtime wages, (b)

27  pay to Plaintiff and the class all final wages upon termination of employment, (c) provide proper

28  meal periods in violation of Labor Code § 226.7, (d) keep proper payroll records in violation of

6

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Labor Code § 226, and (e) engaged in Unfair Business Practices, all in violation of IWC Wage
2  Order No 7-2001.

3      23.    Typicality:  The claims of Plaintiff are typical of the claims of all members of the
4  class in that Plaintiff has suffered the harms alleged in this Complaint in a similar and typical
5  manner as the class members.  Plaintiff is a member of the Classes and has suffered the alleged
6  violations of California Labor Code §§ 201-204, 226, 226.7, 1194 and IWC Wage Order No. 7-
7  2001 set forth in this Complaint.

8      24.    The California Labor Code and upon which Plaintiff bases his claims are broadly
9  remedial in nature.  These laws and labor standards serve an important public interest in
10  establishing minimum working conditions and standards in California.  These laws and labor
11  standards protect the average working employee from exploitation by employers who may seek
12  to take advantage of superior economic and bargaining power in setting onerous terms and
13  conditions of employment.
14
15      25.    The nature of this action and the format of laws available to Plaintiff and
16  members of the class identified herein make the class action format a particularly efficient and
17  appropriate procedure to redress the wrongs alleged herein.  If each employee were required to
18  file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an
19  unconscionable advantage since it would be able to exploit and overwhelm the limited resources
20  of each individual plaintiff with their vastly superior financial and legal resources.  Requiring
21  each class member to pursue and individual remedy would also discourage the assertion of
22  lawful claims by employees who would be disinclined to file an action against their former
23  and/or current employer for real and justifiable fear of retaliation and permanent damage to their
24  careers at subsequent employment.

25      26.    The prosecution of separate actions by the individual class members, even if
26  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect
27  to individual class members against the DEFENDANTS and which would establish potentially
28  incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  to individual class members which would, as a practical matter, be dispositive of the interest of

2  the other class members not parties to the adjudications or which would substantially impair or

3  impede the ability of the class members to protect their interests. Further, the claims of the

4  individual members of the class are not sufficiently large to warrant vigorous individual

5  prosecution considering all of the concomitant costs and expenses.

6    27.    Such a pattern, practice and uniform administration of corporate policy regarding

7  illegal employee compensation described herein is unlawful and creates an entitlement to

8  recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance

9  of the full amount unpaid overtime, meal period premiums, including interest thereon, applicable

10  penalties, reasonable attorney's fees, and costs of suit according to the mandate of California

11  Labor Code §§ 226 and 1194 and Code of Civil Procedure § 1021.5.

12    28.    Proof of a common business practice or factual pattern, which the named Plaintiff

13  experienced and is representative of, will establish the right of each of the members of the

14
15  Plaintiff class to recovery on the causes of action alleged herein.

16    29.    The Plaintiff class is commonly entitled to a specific fund with respect to the

17  compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is

18  commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS.

19  This action is brought for the benefit of the entire class and will result in the creation of a

20  common fund.

21                            **FIRST CAUSE OF ACTION**

22                        **FAILURE TO PAY OVERTIME WAGES**

23                      **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

24    30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as

25  though fully set for herein.

26    31.    This cause of action is brought pursuant to Labor Code § 1194, et seq., which

27  provides that employees are entitled to overtime wages and compensation for work performed,

28  and provides a private right of action for failure to pay legal overtime compensation for overtime

                                        8

1  work performed.

2      32.    At all times relevant herein, DEFENDANTS were required to compensate its non-
3  exempt, hourly employees for all overtime hours worked at the appropriate rate of overtime pay
4  pursuant to California Labor Code § 1194 and the applicable IWC Wage Orders.

5      33.    As a pattern and practice, DEFENDANTS regularly required their non-exempt
6  employees including Plaintiff and members of the class to work more than 8 hours per work day
7  or more than 12 hours per day without the proper payment of all overtime wages earned at the
8  proper rate of overtime wages. Plaintiff and class members were not compensated at the
9  appropriate rate of overtime pay for all overtime hours they worked and were subject to the
10  control of DEFENDANTS, including all overtime they were suffered or permitted to work.

11      34.    As a pattern and practice, DEFENDANTS failed to include all paid non-
12  discretionary bonuses, sales bonuses, and/or sales commissions and other incentive pay into the
13  regular rate when calculating and paying Plaintiff and DEFENDANTS' other non-exempt
14  California employees proper overtime compensation for daily and weekly overtime hours
15  worked at the appropriate overtime rate.

16      35.    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS'
17  policy and practice of requiring overtime work and not paying for said work according to the
18  overtime mandates of California law is, and at all times herein mentioned was in violation of
19  California Labor Code § 1194 and California Industrial Welfare Commission wage order(s).
20  DEFENDANTS' employment policies and practices wrongfully and illegally failed to
21  compensate Plaintiff and the class for overtime compensation earned as required by California
22  law.

23      36.    The conduct of DEFENDANTS and their agents and employees as described
24  herein was willful and intentional and part of a corporate policy and procedure and practice.

25      37.    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS
26  willfully failed to pay employees proper compensation for all overtime hours worked at the
27  appropriate rate of overtime pay. Plaintiffs are informed and believe and based thereon allege

9

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  that DEFENDANTS' willful failure to provide all overtime wages due and owing them upon

2  separation from employment results in a continued payment of wages up to thirty (30) days from

3  the time the wages were due.  Therefore, Plaintiff and other members of the class who have

4  separated from employment are entitled to compensation pursuant to Labor Code § 203.

5      **38.**  Such a pattern, practice and uniform administration of corporate policy regarding

6  illegal employee compensation as described herein is unlawful and creates an entitlement to

7  recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime

8  premiums owing, including interest thereon, penalties, attorneys fees, and costs of suit according

9  to the mandate of California Labor Code § 1194, et seq.

### SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 203

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

13      **39.**  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as

14  though fully set for herein.

15      **40.**  At all times relevant herein, DEFENDANTS were required to pay their non-

16  exempt hourly employees all wages owed in a timely fashion at the end of employment pursuant

17  to California Labor Code §§ 201 to 204.

19      **41.**  As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and

20  class members their final wages, including all overtime wages and meal period wages, pursuant

21  to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code

22  § 203.

23      **42.**  The conduct of DEFENDANTS and their agents and employees as described

24  herein was willfully done in violation of Plaintiff's and class members' rights, and done by

25  managerial employees of DEFENDANTS.

26      **43.**  Plaintiff is informed and believes and based thereon alleges DEFENDANTS'

27  willful failure to provide all overtime wages and meal period wages due and owing them upon

28  separation from employment results in a continued payment of wages up to thirty (30) days from

10

1  the time the wages were due.  Therefore, Plaintiff and other members of the class who have

2  separated from employment are entitled to compensation pursuant to Labor Code § 203.

3                               **THIRD CAUSE OF ACTION**

4         **FOR VIOLATION OF LABOR CODE § 226.7 REGARDING MEAL PERIODS**

5                       **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

6         **44.**   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 as

7  though fully set for herein.

8         **45.**   DEFENDANTS failed in their affirmative obligation to ensure that all of their

9  employees, including Plaintiff, and other members of the class, had the opportunity to take and

10  were provided with all proper meal periods in accordance with the mandates of the California

11  Labor Code and the applicable IWC Wage Order.  Plaintiff and the class were suffered and

12  permitted to work through legally required meal breaks and were denied the opportunity to take

13  their meal breaks. As such, DEFENDANTS are responsible for paying premium compensation

14  for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 7 § 11(B)

15  and have failed to pay this compensation. DEFENDANTS shall pay the each affected employee

16  one (1) hour of pay at the employee's regular rate of compensation for each workday that the

17  meal break was not provided and or denied.

18

19        **46.**   Plaintiff and class members regularly worked in excess of five (5) hours per day

20  and accordingly had a right to take a 30-minute meal period each day worked in excess of five

21  (5) hours.  Furthermore, Plaintiff and class members who worked in excess of ten (10) hours per

22  day had a right to take a second 30-minute meal period each day worked in excess of ten (10)

23  hours.

24        **47.**   As a pattern and practice, DEFENDANTS regularly required employees to work

25  through their meal periods without proper compensation and denied Plaintiff and their employees

26  the right to take proper meal periods as required by law and DEFENDANTS failed to keep

27  accurate records of meal breaks taken.

28        **48.**   This policy of requiring employees to work through their legally mandated meal

---

11

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  periods and not allowing them to take proper meal periods is a violation of California law.

2      **49.**     Plaintiff is informed and believes and based thereon alleges that DEFENDANTS

3  willfully failed to pay employees who were not provided the opportunity to take meal breaks the

4  premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 7 § 11(B) and

5  that Plaintiff and those employees similarly situated as her are owed wages for the meal period

6  violations set forth above.  Plaintiff is informed and believes and based thereon alleges

7  DEFENDANTS' willful failure to provide Plaintiff and other members of the class the wages

8  due and owing them upon separation from employment results in a continued payment of wages

9  up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members

10  of the class who have separated from employment are entitled to compensation pursuant to Labor

11  Code § 203.

12      **50.**     Such a pattern, practice and uniform administration of corporate policy as

13  described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class

14  identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation

15  pursuant to Labor Code § 226.7 and IWC Wage Order No. 7 § 11(B), including interest thereon,

16  penalties, reasonable attorney's fees, and costs of suit.

17

18                               **FOURTH CAUSE OF ACTION**

19      **FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING**

20                        **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

21      **51.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 as

22  though fully set for herein.

23      **52.**     DEFENDANTS failed in their affirmative obligation to keep <u>accurate</u> records

24  regarding the rates of pay and the total amount of compensation of their California employees in

25  pay periods.  DEFENDANTS, as a matter of policy and practice, did not maintain accurate

26  records in violation of Labor Code § 226 by failing as a matter of policy and practice to keep

27  accurate records of Plaintiff's and the class members' rates of pay, by failing to include all

28  earned non-discretionary bonuses, commissions, and other incentive wages of Plaintiff and class

1   members, by failing to keep accurate records of rates of overtime pay, by failing to include all

2   earned non-discretionary bonuses, commissions, and other incentive pay, net wages earned, daily

3   or weekly overtime pay, taxes being withheld, Social Security taxes being paid, and by failing to

4   keep accurate records of the beginning and end of meal periods taken.

5         53.    Such a pattern, practice and uniform administration of corporate policy as

6   described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class

7   identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226,

8   including interest thereon, attorney's fees, and costs of suit according to the mandate of

9   California Labor Code § 226.

10        54.    DEFENDANTS' wrongful and illegal conduct in failing to accurately record the

11  hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so,

12  unless and until enjoined and restrained by order of this court, will cause great and irreparable

13  injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to

14  violate these California laws, represented by labor statutes, unless specifically ordered to comply

15  with same. This expectation of future violations will require current and future employees to

16  repeatedly and continuously seek legal redress in order to gain compensation to which they are

17  entitled under California law. Plaintiff has no other adequate remedy at law to insure future

18  compliance with the California labor laws and wage orders alleged to have been violated herein.

19
                              **FIFTH CAUSE OF ACTION**
20
             **FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**
21
                        **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**
22

23        55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as

24  though fully set for herein.

25        56.    DEFENDANTS, and each of them, have engaged and continue to engage in unfair

26  and unlawful business practices in California by practicing, employing and utilizing the

27  employment practices outlined above, Include, to wit, by failing to (a) pay Plaintiff and the class

28  all overtime wages owed at the proper rates of overtime pay and (b) pay Plaintiff and the class all

                                            13

1    wages owed of meal periods not properly taken and denied.

2          57.    DEFENDANTS' utilization of such unfair and unlawful business practices

3    constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS'

4    competitors.

5          58.    Plaintiff seeks, on her own behalf, on behalf of other members of the class

6    similarly situated, full restitution of monies, as necessary and according to proof, to restore any

7    and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the

8    unfair practices complained of herein.

9          59.    Plaintiff seeks, on her own behalf, on behalf of other members of the class

10   similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the

11   unfair business practices complained of herein.

12         60.    Plaintiff is informed and believes and on that basis alleges that at all times herein

13   mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices,

14   as proscribed by California Business and Professions Code § 17200 et seq., including those set

15   forth herein above thereby depriving Plaintiff and other members of the class the minimum

16   working condition standards and conditions due to them under the California laws and Industrial

17
18   Welfare Commission wage orders as specifically described therein.

19                              **PRAYER FOR RELIEF**

20         WHEREFORE, Plaintiff SHAMEIKA MOODY prays for judgment for herself and all others

21   on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

22   1.   For an order certifying the proposed class;

23   2.   For an order appointing Plaintiff as the representative of the class;

24   3.   For an order appointing Counsel for Plaintiff as class counsel;

25   4.   Upon the First Cause of Action, for wages and consequential damages according to

26        proof, and for waiting time penalties according to proof pursuant to California Labor

27        Code § 203;

28   5.   Upon the Second Cause of Action, for waiting time penalties according to proof pursuant

                                      14

1   to California Labor Code § 203;

2   6.   Upon the Third Cause of Action, for wages owed for meal periods and for waiting time

3        penalties according to proof pursuant to California Labor Code § 203;

4   7.   Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth

5        in California Labor Code § 226, and for costs and attorney's fees;

6   8.   Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly effected

7        members of the general public of all funds unlawfully acquired by Defendants by means

8        of any acts or practices declared by this Court to be in violation of Business and

9        Professions Code § 17200 et seq., for an injunction to prohibit Defendants to engage in

10       the unfair business practices complained of herein, for an injunction requiring

11       Defendants to give notice to persons to whom restitution is owing of the means by

12       which to file for restitution;

13  9.   On all causes of action for attorneys fees and costs as provided by California Labor Code

14       §§ 226 & 1194 and Code of Civil Procedure § 1021.5 and for such other and further relief

15       the Court may deem just and proper.

16

17  Dated: October 11, 2007                    LAW OFFICES OF PETER M. HART

18

19                                     By: _Peter Hart_____

20                                          Peter M. Hart, Esq.
                                            Attorney for Plaintiff
21

22                              DEMAND FOR JURY TRIAL

23

24           Plaintiff, for herself and the class, hereby demands a jury trial as provided by

    California law.
25

26  DATED: October 11, 2007                    LAW OFFICES OF PETER M. HART

27                                     By: _Peter Hart_____
28                                          Peter M. Hart
                                            Attorney for Plaintiff

                                         15

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

TOTAL P.008

CASE NUMBER: CGC-07-468057  SHAMEIKA MOODY VS. CHARMING SHOPPES OF DELAW

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **MAR-14-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary Judges**

# PROOF OF SERVICE

1    I, the undersigned, declare:

2

3    I am over the age of eighteen (18) years, and not a party to the within action. I am employed by Morgan, Lewis & Bockius, LLP and my business address is One Market, Spear

4    Street Tower, San Francisco, CA 94105.

5    On December 3, 2007, I served the following document(s):

6    ## NOTICE TO PLAINTIFF AND TO THE SUPERIOR COURT OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT

7    on the parties involved addressed as follows:

8    Peter M. Hart, Esq.                                     Attorneys for Plaintiff
9    Law Offices of Peter M Hart
     13952 Bora Bora Way, F-320
10   Marina Del Ray, CA 90292

11   Telephone:   (310) 478-5789
     Facsimile:   (509) 561-6411
12   Email:       hartpeter@msn.com

13   Kenneth H Yoon, Esq.                                    Attorneys for Plaintiff
     1 Wilshire Boulevard, Suite 2200
14   Los Angeles, CA 90017

15   Telephone:   (213) 612-0988
     Facsimile:   (213) 947-1211
16   Email:       kyoon@yoonlaw.com

17   Larry W. Lee, Esq.                                      Attorneys for Plaintiff
     Diversity Law Group
18   444 South Flower Street, Suite 1370
     The Citigroup Building
19   Los Angeles, CA 90071

20   Telephone:   (213) 488-6555
     Facsimile:   (213) 488-6554
21   Email:       lwlee@diversitylaw.com

22

23   [   ]    **BY PERSONAL DELIVERY:** The within document(s) were served by hand in an envelope addressed to the addressee(s) above on this date. The Proof of
24            Service by the process server will be filed within five (5) days.

25   [ x ]    **BY MAIL:** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that
26            practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary
27            course of business. On this date, I served the above interested parties following my employer's ordinary business practices.

28

1-SF 76379H 1

Case No
PROOF OF SERVICE

1

1   **BY FACSIMILE:** By use of a facsimile machine telephone number
    415/442-1001, I served a copy of the within document(s) on the above interested
2   parties at the facsimile numbers listed above. The transmission was reported as
    complete and without error. The transmission report, which is attached to this
3   proof of service, was properly issued by the transmitting facsimile machine.

4   **BY FEDERAL EXPRESS OVERNIGHT DELIVERY:** I caused each
    envelope, with delivery fees provided for, to be deposited in a box regularly
5   maintained by Federal Express. I am readily familiar with the practice for
    collection and processing of documents for delivery by overnight service by
6   Federal Express of Morgan, Lewis & Bockius, LLP, and that practice is that the
    document(s) are deposited with a regularly maintained Federal Express facility in
7   an envelope or package designated by Federal Express fully prepaid the same day
    as the day of collection in the ordinary course of business.

8   **BY EMAIL:** By transmitting via electronic mail the document(s) listed above to
    the email address(s) set forth below on this date (pursuant to a stipulation between
9   the parties).

        I declare under penalty of perjury under the laws of the State of California that the
10  foregoing is true and correct. Executed at San Francisco, California on December 3, 2007.

11

12                                              Deboral Stein
13                                              Deborah Stein

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28