JOHN S. BATTENFELD, State Bar No. 119513
ALBERT HUANG, State Bar No. 193005
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
E-mail:  jbattenfeld@morganlewis.com
         ahuang@morganlewis.com

ERIC MECKLEY, State Bar No. 168181
STEVEN J. GARRETT, State Bar No. 221021
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail:  emeckley@morganlewis.com
         steven.garrett@morganlewis.com

Specially Appearing for Defendant
CHARMING SHOPPES OF DELAWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIKA MOODY, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation, and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. C 07-06073 BZ<br><br>**DEFENDANT CHARMING SHOPPES OF DELAWARE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:  January 16, 2008<br>Time:  10:00 a.m.<br><br>[Fed. R. Civ. Proc. 12(b)(2)]<br>[SPECIAL APPEARANCE ONLY] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/968957.1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. FACTUAL BACKGROUND ......................................................................................... 1
    A. Plaintiff's Wage and Hour Claims ..................................................................... 1
    B. Charming Shoppes of Delaware, Inc .................................................................. 2
III. LEGAL ARGUMENT .................................................................................................... 3
    A. This Court Cannot Exercise Personal Jurisdiction Over Defendant ...................... 3
        1. No General Personal Jurisdiction Over Defendant Exists .......................... 4
        2. No Specific Personal Jurisdiction Over Defendant Exists.......................... 5
IV. CONCLUSION ............................................................................................................... 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANT'S MEMO OF P'S & A'S FOR
MOTION TO DISMISS – C 07-06073-BZ

# TABLE OF AUTHORITIES

**FEDERAL CASES** **Page**

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*,
   1 F.3d 848 (9th Cir. 1993)..................................................................................... 4

*Bancroft & Masters, Inc. v. Augusta National, Inc.*,
   223 F.3d 1082 (9th Cir. 2000)............................................................................... 5

*Brand v. Menlove Dodge*,
   796 F.2d 1070 (9th Cir. 1986)............................................................................... 5

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462, 105 S. Ct. 2174 (1985).................................................................. 4

*Cf. Resolution Trust Corp. v. First of America Bank*,
   796 F. Supp. 1333 (C.D. Cal. 1992)..................................................................... 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408, 104 S. Ct. 1868 (1984).................................................................. 4

*International Shoe Co. v. Washington*,
   326 U.S. 310, 66 S. Ct. 154 (1945)...................................................................... 3

*Omeluk v. Langston Slip & Batbyggeri A/S*,
   52 F.3d 267 (9th Cir. 1995)................................................................................... 7

*Perkins v. Benguet Consolidated Mining Co.*,
   342 U.S. 437, 72 S. Ct. 413 (1952)...................................................................... 4

*Rano v. Sipa Press, Inc.*,
   987 F.2d 580 (9th Cir. 1993)................................................................................. 6

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286, 100 S. Ct. 559 (1980).................................................................... 4

*Zeta-Jones v. The Spice House*,
   372 F. Supp. 2d 568 (C.D. Cal. 2005)................................................................. 1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANT'S MEMO OF P'S & A'S FOR
MOTION TO DISMISS – C 07-06073-BZ

# TABLE OF AUTHORITIES
## (Continued)

### STATUTES

| | Page |
|---|---:|
| Cal. Code Civ. Proc. § 410.10 | 1 |
| Fed. R. Civ. Proc. 12(b)(2)] | 1 |
| Labor Code Section 203 | 2 |
| Labor Code Section 226 | 2 |
| Labor Code Section 1194 | 1 |
| Professions Code Section 17200, *et seq* | 2 |

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

iii

DEFENDANT'S MEMO OF P'S & A'S FOR
MOTION TO DISMISS – C 07-06073-BZ

## I. INTRODUCTION

Plaintiff Shameika Moody ("Plaintiff") brings this purported class action solely against Defendant Charming Shoppes of Delaware, Inc., ***which has never employed Plaintiff and which has almost no connection with California,*** alleging various claims under the California Labor Code.

Defendant Charming Shoppes of Delaware, Inc. ("Defendant") has minimal contact with California. Defendant does not have "substantial" or "continuous and systematic" contacts with California for general personal jurisdiction. Defendant also has not "purposefully availed" itself of the privileges of doing business in California to establish specific personal jurisdiction. Thus, the exercise of personal jurisdiction over Defendant would violate federal due process requirements, and this Court must dismiss this action.[1]

## II. FACTUAL BACKGROUND

### A. Plaintiff's Wage and Hour Claims

Plaintiff brings this action on behalf of a purported class of employees who allegedly worked for Defendant in California from October 11, 2003 through the present. *See* Complaint, ¶ 17. Plaintiff worked as an Assistant Store Manager from around November, 2006 through early July, 2007 at a Lane Bryant retail store in California. *See* Complaint, ¶ 8.

The Complaint alleges on behalf of Plaintiff and each of the putative class members the following wage and hour claims against Defendant: (1) failure to pay overtime wages in violation of Labor Code Section 1194 and the California Industrial Welfare Commission Wage Orders (*See* Complaint ¶¶ 30-38); (2) failure to timely pay wages due at termination in violation of Labor Code Sections 201 and 202 and recovery of penalties under Labor Code Section 203 (*See* Complaint ¶¶ 39-43); (3) failure to provide meal periods in violation of California Labor Code

---

[1] Under California's long-arm statute, both federal and state courts sitting in California "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10; *Zeta-Jones v. The Spice House*, 372 F. Supp. 2d 568, 570 (C.D. Cal. 2005) ("California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same.").

Sections 226.7 and Section 11 of the California Industrial Welfare Commission Wage Order No. 7 (*See* Complaint, ¶¶ 44-50); (4) failure to comply with itemized employee wage statement provisions in violation of Labor Code Section 226 (*See* Complaint ¶¶ 51-54); and (5) violation of Business and Professions Code Section 17200, *et seq.* based upon the above alleged violations (*See* Complaint ¶¶ 55-60).

### B. <u>Charming Shoppes of Delaware, Inc.</u>

At all times since at least January 1, 2002, Lane Bryant, Inc. ("Lane Bryant") has owned and operated all Lane Bryant stores in California. Declaration of John J. Sullivan ("Sullivan Dec."), ¶ 10; Declaration of Anthony Camoratto ("Camoratto Dec."), ¶ 4. Defendant does not own an interest in Lane Bryant, Inc.; has never employed Plaintiff or anyone else in California; and is not a proper defendant in this action. Sullivan Dec., ¶ 6-8; Camoratto Dec., ¶ 5-6

Defendant is a wholly-owned subsidiary of Charming Shoppes, Inc. ("CSI") and is incorporated and headquartered in Pennsylvania. Sullivan Dec., ¶ 3. Defendant provides certain shared services to the operating subsidiaries of CSI, including Lane Bryant which operates the Lane Bryant stores and other subsidiaries that operate the Catherines and Fashion Bug retail stores. Sullivan Dec., ¶ 3; Camoratto Dec., ¶ 2. As part of these shared services, Defendant acts as common paymaster for all employees employed in the Lane Bryant stores. In this capacity, since at least January 1, 2002, Defendant has caused all wage payments to be made to the employees of Lane Bryant stores, either by direct deposit from its bank account or through payroll checks drawn by Defendant on its bank account. These wage payments are made from Defendant's bank accounts in Charlotte, North Carolina. Camoratto Dec., ¶¶ 2-3.

Defendant has no office, mailing address, telephone listing, hard assets, or bank accounts in California. Defendant does not engage in any business activities in California apart from providing certain shared services to other subsidiaries of CSI. Defendant does not solicit California residents; manufacture, purchase, or sell goods in California; or advertise goods or services in California. Defendant does not pay taxes in California, with the exception of the payment of California payroll taxes incident to Defendant acting as a common paymaster for other subsidiaries of CSI. Defendant does not exert management control over the operations of

other CSI subsidiaries, including but not limited to Lane Bryant. Sullivan Dec., ¶¶ 6-8.

Moreover, Defendant does not manage or direct the work of any employees who report to or are resident in California, including, without limitation, the employees who work in the Lane Bryant stores. Sullivan Dec., ¶ 8. Defendant does not hire or select these employees and does not determine the amounts of wages to be paid to these employees. In acting as common paymaster for employees at the Lane Bryant stores, Defendant only issues wage payments based on the employee and wage information that is provided to Defendant by Lane Bryant, which owns and manages those stores. Defendant does not determine, direct, or enforce the policies or practices of Lane Bryant stores related to compensation, meal periods, or wage statements. Camoratto Dec., ¶ 6.

### III.  LEGAL ARGUMENT

#### A.  This Court Cannot Exercise Personal Jurisdiction Over Defendant.

Fundamental precepts of due process require that non-resident defendants have certain "minimum contacts" with the forum state to ensure that the exercise of either general or specific personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). The purpose of the "minimum contacts" test articulated in *International Shoe* is twofold: (1) to protect defendants against the burdens of litigating in a distant, inconvenient forum; and (2) to ensure that states do not step beyond the limits of their sovereignty under a federal system of government. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 564 (1980).

This Court cannot constitutionally exercise general personal jurisdiction over Defendant. As an out-of-state entity with minimal connections to California, Defendant does not have the "substantial" or "continuous and systematic" contacts with California necessary to establish general personal jurisdiction over it. Furthermore, this Court cannot exercise specific personal jurisdiction over Defendant because, again, Defendant has insufficient contacts with California. Thus, this Court does not have the constitutional or statutory authority to adjudicate this action as to Defendant, and therefore must dismiss this action brought solely against Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/968957.1

3

DEFENDANT'S MEMO OF P'S & A'S FOR
MOTION TO DISMISS – C 07-06073-BZ

1.  **No General Personal Jurisdiction Over Defendant Exists.**

Defendant does not have contacts with California sufficient to justify the exercise of general personal jurisdiction over it. General personal jurisdiction ordinarily exists only if a defendant is *domiciled* in the forum state or its activities there are *"substantial, continuous and systematic."* Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445, 72 S. Ct. 413, 418 (1952) (emphasis added); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19, 104 S. Ct. 1868, 1872-74 (1984) (finding that defendant did not have the "kind of continuous and systematic general business contacts" required to establish general jurisdiction). In addition, even if a defendant is found to have engaged in "substantial" or "continuous and systematic" activities in the forum state, the exercise of general personal jurisdiction still must be determined judicially to be "reasonable" (i.e., that such exercise "comports with fair play and substantial justice"). *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 851, fn. 2 (9th Cir. 1993) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S. Ct. 2174, 2184-85 (1985)). The level of contact with the forum state necessary to establish general personal jurisdiction is "intended to be a fairly high standard" (*Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)) and "requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

As set forth above, Defendant is an out-of-state entity and does not conduct either "substantial" or "continuous and systematic" activities in California. Defendant is formed under the laws of Pennsylvania and has its principal operations there. Sullivan Dec., ¶ 3. Defendant's only contacts with California are the limited services, including payroll duties, that it provides from its locations in other states to other subsidiaries of CSI, including Lane Bryant, Inc., which operates all Lane Bryant stores in California. Sullivan Dec., ¶ 5; Camoratto Dec., ¶ 3, 6.

It is not enough for a defendant to engage in continuous contacts touching the forum state. Rather, the acts must be continuous and *substantial* and "of the sort that approximate physical presence." *Bancroft*, 223 F.3d at 1085. Defendant clearly lacks an actual physical presence in California. It has no office, employees, or hard assets in the state. Sullivan Dec., ¶ 5. Its limited

contacts—implemented from outside the state and limited to providing payroll and other services to other subsidiaries of the corporate parent—are insufficient to "approximate" a physical presence, as is required for general jurisdiction. *Cf. Resolution Trust Corp. v. First of America Bank*, 796 F.Supp. 1333, 1336-37 (C.D. Cal. 1992) (finding that out-of-state bank's limited financial interaction with California in the form of correspondent relationships with in-state banks for check processing, wire transfers, or similar contacts did not constitute sufficient contacts for personal jurisdiction in California).

### 2. No Specific Personal Jurisdiction Over Defendant Exists.

Plaintiff also cannot establish specific personal jurisdiction over Defendant because it lacks the constitutionally-mandated "minimum contacts" with California required for the exercise of such jurisdiction. Moreover, even if such contacts did exist (which they do not), the claims at issue do not arise out of any activities by Defendant in California.

The Ninth Circuit has established a three-part test to determine if the exercise of specific personal jurisdiction would comport with due process: "(1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; [and] (3) exercise of jurisdiction must be reasonable." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) Plaintiff can make no such showing here.

As established in the supporting Declarations of John J. Sullivan and Anthony Camoratto, Defendant does not directly conduct any business in California – let alone "purposefully avail" itself of the privileges of doing business in California. Rather, Defendant only performs limited administrative functions in California for CSI subsidiaries, including Lane Bryant. Sullivan Dec., ¶ 5; Camoratto Dec., ¶ 2-3, 6. Its limited acts do not constitute the transaction of business for purposes of exercising personal jurisdiction over Defendant.

Even if the first part of the test was met (which it is not), there is no nexus between Plaintiff's wage and hour claims and Defendant's limited transactions in California. Plaintiff on behalf of a purported class of "non-exempt employees" alleges that her employer (who was Lane

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/968957.1                               5                    DEFENDANT'S MEMO OF P'S & A'S FOR
                                                                 MOTION TO DISMISS – C 07-06073-BZ

Bryant, *not* Defendant) failed to pay her and others overtime wages, to pay all final wages upon termination, and to provide proper meal periods. *See* Complaint, ¶¶ 33-34, 40-41, 45. These claims do not arise out of or result from Defendant's limited administrative task of generating Plaintiff's pay checks. Rather, they arise out of alleged policies and practices at Lane Bryant retail stores in California. Defendant does not own, operate, control, or manage these stores. The Complaint fails to identify any specific person or people whom Defendant employs or employed who took, or failed to take, some action leading to the claims at issue. Plaintiff's claims in this action do not arise out of any California activities on the part of Defendant. Indeed, Defendant does not even have employees in California. Consequently, Plaintiff cannot meet her prima facie burden of establishing specific personal jurisdiction. *See, e.g., Omeluk v. Langston Slip & Batbyggeri A/S,* 52 F.3d 267, 272 (9th Cir. 1995) (injury to plaintiff would have occurred without regard to defendant's contacts with forum state).

## IV. CONCLUSION

Defendant lacks the "substantial" or "systematic and continuous" contacts required to establish general jurisdiction over them. Further, this Court cannot exercise specific personal jurisdiction over Defendant because Plaintiff's wage and hour claims in no way arise out of any California activities on its part. For these reasons, this Court lacks jurisdiction over Defendant and therefore must dismiss this action.

Dated: December 7, 2007                    MORGAN, LEWIS & BOCKIUS LLP


By _____/S/_____
Albert Huang
Specially Appearing for Defendant
CHARMING SHOPPES OF
DELAWARE, INC.