JOHN S. BATTENFELD, State Bar No. 119513
ALBERT HUANG, State Bar No. 193005
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:  213.612.2500
Fax:  213.612.2501
E-mail:    jbattenfeld@morganlewis.com
            ahuang@morganlewis.com

ERIC MECKLEY, State Bar No. 168181
STEVEN J. GARRETT, State Bar No. 221021
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
E-mail:    emeckley@morganlewis.com
            steven.garrett@morganlewis.com

Specially Appearing for Defendant
CHARMING SHOPPES OF DELAWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIKA MOODY, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation, and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. C 07-06073 MHP<br><br>**DECLARATION OF ALBERT HUANG IN SUPPORT OF DEFENDANT CHARMING SHOPPES OF DELAWARE, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:      February 11, 2008<br>Time:     2:00 p.m.<br><br>[SPECIAL APPEARANCE ONLY] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/972386.1

DECL. OF A. HUANG IN SUPP. OF DEF'S
MOTION TO DISMISS - C 07-06073 MHP

1    I, Albert Y. Huang, declare as follows:

2    1.    I am an attorney licensed to practice before all of the courts of the State of

3    California and am a member in good standing of the State Bar of California.  I am an attorney

4    with the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis").  Morgan Lewis

5    represents defendant Charming Shoppes of Delaware, Inc. in this action.  I have personal

6    knowledge of the facts set forth herein and could and would competently testify thereto.

7    2.    Attached as Exhibit 1 is a true and correct copy of the Complaint filed on

8    December 10, 2007 in *Shameika Moody v. Lane Bryant, Inc.* (Case No. CGC-07-469900) pending

9    in the Superior Court of the State of California for the County of San Francisco.

10    I declare under penalty of perjury under the laws of the United States that the foregoing is

11    true and correct.

12    Executed on January 7, 2008, at Los Angeles, California.

13

14    _____

15    Albert Y. Huang

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/972386.1                                    2                    DECL. OF A. HUANG IN SUPP. OF DEF'S
                                                                      MOTION TO DISMISS - C 07-06073 MHP

# EXHIBIT 1

PETER M. HART (California Bar No. 198691)
LAW OFFICES OF PETER M. HART
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

KENNETH H. YOON (California Bar No. 198443)
LAW OFFICES OF KENNETH H. YOON
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017-3383
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

LARRY W. LEE (California Bar No. 228175)
DIVERSITY LAW GROUP, A Professional Corporation
444 S. Flower St., Suite 1370
The Citigroup Building
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554

Attorneys for Plaintiff Shameika Moody

SUMMONS ISSUED
F I L E D
San Francisco County Superior Court

DEC 1 0 2007

GORDON PARK-LI, Clerk
BY: _____
P. NATT    Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

MAY - 9 2008 -9ᴬᴹ AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

SHAMEIKA MOODY, as an individual and on behalf of others similarly situated,

Plaintiff,

vs.

LANE BRYANT, INC., a corporation, and DOES 1 through 20, inclusive,

Defendants.

Case No.: CGC-07-469900

CLASS ACTION

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:

(1) FAILURE TO PAY OVERTIME WAGES;

(2) VIOLATION OF LABOR CODE § 203;

(3) VIOLATION OF LABOR CODE § 226.7;

(4) VIOLATION OF LABOR CODE §

1

FILE BY FAX

226;

(5) UNFAIR BUSINESS PRACTICES
(Violation of California Business &
Professions Code §17200 et seq.).

DEMAND FOR JURY TRIAL

Plaintiff Shameika Moody (hereinafter referred to as "Plaintiff"), hereby submit her class action complaint against Defendants LANE BRYANT, INC. and DOES 1-20 (hereinafter collectively referred to as "DEFENDANTS") on behalf of herself and the class of all other similarly situated current and former employees of DEFENDANTS for overtime wages owed, meal period wages, waiting time penalties, and penalties or damages for failure to keep accurate records, restitution and injunctive relief as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 1194, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

3. Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all overtime wages due at the proper rate of overtime pay, all final wages due upon termination of employment, and in connection with DEFENDANTS' failure to keep all proper pay roll records of Plaintiff and Class Members.

4. Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and

2

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  benefits.

2      5.  The policies, practices and customs of defendants described above and below have

3  resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over

4  businesses that routinely adhere to the strictures of the California Labor Code, Business and

5  Professions Code.

6  **JURISDICTION AND VENUE**

7      6.  The Court has jurisdiction over the violations of the California Labor Code §§ 201-

8  204, 226, 226.7, 1194 and California Business and Professions Code § 17200, et seq., (Unfair

9  Practices Act).

10      7.  Venue is proper because the DEFENDANTS do business in San Francisco County.

11  **PARTIES**

12      8.  Plaintiff SHAMEIKA MOODY was employed by DEFENDANTS from November

13  2006 until on or about July 2, 2007 as an assistant manager at one of DEFENDANTS' Lane

14  Bryant retail stores in Pleasanton, California, which is a property owned and/or operated by

15  DEFENDANTS.  Plaintiff was and is the victim of the policies, practices, and customs of

16  DEFENDANTS complained of in this action in ways that have deprived her of the rights

17  guaranteed to her by California Labor Code §§ 201-204, 226, 226.7, 1194, and California

18  Business and Professions Code §17200, et seq., (Unfair Practices Act).

19      9.  Plaintiff is informed and believes and based thereon alleges Defendant LANE

20  BRYANT, INC. (hereafter "DEFENDANT") was and is a corporation doing business in the

21  State of California with retail stores in California and across the United States selling clothing

22  and clothing accessories to the public on the retail level, including owning and operating retail

23  stores in San Francisco County, California.

24      10.  Plaintiff is informed and believes and thereon alleges that at all times herein

25  mentioned DEFENDANTS and DOES 1 through 20, are and were corporations, business

26  entities, individuals, and partnerships, licensed to do business and actually doing business in the

27  State of California.

28

3

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

11.     As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-204, 226, 226.7, 1194 and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 20, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

15.     At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

4

16.     At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17.     **Definition:** The named individual Plaintiff bring this action on behalf of herself and the class pursuant to California Code of Civil Procedure § 382. This action consists of the following Classes of employees (1) all of DEFENDANT'S past and present non-exempt employees employed in California during the period from December 10, 2003 to the present who were paid overtime wages and who were paid any form of incentive pay or were paid any form of non-discretionary bonuses, including sales bonuses and/or sales commissions, (2) all of DEFENDANT'S past and present non-exempt employees employed in California during the period from December 10, 2003 to the present who worked more than 5 hours in a shift.

18.     **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by from DEFENDANTS' records, including payroll records and time records. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS failed to (a) pay to Plaintiff and the class all overtime wages owed at the proper rate of overtime pay, (b) pay to Plaintiff and the class all final wages upon termination of employment, (c) provide proper meal periods in violation of Labor Code § 226.7, (d) keep proper payroll records in violation of Labor Code § 226 for Plaintiff and the class, and (e) engaged in Unfair Business Practices, all in violation of IWC Wage Order No 7-2001.

19.     **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above.

5

1   Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and

2   individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class

3   actions in the past, have been appointed as class counsel by California courts, and currently have

4   a number of wage-and-hour class actions pending in California state and federal courts.

5       20.     DEFENDANTS uniformly administered a corporate policy, practice of failing to

6   (a) pay to Plaintiff and the class all overtime wages owed at the proper rate of overtime pay by

7   failing to include all non-discretionary bonuses, commissions, and other incentive pay into the

8   calculation and payment of overtime wages, (b) provide or allow Plaintiff to take meal periods in

9   compliance with California Labor Code 226.7 and applicable IWC Wage Orders (c) to Plaintiff

10  and the class all final wages upon termination of employment, (d) keep proper payroll records in

11  violation of Labor Code § 226 for Plaintiff and the class, and (e) engaged in Unfair Business

12  Practices, all in violation of IWC Wage Orders.

13

14      21.     Plaintiff is informed and believes and based thereon alleges that DEFENDANTS,

15  in violation of California Labor Code §§ 201 to 204, and 1194, respectfully, had a consistent and

16  uniform policy, practice of willfully failing to comply with Labor Code § 203. Plaintiff and

17  other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse

18  to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are

19  liable for waiting time compensation for the unpaid wages to separated employees pursuant to

20  California Labor Code § 203.

21      22.     **Common Question of Law and Fact:**  There are predominant common questions

22  of law and fact and a community of interest amongst Plaintiff and the claims of the class

23  concerning DEFENDANTS' failure to (a) pay to Plaintiff and the class all overtime wages owed

24  at the proper rate of overtime pay by failing to include all paid non-discretionary bonuses,

25  commissions, and other incentive pay into the calculation and payment of overtime wages, (b)

26  pay to Plaintiff and the class all final wages upon termination of employment, (c) provide proper

27  meal periods in violation of Labor Code § 226.7, (d) keep proper payroll records in violation of

28  Labor Code § 226, and (e) engaged in Unfair Business Practices, all in violation of IWC Wage

---

6

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   Order No 7-2001.

2       23.    Typicality:  The claims of Plaintiff are typical of the claims of all members of the

3   class in that Plaintiff has suffered the harms alleged in this Complaint in a similar and typical

4   manner as the class members.  Plaintiff is a member of the Classes and has suffered the alleged

5   violations of California Labor Code §§ 201-204, 226, 226.7, 1194 and IWC Wage Order No. 7-

6   2001 set forth in this Complaint.

7       24.    The California Labor Code and upon which Plaintiff bases his claims are broadly

8   remedial in nature.  These laws and labor standards serve an important public interest in

9   establishing minimum working conditions and standards in California.  These laws and labor

10  standards protect the average working employee from exploitation by employers who may seek

11  to take advantage of superior economic and bargaining power in setting onerous terms and

12  conditions of employment.

13      25.    The nature of this action and the format of laws available to Plaintiff and

14  members of the class identified herein make the class action format a particularly efficient and

15  appropriate procedure to redress the wrongs alleged herein.  If each employee were required to

16  file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an

17  unconscionable advantage since it would be able to exploit and overwhelm the limited resources

18  of each individual plaintiff with their vastly superior financial and legal resources.  Requiring

19  each class member to pursue and individual remedy would also discourage the assertion of

20  lawful claims by employees who would be disinclined to file an action against their former

21  and/or current employer for real and justifiable fear of retaliation and permanent damage to their

22  careers at subsequent employment.

23      26.    The prosecution of separate actions by the individual class members, even if

24  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

25  to individual class members against the DEFENDANTS and which would establish potentially

26  incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect

27  to individual class members which would, as a practical matter, be dispositive of the interest of

28

7

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid overtime, meal period premiums, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 226 and 1194 and Code of Civil Procedure § 1021.5.

28.    Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

29.    The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though fully set for herein.

31.    This cause of action is brought pursuant to Labor Code § 1194, et seq., which provides that employees are entitled to overtime wages and compensation for work performed, and provides a private right of action for failure to pay legal overtime compensation for overtime work performed.

8

1   separated from employment are entitled to compensation pursuant to Labor Code § 203.

2                              THIRD CAUSE OF ACTION

3         FOR VIOLATION OF LABOR CODE § 226.7 REGARDING MEAL PERIODS

4                        (AGAINST ALL DEFENDANTS BY PLAINTIFF)

5        44.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 as

6   though fully set for herein.

7        45.     DEFENDANTS failed in their affirmative obligation to ensure that all of their

8   employees, including Plaintiff, and other members of the class, had the opportunity to take and

9   were provided with all proper meal periods in accordance with the mandates of the California

10  Labor Code and the applicable IWC Wage Order. Plaintiff and the class were suffered and

11  permitted to work through legally required meal breaks and were denied the opportunity to take

12  their meal breaks. As such, DEFENDANTS are responsible for paying premium compensation

13  for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 7 § 11(B)

14  and have failed to pay this compensation. DEFENDANTS shall pay the each affected employee

15  one (1) hour of pay at the employee's regular rate of compensation for each workday that the

16  meal break was not provided and or denied.

17
18       46.     Plaintiff and class members regularly worked in excess of five (5) hours per day

19  and accordingly had a right to take a 30-minute meal period each day worked in excess of five

20  (5) hours. Furthermore, Plaintiff and class members who worked in excess of ten (10) hours per

21  day had a right to take a second 30-minute meal period each day worked in excess of ten (10)

22  hours.

23       47.     As a pattern and practice, DEFENDANTS regularly required employees to work

24  through their meal periods without proper compensation and denied Plaintiff and their employees

25  the right to take proper meal periods as required by law and DEFENDANTS failed to keep

26  accurate records of meal breaks taken.

27       48.     This policy of requiring employees to work through their legally mandated meal

28  periods and not allowing them to take proper meal periods is a violation of California law.

---

                                        11

       CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

49.    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 7 § 11(B) and that Plaintiff and those employees similarly situated as her are owed wages for the meal period violations set forth above.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide Plaintiff and other members of the class the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

50.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 7 § 11(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

## FOURTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING
### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

51.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set for herein.

52.    DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the rates of pay and the total amount of compensation of their California employees in pay periods.  DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226 by failing as a matter of policy and practice to keep accurate records of Plaintiff's and the class members' rates of pay, by failing to include all earned non-discretionary bonuses, commissions, and other incentive wages of Plaintiff and class members, by failing to keep accurate records of rates of overtime pay, by failing to include all

12

1  earned non-discretionary bonuses, commissions, and other incentive pay, net wages earned, daily

2  or weekly overtime pay, taxes being withheld, Social Security taxes being paid, and by failing to

3  keep accurate records of the beginning and end of meal periods taken.

4      53.    Such a pattern, practice and uniform administration of corporate policy as

5  described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class

6  identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226,

7  including interest thereon, attorney's fees, and costs of suit according to the mandate of

8  California Labor Code § 226.

9      54.    DEFENDANTS' wrongful and illegal conduct in failing to accurately record the

10  hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so,

11  unless and until enjoined and restrained by order of this court, will cause great and irreparable

12  injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to

13  violate these California laws, represented by labor statutes, unless specifically ordered to comply

14  with same. This expectation of future violations will require current and future employees to

15  repeatedly and continuously seek legal redress in order to gain compensation to which they are

16  entitled under California law. Plaintiff has no other adequate remedy at law to insure future

17  compliance with the California labor laws and wage orders alleged to have been violated herein.

18

19                          **FIFTH CAUSE OF ACTION**

20      **FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

21                  **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

22      55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as

23  though fully set for herein.

24      56.    DEFENDANTS, and each of them, have engaged and continue to engage in unfair

25  and unlawful business practices in California by practicing, employing and utilizing the

26  employment practices outlined above, include, to wit, by failing to (a) pay Plaintiff and the class

27  all overtime wages owed at the proper rates of overtime pay and (b) pay Plaintiff and the class all

28  wages owed of meal periods not properly taken and denied.

---

13

57.    DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

58.    Plaintiff seeks, on her own behalf, on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

59.    Plaintiff seeks, on her own behalf, on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

60.    Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SHAMEIKA MOODY prays for judgment for herself and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1.    For an order certifying the proposed class;

2.    For an order appointing Plaintiff as the representative of the class;

3.    For an order appointing Counsel for Plaintiff as class counsel;

4.    Upon the First Cause of Action, for wages and consequential damages according to proof, and for waiting time penalties according to proof pursuant to California Labor Code § 203;

5.    Upon the Second Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203;

14

6. Upon the Third Cause of Action, for wages owed for meal periods and for waiting time penalties according to proof pursuant to California Labor Code § 203;

7. Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;

8. Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq., for an injunction to prohibit Defendants to engage in the unfair business practices complained of herein, for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

9. On all causes of action for attorneys fees and costs as provided by California Labor Code §§ 226 & 1194 and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

Dated: December 10, 2007                    LAW OFFICES OF PETER M. HART

By: _____
Peter M. Hart, Esq.
Attorney for Plaintiff


DEMAND FOR JURY TRIAL

Plaintiff, for herself and the class, hereby demands a jury trial as provided by California law.

DATED: December 10, 2007                    LAW OFFICES OF PETER M. HART

By: _____
Peter M. Hart
Attorney for Plaintiff

15

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF