PETER M. HART, Esq. (State Bar No. 198691)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile
kyoon@yoon-law.com

LARRY W. LEE
**DIVERISTY LAW GROUP, A Professional Corporation**
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071
(213) 488 – 6555
(213) 488 – 6554 facsimile
lwlee@diversitylaw.com

Attorneys for Shameika Moody

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIKA MOODY as an individual and on behalf all of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C 07-06073 MHP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CHARMING SHOPPES OF DELAWARE, INC.'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO F.R.C.P. RULE 12(B)(2).**<br><br>[CONCURRENTLY FILED DECLARATION OF PETER M. HART]<br><br>JUDGE:  HON. MARILYN HALL PATEL |

- 1 –
OPPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE EX MOTION TO DISMISS
C 07-06073 MHP

# TABLE OF CONTENTS

**PAGE**

OPPOSITION TO EX PARTE APPLICATION …........................................................................  3

I.  INTRODUCTION …………………………………………………………………………  3

II. ARGUMENT ……..........................................................................................................  7

    A.  PLAINTIFF INTENDS TO FILE AN AMENDED COMPLAINT THAT WOULD RENDER UNNECESSARY THE PERSONAL JURISDICTION ISSUE RAISED BY DEFENDANT ……………………………………………………………………….  8

    B.  LEAVE TO FILE THE MOTION DISMISS SHOULD BE DENIED AS THE MOTION IS FUTILE AS THIS COURT CLEARLY HAS PERSONAL JURISDICTION OVER DEFENDANT CHARMING SHOPPES …………………….  9

    C.  PLAINTIFF REQUESTS DISCOVERY TO INVESTIGATE DEFENDANT'S CONTACTS WITH CALIFORNIA …………………………………………………  12

III. CONCLUSION ………………………………………………………………………….. 14

# OPPOSITION TO EX PARTE APPLICATION
## I. INTRODUCTION

Defendant Charming Shoppes of Delaware, Inc.'s (hereafter "Defendant" or "Charming Shoppes") *ex parte* application for leave to file a motion to dismiss for lack of personal jurisdiction pursuant to FRCP 12(b)(2), should be denied as this challenge is premature and should be done on a properly noticed motion, that allows time for jurisdictional discovery, after the Scheduling Conference which the Court has set for March 24, 2008.

Shortly, Plaintiff will present to the Court the following:

a. Amendment to the Complaint to add claims for fraud and unfair business practices against Defendant.

b. Amendment to the Complaint to add all the defendants various business entities which are the actual employer of the plaintiff class.

Based on the evidence set forth by Defendant, it appears clear that it has sent misleading and/or fraudulent itemized wage statements to California employees by falsely identifying itself as the actual employer. Because these statements are regularly delivered to California employees on a regular payroll basis, there is clear basis for this Court to exercise jurisdiction over the Defendant.

In addition, after adding the what Defendant contends to be the "actual" employer into this action, though the evidence suggests joint employer, all potential Defendant parties would be in before one court, which would provide for a uniform resolution and additionally permit Plaintiff to seek to stay the action filed in San Francisco County Superior Court.

To entertain Defendant's Motion to Dismiss at such an early stage would be an unnecessary use of judicial resources. Because the motion to dismiss might not be brought at all as unnecessary and moot (after the parties and the Court discuss Plaintiff's amendment to the Complaint at the initial Case Management Conference), consideration of the motion may unnecessarily consume the resources of the Superior Court, and even unnecessarily consume the resources of Defendant which may choose to not file this motion after the initial Case Management Conference as all claims

and all potential Defendants would be in a single action.

Further, if at the initial Case Management Conference the Court determines that this motion to dismiss may be brought, the Court could set forth a discovery schedule so that Plaintiff may determine the extent of Defendant's contacts with California.

As to the merits, Defendant's challenge to personal jurisdiction fails even at this time as this Court clearly has personal jurisdiction over Charming Shoppes based on the following facts:

- Pursuant to Labor Code § 226, Defendant "Charming Shoppes of Delaware, Inc." is the presumptive and actual employer of Plaintiff and the putative class members, as its name and address is the sole entity that appears on the itemized wage statements/pay stubs that the putative class members receive. (*See* Hart Decl. at ¶¶ 2-8, Exh. "A").

- For the statutory class period, Defendant, by its own admission, has thousands of systematic and continuous bi-weekly contacts with California by its payment of wages and the issuance of itemized wage statements/pay stubs to thousands of California workers. (*See* Camoratto Decl. at ¶¶ 3,5 &6; Sullivan Decl. at ¶¶3 & 5).

- Similarly, through its payment of wages to the putative class members, Defendant also sends into California millions of dollars in wages and employment taxes through wage withholdings for the putative class members. (*See* Camoratto Decl. at ¶ ¶ 3,5 &6; Sullivan Decl. at ¶¶3 & 5).

- Defendant's declares through John J. Sullivan admission that besides paying the wages of Lane Bryant workers, Defendant also provides "legal consultation" and other "certain shared services" for Charming Shoppes, Inc./Lane Bryant. This is evidence of common management as well. (*See* Sullivan Decl. at ¶3; Camoratto Decl. at ¶5).

- Based on the removal papers of Defendant that sets out the number of Lane Bryant employees in California and based on a simple bi-weekly pay period for

these employees, Defendant Charming Shoppes of Delaware, Inc. has directed and issued, at the very least, over one hundred thousand itemized wage statements and over one hundred thousand paychecks into California.[1]

These very systematic and continuous contacts with California are the subject matter of this lawsuit and what the claims arise under and arise out of. By Defendants own admission as the payor of the wages, it should be liable for the underpayment.

Further, to the extent that Defendant claims that the workers at Lane Bryant are not Charming Shoppes' employees—a contention not supported by the undisputed facts in Defendant's removal papers and the Declarations of John J. Sullivan and Anthony Camoratto—but even assuming this idea, this Court has personal jurisdiction over Defendant Charming Shoppes because Charming Shoppes states and by its admission misrepresents to thousands of California workers in their thousands of paychecks and paystubs on a systematic and continuous (bi-weekly) basis that it is their employer, when to this Court it claims that it is not the employer of these workers at Lane Bryant.

Charming Shoppes clearly states its name and its Pennsylvania address on the itemized wage statements/pay stubs of Plaintiff and the putative class members, thus becoming the presumptive employer pursuant to Labor Code § 226. (*See* Hart Decl. at ¶2, Exh. "A"). Thus, if Defendant is now claiming that it is not the employer of Plaintiff and the putative class members, then it violating California Labor Code 226 which requires that the name and address of the legal entity who is the employer be stated on the itemized wage statements/pay stubs of California employees.

If Charming Shoppes claims it is not the employer, then it has an continues to commit a fraud and misrepresentation on a grand scale and in a systematic and continuous fashion. It is also systematically and continuously committing a statutory violation of California Labor Code 226 and systematically and continuously violating California Business & Professions Code 17200 which prohibits such unfair, unlawful, fraudulent, and misleading activities. Under established case law,

---

[1] These numbers are based upon Defendant's assertion in its removal papers that Lane Bryant, alone, averages approximately 1,037 non-managerial non exempt employees per year and 52 managerial non-exempt employees per year. Based on a bi-weekly payroll system, this would amount to 113,256 pay checks per year ((1,037+52) x 26 pay periods per year = 28,314 x 4 years = 113,256 pay checks and wage statements for the class period).

- 5 –
OPPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE EX MOTION TO DISMISS
C 07-06073 MHP

when a company directs such fraudulent communications and activities into a forum state, then that forum state has personal jurisdiction over it. *See Quattrone v. Superior Court*, 44 Cal. App. 3d 296, 303 (1975). And Plaintiff intends to amend her Complaint to add class wide claims for fraud and misrepresentation and violation of California Business & Professions Code Section 17200 which prohibits such unfair, unlawful, fraudulent, and misleading activities.

Finally, while it is true that after first being served with Defendant's original personal jurisdiction challenge on December 7, 2007, Plaintiff did, out of caution and to protect the rights of Plaintiff and the putative class members, file a lawsuit naming Lane Bryant, Inc. as a Defendant in San Francisco County Superior Court. it should have no bearing on Defendant's current motion to dismiss. Plaintiff did this chiefly to protect the rights of Plaintiff and the putative class members, particularly with respect to preserving the class members' statute of limitations.[2] (*See* Hart Decl. ¶¶ 2-8, Exh. "A"). However, now to conserve judicial resources, and to avoid inconsistent rulings on issues such as personal jurisdiction, and who is the employer of Plaintiff, Plaintiff intends to (i) add Lane Bryant, Inc. as a Defendant to this action as a joint and integrated employer of Plaintiff and the putative class, (ii) add Charming Shoppes, Inc., which Plaintiff has been notified wholly owns Lane Bryant, Inc. as a subsidiary, and (iii) add claims for fraud, misrepresentation, violation of statute, and unfair practices claims against Defendant Charming Shoppes.

Once Plaintiff is files such an amendment, Plaintiff will seek to stay the San Francisco Superior Court state court action she recently filed against Lane Bryant, Inc. However, hearing Defendant's motion would necessitate that the state court action be litigated. It may be removed or it may remain in state court. Deferring the issue raised by this ex parte application until the March 24, 2008 Case Management Conference may permit the state court action to never be litigated, and ultimately stayed.

In a nutshell, Defendant Charming Shoppes is essentially stating that it does payroll and other services for the Lane Bryant workers—and thus is an integrated and joint employer of these

---

[2] Indeed, by bring this Motion, Defendant has already attempted to further cut off damages based on the statute of limitations. This is another reason why Plaintiff seeks leave from this Court to include Lane Bryant as an additional defendant in this action.

- 6 –
OPPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE EX MOTION TO DISMISS
C 07-06073 MHP

employees at Lane Bryant and the other wholly owned subsidiaries. Under established case law, Defendant Charming Shoppes is the integrated employer with Lane Bryant of Plaintiff and the putative class members. Because of the thousands of employees/putative class members, each of which have been affected by the wage payment practices of Defendant, it provide thousands of systematic and continuous contacts on a grand scale between Defendant and California.

Thus, by its own admission, Defendant has not only minimum and such systematic contacts to satisfy the standards of special and general jurisdiction, **Defendant has indeed significant contacts with California**. It would appear that the primary purpose of Defendant Charming Shoppes making this jurisdictional challenge, that on facts that it admits has no basis, is so that Charming Shopppes can narrow this case down to only a case against Lane Bryant, Inc. and thus limit the size of the putative class to not include Catherines Plus Sizes, Lane Bryant, Inc., Fashion Bug, Petite Sophisticate Outlet, and Crosstown Traders, Inc., other affiliates mentioned in Defendant's certificate of interested entities for which Defendant pays the employee wages and provides other services.

For such reasons, Defendant's *ex parte* application should be denied as basically futile.

## II.     ARGUMENT

To further judicial economy and avoid unnecessary expenditure of time and resources of this Court, the Superior Court, and Defendant and Plaintiff, as set forth above, leave to file on an ex parte basis should be denied. Specifically, in addition to the alternative procedure set forth above, leave to file is unnecessary at this time for the following reasons:

1. The motion may become unnecessary based on Plaintiff's filing of an amended complaint adding additional defendants, which by acting jointly with Defendant will provide additional bases for personal jurisdiction, and adding claims against the current Defendant which will provide additional bases for personal jurisdiction;
2. Plaintiff would be entitled to discovery on the personal jurisdiction challenge; and
3. The motion is futile.

///

///

**A.   PLAINTIFF INTENDS TO FILE AN AMENDED COMPLAINT THAT WOULD RENDER UNNECESSARY THE PERSONAL JURISDICTION ISSUE RAISED BY DEFENDANT**

Plaintiff intends to amend the Complaint to add Lane Bryant, Inc. and Charming Shoppes, Inc. as further joint and/or integrated employers. This amended pleading may obviate the need for any motion to dismiss. Plaintiff only learned of the names of these entities and their role through recent pleadings filed by Defendant.

As Defendant has pointed out, Plaintiff has filed an action against Lane Bryant, Inc. in San Francisco County Superior Court. While this should have no bearing on the current Application or Motion to Dismiss, Plaintiff did this only after Plaintiff first received Defendant's personal jurisdiction challenge, in which it represented that Lane Bryant, Inc. was Plaintiff's actual employer.

Naturally relying upon such representation, and in order to preserve the putative class members' statute of limitations, Plaintiff immediately filed a separate class action lawsuit solely against Lane Bryant.[3] Indeed, if this Court were to conclude that Defendant has no personal jurisdiction, then Defendant and Lane Bryant would have benefited by their deception by cutting off more than 30 days of statute of limitations liability for the putative class members.

Defendant Charming Shoppes should not be allowed to benefit by its deception in which it boldly and clearly states on the paystub of Plaintiff Moody that it is the named employer, yet now states that it is not the employer. It is this very deception that has led Plaintiff to file a second state court suit consuming judicial resources in that Court and potentially leading to inconsistent rulings. Had Lane Bryant, Inc. been set forth on Plaintiff's paystub, then Plaintiff would have filed suit against Lane Bryant, Inc. initially—and perhaps sought to add other entities as needed.

In any event, and based upon the admissions by Defendant through its Application as well as Motion to Dismiss, Plaintiff intends to amend her Complaint to include Charming Shoppes, Inc. and Lane Bryant, Inc. as additional defendants. In addition, Plaintiff intends to add claims for fraud, misrepresentation and unfair business practices against Defendant.

---

[3] Plaintiff filed the complaint in an abundance of caution. However, Plaintiff would prefer to have the

With these additional claims and defendants, Defendant's motion to dismiss will necessarily be different and may not be brought at all. As Defendant's new co-defendants Charming Shoppes, Inc. and Lane Bryant, Inc. have physical presence in California and are part of an integrated enterprise and/or joint employers, this Court would have personal jurisdiction over Defendant.

Plaintiff requests the Court defer ruling on the *ex parte* application until at least January 15, 2008, by which time Plaintiff anticipates it will have filed an Amended Complaint and indeed, defer ruling on this until the March 24, 2008 Scheduling Conference before this Court.

**B.  LEAVE TO FILE THE MOTION DISMISS SHOULD BE DENIED AS THE MOTION IS FUTILE AS THIS COURT CLEARLY HAS PERSONAL JURISDICTION OVER DEFENDANT CHARMING SHOPPES**

This action is about wages owed for meal period violations and overtime wages, among other things. What is striking (and missing) from Defendant's Application and Motion to Dismiss is the fact that Defendant fails to mention that the sole entity that appears on Plaintiff's and the putative class member's itemized wage statements/pay stubs is the name and address of Defendant "Charming Shoppes of Delaware, Inc," as it is shown in the supporting exhibit to the Declaration of Peter M. Hart. *See* Exh. "A" to Hart Decl. Neither of the entities, Charming Shoppes, Inc. and Lane Bryant, appear on said wage statements/pay stubs at any time.

Furthermore, <u>Defendant provided evidence of significant contacts with California</u>:

1. Defendant pays payroll taxes to California. Sullivan Decl. at ¶5;
2. Defendant pays wages to California workers. Camoratto Decl. at ¶6;
3. Charming Shoppes, Inc. is the parent corporation for Lane Bryant, Inc. and Defendant. Sullivan Decl. at ¶3; and
4. Charming Shoppes, Inc. is a large, publicly-traded corporation. Sullivan Decl. at ¶2.

Based on Defendant's own declarations, Defendant maintains sufficient contact with California to warrant the exercise of personal jurisdiction. All Defendant's declarations omit are specific figures of the millions of dollars of wages that it delivers into the California, to California

---

state court action stayed. (*See* Hart Decl. ¶3-8).

1  workers, and the millions of dollars of taxes that it delivers into California, to California governmental
2  agencies—which can be naturally deduced from the above-mentioned evidence that has been
3  submitted by Defendant.

4  Defendant also admits through the declaration of John J. Sullivan that besides paying
5  the wages of Lane Bryant workers, Defendant also provides "legal consultation" which evidences
6  common management as well. *See* Sullivan Decl. at ¶3. These admitted facts by themselves
7  essentially establishe that it is the employer of Plaintiff and the putative class members. *Kang, v. U.*
8  *Lim America, Inc.,* 296 F.3d 810 (9th Cir. 2002) (holding that integrated enterprise is based on the
9  established test involving four factors: (1) Interrelation of Operations, (2) Common Management, (3)
10 Centralized Control of Labor Relations, and (4) Common Ownership or Financial Control); *see also*
11 *Parker v. Columbia Pictures Ind.,* 204 F.3d 326 (2nd Cir. 2000). And the factors in the Kang case deal
12 with precisely issues such as common payroll and common management and services, including
13 holding that the test factor of interrelations of operations is established by a "wholly owned
14 subsidiary" fact.

15 Further, Defendant vaguely states that there are other services, etc. that Defendant
16 provides by stating that Defendant provides "certain shared services to subsidiaries of CSI (including
17 Lane Bryant)". *See* Anthony Camoratto Decl., ¶ 5. Defendant's declarant John J. Sullivan also states
18 that besides paying the wages of Lane Bryant workers, Defendant also provides "legal consultation"
19 which evidences common management as well. *See* Sullivan Decl. at ¶3.

20 Finally, it is Plaintiff's understanding that Defendant is referred to in the personnel
21 materials that were distributed to Lane Bryant workers and other putative class members, including the
22 personnel handbook of Lane Bryant workers. Additionally, Defendant and Lane Bryant both share the
23 same corporate headquarters. These are further factors suggesting an integrated employer enterprise.

24 These contacts are not unrelated as Defendant suggests. Plaintiff has alleged violation
25 of California Labor Code section 226, which regulates the issuance of itemized wage statements, the
26 very documents Defendant has delivered into California on a continuous and systematic basis.

27 California Labor Code 226 states that the "name and address of the legal entity that is

28

- 10 –
OPPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE EX MOTION TO DISMISS
C 07-06073 MHP

the employer" be set forth on the paycheck paystubs/wage statements of its employees. Defendant Charming Shoppes boldly sets forth its name "Charming Shoppes of Delaware, Inc" and its Pennsylvania address on the paycheck stub of Plaintiff and Lane Bryant workers—which it is a bold presumption that Charming Shoppes is the employer of Plaintiff.[4] (*See* Hart Decl. at ¶¶2-8, Exh. "A").

Labor Code § 226 (a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (5) net wages earned, … (8) **the name and address of the legal entity that is the employer** . . .

(emphasis added)

First, this is an admitted violation of Labor Code 226 by Lane Bryant—which does not state its legal name on the paycheck of Plaintiff or other Lane Bryant workers. This would leave Lane Bryant liable under Labor Code 226. *See Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 961 (2005) (finding that where the wage statements failed to list either the employer's name or address are improper wage statements and automatic violations of Labor Code § 226); *see also Cornn v. United Parcel Service, Inc.*, 2006 U.S. Dist. LEXIS 9013, *10-11 (N.D. Cal. 2006); *Wang v. Chinese Daily News, Inc.*, 435 F.Supp.2d 1042 (2006).

In addition, if taken at its word, Charming Shoppes is systematically and continuously fraudulently stating that it is the employer of Plaintiff and all other Lane Bryant workers, and thereby purposefully directing fraudulent activities and communications into California weekly and systematically to thousands of California workers for many years, and thus conferring jurisdiction upon this Court. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) (purposefully directing activities into the forum state to forum residents confers personal jurisdiction); *see also McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957) (single act may suffice to confer personal jurisdiction); *Hess v. Pawloski*, 274 U.S. 353 (1927) (directing fraudulent activities into the state); *Lundgren v. Superior Court*, 111 Cal. App. 3d 477, 484 (1980) (directing liability producing actions into the forum state).

---

[4] Presumably, Defendant Charming Shoppes also sets forth its name on the paystubs of the other interested entities identified in Defendant's certificate.

- 11 –
OPPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE EX MOTION TO DISMISS
C 07-06073 MHP

This systematic and continuous fraudulent activity, systematic and continuous unfair business practices in violation of California Business & Professions Code Section 17200, and violation of Labor Code Section 226, would by itself confer personal jurisdiction over Defendant. This fraud also leaves Defendant liable to Lane Bryant workers who received these fraudulent wage statements/pay stubs for class-wide claims for fraud, misrepresentation, and unfair business practices. Indeed, Plaintiff intends to amend her Complaint to add such claims for relief against Charming Shoppes.

## C. PLAINTIFF REQUESTS DISCOVERY TO INVESTIGATE DEFENDANT'S CONTACTS WITH CALIFORNIA

The standard of proof on a Rule 12(b)(2) motion without an evidentiary hearing is a "prima facie" standard. *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003); *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Defendant's own evidence establishes this; Plaintiff's paystub provides sufficient evidence as well. In addition, Plaintiff's complaint alleges that Defendant has violated various California labor laws, which are based on the payment of wages. Defendant admits that it is the one that pays these wages and sent Plaintiff her wage statements. *See* Sullivan Decl. at ¶5; Camoratto Decl. at ¶6.

As Defendant seeks to challenge jurisdiction, Plaintiff requests an evidentiary hearing and the right to take discovery on the issue. *See Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1271 n. 12 (5th Cir. 1983).

To establish personal jurisdiction, Plaintiff asks that it should be allowed to propound written discovery seeking, for example, employee handbooks, wage statements, joint management documents, joint human resources documents and take depositions of the "persons most knowledgeable" regarding employee handbooks and policies, wage statement policies, joint management policies, joint human resources, payment of California payroll, payment of California state taxes, and also take the depositions of Mr. Anthony Camoratto and Mr. John J. Sullivan, the two declarants of Charming Shoppes. *See Laub v. United States Dept. of Interior*, 342 F.3d 1080, 1093

- 12 –
OPPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE EX MOTION TO DISMISS
C 07-06073 MHP

(9th Cir. 2003).

Additionally, based upon the facts as admitted by Defendant, Plaintiff should be allowed to do discovery to show that Defendant Charming Shoppes is an integrated enterprise with Lane Bryant, Inc., and thus, an employer of Plaintiff and class members with Lane Bryant. *See Kang, v. U. Lim America, Inc.,* 296 F.3d 810 (9th Cir. 2002) (holding that integrated enterprise is based on the established test involving four factors: (1) Interrelation of Operations, (2) Common Management, (3) Centralized Control of Labor Relations, and (4) Common Ownership or Financial Control); *see also Parker v. Columbia Pictures Ind.,* 204 F.3d 326 (2nd Cir. 2000) (holding Sony Pictures Entertainment to be the employer and Columbia Pictures also the employer).

If Plaintiff can establish these factors sufficient to show that Defendant Charming Shoppes is the joint and integrated enterprise with Lane Bryant, then the actions and activities of thousands of California joint employees at dozens of stores across California would be sufficient to convey personal jurisdiction over Charming Shoppes. *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1189 (9th Cir. 2002).

Further, Plaintiff should also be allowed to conduct discovery regarding the parent subsidiary relationship that is admitted by Defendant establish an "alter ego" between Defendant and Lane Bryant for purposes of conferring personal jurisdiction. *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134-1135 (9th Cir. 2003); *see also Certified Bldg. Prod., Inc. v. NLRB*, 528 F.2d 968, 969 (9th Cir. 1976).

Accordingly, if Plaintiff were allowed to conduct discovery to establish that Plaintiff and the putative class members were jointly employed by Defendant, it would clearly establish this Court as having personal jurisdiction over Defendant.

Finally, Defendant has admitted to the jurisdiction of this Court as it admits it paid the class members the wages they earned and, thus, would be liable to Plaintiff and the class for the claims alleged of underpayment of wages. Defendant does not suggest that Lane Bryant intends to pay wages to its workers or that it did pay wages—thus, the entity that paid wages, Defendant Charming Shoppes of Delaware, Inc., has the liability in this case for underpaying the workers at its wholly owned

- 13 –
OPPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE EX MOTION TO DISMISS
C 07-06073 MHP

subsidiaries and is subject to this Court's jurisdiction. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) (purposefully directing activities into the forum state to forum residents confers personal jurisdiction); *see also McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957) (single act may suffice to confer personal jurisdiction); *Hess v. Pawloski*, 274 U.S. 353 (1927) (directing fraudulent activities into the state); *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134-1135 (9th Cir. 2003); *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1189 (9th Cir. 2002); *Certified Bldg. Prod., Inc. v. NLRB*, 528 F.2d 968, 969 (9th Cir. 1976); *Lundgren v. Superior Court*, 111 Cal. App. 3d 477, 484 (1980) (directing liability producing actions into the forum state).

Here, Defendant Charming Shoppes admits to literally thousands of weekly contacts within California by purposefully directing millions of dollars of wages in California, thousands of wage statements/pay stubs in California, and paying California state taxes in the millions of dollars on a consistent basis to thousands of workers at its wholly owned subsidiaries—these are mentioned above and in Defendant's certificate of interested entities. These all support the argument that this Court has personal jurisdiction over Defendant.

### III.     CONCLUSION

For the reasons set forth above, Defendant's ex parte application should be denied in its entirety as it is unnecessary and futile, or at the very least, be stayed until the scheduling conference before this Court on March 24, 2008 so that this issue can be discussed with the Court allowing the most judicial economy.

**Dated: January 10, 2008**            **LAW OFFICES OF PETER M. HART**

                                        **By: _____/ s /_____**
                                        **Peter M. Hart, Esq.**
                                        **Attorney for Plaintiff and the class**

- 14 –
OPPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE EX MOTION TO DISMISS
C 07-06073 MHP