1  PETER M. HART, Esq. (State Bar No. 198691)
   **LAW OFFICES OF PETER M. HART**
2  13952 Bora Bora Way, F-320
   Marina Del Rey, CA 90292
3  Telephone: (310) 478-5789
   Facsimile: (509) 561-6441
4  hartpeter@msn.com

5  KENNETH H. YOON (State Bar No. 198443)
   **LAW OFFICES OF KENNETH H. YOON**
6  One Wilshire Blvd., Suite 2200
   Los Angeles, CA 90017
7  (213) 612-0988
   (213) 947-1211 facsimile
8  kyoon@yoon-law.com

9  LARRY W. LEE
   **DIVERISTY LAW GROUP, A Professional Corporation**
10 444 S. Flower Street, Suite 1370
   Los Angeles, CA 90071
11 (213) 488 – 6555
   (213) 488 – 6554 facsimile
12 lwlee@diversitylaw.com

13 Attorneys for Shameika Moody

14              **UNITED STATES DISTRICT COURT**

15         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16

17 SHAMEIKA MOODY as an individual and on        Case No.: C 07-06073 MHP
   behalf all of others similarly situated,
18                                                **PLAINTIFF'S OPPOSITION TO**
                Plaintiff,                        **DEFENDANT CHARMING SHOPPES OF**
19      vs.                                       **DELAWARE, INC.'S MOTION TO DISMISS**
                                                  **FOR LACK OF PERSONAL JURISDICTION**
20 CHARMING SHOPPES OF DELAWARE,                  **PURSUANT TO F.R.C.P. RULE 12(B)(2).**
   INC., a corporation; and DOES 1 through 50,
21 inclusive,                                     **[CONCURRENTLY FILED DECLARATION OF PETER**
                                                  **M. HART]**
22              Defendants.
                                                  **JUDGE:  HON. MARILYN HALL PATEL**
23                                                **DATE:    FEBRUARY 11, 2008**
                                                  **TIME:    10:00 A.M.**
24                                                **COURTROOM: 15**

25

26

27

28
                            - 1 –
       PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
                       C 07-06073 MHP

# TABLE OF CONTENTS

PAGE

OPPOSITION TO EX PARTE APPLICATION …........................................................ 6

I.   INTRODUCTION ………………………………………………………………. 6

II.  RELEVANT FACTS .................................................................................................. 6

III. STANDARD OF REVIEW ………………….…………….……………………... 8

IV. ARGUMENT ……………………………………………………………………. 9

   A.  THERE EXISTS SUBSTANTIAL CONTACTS BETWEEN DEFENDANT AND

      CALIFORNIA FOR THIS COURT TO CONFER PERSONAL JURISDICTION …... 9

     1.  Personal Jurisdiction is Established as Defendant is the Joint Employer of Plaintiff

        and the putative class and of all of the workers it pays wages to ………………. 9

     2.  Defendant, Even if It is Not Considered the Employer, Has Sufficient Systematic

        and Continuous Contacts With California Based on Its (a) Purposefully Directed

        Activities Into California, (b) Agent-Principal, Parent-Subsidiary, Alter-Ego, Co-

        Conspirator, and (c) Generally the Benefits It Takes Out of California …………. 10

        a.  Personal Jurisdiction is Established Because Defendant Purposefully Directs

           Activities Into California in the Form of Thousands of Wage

           Statements/Paycheck Paystubs and Payment into California of Millions of

           Dollars to California Workers and to the Forum State ………………………… 11

        b.  Agent-Principal, Alter-Ego, Parent-Subsidiary, Co-Conspirator Theories Show

           Personal Jurisdiction ………………………………………………………… 12

     3.  There is Personal Jurisdiction as Defendant Has and Is Directing Fraudulent

        Activities Into California ………………………………………………………... 14

     4.  Defendant Has Previously Consented to Personal Jurisdiction by California Courts

        and Has Waived the Defense that it is Now Asserting …………………………. 15

   B.  DEFENDANT HAS FAILED TO PROVIDE ANY SUFFICIENT REASON TO

      DISPUTE PERSONAL JURISDICTION …………………………………….... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    C.  ASSERTING PERSONAL JURISDICTION OVER DEFENDANT IS

        REASONABLE …………………………………………………………...  17

    D.  PLAINTIFF'S FILING OF A SEPARATE CLASS ACTION AGAINST LANE

        BRYANT HAS NO BEARING ON THIS CURRENT MOTION …………………….  17

    E.  PLAINTIFF SHOULD BE ALLOWED FURTHER DISCOVERY TO ESTABLISH

        PERSONAL JURISDICTION …………………………………………………  18

V.  CONCLUSION ……………………………………………………………..  20

PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP

1

## **TABLE OF AUTHORITIES**

2

**PAGE(S)**

3

**CASES**

4   *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848 (9th Cir. 1993) ............... 16, 17

5   *Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995) ................................................ 9, 12, 17

6   *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ....................................... 8, 12, 17

7   *Calder v. Jones*, 465 U.S. 783 (1984) ............................................................... 12, 14

8   *Certified Building Products, Inc. v. NLRB*, 528 F.2d 968 (9th Cir. 1976) ................. 13, 19

9   *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949 (2005) ........................... 10, 15

10  *Cornn v. United Parcel Service, Inc.*, 2006 U.S. Dist. LEXIS 9013 (N.D. Cal. 2006) .... 15

11  *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ............ 18

12  *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260 (5th Cir. 1983) ............................. 18

13  *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir.

14      1986) ..................................................................................................... 12

15  *Hanson v. Denckla*, 357 US 235 (1958) ............................................................ 12, 15

16  *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th

17      Cir. 2003) ............................................................................................... 9, 13, 19

18  *Hess v. Pawloski*, 274 U.S. 353 (1927) ............................................................. 14

19  *Kang, v. U. Lim America, Inc.*, 296 F.3d 810 (9th Cir. 2002) .............................. 18, 19

20  *Kozminski v. Charming Shoppes of Delaware, Inc. and Fashion Bug of California, Inc.*

21      (Los Angeles Superior Court Case Number BC 292065) ............................ 8, 15

22  *Laub v. United States Dept. of Interior*, 342 F.3d 1080 (9th Cir. 2003) ................... 20

23  *Lundgren v. Superior Court*, 111 Cal. App. 3d 477 (1980) ................................. 14

24  *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957) ................................. 12, 14

25  *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182 (9th Cir. 2002) ................. 10, 13, 20

26  *Parker v. Columbia Pictures Ind.*, 204 F.3d 326 (2nd Cir. 2000) .......................... 19

27  *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) ........................ 8

28

PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP

1   *Quattrone v. Superior Court*, 44 Cal. App. 3d 296 (1975) …………………………....   15

2   *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) …………………………………   12

3   *Texas Trading & Milling Corp. v. Federal Republic of Nigeria*, 647 F.2d 300 (2nd Cir.

4       1981) ………………………………………………………………………………..   13

5   *Textor v. Board of Regents of No. Ill. Univ.*, 711 F.2d 1387 (7th Cir. 1983) ……………   13

6   *Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773 (5th Cir. 1990) ……………………   15

7   *Vons Cos., Inc. v. Seabest Foods, Inc.*, 14 Cal. 4th 434 (1996) …………………………   8

8   *Wang v. Chinese Daily News, Inc.*, 435 F.Supp.2d 1042 (2006) ………………………..   16

9

10   **<u>STATUTES</u>**

11   <u>California Authorities</u>

12   Business & Professions Code § 17200 ……………………………………………….........   14

13   Code of Civil Procedure § 410.10 …………………………………………………………   8

14   Labor Code § 226 ………………………………………………………………………..   10, 14

15   Labor Code § 226(a) ……………………………………………………………………..   10, 14

16

17   <u>Federal Authorities</u>

18   FRCP 12(b)(2) …………………………………………………………………………...   6

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP

# OPPOSITION TO EX PARTE APPLICATION

## I.    INTRODUCTION

Plaintiff Shameika Moody (hereinafter "Plaintiff") hereby submits her opposition ("Opposition") to Defendant Charming Shoppes of Delaware, Inc.'s (hereafter "Defendant" or "Charming Shoppes") Motion to Dismiss for Lack of Personal Jurisdiction pursuant to FRCP 12(b)(2). As explained in further detail in this Opposition, there is ample evidence that shows that this Court has personal jurisdiction over Defendant.  Among the facts supporting personal jurisdiction is that (1) Defendant is the **<u>sole</u>** entity that has been paying the putative class members wages here in California during the relevant time period (and Plaintiff alleges underpaying these workers), (2) that based on admitted facts by Defendant it is the joint employer of Plaintiff, (3) that Defendant has been sending millions of dollars weekly into California, that Defendant has been paying millions of dollars in California state taxes and also millions of dollars in California disability insurance taxes, (4) that Defendant has been purposefully directing into California thousands of wage statements/paycheck paystubs to thousands of Lane Bryant, Inc.'s alleged employees (and the sister wholly-owned subsidiaries) representing that it is the employer of workers at Lane Bryant, (5) that Defendant has been systematically and purposefully directing thousands of **fraudulent** wage statements/paystubs into California to thousands of California workers and residents over at least four years, and (6) that Defendant is getting the millions of dollars that it admits it pays Lane Bryant workers—presumably from the sales of products by Lane Bryant workers in California.

As set out in more detail below, it is clear that this Court has personal jurisdiction over Defendant and thus, Defendant's Motion to Dismiss must be denied in its entirety.

## II.    RELEVANT FACTS

Based on Defendant's moving papers, there seems to be three (3) relevant parties: Charming Shoppes, Inc. ("CSI"), Lane Bryant, Inc. ("Lane Bryant"), and Defendant Charming Shoppes of Delaware, Inc. ("Defendant" or "Charming Shoppes").  (Declaration of Anthony Camoratto ¶ 2).  Furthermore, based on said moving papers, it is Defendant's contention that both Lane Bryant and Defendant are subsidiaries of CSI and that Defendant is some sort of entity that was

1    created to handle the payroll and other administrative functions of Lane Bryant and CSI's other

2    subsidiaries.  (Declaration of John J. Sullivan ¶ 3).

3            Plaintiff Shameika Moody was employed as an hourly paid employee in a "Lane

4    Bryant" retail store located within San Francisco, California.  During said employment, Plaintiff was

5    paid her entire wages directly by Defendant "Charming Shoppes of Delaware, Inc."  (Declaration of

6    Peter M. Hart, ¶ 2, Exh. A).[1]  <u>Plaintiff was not, and never has been, paid by any other entity, including</u>

7    <u>Lane Bryant, Inc. or Charming Shoppes, Inc.</u>  Indeed, according to Defendant's own declarations in

8    support of their Motion to Dismiss, such wages to all employees working within Lane Bryant retail

9    stores (and other CSI subsidiary stores) were paid directly out of Defendant's own bank accounts.

10   (Declaration of Anthony Camoratto ¶ 3).  Furthermore, the employer's portion of employment taxes

11   for employees working within California Lane Bryant stores (and other employees working within

12   CSI subsidiaries in California) are also paid by Defendant, with Defendant acting as the employer.[2]

13   (Declaration of John J. Sullivan ¶ 5).

14           Based on the representation made on Plaintiff's wage statements/pay stubs that

15   Defendant is the sole entity that pays Plaintiff, Plaintiff filed this class action suit against Defendant in

16   San Francisco Superior Court.  (Hart Decl. ¶¶ 2-6).  Subsequent to Plaintiff's filing of said complaint,

17   Defendant's removed this case to this current Court.  Immediately thereafter, Defendant filed its

18   original motion to dismiss before Judge Zimmerman, alleging the same identical facts that it has

19   placed before this Court through Defendant's own declarations.  Based on such representations and

20   admissions by Defendant, including its contention that Lane Bryant is the actual employer of Plaintiff,

21   a separate class action lawsuit was filed against Lane Bryant in order to preserve the putative class

22   members' rights, particularly with respect to the any issues pertaining to the statue of limitations.

23   (Hart Decl. ¶ 2-6).

24           In addition to the above facts, and what Defendant has not indicated in its moving

25   papers, is the fact that Defendant itself has been sued in another wage and hour class action in 2003

26

27   [1] The Declaration of Peter M. Hart shall hereinafter be cited to as "Hart Decl. ¶ ___."

28   [2] If there is any dispute by Defendant as to this contention, Plaintiff should be allowed discovery to
     ascertain which California Tax Payer ID Number is used to pay such taxes on behalf of and who is the

PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP

1   which it settled in 2004.  In the case of *Kozminski v. Charming Shoppes of Delaware, Inc. and*

2   *Fashion Bug of California, Inc.* (Los Angeles Superior Court Case Number BC 292065) (the

3   "*Kozminski* matter"), the plaintiff filed a misclassification of employees wage and hour class action

4   against Defendant and Fashion Bug of California, Inc. (which is purportedly one of CSI's

5   subsidiaries).  (Declaration of Larry W. Lee ¶ 3).[3]  In the *Kozminski* matter, Defendant did not dispute

6   that the California Superior Court lacked personal jurisdiction and did not even raise this defense in

7   their "Answer to Plaintiff's Unverified Complaint."  (Lee Decl. ¶ 4).  Rather, Defendant availed itself

8   to the jurisdiction of the California Superior Court.  (Lee Decl. ¶ 7).  Based on the court records,

9   Defendant settled the *Kozminski* case.  (Lee Decl. ¶ 7).  As a result of said settlement, Defendant

10  further availed itself to the benefits of California law when it received thousands of releases from

11  California class members.  (Lee Decl. ¶ 7).  Finally, Defendant further submitted to the continuing

12  jurisdiction of the California Superior Court as a condition of said settlement.  (Lee Decl. ¶ 8).

13          Based on the foregoing, and as further detailed below, Plaintiff requests that

14  Defendant's Motion to Dismiss be summarily rejected.

15                    **III.    STANDARD OF REVIEW**

16          The Court may exercise jurisdiction over a nonresident defendant whose commercial

17  activities impact California on a "substantial, continuous and systematic" basis.  *Perkins v. Benguet*

18  *Consolidated Mining Co.*, (1952) 342 U.S. 437, 446-447; *Vons Cos., Inc. v. Seabest Foods, Inc.*,

19  (1996) 14 Cal. 4th 434.  The Court may also exercise jurisdiction over a nonresident defendant when it

20  is shown that the nonresident defendant purposefully established contacts with the forum state, and the

21  plaintiff's causes of action arise out of or is related to defendant's contacts with the forum state.

22  *Burger King Corp. v. Rudzewicz*, (1985) 471 U.S. 462, 477-478.

23          California has a "long arm" statute permitting this Court to exercise jurisdiction on any

24  basis not inconsistent with the Constitution of this state or of the United States.  *See* Cal. Code Civ.

25  Proc. Section 410.10.

26          As will be shown further below, Defendant has admitted to commercial activities on a

27  _____

28  employer listed on such Tax Payer ID Number.

1  substantial, continuous and systematic level in California through its payment of wages to California

2  employees.  Furthermore, and as will also be shown below, Defendant has purposefully established

3  contacts with California through its knowing payment of wages to California employees, which this

4  action specifically arises out of.  For such reasons, and for other reasons as detailed below,

5  Defendant's motion must be dismissed.

6                              **IV.    ARGUMENT**

7  **A.    THERE EXISTS SUBSTANTIAL CONTACTS BETWEEN DEFENDANT AND**

8  **CALIFORNIA FOR THIS COURT TO CONFER PERSONAL JURISDICTION**

9             The standard of proof on a Rule 12(b)(2) motion without an evidentiary hearing is a

10  "prima facie" standard.  *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d

11  1122, 1129 (9th Cir. 2003); *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  Here, based on the

12  face of the operative Complaint, personal jurisdiction has been established as Plaintiff's complaint

13  alleges that Defendant is the employer of Plaintiff (Complaint ¶ 8) and has violated various California

14  labor laws (Complaint ¶¶ 8, 11), which are based on the payment of wages.  Furthermore, Defendant's

15  own evidence and admissions further establishes personal jurisdiction as Defendant admits that it is

16  the actual and sole entity that pays pay the wages and provides the wage statements/pay stubs to

17  thousands of California employees.  *See* Sullivan Decl. at ¶5; Camoratto Decl. at ¶6.

18            Defendant's Motion to Dismiss must therefore fail on its face as there is more than

19  sufficient evidence for personal jurisdiction to be asserted upon Defendant.

20            **1.    Personal Jurisdiction is Established as Defendant is the Joint Employer of**

21  **Plaintiff and the putative class and of all of the workers it pays wages to.**

22            First and foremost, based on the face of the operative Complaint, Defendant's current

23  motion must be immediately dismissed.  As alleged by Plaintiff in her Complaint filed with this Court,

24  Defendant is the employer of Plaintiff, thus easily establishing personal jurisdiction as Defendant is

25  alleged to be a California employer.  Defendant's jurisdictional challenge should be summarily denied

26  and there should be no further argument.  Or, at a minimum, since Plaintiff has alleged a fact

27

28  [3] The Declaration of Larry W. Lee shall be cited to as "Lee Decl. ¶ __."

PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP

1    supporting jurisdiction in her Complaint, and this fact must be viewed as true for purposes of pleading,

2    Defendant should not be allowed to introduce facts outside of the Complaint and Plaintiff requests the

3    opportunity to do discovery to show jurisdiction exists.

4            Notwithstanding the above, there is sufficient evidence that this Court can properly

5    assert personal jurisdiction over Defendant as **<u>Defendant is the presumptive employer of Plaintiff</u>**

6    **<u>and the putative class members</u>**.  Labor Code § 226 (a) states, in pertinent part:

7            Every employer shall, semimonthly or at the time of each payment of wages, furnish each
         of his or her employees, either as a detachable part of the check, draft, or voucher paying

8            the employee's wages, or separately when wages are paid by personal check or cash, an
         accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

9            worked by the employee … (5) net wages earned, … (8) **the name and address of the
         legal entity that is the employer** . . .

10   Cal. Lab. Code § 226(a) (emphasis added).  As shown on the wage statement/pay stub that Plaintiff

11   received, Defendant boldly sets forth its name "Charming Shoppes of Delaware, Inc" and its

12   Pennsylvania address on the wage statement/pay stub as the sole entity that is paying the wages of

13   Plaintiff.

14           Furthermore, based on the declarations submitted by Defendant, Defendant's name is

15   also the sole entity that appears on the putative class members' wage statements/pay stubs as well.

16   Thus, based on Labor Code § 226(a), Defendant is the presumptive employer of thousands of putative

17   class members, which are also Defendant's California employees, and thereby establishes more than

18   sufficient minimum contacts with California to establish personal jurisdiction.  *See Cicairos v. Summit*

19   *Logistics, Inc.*, 133 Cal.App.4th 949, 961 (2005) (finding that where the wage statements failed to list

20   either the employer's name or address are improper wage statements and automatic violations of

21   Labor Code § 226).

22           The fact that these California workers are the employees of Defendant shows that

23   Defendant can exercise jurisdiction over Defendant as the acts of the employees of a nonresident are

24   imputed to the employer.  *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, (287 F.3d 1182, 1189 (9th Cir.

25   2002).

26           **2.      Defendant, Even if It is Not Considered the Employer, Has Sufficient**

27   **Systematic and Continuous Contacts With California Based on Its (a) Purposefully Directed**

28
PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP

1    **Activities into California, (b) Agent-Principal, Parent-Subsidiary, Alter-Ego, Co-Conspirator,**

2    **and (c) Generally the Benefits It Takes Out of California.**

3          *(a) Personal Jurisdiction is Established Because Defendant Purposefully Directs*

4    *Activities Into California in the Form of Thousands of Wage Statements/Paycheck Paystubs and*

5    *Payment into California of Millions of Dollars to California Workers and to the Forum State.*

6          Defendant itself has had <u>**significant**</u> systematic and continuous contacts with California

7    through its consistent contacts with California employees/workers (even if these workers are not the

8    employees of Defendant) on a weekly or bi-weekly basis over years.  As admitted to by Defendant, it

9    directly issues the putative class members' wages directly to the putative class members in California

10   without any involvement from any other party.  Presumably, this happens on a weekly or bi-weekly

11   basis.  Furthermore, based on the removal papers of Defendant that sets out the number of Lane

12   Bryant employees in California and based on a simple bi-weekly pay period for these employees,

13   Defendant Charming Shoppes of Delaware, Inc. has directed and issued, at the very least, over one

14   hundred thousand itemized wage statements and over one hundred thousand paychecks into California

15   during the relevant time period.[4]  Under this scenario, Defendant has had significant contacts on a

16   consistent basis within California, sufficient to establish personal jurisdiction.

17         Defendant has further admitted that it pays the employment taxes of the putative class

18   members, presumably with Defendant listed as the actual employer paying such employment taxes,

19   including the employer's portion.[5]  By consistently paying employment taxes into California, and

20   thereby purposefully availing itself to the benefits provided by such, Defendant has caused itself to

21   have substantial contacts with California, thereby allowing this Court to assert personal jurisdiction

22   over Defendant.  From the paystub of Plaintiff, Defendant also appears to pay SDI (State Disability

23   Insurance) taxes to California.  Indeed, using Defendant's argument of lack of personal jurisdiction, if

24   

25   [4] These numbers are based upon Defendant's assertion in its removal papers that Lane Bryant, alone, averages approximately 1,037 non-managerial non exempt employees per year and 52 managerial

26   non-exempt employees per year.  Based on a bi-weekly payroll system, this would amount to 113,256 pay checks for the statutory 4 year period ((1,037+52) x 26 pay periods per year = 28,314 x 4 years =

27   113,256 pay checks. and wage statements for the class period).
     [5] This is yet another reason to allow further discovery as to which entities are the actual employers of the putative class members.

28   

PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP

1   it was underpaying California payroll taxes or disability insurance taxes for these thousands of

2   California workers, the California Franchise Tax Board would have no jurisdiction to enforce proper

3   payment in a California court.

4            For all of these reasons, at a minimum, personal jurisdiction exists over Defendant as

5   Defendant "purposefully directs" activities on a grand scale into California toward forum residents,

6   Plaintiff's causes of action for underpayment of wages and wages owed arises out of or results from

7   Defendant's actions, and it is "reasonable and comports with fair play and substantial justice" for this

8   forum to exercise personal jurisdiction over Defendant. *See Burger King Corp. v. Rudzewicz*, 471

9   U.S. 462, 477-478 (1985); *Hanson v. Denckla*, 357 U.S. 235, 253-254 (1958); *Calder v. Jones*, 465

10  U.S. 783, 790 (1984) (courts readily find connection sufficient to convey jurisdiction where

11  nonresident defendants purposefully direct activities into forum that have effects on forum residents);

12  *see also Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1399 (9th Cir.

13  1986)(harm to California residents by purposefully directed actions created personal jurisdiction).

14           Defendants by also having a "continuous relationship" over years by directing wage

15  statements, paying California taxes, and paying wages to California workers—and underpaying these

16  wages as alleged by Plaintiff, subjects Defendant to jurisdiction by this Court. *See Roth v. Garcia*

17  *Marquez*, 942 F.2d 617, 623 (9th Cir. 1991) (continuing and extensive involvement with the forum

18  conveys jurisdiction); *Ballard v. Savage*, 65 F.3d 1495, 1498-1499 (9th Cir. 1995) (bank participating

19  in "Ponzi" scheme in forum allowed for personal jurisdiction by forum).

20           Indeed, even a single act may be sufficient, and here Plaintiff can show and Defendant

21  admits to thousands of acts on a monthly basis and over many years to thousands of California

22  residents in California. *See McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957).

23           Furthermore, if it is later discovered that Defendant is the entity which represents itself

24  to California as the employer for tax payment purposes, it would be convincing evidence that

25  Defendant is the employer and thereby establish sufficient contacts for personal jurisdiction purposes.

26       ***(b) Agent-Principal, Alter-Ego, Parent-Subsidiary, Co-Conspirator Theories Show***

27  ***Personal Jurisdiction***

28

1    Defendant at a minimum is in an admitted agent-principal relationship with Lane

2    Bryant such that the acts of the workers of the agent, Lane Bryant workers, can clearly be imputed to

3    the principal, Charming Shoppes.  *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, (287 F.3d 1182, 1189

4    (9th Cir. 2002); *see also Texas Trading & Milling Corp. v. Federal Republic of Nigeria*, 647 F.2d 300,

5    314 (2nd Cir. 1981).

6    Defendant is in such a close relationship with Lane Bryant as it is recycling money it

7    receives from thousands of California workers who work at Lane Bryant and its sister subsidiaries and

8    keeping profits from the efforts of these thousands of employees and keeping profits from the sales of

9    goods of these California workers—it then pays these California workers from the sales of goods

10   made by them in California.  *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328

11   F.3d 1122, 1134-1135 (9th Cir. 2003) (subsidiary was established for or is engaging in activities that,

12   but for the existence of the subsidiary, the parent would have to undertake).  No one else is paying the

13   putative class members, and Defendant gets this money to pay California workers from somewhere

14   other than "thin air"—undoubtedly from the activities of thousands of California workers.  If

15   Defendant were to prevail in its assertion that it is not the employer, it would create the avenue for a

16   perfect scheme:  have thousands of workers in California (or the United States), realize monetary gain

17   from the systematic and continuous activities of these workers, take millions of dollars in profits out of

18   California (or the United States), send into California (or the United States) thousands of payroll

19   documents systematically, pay state taxes in California (or elsewhere in the United States)—but if it is

20   sued, then allege no personal jurisdiction, and indeed no personal jurisdiction anywhere in the United

21   States if it resides in the Cayman Islands, for example**.**  *See Certified Building Products, Inc. v. NLRB*,

22   528 F.2d 968, 969 (9th Cir. 1976) (court may pierce the "corporate veil" jurisdictionally to attribute

23   contacts); *see also Textor v. Board of Regents of No. Ill. Univ.*, 711 F.2d 1387, 1392 (7th Cir. 1983)

24   (contacts of co-conspirator of defendant may be imputed to nonresident defendant).

25   Defendant admits that it is the subsidiary of CSI—and Defendant takes the money and

26   pays the wages for all of CSI's subsidiaries.  Accordingly, the argument can be made that the actions

27   of Lane Bryant workers should be imputed to Defendant to establish jurisdiction under the theories of

28

- 13 –
PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP

1    parent-subsidiary activities, alter-ego, and co-conspirator.

2           Further, and logically, if Defendant is the sole payer of wages to workers at Lane

3    Bryant, Inc. what money does Lane Bryant have to pay a judgment—presumably none as the millions

4    of dollars leaves Lane Bryant or was never in its possession but is controlled by Defendant—or

5    possibly even controlled by Charming Shoppes, Inc.  Using Defendant's facts, Lane Bryant is a shell

6    without any money as that money is controlled by Defendant.

7          **3.**    **There is Personal Jurisdiction as Defendant Has and Is Directing Fraudulent**

8    **Activities Into California.**

9           Given that Defendant is not disclaiming the presumptive fact that it is the employer of

10   the putative class members, this purported admission would automatically give rise to fraudulent

11   activity being asserted by Defendant into California.  As stated above, Cal. Lab. Code § 226(a)

12   requires the actual employer's name to be stated on the employee's wage statement/pay stub.  Here, by

13   placing Defendant's name as the sole entity on the putative class members' wage statements/pay stubs,

14   and by now proclaiming that Defendant is not the employer of said putative class members, Defendant

15   has intentionally made false statements regarding who is the actual employer, thereby causing

16   significant confusion to the putative class members, as exhibited by the current situation the parties are

17   in with this current Motion to Dismiss.

18          Thus, by its own admission, Defendant has admitted to asserting fraudulent activities

19   into California, and also systematically and continuously committing a statutory violation of

20   California Labor Code 226 and systematically and continuously violating California Business &

21   Professions Code 17200 which prohibits such unfair, unlawful, fraudulent, and misleading activities.

22   Under established case law, when a company directs such fraudulent communications and activities

23   into a forum state, then that forum state has personal jurisdiction over it.  *See Calder v. Jones*, 465

24   U.S. 783, 790 (1984) (purposefully directing activities into the forum state to forum residents confers

25   personal jurisdiction); *see also McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957) (single act

26   may suffice to confer personal jurisdiction); *Hess v. Pawloski*, 274 U.S. 353 (1927) (directing

27   fraudulent activities into the state); *Lundgren v. Superior Court*, 111 Cal. App. 3d 477, 484 (1980)

28

1    (directing liability producing actions into the forum state); *Quattrone v. Superior Court*, 44 Cal. App.

2    3d 296, 303 (1975).  Furthermore, Plaintiff is contemporaneously with this Opposition amending her

3    Complaint to add class wide claims for fraud and misrepresentation and violation of California

4    Business & Professions Code Section 17200 against Defendant, which prohibits such unfair, unlawful,

5    fraudulent, and misleading activities.[6]  (*See* Hart Decl. ¶ 9, Exh. "B")

6          **4.    Defendant Has Previously Consented to Personal Jurisdiction by California**

7    **Courts and Has Waived the Defense that it is Now Asserting.**

8          Finally, and which Defendant strikingly fails to mention in its moving papers or its

9    supporting declarations, is the fact that Defendant has been sued in a similar type of wage and hour

10   class action in California, particularly at the Los Angeles Superior Court.  In the *Kozminski* matter,

11   Defendant did not dispute that the California Superior Court lacked jurisdiction over it.  Rather,

12   Defendant consented to the jurisdiction of the California Superior Court.  *See Trans World Airlines,*

13   *Inc. v. Mattox*, 897 F.2d 773, 786 (5th Cir. 1990).  Plaintiff would argue that Defendant Charming

14   Shoppes' failure to raise personal jurisdiction as a Defense in the *Kozminski* case shows that

15   Defendant has consented to jurisdiction in this forum state—and that this defense is waived.

16   Furthermore, as part of the settlement reached in the *Kozminski* matter, Defendant received releases

17   under California law from class members and further consented to the jurisdiction of the California

18   Superior Court.  Thus, Defendant has further availed itself to the benefits of California law and the

19   California courts, further evidencing substantial contacts with California.  As the United States

20   Supreme Court has held, a non-resident defendant that purposefully avails itself to the benefits and

21   protections of the forum state subjects itself to the personal jurisdiction of such forum state.  *Hanson v.*

22   *Denckla*, 357 US 235, 253 (1958).  Furthermore, and what is most glaring about this is the fact that

23   defense counsel in the current case was also the defense counsel in the *Kozminski* case.  It thus leads

24   
_____

25   [6] In addition, it should be noted that Plaintiff intends on adding Lane Bryant as an additional defendant, including a claim for violation of Cal. Lab. Code § 226(a).  Plaintiff would also seek immediate class certification and summary judgment against all Defendants for such admitted

26   wholesale violation of Cal. Lab. Code § 226(a).  *See Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 961 (2005) (finding that where the wage statements failed to list either the

27   employer's name or address are improper wage statements and automatic violations of Labor Code § 226); *see also Cornn v. United Parcel Service, Inc.*, 2006 U.S. Dist. LEXIS 9013, *10-11 (N.D. Cal.

28   

**PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**C 07-06073 MHP**

1    one to wonder why defense counsel did not identify this fact in its own declaration.

2            By its own admissions, Defendant has not only minimum and such systematic contacts

3    to satisfy the standards of personal jurisdiction, **Defendant has indeed significant contacts with**

4    **California**.  It would appear that the primary purpose of Defendant Charming Shoppes making this

5    jurisdictional challenge, that on facts that it admits has no basis, is so that Charming Shoppes can

6    attempt to narrow this case down to only a case against Lane Bryant, Inc. and thus limit the size of the

7    putative class to not include Catherines Plus Sizes, Lane Bryant, Inc., Fashion Bug, Petite Sophisticate

8    Outlet, and Crosstown Traders, Inc., other affiliates mentioned in Defendant's certificate of interested

9    entities for which Defendant pays the employee wages and provides other services.

10   **B.      DEFENDANT HAS FAILED TO PROVIDE ANY SUFFICIENT REASON TO**

11   **DISPUTE PERSONAL JURISDICTION**

12           Defendant attempts to explain this issue by contending that Defendant is only the

13   "payroll master" for CSI's subsidiaries.  In other words, Defendant is contending that it is some sort of

14   "administrative arm" of CSI, with part of its functions as processing the payroll for CSI and its

15   subsidiaries.  *See Amoco Egypt Oil Co., v. Leonis Navigation Co.*, 1 F.3d 848, 851 (9th Cir. 1993)

16   (burden on defendant to show unreasonableness).

17           This is not a plausible explanation as Defendant is still the sole entity that appears on

18   the putative class members' wage statements/pay stubs setting itself out as the employer, and, thus, is

19   the presumptive employer.  Defendant's explanation simply fails to describe why the name "Lane

20   Bryant" does not appear on the wage statement/pay stub.  Indeed, Defendant is trying to portray itself

21   as some sort of "payroll service" for Lane Bryant and its employees, such as other payroll services like

22   ADP or Paychex.  However, based on Plaintiff's counsel's own experience of reviewing a variety of

23   wage statements/pay stubs, when employers use payroll services such as ADP or Paychex, the

24   employer's name still appears on such wage statement/pay stub, not the name of the payroll service.

25   (Lee Decl. ¶¶ 9 & 10).  Thus, Defendant's explanation that it is the "payroll master" of CSI's

26   subsidiaries should be rejected.

27

28   2006); *Wang v. Chinese Daily News, Inc.*, 435 F.Supp.2d 1042 (2006).

1    **C.    ASSERTING PERSONAL JURISDICTION OVER DEFENDANT IS REASONABLE**

2              Defendant further argues in its moving papers that asserting personal jurisdiction over

3    Defendant would be unreasonable and unfair.  However, Defendant fails to provide any plausible

4    explanation for this argument.  Rather, what would be unfair would be to require low wage California

5    employees to travel to Pennsylvania to file suit against Defendant for any wage payment problems

6    California employees suffer, such as in this particular case.  Indeed, Defendant is owned by a

7    corporation that has numerous subsidiaries operating in California.  Defendant itself consistently

8    communicates with California employees on a weekly or bi-weekly basis through the issuance of

9    wages.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. at 477 (if a nonresident has significant

10   activities within the forum state "it is presumptively not unreasonable to require him to submit to the

11   burdens of litigation in that forum as well"; if defendant "purposefully has directed his activities at

12   forum residents . . . he must present a compelling case" that the exercise of jurisdiction would be

13   unreasonable); *see also Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).  For such reasons, it is

14   quite reasonable for this Court to assert personal jurisdiction over Defendant.  *See Amoco Egypt Oil*

15   *Co., v. Leonis Navigation Co.*, 1 F.3d 848, 851 (9th Cir. 1993) (burden on defendant to show

16   unreasonableness).

17   **D.    PLAINTIFF'S FILING OF A SEPARATE CLASS ACTION AGAINST LANE**

18   **BRYANT HAS NO BEARING ON THIS CURRENT MOTION**

19             As Defendant has pointed out, Plaintiff has filed a separate class action against Lane

20   Bryant, Inc. in San Francisco County Superior Court.  While this should have no bearing on the

21   current Motion to Dismiss, Plaintiff did this only after Plaintiff first received Defendant's personal

22   jurisdiction challenge, in which it represented that Lane Bryant, Inc. was Plaintiff's actual employer.

23             Naturally relying upon such representation, and in order to preserve the putative class

24   members' statute of limitations, Plaintiff immediately filed a separate class action lawsuit solely

25   against Lane Bryant.[7]  Indeed, if this Court were to conclude that Defendant has no personal

26   jurisdiction, then Defendant and Lane Bryant would have benefited by their deception by cutting off

27   ───────────────────────

28   [7] Plaintiff filed the complaint in an abundance of caution.  However, Plaintiff would prefer to have the

PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP

1    more than 30 days of statute of limitations liability for the putative class members.

2        However, now to conserve judicial resources, and to avoid inconsistent rulings on

3    issues such as personal jurisdiction, and who is the employer of Plaintiff, Plaintiff intends to (i) add

4    Lane Bryant, Inc. as a Defendant to this action as a joint and integrated employer of Plaintiff and the

5    putative class, (ii) add Charming Shoppes, Inc., which Plaintiff has been notified wholly owns Lane

6    Bryant, Inc. as a subsidiary, and (iii) add claims for fraud, misrepresentation, violation of statute, and

7    unfair practices claims against Defendant Charming Shoppes.

8        For such reasons, Plaintiff's filing of the separate class action should have no bearing

9    on the substantive issues in this current motion.

10        In addition, Plaintiff has contemporaneously with this Opposition filed a First Amended

11   Complaint with this Court that adds Lane Bryant, Inc. as a defendant, Charming Shoppes, Inc. as a

12   Defendant and adds further facts that allege jurisdiction, and that alleges additional claims against

13   Charming Shoppes of Delaware, Inc.  (*See* Hart Decl., ¶ 9, Exh. "B")  Indeed, by filing these

14   additional claims for fraud and unfair practices against Defendant, Plaintiff is asserting further grounds

15   and facts that support this Court having personal jurisdiction over Defendant.

16   **E.    PLAINTIFF SHOULD BE ALLOWED FURTHER DISCOVERY TO ESTABLISH**

17         **PERSONAL JURISDICTION**

18        While the standard of proof on a Rule 12(b)(2) motion without an evidentiary hearing is

19   a "prima facie" standard, if this Court is inclined to grant Defendant's Motion to Dismiss, and since

20   the discovery phase has not commenced in this case, Plaintiff requests that an evidentiary hearing on

21   this matter and the right to take discovery on the issue.  *See Data Disc, Inc. v. Systems Tech. Assocs.,*

22   *Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1271 n. 12

23   (5th Cir. 1983).

24        Based on the evidence and declarations submitted by Defendant, there seems to exist

25   sufficient evidence that Defendant could likely be a joint employer or "integrated enterprise" with CSI

26   and/or Lane Bryant.  *See Kang, v. U. Lim America, Inc.,* 296 F.3d 810 (9th Cir. 2002) (holding that

27   _____

28   state court action stayed.  (*See* Hart Decl. ¶3-8).

1  integrated enterprise is based on the established test involving four factors: (1) Interrelation of

2  Operations, (2) Common Management, (3) Centralized Control of Labor Relations, and (4) Common

3  Ownership or Financial Control); *see also Parker v. Columbia Pictures Ind.,* 204 F.3d 326 (2nd Cir.

4  2000) (holding Sony Pictures Entertainment to be the employer and Columbia Pictures also the

5  employer).

6  Through its supporting declarations, Defendant admits that besides paying the wages of

7  Lane Bryant workers (and the wages of other CSI subsidiaries), Defendant also provides "legal

8  consultation" and other administrative functions.  *See* Sullivan Decl. at ¶3.  Furthermore, Defendant

9  shares the identical location of its corporate headquarters.  Under such circumstances, it could

10  certainly evidence common management and thus an integrated enterprise.  These admitted facts by

11  themselves essentially establish that it is the employer of Plaintiff and the putative class members.

12  *Kang,* 296 F.3d 810.  Indeed, the *Kang* case deal with precisely the exact same issues such as common

13  payroll and common management and services, including holding that the test factor of interrelations

14  of operations is established by a "wholly owned subsidiary" fact, another fact that Defendant has

15  admitted to.

16  Further, Plaintiff should also be allowed to conduct discovery regarding the parent

17  subsidiary relationship that is admitted by Defendant to establish an "alter ego" between Defendant

18  and Lane Bryant for purposes of conferring personal jurisdiction.  *See Harris Rutsky & Co. Ins.*

19  *Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134-1135 (9th Cir. 2003); *see also Certified*

20  *Bldg. Prod., Inc. v. NLRB*, 528 F.2d 968, 969 (9th Cir. 1976).

21  Other issues that need to be resolved before this Motion to Dismiss can be properly

22  considered by this Court include issues such as, but are not limited to, (1) whose employer tax

23  identification number is used to pay the employment taxes, (2) where does Defendant get its monetary

24  funds to pay the wages to the putative class members if indeed the retail stores and employees are

25  managed, operated and employed by Lane Bryant, and (3) the specific details regarding the inter-

26  relationships between Defendant, CSI, Lane Bryant, and the other subsidiaries of CSI.  As clearly

27  shown, there are significant issues to be answered by Defendant and the relevant parties before it can

28

1  be properly determined whether this Court has proper jurisdiction over Defendant.

2          Plaintiff believes that the confusion caused by the multitude of corporate entities related

3  to Defendant is nothing more than a corporate shell game made to cause confusion in situations such

4  as this one.  Defendant must be forced to live by the risks it has taken in playing these corporate shell

5  games.  Thus, to establish personal jurisdiction, Plaintiff asks that it should be allowed to propound

6  written discovery seeking, for example, employee handbooks, wage statements, joint management

7  documents, joint human resources documents, tax-related documents and take depositions of the

8  "persons most knowledgeable" regarding such issues, as well as the depositions of Mr. Anthony

9  Camoratto and Mr. John J. Sullivan, the two declarants of Defendant.  *See Laub v. United States Dept.*

10  *of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

11          If Plaintiff can establish these factors sufficient to show that Defendant Charming

12  Shoppes is either the actual employer, an alter ego, a joint employer or integrated enterprise, then the

13  actions and activities of thousands of California joint employees at dozens of stores across California

14  would be sufficient to convey personal jurisdiction over Charming Shoppes.  *See Ochoa v. J.B. Martin*

15  *& Sons Farms, Inc.*, 287 F.3d 1182, 1189 (9th Cir. 2002).

16                              **V.  CONCLUSION**

17          Based on the allegations in the current operative Complaint, Defendant's jurisdictional

18  argument must be denied because there is more than ample evidence, much of it admitted to by

19  Defendant, to establish personal jurisdiction.  Further, Defendant should not be allowed to benefit by

20  its deception in which it boldly and clearly states on the wage statements/pay stub of Plaintiff Moody

21  that it is the named employer, yet now states that it is not the employer.  It is this very deception that

22  has led Plaintiff to file a second state court suit consuming judicial resources in that Court and

23  potentially leading to inconsistent rulings.

24          Finally, if this Court is inclined to grant Defendant's motion Plaintiff should be allowed

25  to conduct discovery on jurisdictional issues before this matter is decided by this Court.  Plaintiff

26  requests that it be allowed to place the full evidence in front of this Court before a final decision can

27  be made.

28                              - 20 –

1    For the reasons set forth above, Defendant's Motion to Dismiss should be denied in its

2  entirety as there is sufficient evidence to establish personal jurisdiction over Defendant in this forum

3  and by this Court.

4

5  **Dated:  January 18, 2008**                **LAW OFFICES OF PETER M. HART**

6

7                                              **By:  _____/ s /_____**

8                                                   **Peter M. Hart, Esq.**
                                                   **Attorney for Plaintiff and the class**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS
C 07-06073 MHP