PETER M. HART, Esq. (State Bar No. 198691)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile
kyoon@yoon-law.com

LARRY W. LEE
**DIVERISTY LAW GROUP, A Professional Corporation**
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071
(213) 488 – 6555
(213) 488 – 6554 facsimile
lwlee@diversity-law.com

Attorneys for Shameika Moody

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAMEIKA MOODY as an individual and on behalf all of others similarly situated,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: C 07-06073 MHP _____<br><br>**DECLARATION OF PETER M. HART IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(B)(2)**<br><br>**JUDGE: HON. MARILYN HALL PATEL**<br>**DATE: FEBRUARY 11, 2008**<br>**TIME: 10:00 A.M.**<br>**COURTROOM: 15** |

- 1 –
DECLARATION OF PETER M. HART IN SUPPORT OF PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## DECLARATION OF PETER M. HART

I, PETER M. HART, DECLARE AS FOLLOWS:

1. I am an individual over the age of 18. I am a California bar-admitted attorney with a private practice. My firm is the Law Offices of Peter M. Hart (hereafter "Law Offices") and I am one of the attorneys of record for Plaintiff Shameika Moody. I was originally retained by Plaintiff Moody in this action. I have personal knowledge of the facts set forth below and if called to testify I could and would do so competently.

2. Plaintiff Shameika Moody was employed as an hourly paid employee in a "Lane Bryant" retail store located within San Francisco, California. During said employment, Plaintiff was paid her entire wages directly by Defendant "Charming Shoppes of Delaware, Inc." Attached as Exhibit "A" is a copy of a paycheck paystub / itemized wage statement of Plaintiff Moody that she provided to me.

3. The practice of my firm is dedicated entirely to employment law and many of the cases I file are wage and hour class actions. Prior to filing, wage and hour class action cases which I have always filed originally in state court—allowing defendants the option to remove to Federal Court if they choos—I review the paycheck paystubs also known as wage statements to see who is listed as the employer of the plaintiff and class representative.

4. In this instant case, I personally reviewed Plaintiff Moody's paystub and it clearly set forth Charming Shoppes of Delaware, Inc. as the employer of Plaintiff as is required under California Labor Code Section 226. I relied on this in naming Charming Shoppes of Delaware, Inc. as the defendant in this action. Indeed, in this instance, the entity listed is not even merely a "dba" sounding entity, but an actual corporate entity. This suggested all the more that Plaintiff was employed by Charming Shoppes.

5. Defendant Charming Shoppes' violation of California law—or Lane Bryant, Inc.'s violation—

is what has led to this situation of Plaintiff filing the way she filed and of Plaintiff then having to file a second action in state court to name the entity that Defendant now claims is the employer of Plaintiff. Plaintiff after adding Lane Bryant, Inc. to this instant action before this Court, intends to seek a stay of the San Francisco Superior Court action that she filed against Lane Bryant, Inc.

6. I have never experienced a situation where a Defendant entity has disputed that the business entity that paid the employees wages and that was listed as the employer on the paycheck paystubs was the employer of the Plaintiff. Indeed, the fact that no other defendant has asserted this in a case I have filed could be in part that then the allegedly actual employer—in this case Lane Bryant, Inc.—is in wholesale violation of Labor Code Section 226 in a way that subjects them to summary judgment on a class-wide basis by the Court—and the attendant penalties of up to $4,000 per employee/class member, depending on the number of paystub violations for that employee.

7. Further, if Plaintiff had originally filed suit only against Lane Bryant, Inc., ignoring the clear name of the corporate entity Charming Shoppes of Delaware, Inc. on the paystubs, Defendant Lane Bryant, Inc. could then have brought a motion to dismiss that lawsuit for failure to state a claim— claiming then that the true employer was Charming Shoppes as set forth on the paystubs.

8. And all of these tactics benefit Defendant due to statute of limitations issues and liability. As it stands, by allegedly not listing the employer on the paystub, Defendant Charming Shoppes effectively misled Plaintiff into filing against the purported actual employer a little over a month later then when she filed against Charming Shoppes—saving 1 month of statute of limitation liability.

9. Attached as Exhibit "B" is a copy of the First Amended Complaint filed by Plaintiff in this action which adds Lane Bryant, Inc. and Charming Shoppes, Inc. to this action, adds a cause of action for fraud against Charming Shoppes Of Delaware, Inc. and adds further allegations regarding personal jurisdiction against Defendant and further allegations in the claim for Unfair Business Practices under California Business & Professions Code Section 17200 for alleged failure to state the legal name and address of the entity who is the employer.

- 3 –
DECLARATION OF PETER M. HART IN SUPPORT OF PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 18th day of January 2008.

_____ /s/_____
Peter M. Hart

- 4 –
DECLARATION OF PETER M. HART IN SUPPORT OF PLAINTIFF'S OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS