# EXHIBIT C

William E. Harris, State Bar No. 76706
Matthew A. Kaufman, State Bar No. 166986
HARRIS & KAUFMAN
15260 Ventura Boulevard, Suite 2250
Sherman Oaks, California 91403
(818) 990-1999

Attorneys for Plaintiff
Patricia Kozminski, on behalf of
all others similarly situated

FILED
LOS ANGELES SUPERIOR COURT
MAR 13 2003
JOHN A. CLARKE, CLERK
BY S. GABB, DEPUTY

Case assigned to Judge Charles W. McCoy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PATRICIA KOZMINSKI, an individual, on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHARMING SHOPPES OF DELAWARE, INC., a Delaware corporation; FASHION BUG OF CALIFORNIA, INC., a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. BC292065 <br><br> CLASS ACTION <br><br> COMPLAINT FOR FAILURE TO PAY OVERTIME WAGES; WAITING TIME PENALTIES; AND UNFAIR BUSINESS PRACTICES <br><br> [California Labor Code §§203 and 1194, et seq., California Code of Civil Procedure §382, and Business and Professions Code §§17200, et seq.] |

Plaintiff alleges:

### I.
### THE PARTIES, JURISDICTION AND VENUE

1. Defendant CHARMING SHOPPES OF DELAWARE, INC. (hereinafter "CHARMING SHOPPES"), is a corporation established in and under the laws of the State of Delaware, with its principal place of business in Bensalem, Pennsylvania. At all times mentioned herein, CHARMING SHOPPES was doing business in California as "Fashion Bug" and "Fashion Bug Plus."

---
1

Complaint for Failure to Pay Overtime Wages; Waiting Time Penalties; and Unfair Business Practices

2. Defendant FASHION BUG OF CALIFORNIA, INC. (hereinafter "FASHION BUG"), is a corporation established in and under the laws of the State of California, with its principal place of business in Bensalem, Pennsylvania.

3. At all times herein mentioned, the primary business of CHARMING SHOPPES and FASHION BUG and Does 1 through 100 (hereinafter referred to collectively as "defendants") was the operation of retail stores open to the general public in numerous counties of California. At all times herein mentioned, these retail stores operated under the names of "Fashion Bug" and "Fashion Bug Plus."

4. Venue in this case is proper in the County of Los Angeles in that CHARMING SHOPPES does not have a principal place of business in California, therefore, it may be sued in any county in the State. (See Easton v. Superior Court (1970) 12 Cal.App.3d 243, 246.) In addition, plaintiff PATRICIA KoZMINSKI was employed in retail stores operated by defendants that were located in Los Angeles County, California.

5. Plaintiff PATRICIA KOZMINSKI is an individual over 18 years of age and, within the past four (4) years, was employed by defendants as a Store Manager in one or more of defendants' retail stores in Los Angeles County, California.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendant Does 1 though 100, and each of them, are unknown to plaintiff who therefore sues said defendants by such fictitious names and asks leave to amend this Complaint to show defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein, and proximately caused the damages to plaintiff alleged in this Complaint.

7. At all times herein mentioned, each defendant was the agent and employee of each of the remaining defendants, and in doing all of the things hereinafter mentioned, was acting within the scope of said agency and employment, and with the permission and consent of its co-defendants.

/ / /

Complaint for Failure to Pay Overtime Wages; Waiting Time Penalties; and Unfair Business Practices

## CLASS ACTION ALLEGATIONS
### (First, Second and Third Causes of Action)

### II.
### FIRST CAUSE OF ACTION
### (Class Action by Plaintiff on Behalf of All Other Store Managers Similarly Situated for Failure to Pay Overtime, against all Defendants)

8. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 7 as though set forth in full herein.

9. At all relevant times herein, the Industrial Welfare Commission Wage Orders contained in Title 8 of the California Code of Regulations (hereinafter "Wage Orders") applied to the plaintiff and each class member in his or her employment with defendants, and provided for payment of an overtime premium of not less than one and one-half (1½) the employee's regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in the work week.

10. Throughout their entire employment with defendants, neither plaintiff nor any class member in the position of Store Manager was exempt from the provisions of the applicable Wage Orders. In their position as Store Managers, defendants failed to employ plaintiff and class members primarily in an administrative, executive, or professional capacity as those terms are defined by the applicable Wage Orders.

11. Defendants' realistic requirements of the job of plaintiff and class members in the position of Store Manager required that they work overtime without pay and regularly spend more than fifty percent (50%) of their time performing non-exempt work.

12. Throughout plaintiff's and each class member's employment with defendants, defendants required plaintiff and each class member in the position of Store Manager to regularly work in excess of eight (8) hours per day or forty (40) hours per work week. Although defendants should have compensated said Store Managers at the rate of one and a half (1½) times their regular hourly wage for all hours worked in excess eight (8) hours per day or forty (40) hours per work week, they were compensated by defendants at a straight time rate set by an annual salary.

13. The precise information regarding plaintiff's and each class member's wages and hours is or should be contained in defendants' records or can be established by representational testimony.

14. Plaintiff brings this action against all defendants on behalf of all persons similarly situated in California. The class that plaintiff represents is comprised of all Store Managers who were paid a salary and who have worked in defendants' stores in California (stores known as "Fashion Bug" and "Fashion Bug Plus") for the applicable statutory period. Plaintiff seeks against defendants for each class member the balance of all unpaid wages, with interest thereon, pursuant to Labor Code §1194 for uncompensated overtime pay at the rate of one and one half (1½) times each class member's hourly wage for all hours worked in excess of eight (8) hours per day or forty (40) hours per work week for the applicable statutory period.

15. The class which plaintiff represents is so numerous that joinder of all such persons in impracticable and undiscoverable without this class action, and that disposition of their claims in a class action is a benefit to the parties and to the Court. The class which plaintiff represents can be identified through discovery proceedings on defendants.

16. There is a well-defined community of interest in questions of law and fact involved affecting the parties to be represented in that the duties and hours of the class members would be similar, if not identical, to those as hereinabove alleged concerning plaintiff, and the same law would apply to those fact situations. Proof of a common state of facts will establish the right of each member of the class to recover. The claim of plaintiff is typical of those of the class and plaintiff will fairly and adequately represent the interests of the class.

17. There is no plain, speedy or adequate remedy other than by maintenance of this class action since plaintiff is informed and believes that the overtime wages owed to each class member is relatively small in amounts of money, making it economically unfeasible for each one to separately pursue his or her remedies other than in a class action. Consequently, there would be a failure of justice but for the maintenance of the present class action.

18. As a direct and proximate result of defendants' violation of the overtime provisions in the applicable Wage Orders, there is due and owing to plaintiff and each class member overtime

wages in an amount to be determined at the time of trial, and at a minimum, in a combined amount in excess of the jurisdiction of the Superior Court. Pursuant to Labor Code §1194, plaintiff and the class members are entitled to recover the balance of their respective unpaid wages with interest thereon.

19.     Labor Code §1194 provides for the recovery of attorney's fees and costs in a civil action to recover wages by an employee. Plaintiff has retained attorneys to represent her and the class in this action and she has and will incur attorney's fees in an amount that will be determined at the time of trial. Therefore, plaintiff requests an award of reasonable attorney's fees generated in this action, plus costs of suit.

### III.
### SECOND CAUSE OF ACTION
(Class Action by Plaintiff on Behalf of All
Store Managers for Statutory Waiting Time Penalties
For Failure to Pay Wages, against all Defendants)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 7, and 9 through 19, as though set forth in full herein.

21.     Defendants failed to pay plaintiff and each class member who quit or was discharged the overtime premium required by the applicable Wage Orders, despite the fact that these wages were due and owing to said parties. Under California Labor Code §202, employers must pay the final wages due and owing to every employee quits within seventy-two (72) hours of leaving, and, Under Labor Code §201, for every employee who is discharged, payment is due at the end of his or her employment. Where employers intentionally or willfully fail to pay wages to an employee within these prescribed periods of time, Labor Code §203 requires that the wages of the employee shall continue as a penalty from the due date for a period of not more than thirty (30) days.

22.     Plaintiff brings this action against all defendants on her own behalf and on behalf of all persons similarly situated in California. The class plaintiff represents is comprised of all Store Managers employed at defendants' retail stores in the State of California (stores known as "Fashion Bug" and "Fashion Bug Plus") who were paid a salary and who have worked in excess of eight (8) hours per day or forty (40) hours per work week for the statutory period and who

either quit or were discharged from defendants' employment for a period in excess of thirty (30) days.

23.  Plaintiff seeks against defendants for each class member the statutory waiting time penalty under Labor Code §203. Defendants intentionally and willfully failed to pay plaintiff and each class member the overtime premium required by the applicable Wage Orders. Thirty (30) days has expired since the end of each class members' employment with defendants. Therefore, plaintiff shall seek an award of the statutory waiting time penalty from defendants in the amount of thirty days' wages for plaintiff and each class member, with interest thereon.

## IV.
## THIRD CAUSE OF ACTION
(Class Action by Plaintiff on Behalf of
All Other Store Managers Similarly Situated for
Restitution of Overtime Wages and Injunctive Relief for Unfair
Business Practices, against all Defendants)

24.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 7, and 9 through 13, as though set forth in full herein.

25.  The conduct of defendants, by refusing to pay the premium amounts for overtime pay, violating the applicable Wage Orders, as hereinabove alleged, constitutes an unfair or unlawful business practice within the meaning of Business and Professions Code §17200. (See Cortez v. Purolater Air Filtration Products Co. (2000) 23 Cal.4th 163.) Pursuant to Business and Professions Code §17203 and §17204, plaintiff, on her own behalf and on behalf of others similarly situated, seeks restitution and disgorgement from defendants of the following: Premium overtime pay withheld for all hours worked in excess of eight (8) hours per day or forty (40) hours per work week by salaried Store Managers who have worked at defendants' retail stores (stores known as "Fashion Bug" and "Fashion Bug Plus") during the statutory period.

26.  The class which plaintiff represents is so numerous that joinder of all such persons in impracticable and undiscoverable without this class action, and that disposition of their claims in a class action is a benefit to the parties and to the Court. The class which plaintiff represents can be identified through discovery proceedings on defendants.

27.  There is a well-defined community of interest in questions of law and fact involved

affecting the parties to be represented in that the duties and hours of the class members would be similar, if not identical, to those as hereinabove alleged concerning plaintiff, and the same law would apply to those fact situations. Proof of a common state of facts will establish the right of each member of the class to recover. The claim of plaintiff is typical of those of the class and plaintiff will fairly and adequately represent the interests of the class.

28.     There is no plain, speedy or adequate remedy other than by maintenance of this class action since plaintiff is informed and believes that the overtime wages owed to each class member is relatively small in amounts of money, making it economically unfeasible for each one to separately pursue his or her remedies other than in a class action. Consequently, there would be a failure of justice but for the maintenance of the present class action.

29.     As a direct and proximate result of defendants' violation of the overtime provisions in the applicable Wage Orders, there is due and owing to plaintiff and each class member restitution of overtime wages in an amount to be determined at the time of trial, and at a minimum, in a combined amount in excess of the jurisdiction of the Superior Court.

30.     Defendants threaten to, and unless restrained will continue to, commit such unfair business practices as hereinabove alleged. Therefore, plaintiff seeks a preliminary and permanent injunction pursuant to Business and Professions Code §§17203 and 17204 to enjoin defendants, and each of them, from committing such practices in the future.

31.     Labor Code §1194 provides for the recovery of attorney's fees and costs in a civil action to recover wages by an employee. Plaintiff has retained attorneys to represent her and the class in this action and has and will incur attorney's fees in an amount that will be determined at the time of trial. Therefore, plaintiff requests an award of reasonable attorney's fees generated in this action, plus costs of suit.

V.
**FOURTH CAUSE OF ACTION**
(By Plaintiff in Her Representative Capacity on Behalf of
All Other Salaried Store Managers, for Restitution of Overtime
Wages and Injunctive Relief for Unlawful and Fraudulent Business
Practices Under Business & Professions
Code §§17200, et seq., against all Defendants)

32.     Plaintiff incorporates by reference each and every allegation contained in

---
7
Complaint for Failure to Pay Overtime Wages; Waiting Time Penalties; and Unfair Business Practices

1 | Paragraphs 1 through 7, and 9 through 13, as though set forth in full herein.

2 | 33. Plaintiff pleads this Fourth Cause of Action as an alternative to the First, Second and Third Causes of Action in the event that this case is not certified as a class action.

34. The conduct of defendants, by refusing to pay the legally required amounts of overtime pay, violating the applicable Wage Orders, as hereinabove alleged, constitutes an unfair or unlawful business practice within the meaning of Business and Professions Code §17200. (See Cortez v. Purolater Air Filtration Products Co. (2000) 23 Cal.4th 163.)

35. Pursuant to Business & Professions Code §§17203 and 17204, plaintiff brings this action in her representative capacity (and not a class action) on behalf of all Store Managers employed at defendant's retail stores in the State of California (stores known as "Fashion Bug" and "Fashion Bug Plus") during the statutory period. Plaintiff seeks disgorgement and restitution from defendants of the following: Premium overtime pay withheld for all hours worked in excess of eight (8) hours per day or forty (40) hours per work week by Store Managers employed at defendants' retail stores in the State of California (stores known as "Fashion Bug" and Fashion Bug Plus") during the statutory period.

36. As a direct and proximate result of defendants' violation of the overtime provisions in the applicable Wage Orders, there is due and owing to the plaintiff and each Store Manager employed at defendants' retail stores in the State of California (stores known as "Fashion Bug" and "Fashion Bug Plus") during the statutory period restitution of overtime wages in an amount to be determined at the time of trial, and at a minimum, in a combined amount in excess of the unlimited jurisdiction of the Superior Court.

37. Defendants threaten to, and unless restrained will continue to, commit such unfair business practices as hereinabove alleged. Therefore, plaintiff seeks a preliminary and permanent injunction pursuant to Business and Professions Code §§17203 and 17204 to enjoin defendants, and each of them, from committing such practices in the future.

38. Labor Code §1194 provides for the recovery of attorney's fees, interest and costs in a civil action to recover wages by an employee. Plaintiff has retained attorneys to represent her in this action and has and will incur attorney's fees in an amount that will be determined at the

time of trial. Therefore, plaintiff requests an award of reasonable attorney's fees generated in this action, plus interest and costs of suit.

WHEREFORE, plaintiff prays for judgment, against all defendants, as follows:

ON THE FIRST CAUSE OF ACTION:

1. For damages according to proof for plaintiff and for each class member;

2. For interest from and after dates to be determined at the legal rate;

3. For reasonable attorney's fees;

ON THE SECOND CAUSE OF ACTION:

4. For the statutory waiting time penalty, under Labor Code §203, according to proof for plaintiff and for each class member;

5. For interest from and after dates to be determined at the legal rate;

6. For reasonable attorney's fees;

ON THE THIRD CAUSE OF ACTION:

7. For restitution and disgorgement of premium overtime pay for plaintiff and for all others similarly situated according to proof;

8. For interest from and after dates to be determined at the legal rate;

9. For a preliminary and permanent injunction enjoining defendants' from committing overtime violations as to the class alleged;

10. For reasonable attorney's fees;

ON THE FOURTH CAUSE OF ACTION (as an alternative to the First, Second and Third Causes of Action):

11. For restitution and disgorgement of premium overtime pay for plaintiff and for all others similarly situated according to proof;

12. For interest from and after dates to be determined at the legal rate;

13. For a preliminary and permanent injunction enjoining defendants' from committing overtime violations as to the class alleged;

14. For reasonable attorney's fees;

Complaint for Failure to Pay Overtime Wages; Waiting Time Penalties; and Unfair Business Practices

ON ALL CAUSES OF ACTION:

15.  For incidental damages, according to proof;

16.  For costs in this action; and

17.  For any further and other relief that this Court deems proper.

HARRIS & KAUFMAN

Dated: March 13, 2003

By: _____
William E. Harris,
Attorneys for Plaintiff
Patricia Kozminski

---
10

Complaint for Failure to Pay Overtime Wages; Waiting Time Penalties; and Unfair Business Practices

| SHORT TITLE. Kozminski v. Charming Shoppes | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required in all new civil case filings in the Los Angeles Superior Court**

I. Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 30 [ ] HOURS/ [X] DAYS.

II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to No. III, Pg. 4):

**1** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column 1, the Civil Case Cover Sheet case type you selected.

**2** Check <u>one</u> Superior Court type of action in Column 2 which best describes the nature of this case.

**3** In Column 3, circle the reason for the court location choice that applies to the type of action you have checked.

**Applicable Reasons for Choosing Courthouse Location (See Column 3 below)**

1. Class Actions must be filed in the County Courthouse, Central District
2. May be filed in Central (Other county, or no Bodily Inj/Prop.Damage)
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**4** Fill in the information requested on page 4 in item III; complete item IV. Sign the certificate.

| | -1-<br>Civil Case Cover Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100   Motor Vehicle - Personal Injury/Property Dam./Wrongful Death<br>Is this an uninsured motorist case? [ ]Yes [ ]No | 1., 2., 4. |
| Other PI/PD/WD Tort | Asbestos (04) | [ ] A6070   Asbestos Property Damage<br>[ ] A7221   Asbestosis - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210   Medical Malpractice - Physicians & Surgeons<br>[ ] A7240   Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other PI/PD/WD (23) | [ ] A7250   Premises Liability (e.g., slip and fall)<br>[ ] A7230   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism, etc.)<br>[ ] A7270   Intentional Infliction of Emotional Distress<br>[ ] A7271   Negligent Infliction of Emotional Distress<br>[ ] A7220   Other Personal Injury/Property Dam./Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 3.<br>1., 2., 4. |
| Non-PI/PD/WD Tort | Business Tort (07) | [ ] A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013   Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | [ ] A6016   Intellectual Property | 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**   LASC Rule 2.0
CIV 109 04-02                                                             Page 1 of 4

| SHORT TITLE: Kozminski v. Charming Shoppes | | CASE NUMBER | |
|---|---|---|---|

| | -1-<br>Civil Case Cover Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Non-PI/PD/WD Tort (Contd) | Prof. Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Employment | Wrongful Termination (35) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Employment | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | ①, 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not UD or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff(no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Contract | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Contract | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Contract | Other Contract (37) | ☐ A6009  Contractural Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Emnt Dom/Inv. Cond. (14) | ☐ A7300  Eminent Domain/Condemnation Number of parcels_____ | 2. |
| Real Property | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Real Property | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property(not em. domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Judicial Review | Petition re Arbitration Award (11) | ☐ A6115  Petition to Compel/Confirm Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**  LASC Rule 2.0
CIV 109 04-02
Page 2 of 4

SHORT TITLE: Kozminski v. Charming Shoppes

CASE NUMBER:

| | -1-<br>Civil Case Cover Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Oth. Jud. Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litig. | Antitrust/Trade Reg.<br>(03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect<br>(10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litig. (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Tox. Tort/Envronm (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Ins Covrage Clms from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Misc. Civ. Cmplts | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Misc. Civil Petitions | Partnership/Corp. Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9<br>2., 3., 9<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Kozminski v. Sharming Shoppes | CASE NUMBER |
|---|---|

-4-

III. Statement of Location: Enter the address of the accident, party residence or place of business, performance, or other circumstance indicated in No. II., item 3 on Page 1 as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER ITEM -3- WHICH APPLIES IN THIS CASE<br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 N. Hill St. |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

IV. Certificate/Declaration of Assignment: The undersigned hereby certifies and declares that the above entitled matter is properly filed for assignment to the  Los Angeles  courthouse in the  Central  District of the Los Angeles Superior Court under Section 392 et seq., Code of Civil Procedure and Rule 2(b), (c) and (d) of this court for the reason checked above. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on  3/13/03  at  Sherman Oaks California.
        (date)                      (city)

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

## New Civil Case Filing Instructions

This addendum form is required so that the court can assign your case to the correct courthouse location in the proper district for filing and hearing. It satisfies the requirement for a certificate as to reasons for authorizing filing in the courthouse location, as set forth in Los Angeles Superior Court Local Rule 2.0. It must be completed and submitted to the court along with the Civil Case Cover Sheet and the original Complaint or Petition in ALL civil cases filed in any district (including the Central District) of the Los Angeles County Superior Court. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk (Summons forms available at the Forms Counter.).

3. Civil Case Cover Sheet form required by California Rule of Court 982.2(b)(1), completely filled out (Cover Sheet forms available at the Forms Counter).

4. This "Addendum to Civil Case Cover Sheet" form [Superior Court Form Number 982.2(b)(1)A, revised 7/99], completely filled out (Item II. does not apply in limited civil cases) and submitted with the Civil Case Cover Sheet.*

5. Payment in full of the filing fee (unless filing on behalf of state or local government or no fee is due for the type of case being filed) or an Order of the Court waiving payment of filing fees in forma pauperis (fee waiver application forms available at the Filing Window)

6. In case of a plaintiff or petitioner who is a minor under 18 years of age, an Order of the Court appointing an adult as a guardian ad litem to act on behalf of the minor (Guardian ad Litem Application and Order forms available at the Forms Counter).

7. Additional copies of documents presented for endorsement by the Clerk and return to you.

* With the exception of limited civil and any civil cases concerning bodily injury (including wrongful death) and property damage occurring in this County, Labor Commissioner Appeals, and those types of actions required to be filed in the Central District by Local Court Rule 2(b), all civil actions may be optionally filed either in the Central District or in whichever other court location the rule would allow them to be filed. When a party elects to file a general or unlimited jurisdiction civil action in Central District that would also be eligible for filing in one or more of the other court locations, this form must still be submitted with location and assignment information completed.