# EXHIBIT D

ANDREW C. PETERSON, State Bar No. 051329
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
213.612.2500
Fax: 213.612.2501

Attorneys for Defendants
CHARMING SHOPPES OF DELAWARE, INC. and
FASHION BUG OF CALIFORNIA, INC.

**ORIGINAL FILED**
LOS ANGELES SUPERIOR COURT
APR 11 2003
JOHN A. CLARKE, CLERK
BY E. ALVAREZ, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

PATRICIA KOZMINSKI, an individual, on behalf of all others similarly situated,

Plaintiff,

vs.

CHARMING SHOPPES OF DELAWARE, INC., a Delaware corporation; FASHION BUG OF CALIFORNIA, INC., a California corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No. BC 292065

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Date of Filing: March 13, 2003

Defendants Charming Shoppes of Delaware, Inc. and Fashion Bug of California, Inc. ("Defendants"), on behalf of themselves and no other Defendants, hereby respond to the unverified Complaint of Plaintiff Patricia Kozminksi ("Plaintiff") pursuant to California Code of Civil Procedure § 431.30(d), by denying generally each and every allegation contained therein and by asserting the following affirmative defenses:

### First Affirmative Defense

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Plaintiff's claims are barred in whole or in part by the applicable statutes of

1-LA/666449.1

Defendants' Answer to Plaintiff's Unverified Complaint

1  limitation.

### Third Affirmative Defense

3.  Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### Fourth Affirmative Defense

4.  Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### Fifth Affirmative Defense

5.  Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Sixth Affirmative Defense

6.  Plaintiff's claims are barred in whole or in part by Defendants' good faith and/or good faith legal defense.

### Seventh Affirmative Defense

7.  Plaintiff's claims under California Business and Professions Code §§ 17000 et seq. violate Lane Bryant's constitutional rights under both the United States and California Constitutions.

**WHEREFORE**, Defendants prays for judgment as follows:

1.  That Plaintiff take nothing by this action;
2.  That judgment be entered in favor of Defendants and against Plaintiff;
3.  That Defendants be awarded the costs of suit herein incurred;
4.  That Defendants be awarded their attorneys' fees according to proof; and
5.  That the Court award Defendants such other and further relief as the Court may deem proper.

Dated: April 11, 2003

MORGAN, LEWIS & BOCKIUS LLP
ANDREW C. PETERSON

By _____
Andrew C. Peterson
Attorneys for Defendants
CHARMING SHOPPES OF DELAWARE, INC. and FASHION BUG OF CALIFORNIA, INC.

1-LA/666449.1                    2

Defendants' Answer to Plaintiff's Unverified Complaint

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On April 11, 2003 I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within documents:

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

William E. Harris
Matthew A. Kaufman
HARRIS & KAUFMAN
15260 Ventura Boulevard, Suite 2250
Sherman Oaks, CA 91403

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 11, 2003 at Los Angeles, California.

*/s/ Kelly Raleigh*