**EXHIBIT E**

1  MORGAN, LEWIS & BOCKIUS LLP
   ANDREW C. PETERSON, State Bar No. 51329
2  300 South Grand Avenue
   Twenty-Second Floor
3  Los Angeles, CA 90071-3132
   Telephone:    (213) 612-2500
4  Facsimile:    (213) 612-2554

5  Attorneys for Defendants
   CHARMING SHOPPES OF DELAWARE, INC.
6  and FASHION BUG OF CALIFORNIA, INC.

7  HARRIS & KAUFMAN
   WILLIAM E. HARRIS, State Bar No. 76706
8  MATTHEW A. KAUFMAN, State Bar No. 166986
   15260 Ventura Boulevard, Suite 2250
9  Sherman Oaks, California 91403
   Telephone:    (818) 990-1999
10 Facsimile:    (818) 990-1966

11 Attorneys for Plaintiff
   PATRICIA KOZMINSKI, individually and on behalf
12 of all others

**ORIGINAL**

FILED
LOS ANGELES SUPERIOR COURT

OCT 1 4 2003

JOHN A. CLARKE, CLERK
BY J. HERNANDEZ, DEPUTY

10/27

13        SUPERIOR COURT OF THE STATE OF CALIFORNIA

14               COUNTY OF LOS ANGELES

15

16 PATRICIA KOZMINSKI, an individual,          Case No. BC 292065
   on behalf of all others similarly situated,
17                                             **STIPULATION FOR CLASS ACTION**
                Plaintiff,                     **SETTLEMENT**
18
          vs.                                  Dept:        CCW 323
19                                             Judge:       Hon. Charles W. McCoy
   CHARMING SHOPPES OF                         Date of Filing:  3/13/03
20 DELAWARE, INC., a Delaware                  Trial Date:  N/A
   corporation; FASHION BUG OF
21 CALIFORNIA, INC., a California
   corporation; and Does 1 to 100, inclusive,
22
                Defendants.
23

24

25

26

27

28

1-LA/717721.1

## STIPULATION FOR CLASS ACTION SETTLEMENT

This Stipulation for Class Action Settlement (the "Stipulation") is, subject to Court approval as to its terms, entered into this 11th day of September, 2003, between Plaintiff PATRICIA KOZMINSKI, ("Class Representative"), individually and on behalf of all other individuals similarly situated (collectively referred to as "Plaintiffs"), on the one hand, and Defendants CHARMING SHOPPES OF DELAWARE, INC. and FASHION BUG OF CALIFORNIA, INC., and their past, present and future divisions, affiliates, predecessors, successors, shareholders, directors, employees, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies, (hereinafter "Charming Shoppes").

### RECITALS

This Stipulation is entered into with reference to the following facts and objectives:

**1.    The Action**

    1.1    This settlement pertains to the case of *Kozminski v. Charming Shoppes of Delaware, Inc., et al.*, Los Angeles County Superior Court Case No. BC 292065 (the "Action").

    1.2    Plaintiffs' Complaint, filed March 13, 2003 (the "Complaint") alleges that Charming Shoppes violated the California Labor Code by misclassifying the members of the Plaintiff Class as salaried employees and failing to pay them overtime pay. It also alleges, among other things, that by failing to pay the Plaintiff Class their overtime, Charming Shoppes committed unfair and unlawful business practices in violation of the California Business and Professions Code. The relief sought by Plaintiffs includes, but is not limited to, monetary damages, injunctive relief, attorney's fees and costs of suit.

    1.3    Charming Shoppes has disputed and continues to dispute Plaintiffs' claims and neither this Settlement Agreement or anything herein is intended to or should be construed as any admission of fault or liability on the part of Charming Shoppes with respect to the claims of Plaintiffs either individually or collectively.

**2.    Definitions**

    As used in this Stipulation, the following terms shall have the meanings specified. To the

1-LA/717721.1

2

STIPULATION FOR CLASS ACTION SETTLEMENT

1   extent terms or phrases used in this Stipulation are not specifically defined in this Section, but are

2   defined elsewhere in the Stipulation, they are incorporated into this Definitions Section by

3   reference. All terms used but not defined shall be interpreted according to ordinary rules of

4   English language construction, with all doubts to be resolved in favor of affording the parties the

5   broadest possible resolution of their respective disputes involving the Action and in favor of a

6   meaning and interpretation that causes this Stipulation to be consistent with, and not in violation

7   of, the laws of the State of California.

8       2.1    "Class Period" shall mean the period from March 13, 1999, through and including

9   the Preliminary Approval Date.

10      2.2    "Plaintiff Class" shall mean all persons who at some time during the Class Period,

11   worked as a "Store Manager" in a Fashion Bug store in the state of California.

12      2.3    "Class Member" shall mean any person who at some time during the Class Period

13   worked as a Store Manager in a Fashion Bug store in the state of California.

14      2.4    "Class Participant" shall mean a Class Member other than those Class Members

15   who have timely and validly requested exclusion from the Action in response to the Notice of

16   Settlement.

17      2.5    "Class Counsel" shall mean:

18              William E. Harris
19              Harris & Kaufman
                15260 Ventura Boulevard, Suite 2250
20              Sherman Oaks, California 91403
                Tele: 818/990-1999
21              FAX: 818/990-1966

22      2.6    "Claims Administrator" shall mean:

23              Rust Consulting, Inc.
                501 Marquette Ave., Suite 700
24              Minneapolis, MN 55402
                Tele: 612/359-2000
25              FAX: 612/359-2050

26      2.7    "Claim Form" shall mean the Class Action Settlement Claim Form substantially in

27   the form attached hereto as Exhibit 1.

28      2.8    "Court" shall mean the Superior Court of the State of California, in and for the

1    County of Los Angeles.

2        2.9    "Effective Date" shall mean the date on which the order referred to in Section 11

3    below is entered.

4        2.10    "Final Date" shall mean the date in which Claim Forms and/or written requests for

5    exclusion must be submitted -- that is, 45 days after the date when the Notice of Settlement is sent

6    to the Plaintiff Class.

7        2.11    "Final Order" shall mean the Court's judgment or order issued after the Fairness

8    Hearing which has become final.

9        2.12    "Mediator" shall mean:

10                  Michael E. Dickstein
                    1595 Greenwich St. #32
11                  San Francisco, CA  94123
                    Tele: 415/474-1449
12                  FAX: 415/358-5833

13        2.13    "Notice of Settlement" shall mean the Notice of Preliminary Approval of Class

14    Action Settlement and Further Notice of Hearing on Final Approval of Class Action substantially

15    in the form of Exhibit "2" attached hereto.

16        2.14    "Preliminary Approval Date" shall mean the date of the entry of the Preliminary

17    Order, as described below in Section 7.

18        2.15    "Hearing on Preliminary Approval" shall mean the hearing held on October 27,

19    2003, or as soon thereafter as possible, the date scheduled by Court order for preliminary

20    consideration of the Settlement.

21        2.16    "Settlement" shall mean the settlement as described in this Stipulation, which is

22    subject to Court approval.

23        2.17    "Settlement Amount" shall mean the $450,000.00 (as more fully described in

24    Section 6.1.1) from which Class Members' claims, attorneys' fees, and costs shall be paid.

25        2.18    "Settling Parties" shall mean Charming Shoppes, Plaintiff, and the Plaintiff Class.

26        2.19    "Valid Claim" shall mean a timely request for recovery by a Class Member

27    submitted on a Claim Form that complies with those requirements set forth in Section 9.

28

STIPULATION FOR CLASS ACTION SETTLEMENT

**3.    Pre-Trial Proceedings and Discovery in the Action**

      3.1    **Discovery, Investigation and Research**

          3.1.1    Class Counsel has conducted extensive discovery and investigation during the prosecution of the Action. This discovery and investigation has included, *inter alia*, (a) an extensive investigation of Class Member claims, including but not limited to interviewing Class Members; (b) the service of discovery requests on Charming Shoppes and the analysis of Charming Shoppes's responses to those requests, (c) the inspection and analysis of over 17,000 pages of documents produced by both Charming Shoppes and non-parties; (d) interviews and depositions of material witnesses; (e) research with respect to the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto.

      3.2    **Charming Shoppes' Denials of Wrongdoing and Liability**

          3.2.1    Charming Shoppes has denied and continues to deny each and all of the causes, allegations and contentions alleged by the Class Representative in the Action. Charming Shoppes expressly has denied and continues to deny all charges of wrongdoing or liability against Plaintiff and/or Plaintiff Class arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Charming Shoppes also has denied and continues to deny, *inter alia*, the allegations that the Class Representative or the Class Members have suffered damage by reason of alleged misclassification of its employees or any allegedly related failure to pay overtime pay, or that the Class Representatives or the Class Members were harmed by the conduct alleged in the Action. Charming Shoppes has vigorously defended itself against the claims of Plaintiff and the Plaintiff Class. Nonetheless, Charming Shoppes has concluded that the further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense, inconvenience and distraction, to dispose of burdensome and protracted litigation, and to permit the operation of Fashion Bug's business without further expensive litigation and the distraction and diversion of Fashion Bug's personnel with respect to matters in issue in the Action. Charming Shoppes also has taken into account the uncertainty and risks inherent in any litigation, especially in complex

1  cases such as this Action. Charming Shoppes has, therefore, determined that it is desirable and

2  beneficial to it that the Action be settled in the manner and upon the terms and conditions set

3  forth in this Stipulation.

4       3.3    **Allegations of the Class Representative and Benefits of Settlement**

5            3.3.1    The Class Representative believes that the causes, allegations and

6  contentions asserted in the Action have merit and that the evidence developed to date supports the

7  causes asserted. However, Class Counsel and the Class Representative recognize and

8  acknowledge the expense and delay of continued lengthy proceedings necessary to prosecute the

9  Action against Charming Shoppes through trial and through appeals. Class Counsel and the Class

10 Representative have taken into account the uncertain outcome and the risk of any litigation,

11 especially in complex actions such as this Action, as well as the difficulties and delays inherent in

12 such litigation. Class Counsel also is mindful of the inherent problems of proof under, and

13 possible defenses to the California unfair practices allegations in the Action, the potential

14 difficulty maintaining the Action as a class action given Charming Shoppes's intent to oppose any

15 motion for certification by Plaintiff, and possible appellate intervention. Class Counsel and the

16 Class Representative believe that the Settlement set forth in the Stipulation confers substantial

17 benefits upon the Class Participants and each of the Class Members, and that an independent

18 review of this Settlement by the Court in the approval process will confirm this. Based on its

19 evaluation, Class Counsel has determined that the Settlement set forth in the Stipulation is in the

20 best interests of the Class Representative, the Class Members and each of the Class Participants.

21      3.4    **The Motion for Preliminary Approval of the Settlement**

22           3.4.1    Settling Parties agree to join in a notice of motion and motion to

23 approve this Settlement in compliance with California Rule of Court 1859.

24

25              **TERMS OF AGREEMENT OF SETTLEMENT**

26  4.    **Consideration to be Paid the Plaintiff Class**

27       4.1    Consideration has been given to the Plaintiff Class as follows:

28           4.1.1    payment of the Settlement Amount by Charming Shoppes for the Valid

1-LA/717721.1                          6

STIPULATION FOR CLASS ACTION SETTLEMENT

1    Claims submitted plus the fees and costs of the claims administration subject to the terms,

2    conditions, and limitations of this Stipulation; and

3           4.1.2      other valuable consideration set forth herein.

4    **5.     Release of Charming Shoppes by the Plaintiff Class**

5           5.1      The intention of this Stipulation and the release herein (the "Release") is to forever

6    release and discharge Charming Shoppes and its respective representatives, agents and others

7    acting on its behalf in their names, or under their control or authority, from any and all claims

8    arising out of or related to the Action.  To that end, therefore, and in exchange for the

9    consideration recited in this Stipulation, Plaintiff, all Class Members, on behalf of themselves and

10   on behalf of all who claim by or through them or in their stead (the "Releasing Parties"), do

11   hereby and forever release, acquit, and discharge and covenant not to sue Charming Shoppes,

12   which includes its attorneys, past, present and future divisions, affiliates, predecessors,

13   successors, shareholders, officers, directors, employees, agents, trustees, representatives,

14   administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and

15   privies (the "Released Parties") for any and all actions, causes of action, suits, claims, liens,

16   demands, damages, controversies and liabilities of any kind whatsoever (based upon any legal or

17   equitable theory, whether contractual, common law, statutory, federal, state or otherwise) which

18   the Plaintiff Class has, ever had, or hereafter may claim to have, against Charming Shoppes

19   which were alleged in the Action or could have been alleged in the Action as arising from the

20   subject matter of the Action, including but not limited to:

21          5.1.1      any of the claims, actions, or causes of action which were alleged or

22   stated, or the facts, matters, transactions or occurrences referred to in the class action entitled

23   *Patricia Kozminski, et al. v. Charming Shoppes of Delaware, Inc., et al.*, Los Angeles Superior

24   Court Case No. BC 292065; and

25          5.1.2      any and all claims, actions, or causes of action, for unpaid overtime pay

26   pursuant to California Labor Code §§ 1194 and 1198 and for waiting time penalties pursuant to

27   California Labor Code § 203 based thereon, as well as any claims arising out of violations of

28   California Labor Code §§ 203, 1194, and 1198, claims pursuant to California Business and

STIPULATION FOR CLASS ACTION SETTLEMENT

1  Professions Code §§ 17000 et seq. and 17200 et seq., interest and costs pursuant to California

2  Civil Code § 1032 and/or § 3287, statutory or common law rights to attorney's fees and costs

3  including those pursuant to California Labor Code §§ 218.5 and 1194 et seq., violation or breach

4  of any other state or federal statute, rule and/or regulation relating to the payment of overtime

5  pay, and similar causes of action, including but not limited to any claim for punitive and/or

6  exemplary damages in connection with or arising out of any of the foregoing (collectively, the

7  "Released Claims").

8       5.2    The Releasing Parties hereby represent that none of them has heretofore assigned

9  to any other person any of the Released Claims or any portion thereof which any of them has or

10  may have against any of the Released Parties, and that they are aware of no fact, circumstance or

11  reason that would limit in any manner the Release that they provide by this Stipulation.

12       5.3    The Class Participants shall dismiss with prejudice any other proceeding brought

13  by them, or any of them, in any other jurisdiction, based on the Released Claims, and hereby

14  agree in the future not to initiate any such claims arising out of or based upon the Released

15  Claims.

16       5.4    Class Counsel agree that they will not seek directly or indirectly to receive any

17  fees for services or cost reimbursement from Charming Shoppes, and expressly waives the right

18  to do so, except as provided for herein.  Class Counsel further agree that the sole source of any

19  fee or cost to be awarded to them shall be from the $450,000.00 described in Section 6 of this

20  Stipulation.

21  **6.**     **The Class Settlement Amount and Individual Class Participant Settlement Amounts**

22       **6.1**    **Creation of the Settlement Fund**

23         6.1.1    The claims of all Class Members are settled for the Settlement Amount,

24  inclusive of the payment to the Class Representative and attorneys' fees and costs, which includes

25  all such fees and costs incurred to date, as well as all such fees and costs incurred in documenting

26  the Settlement, securing Court approval of the Settlement, administering the Settlement, and

27  obtaining a dismissal of the Action.

28

1            6.1.2       Charming Shoppes will deposit the Settlement Amount in a trust

2    account administered by the Claims Administer within 20 work days of receipt of the Final Order.

3            6.1.3       Charming Shoppes will separately pay the normal, reasonable costs

4    associated with the administration of the Settlement and the employer portion of any payroll

5    taxes.

6        6.2    **Calculation of the Individual Class Participant's Settlement Amount**

7            6.2.1       The portion of the Settlement Amount payable to each Class Participant

8    will be calculated as follows:

9            6.2.1.1     The Class Representative will receive $ 7,500.00 to be paid from the

10   Settlement Amount in addition to her alleged unpaid overtime plus as an enhancement for her role

11   as Class Representative.

12           6.2.1.2     The approved attorneys' fees, costs and payment to the Class

13   Representative will be deducted from the Settlement Amount. It is from the remaining funds (the

14   "Distributable Funds") that claims will be paid. The dollar amount paid to a Class Participant

15   will be calculated by dividing the value of the hours that the Class Participant worked in excess of

16   8 in a day and/or 40 in a week as a Store Sales Manager during the Class Period by the total value

17   of hours worked in excess of 8 in a day and/or 40 in a week by all Class Members, as shown on

18   Charming Shoppes' payroll records, multiplied times the Distributable Funds. Subject to

19   paragraph 6.2.1.3, this product will determine the gross payment, prior to required legal

20   deductions for each Class Participant.

21   **7.**    **Preliminary Approval of Class Settlement**

22       7.1    At the Hearing on Preliminary Approval, the Settling Parties shall jointly seek a

23   Preliminary Order, substantially in the form of Exhibit 3 attached hereto, that specifically

24   includes provisions which, among other things:

25           7.1.1       preliminarily approve this Stipulation and the Settlement set forth

26   herein as being fair, just, reasonable and adequate to the Class Members;

27           7.1.2       approve the Notice of Settlement for mailing to Class Members;

28           7.1.3       approve the Claim Form for mailing to Class Members;

1                7.1.4      direct that the Notice of Settlement be mailed, by first class mail,

2 postage prepaid, the Notice of Settlement to the Class Members, on or before dates to be specified

3 in the Order;

4                7.1.5      order that the Notice of Settlement be published;

5                7.1.6      provide that Class Members who wish to participate in the Settlement

6 Fund shall complete and submit a Claims Form pursuant to the instructions contained therein;

7                7.1.7      provide that Class Members who wish to be excluded from the

8 Settlement shall submit, in writing, notification of his/her intent to the Claims Administrator

9 pursuant to the instructions contained therein;

10              7.1.8      provide that pending final determination of whether the Settlement

11 contained in this Stipulation should be approved, neither the Class Representative, nor any Class

12 Member, either directly, representatively or in any other capacity shall commence or prosecute

13 any action or proceeding, in any court or tribunal asserting any of the Released Claims against the

14 Released Parties;

15              7.1.9      provide that any objections to (i) the Settlement contained in this

16 Stipulation; or (ii) entry of the Judgment approving the Settlement, shall be heard and any papers

17 submitted in support of said objections shall be received and considered by the Court at the Final

18 Approval Hearing only if, on or before a date to be specified in the Preliminary Order, persons

19 making objections shall submit notice of their intention to appear (which shall set forth briefly

20 each objection and the basis therefore) and copies of any papers in support of their position as to

21 the Claims Administrator;

22             7.1.10     provide that, upon the occurrence of the Final Date, all Class

23 Participants, whether or not they execute and deliver a Claim Form within the time provided for,

24 shall be barred from asserting any Released Claims against any of the Released Parties, and any

25 such Class Participant shall conclusively be deemed to have released any and all such Released

26 Claims as against the Released Parties;

27             7.1.11     schedule a Fairness Hearing to be held by the Court in a manner

28 consistent with this Stipulation and applicable law to consider and determine the following:

1-LA/717721.1                                     10

7.1.11.1    whether the Settlement of the Action as contained in this Stipulation should be approved as being fair, reasonable and adequate;

7.1.11.2    whether and in what amount attorneys' fees and costs should be awarded to Class Counsel and the enhancements that should be awarded to the Class Representative; and

7.1.11.3    whether the Settlement should be approved and the Final Order and Judgment of Dismissal with Prejudice should be entered;

7.1.11.4    whether an order so stating should be entered; and

7.2    Provide that the Fairness Hearing or any related hearing may, from time to time and without further notice to the Class Members, be continued or adjourned by order of the Court.

**8.    Notice to the Class**

8.1    Within 10 business days from the Preliminary Approval Date, the Claims Administrator will mail the Notice of Settlement by first class mail, postage prepaid, to the Class Members at their residence as last shown on Charming Shoppes's records and/or as updated by Class Counsel or Class Members.

8.2    The Notice of Settlement will also be published, at Charming Shoppes's expense, in the Los Angeles Times, the San Francisco Chronicle and the Sacramento Bee. Notices will be ¼ of a page.

**9.    Submission and Review Of Claims**

9.1    The Notice shall include a Claim Form. Moreover, any person requiring a Claim Form shall be promptly provided one by Class Counsel and/or the Claims Administrator.

9.2    Any person who wishes to file a claim to receive payment under this Settlement must:

9.2.1    complete in full a Claim Form;

9.2.2    sign the Claim Form under penalty of perjury; and

9.2.3    return the Claim Form via United States first class mail by the Final Date (postmarked no later than 45 days from date the Notice of Settlement is mailed) to the Claims Administrator.

STIPULATION FOR CLASS ACTION SETTLEMENT

9.3    Upon completion of the time for claims to be made and consistent with paragraph 9.2, above, the Claims Administrator will determine if the Claim Form has been completed in full.

9.3.1    If a claimant fails to provide all the information requested or fails to sign the form, a Notice of Deficiency will be sent to such claimant by the Claims Administrator. The Notice of Deficiency will be in a form approved by both parties. A response to the Notice of Deficiency must be returned first class, certified or registered mail with return receipt, post-marked within 20 days of the mailing of the Notice of Deficiency. The Claims Administrator will send only one Notice of Deficiency to any given Class Member.

9.3.2    If a Claim Form is returned because it was mailed to an incorrect address, the Claims Administrator shall, by conducting a "skip trace" search or otherwise, immediately attempt to ascertain the correct address and sent a new Claim Form to the Class Member at the correct address. The Claims Administrator will conduct only one "skip trace"/search with respect to any given Class Member.

9.4    If the Claim is not postmarked by the date 45 days following the Notice of Settlement, or if a response to a Notice of Deficiency is not post-marked within 20 days of the mailing of the Notice of Deficiency, such claims shall be automatically denied.

9.5    If a Claim Form has been submitted by a person not identified as a Class Member in Exhibit 4 or otherwise appears to be erroneous or questionable, the Claims Administrator shall set it aside as a "Questionable Claim;" and inform Class Counsel and Charming Shoppes Counsel of the Questionable claims.

9.6    Class Counsel and Charming Shoppes Counsel shall confer with respect to the Questionable Claims and any other claims in dispute, and will compare the claims to Charming Shoppes payroll records and any evidence submitted by the claimant. If a disputed claim cannot be reconciled, the information reflected in the Charming Shoppes payroll records shall be used in calculating the Class Participant's share of the Distributable Funds.

9.7    Any person who fails to submit a timely Claim Form shall be barred from

STIPULATION FOR CLASS ACTION SETTLEMENT

1    participation in this Settlement and shall receive no benefit from this Settlement.

2        9.8    Charming Shoppes may dispute the validity of any claim which it believes may

3    have been submitted fraudulently.  Such disputes shall be resolved as provided in paragraphs 15.5

4    and 15.6.  A dispute regarding the validity of a particular Class Participant's claim does not affect

5    undisputed payments owing to Class Participants and Class Counsel.

6    **10.    Exclusion (Opt-Outs)**

7        10.1    The Notice of Settlement shall include the option for Class Members to opt out of

8    the Action.  No form will be provided for this purpose.

9        10.2    Any Class Member who wishes to opt out of this Action must:

10            10.2.1    send in a written request for exclusion with such request including the

11    person's name, social security number, address, and a statement indicating a desire not to

12    participate in the Settlement;

13            10.2.2    sign the written request for exclusion; and

14            10.2.3    return the written request for exclusion via United States first class mail

15    by the Final Date (postmarked no later than 45 days from date the Notice of Settlement is mailed)

16    to the Claims Administrator.

17            10.2.4    The Claims Administrator shall, within 5 business days after the Final

18    Date, provide Class Counsel and Charming Shoppes with a list of Class Members opting for

19    exclusion.

20        10.3    Any eligible Class Member who files a complete, timely written request for

21    exclusion shall, upon receipt, no longer be a member of the Plaintiff Class, shall be barred from

22    participation in this Settlement, and shall receive no benefit from this Settlement.  Class Members

23    who request to be excluded from the Settlement must request such exclusion by the Final Date or

24    they will be deemed to be bound by all terms of this Stipulation and Settlement, without regard to

25    whether they actually received a copy of or read the published Notice of Settlement.

26        10.4    If more than seven persons who are eligible to opt out do, in fact, choose to opt-out

27    by filing proper and timely written requests for exclusion in accordance with the provisions of the

28    Notice of Settlement, then Charming Shoppes shall have the sole and absolute discretion to

1    terminate this Stipulation and the agreement upon which it is based.

2        10.5    Charming Shoppes shall provide such notice of termination in writing by first class

3    mail to Class Counsel to arrive no later than ten (10) days before the Final Approval Hearing.

4        10.6    In the event Charming Shoppes elects to so terminate this Stipulation, it shall not

5    be responsible for paying the attorney's fees or costs set forth herein. In the event of termination

6    by Charming Shoppes, Charming Shoppes shall be responsible for all costs of administration

7    incurred up to the date of termination. In the event Charming Shoppes elects to terminate, such

8    withdrawal shall have the same effect as would non-approval pursuant to Section 11.5.

9        10.7    In the event a Class Member timely sends in both a Claim Form and a written

10    request for exclusion, the Claim Form shall supersede and the exclusion form shall be deemed

11    null and void.

12    **11.    Fairness Hearing and Entry of Judgment**

13        11.1    The Fairness Hearing will be held before the Court no earlier than ninety (90) days

14    after the Preliminary Approval Date. Based on the current schedule, it is anticipated that the

15    Fairness Hearing will be held on or about October 27, 2003.

16        11.2    At the Fairness Hearing, Class Participants and Charming Shoppes shall jointly

17    move the Court for entry of the Final Order, which shall be submitted before the Fairness

18    Hearing, certifying the Class for settlement purposes only, approving the Settlement as being fair,

19    reasonable and adequate to the Class Participants within the meaning of sections 877 and 877.6 of

20    the California Code of Civil Procedure and applicable California law, and for the entry of a Final

21    Judgment of Dismissal with Prejudice of the Action. Class Counsel and counsel for Charming

22    Shoppes shall submit to the Court such pleadings and/or evidence as may be required for the

23    Court's determination.

24        11.3    Class Counsel shall submit an application for (1) an award of attorney's fees of not

25    to exceed $ 112,500.00, and (2) reimbursement of expenses and costs incurred in prosecution of

26    this Action in the amount of $3,437.23, to be paid from the Settlement Amount referred to in

27    paragraph 6.1.1. Charming Shoppes and its attorneys agree not to object to any such fee and cost

28    application; and will submit a declaration in support thereof. The fees are reasonable due to the

STIPULATION FOR CLASS ACTION SETTLEMENT

1    work and effort of Class Counsel and the results achieved per Section 3.1.1.

2            11.3.1    The attorneys fees and costs approved by the Court shall encompass:

3    (1) all work performed and costs incurred through the date of this Agreement; (2) all work to be

4    performed and costs to be incurred in connection with approval by the Court of the Settlement;

5    and (3) all work and costs incurred through dismissal of this Action, including, without limitation,

6    fees and costs incurred in connection with administering the Settlement, the administration and

7    distribution of Notice of Settlement, the administration and processing of claims and the

8    administration and distribution of Settlement proceeds.

9        11.4    At the Fairness Hearing, the Court will, among other things, be asked to enter an

10    Order permanently enjoining all Class Members (who have not timely and properly opted out)

11    from pursuing and/or seeking to reopen claims that have been released by this Stipulation.

12        11.5    In the event that this Stipulation does not obtain approval of the Court for any

13    reason, all matters covered by this Stipulation, including but not limited to, the release contained

14    herein shall be null and void.  In such event, nothing in this Stipulation shall be used or construed

15    by or against any party as a determination, admission, or concession of any issue of law or fact in

16    the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective

17    rights with respect to the prosecution and defense of the litigation as if this Stipulation never

18    existed.

19    **12.    Payment of the Settlement Amount**

20        12.1    If the Preliminary Order is entered as contemplated herein, and final approval is

21    also obtained, payments will be made to the attorneys and the class as follows:

22            12.1.1    Payment to the Class Participants shall be made within 20 days of the

23    final approval of the Settlement by the Court in the amount set forth in Exhibit 4.  Checks

24    reflecting the amount to be distributed to each Class Participant will be generated by the Claims

25    Administrator and sent to the Class Participants together with a payroll stub giving the normal

26    payroll information.

27            12.1.1.1    The Claims Administrator will issue a similar check for

28    $7,500.00 to the Class Representative.

STIPULATION FOR CLASS ACTION SETTLEMENT

12.1.1.2    The attorney's fees and costs shall also be paid on the same date.

12.2    The Settling Parties recognize that the Settlement Amount to be paid to the Class Participants is wages, and normal payroll taxes will be deducted and paid pursuant to state and federal law. The employer portion of any payroll taxes shall not be part of the Settlement Amount and shall be separately paid by defendant.

**13.    Accounting and Final Report to the Court**

13.1    Within six months of the Effective Date or at such other later date as the Court may set, Class Counsel shall file with the Court a sworn declaration, setting forth the following:

13.1.1    The names of all persons who were sent a Notice of Settlement.

13.1.2    The names of all persons who filed valid and timely written notices of exclusion.

13.1.3    The names of all Class Participants who filed valid and timely claims and the amounts paid to each.

**14.    Representations and Warranties**

Each of the Settling Parties to this Stipulation represents and warrants, and agrees with each other party hereto, as follows:

14.1    All Settling Parties have received independent legal advice from their attorneys with respect to the advisability of making this Settlement and with respect to the advisability of executing this Stipulation.

14.2    No Settling Party (nor any officer, agent, partner, employee, representative or attorney of or for any party), has made any statement or representation to any other party to this Stipulation regarding any fact relied upon in entering into this Stipulation, and each Settling Party does not rely upon any statement, representation or promise of any other party (or any officer, agent, partner, employee, representative or attorney of or for any other party), in entering into this Stipulation, or in making the Settlement provided for herein, except as expressly stated in this Stipulation, the exhibits hereto and the writings referred to herein.

14.3    Each of the Settling Parties, through their respective counsel, have made such

STIPULATION FOR CLASS ACTION SETTLEMENT

investigation of the facts pertaining to this Settlement and this Stipulation, and all of the matters pertaining to them as they deem necessary.

14.4    The Settling Parties and their respective attorneys shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals and to do all things reasonably necessary or convenient to consummate the Settlement as expeditiously as possible.

14.5    Class Counsel warrants, that he is authorized by the Class Representative to enter into and execute this Stipulation including the Release, and that he represents the Class Participants.

14.6    Charming Shoppes represents that the signatories on its behalf are fully authorized to enter into and execute this Stipulation.

**15.    Miscellaneous Provisions**

15.1    This Stipulation constitutes the entire agreement between the Settling Parties. Except as expressly provided herein, this Stipulation has not been executed in reliance upon any oral or other written representations or terms and no such extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Stipulation. In entering this Stipulation, the Settling Parties explicitly recognize California Civil Code Section 1625 and California Code of Civil Procedure Section 1856(a), which provide that a written agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence. This Stipulation supersedes and replaces all prior negotiations and proposed agreements, written and oral, relating thereto.

15.2    No waiver of any term, provision or condition of this Stipulation in any one or more instances shall be deemed to be, or construed as, a further or continuing waiver of any such term, provision or condition of this Stipulation.

15.3    The terms of this Stipulation may not be changed or terminated orally. It may be modified or amended only in writing, signed by the Settling Parties and approved by the Court.

15.4    This Stipulation shall be subject to all enforcement proceedings set forth in California Code of Civil Procedure section 664.6.

15.5    In the event there is a dispute with respect to the processing or administration of

1-LA/717721.1                    17

STIPULATION FOR CLASS ACTION SETTLEMENT

1    this Settlement, the parties agree to first mediate the issue before the Mediator.  The parties will

2    share equally the cost of any such mediation.

3        15.6    Any dispute not resolved in mediation shall be referred to the Court.  In any event,

4    the Court shall have continuing jurisdiction to construe, interpret and enforce the provisions of

5    this Agreement, to supervise the administration and distribution of the payments called for herein,

6    and to hear and adjudicate any dispute or litigation arising from this Agreement (except as

7    otherwise provided in this Stipulation), or the issues of law and facts asserted in the class action

8    litigation for a period of three (3) months, or a shorter period as ordered by the Court, following

9    final payment of the amounts set forth in paragraph 12.

10        15.7    All notices, requests, demands and other communications required or permitted to

11    be given pursuant to this Agreement shall be in writing, and shall be delivered personally, by

12    facsimile, or mailed, postage prepaid, by first class mail to the undersigned persons at their

13    respective addresses as set forth herein:

14            Class Counsel for the Plaintiff Class:

15            William E. Harris
              Harris & Kaufman
16            15260 Ventura Boulevard, Suite 2250
              Sherman Oaks, California  91403
17            Telephone: (818) 990-1999
              Facsimile: (818) 990-1966
18
              Counsel for Charming Shoppes:
19
              Andrew C.  Peterson
20            Morgan, Lewis & Bockius LLP
              300 South Grand Ave., 22nd Fl.
21            Los Angeles, CA  90071
              Telephone: (213) 612-2500
              Facsimile: (213) 612-2554
22

23    If mailed as aforesaid, notice shall be deemed given three (3) days after deposit in the United

24    States Mail.  The persons and addresses to which mailings may be made may be changed from

25    time to time by a notice mailed as stated above.

26        15.8    This Stipulation shall be binding upon, and shall inure to the benefit of, the parties,

27    and their successors and assigns.

28        15.9    This Stipulation, the Settlement and any proceedings or negotiations in connection

1  therewith are settlement communications covered by California Evidence Code sections 1152 and

2  1154, and shall not be construed as an admission of truth of any allegation or the validity of any

3  claim asserted or of any liability therein; nor shall this Stipulation, nor the Settlement, nor any

4  papers related to them, nor any of the terms hereof be offered or received into evidence or in any

5  way referred to in any civil, criminal or administrative action or proceeding other than (a) such

6  proceedings as may be necessary to consummate or enforce this Stipulation or to comply with any

7  law or regulation of any federal, state or other government entity, or (b) any action or proceeding

8  against any Defendant or any Released Party to support a defense of res judicata, collateral

9  estoppel, release or other theory of claim preclusion or issue preclusion or similar defense; nor

10  shall they be construed by anyone for any purpose whatsoever as an admission or presumption of

11  any wrongdoing.

12      15.10  If this Stipulation should terminate or become null and void for any reason, then

13  this Stipulation, all documents relating thereto, including without limitation, briefs, affidavits and

14  correspondence submitted to the Court and all negotiations and proceedings related thereto, shall

15  be without prejudice to the rights of any and all Settling Parties hereto, who shall be restored to

16  the status quo ante existing on the execution date of this Stipulation.

17      15.11  This Stipulation may be executed in counterparts, each of which shall be deemed

18  an original and together shall constitute one and the same instrument, and when each party has

19  signed at least one such counterpart, this Stipulation shall become binding and effective as to all

20  parties as of the day and year first above written.

21      15.12  This Stipulation shall be subject to, governed by, construed, enforced, and

22  administered in accordance with the laws of the State of California, both in its procedural and

23  substantive aspects.  This Stipulation shall be construed as a whole according to its fair meaning

24  and intent, and not strictly for or against any party, regardless of who drafted or who was

25  principally responsible for drafting this Stipulation, or any specific term or condition hereof.

26      15.13  Charming Shoppes, Class Counsel and/or the Class Representative shall not issue

27  any press release or have any communication with the press other than "no comment" concerning

28  or in any way relating to the negotiations of this Settlement and shall not disclose to the media

STIPULATION FOR CLASS ACTION SETTLEMENT

1    any information concerning the negotiations for this Settlement, except for the fact that the action

2    has been resolved and the public information contained in the Court's file in this case.

3        15.14   The Plaintiff Class and Charming Shoppes participated in the negotiation and

4    drafting of this Agreement and had available to them the advice and assistance of independent

5    counsel.  As such, no member of the Plaintiff Class nor Charming Shoppes may claim that any

6    ambiguity in this Agreement should be construed against the other.

7        15.15   Any exhibits attached to this Agreement are incorporated by reference as though

8    fully set forth herein.

9

10        IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of the

11    Dated: _____, 2003          CHARMING SHOPPES, INC.

12

13                                          By _____
                                            Anthony DeSabato
14                                          Executive Vice President - Human
                                            Resources
15    Dated: ___10 / 11___, 2003            MORGAN, LEWIS & BOCKIUS LLP
16                                          ANDREW C. PETERSON

17

18                                          By _____
                                            Andrew C. Peterson
19                                          Attorneys for Defendant
                                            CHARMING SHOPPES, OF
20                                          DELAWARE, INC. and FASHION BUG
                                            OF CALIFORNIA, INC.
21

22    Dated: __10 - 6 -__, 2003             _____
23                                          Patricia Kozminski

24

25    Dated: __10 - 8__, 2003               HARRIS & KAUFMAN
                                            WILLIAM E. HARRIS
26

27                                          By _____
28                                          William E. Harris
                                            Class Counsel

1-LA/717721.1                          20

STIPULATION FOR CLASS ACTION SETTLEMENT

1    any information concerning the negotiations for this Settlement, except for the fact that the action

2    has been resolved and the public information contained in the Court's file in this case.

3        15.14  The Plaintiff Class and Charming Shoppes participated in the negotiation and

4    drafting of this Agreement and had available to them the advice and assistance of independent

5    counsel.  As such, no member of the Plaintiff Class nor Charming Shoppes may claim that any

6    ambiguity in this Agreement should be construed against the other.

7        15.15  Any exhibits attached to this Agreement are incorporated by reference as though

8    fully set forth herein.

9

10       IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of the

11   Dated: _9/3 0_____, 2003            CHARMING SHOPPES, INC.

12

13                                        By _____

14                                           Anthony DeSabato
                                             Executive Vice President - Human
15                                           Resources

16   Dated: _____, 2003         MORGAN, LEWIS & BOCKIUS LLP
                                           ANDREW C. PETERSON
17

18                                        By _____

19                                           Andrew C. Peterson
                                             Attorneys for Defendant
20                                           CHARMING SHOPPES, OF
                                             DELAWARE, INC. and FASHION BUG
21                                           OF CALIFORNIA, INC.

22   Dated: _____, 2003
23                                           _____
                                             Patricia Kozminski
24

25   Dated: _____, 2003         HARRIS & KAUFMAN
                                           WILLIAM E. HARRIS
26

27

28                                        By _____
                                             William E. Harris
                                             Class Counsel

1-LA/717721.1                             20

STIPULATION FOR CLASS ACTION SETTLEMENT

**Fashion Bug Class Action Claims Administrator**
c/o Rust Consulting, Inc.
501 Marquette Ave., Suite 700
Minneapolis, MN 55402
Telephone Number: 612/339-2000
Facsimile: 612/339-2050

## CLASS ACTION SETTLEMENT CLAIM FORM

Name/Address Changes (if any):

____[Name]_____
__[Street Address]____
__[City, State and Zip]__

_____
_____
_____

Former Names (if any)

Social Security Number

(____)_____
Area Code   Telephone Number (Work)

(____)_____
Area Code   Telephone Number (Home)

This Class Action Settlement Claim Form is to be used to make a claim in the Class Action of *Kozminski et al. v. Charming Shoppes and Fashion Bug.*, Los Angeles County Sup. Ct. Case No. BC 292065. In this case, the Plaintiff alleges that Fashion Bug Store Managers were improperly classified as being exempt, and that the Store Managers should have been classified as nonexempt and eligible for overtime pay for hours worked over 8 in a day and 40 in a week.

The payroll records of Charming Shoppes/Fashion Bug indicated that you were employed in California by Fashion Bug in the position of STORE MANAGER, for a period of time between March 13, 1999 and October 27, 2003. If this is accurate, and you wish to make a claim, you must complete this Claim Form and return it to the Claims Administrator at the address set forth below. The amount which you would receive as a result of the settlement of this action should you timely submit a claim is $_____, less normal withholding of payroll taxes.

**Submission of a claim form will waive any and all claims against Charming Shoppes and/or Fashion Bug for unpaid overtime for the above time period. This claim is for wages owed, and will be subject to the normal withholding of payroll taxes.**

Fashion Bug Class Action Claims Administrator
Rust Consulting, Inc.
501 Marquette Ave., Suite 700
Minneapolis, MN 55402
Telephone Number: 612/359-2000
Facsimile: 612/359-2050

**ONLY THOSE CLAIM FORMS RECEIVED BY THE CLAIMS ADMINISTRATOR AND POST MARKED BY _____ WILL BE VALID. IN ADDITION, CLAIM FORMS MUST BE COMPLETELY FILLED OUT TO BE VALID. ONLY VALID CLAIM FORMS WILL BE PROCESSED.**

Ex 1

1-LA/717839.1



You will not receive any acknowledgement of receipt from the Claims Administrator. If you want a receipt, you must send the claim to the Claims Administrator by certified mail.

**Should you have any questions regarding completion of this form or the time periods worked by you during the class period, you may contact the Claims Administrator.**

I understand that this Claim Form is being submitted under the terms of the Proposed Settlement described in the NOTICE OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FURTHER NOTICE OF HEARING FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT. I submit to the jurisdiction of the Los Angeles County Superior Court with respect to my claim as a class member and for the purposes of enforcing the release of claims set forth in the Settlement Agreement. The full and precise terms of the proposed settlement are contained in the "Settlement Agreement" filed with the Court. I further acknowledge that to the extent that I submit a Claim Form, I will be bound by and subject to the terms of any judgment that may be entered in this class action.

Upon my receipt of my shares of the settlement proceeds, I do hereby and forever release, acquit, and discharge and covenant not to sue Charming Shoppes, which includes its attorneys, past, present and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies for any and all actions, causes of action, suits, claims, liens, demands, damages, controversies and liabilities of any kind whatsoever (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state or otherwise) which I have, ever had, or hereafter may claim to have, against Charming Shoppes which were alleged in the Action or could have been alleged in the Action as arising from the subject matter of the Action, including but not limited to: any of the claims, actions, or causes of action which were alleged or stated, or the facts, matters, transactions or occurrences referred to in the class action entitled *Patricia Kozminski, et al. v. Charming Shoppes of Delaware, Inc., et al.*, Los Angeles Superior Court Case No. BC 292065; and any and all claims, actions, or causes of action, for unpaid overtime pay pursuant to California Labor Code §§ 1194 and 1198 and for waiting time penalties pursuant to California Labor Code § 203 based thereon, as well as any claims arising out of violations of California Labor Code §§ 203, 1194, and 1198, claims pursuant to California Business and Professions Code §§ 17000 et seq. and 17200 et seq., interest and costs pursuant to California Civil Code § 1032 and/or § 3287, statutory or common law rights to attorney's fees and costs including those pursuant to California Labor Code §§ 218.5 and 1194 et seq., violation or breach of any other state or federal statute, rule and/or regulation relating to the payment of overtime pay, and similar causes of action, including but not limited to any claim for punitive and/or exemplary damages in connection with or arising out of any of the foregoing (collectively, the "Released Claims")

Date: _____, 2003.

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct.

_____          _____
**Printed Name of Claimant**                **Signature of Claimant**

1-LA/717839.1

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| PATRICIA KOZMINSKI, an individual, on behalf of all other individuals similarly situated, | Case No. BC 292065 |
| Plaintiff, | |
| vs. | |
| CHARMING SHOPPES OF DELAWARE, INC., a Delaware Corporation; FASHION BUG OF CALIFORNIA, INC., a California corporation; and DOES 1 to 100, inclusive | |
| Defendants | |

### NOTICE OF PRELIMINARY APPROVAL
### AND NOTICE OF HEARING FOR FINAL APPROVAL
### OF CLASS ACTION SETTLEMENT

### TO: ALL PERSONS
### EMPLOYED IN CALIFORNIA
### BY FASHION BUG
### IN THE POSITION OF STORE MANAGER
### AT ANY TIME BETWEEN MARCH 13, 1999 AND October 27, 2003.

# THIS NOTICE MAY AFFECT YOUR RIGHTS;
# PLEASE READ IT CAREFULLY

### TO MAKE A CLAIM FOR OVERTIME PAY, THE ENCLOSED CLAIM FORM MUST
### BE COMPLETED AND RETURNED WITH A POSTMARK DATE ON OR BEFORE
### _____.

## *PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE*

Ex 2

1-LA/717879.1

Notice is hereby given that a settlement has been reached in the class action case of *Kozminski et al. v. Charming Shoppes of Delaware, Inc. and Fashion Bug of California, Inc.*, Los Angeles County Superior Court Case No. BC 292065. This is not a lawsuit against you. You have not been sued.

A class action lawsuit is an action in which one or more persons, the class representative sues on behalf of herself or himself and on behalf of others similarly situated who may have similar claims. The class representative, or plaintiff, who brought this action is Patricia Kozminski ("Plaintiff"). Plaintiff sued on her own behalf and on behalf of all persons who were employed in California by Fashion Bug ("Fashion Bug") in the salaried position of Store Manager, for any period of time between March 13, 1999 through October 27, 2003. Plaintiff claimed that such class members were improperly classified by Fashion Bug as exempt from overtime pay and were not therefore, paid overtime due to them under California law. This Notice is being sent to you based on information that you may meet the requirements for inclusion in the settlement.

This Notice is provided to you by the Los Angeles County Superior Court and: A) contains a brief description of this lawsuit and settlement; B) explains the purpose of this Notice; C) discusses your options with respect to this lawsuit and settlement and the procedure you must follow if you wish to make a claim for unpaid overtime, exclude yourself from the class and settlement, or make an objection to the settlement; D) notifies you how to obtain additional information; and, E) sets forth the date by which your claim for overtime pay, request to be excluded from the class settlement, or objection to the class settlement and Notice of Intent to Appear at the Final Approval Hearing must be postmarked to be valid.

## A.    DESCRIPTION OF THE LAWSUIT AND SETTLEMENT

Plaintiff's Complaint ("Complaint") filed March 13, 2003, alleges that Fashion Bug violated the California Labor Code by misclassifying the members of the class as salaried employees and failing to pay them overtime pay. It also alleges that by failing to pay the class members overtime, Fashion Bug committed unfair trade practices, unfairly competed in violation of the California Business and Professions Code, and was otherwise liable. The relief sought by Plaintiff includes, but is not limited to, monetary damages, injunctive relief, attorney's fees and costs of suit.

Fashion Bug and Charming Shoppes deny liability for all such claims, and has vigorously defended themselves against all of Plaintiff's claims.

The parties reached a settlement which was preliminarily approved by the Court on October 27, 2003. The Court has not ruled on the merits of the claims or the defenses asserted in this litigation; however, the Court has preliminarily ruled that the proposed settlement is fair, just, reasonable, and adequate to class members.

The settlement provides for a settlement fund of $450,000.00. Class Counsel will receive from that fund, attorney fees in an amount not to exceed $112,500.00, plus reimbursement of $3,437.23 for expenses and costs incurred in the prosecution of this action.    The Class Representative will receive $7,500.00. If a Class member, you will receive a pro rata share of the remainder based upon the number hours you worked in excess of 8 in a day and 40 in a week in California for Fashion Bug as a Store Manager between March 13, 1999 and October 27, 2003. As a member of the class, you are bound by the class settlement and judgment.



The settlement is being administered by the Claims Administrator:

> Rust Consulting, Inc.
> 501 Marquette Ave., Suite 700
> Minneapolis, MN 55402
> Telephone Number: 612/339-2000
> Facsimile: 612/339-2050

## C.     YOUR OPTIONS

If you were employed by Fashion Bug as a Store Manager in California at any time during the period March 13, 1999 and October 27, 2003, you have certain choices to make. Any choice you make, including the decision to do nothing, will have its consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, are explained below.

### 1.  You May Choose To Submit A Claim For Overtime Pay.

You may submit a claim for overtime pay. To make a claim, you must fully complete the attached pre-printed Class Action Settlement Claim Form, sign and date it, and return the Form by mail to the Claims Administrator at the address shown above so that it is postmarked no later than _____. If you do not send in the Class Action Settlement Claim Form by _____, you will not receive any payment for your claim.

### 2.  You May Request Exclusion From The Class.

If you do not want to participate in this settlement, you can exclude yourself by "opting out." To opt out, you must prepare a written notice containing your printed name, residence address, and residence telephone number and mail it to the Claims Administrator so that it is postmarked no later than _____. You must specifically state in this written notice that you wish to be excluded from the class in the class action entitled *Kozminski et al. v. Charming Shoppes, of Delaware, Inc. and Fashion Bug of California, Inc.*, Los Angeles County Superior Court Case No. BC 292065. You must personally sign the written notice.

By electing to opt out of this settlement, you will not receive the benefits of any judgment or settlement in this class action. Rather, you will remain free to pursue individually any legal rights you may have against Fashion Bug by: i) retaining your own counsel to file an individual action; or ii) filing a claim with the California Labor Commissioner. Alternatively, you may choose not to pursue any claim against Fashion Bug.

Should you elect to opt-out, you will have the same amount of time remaining in which to bring a claim (if any) for overtime pay against the Defendants as you would have had on March 13, 2003, the date on which this action was originally filed.

### 3. You May Choose To Make An Objection To The Settlement.

You may make a claim for unpaid overtime pay and also object to the terms of the settlement. By doing so, you remain a member of the class. If you intend to object to the settlement, please send your written objection to the Claims Administrator at the address listed above postmarked no later than _____. If you wish to make an appearance at the Final Approval Hearing scheduled for _____, at _____.m., at Central Civil West Courthouse, 600 S. Commonwealth Ave., Los Angeles, CA 90005, in which the settlement will obtain final approval by the Court, please send written notice of your intent to appear to the Claims Administrator postmarked no later than _____. If you do not send a written objection and a Notice of Intent to Appear at the Final Approval Hearing to the Claims Administrator postmarked no later than _____, your objections will be waived.

### D.    ADDITIONAL INFORMATION

This Notice does not fully describe the lawsuit or the settlement. You may inspect the court files at the Office of the County Clerk, Central Civil West Courthouse, 600 S. Commonwealth Ave., Los Angeles, CA 90005, during the hours of 9:00 a.m. to 4:30 p.m.,



Monday through Friday.  Any questions regarding this Notice, this lawsuit, or these alternatives

should be directed to and/or sent to the Claims Administrator at the above address or telephone

number.  Alternatively, you may contact your own attorney, at your own expense, to advise you.

   You also may contact Class Counsel:

William E. Harris
Harris & Kaufman
15260 Ventura Boulevard, Suite 2250
Sherman Oaks, California 91403
Tel: (818) 990-1999
Fax: (818) 990-1966

   If your address changes, or is different from the address on the envelope enclosing this

Notice, please promptly notify the Claims Administrator.

   ***PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.***


Dated: _____, 2003        BY ORDER OF THE COURT


                                             _____
                                             The Hon. Charles W. McCoy
                                             Judge of the Superior Court



1
2
3
4
5
6
7

8 **SUPERIOR COURT OF CALIFORNIA**

9 **COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| 11  PATRICIA KOZMINSKI, an individual, and on behalf of all others similarly situated, | Case No. BC 292065 |
| 12 | |
| 13            Plaintiff, | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND AUTHORIZING NOTICE TO THE CLASS** |
| 14        vs. | |
| 15  CHARMING SHOPPES OF DELAWARE, INC., a Delaware corporation; FASHION BUG OF CALIFORNIA, INC., a California corporation; and DOES 1 to 100, inclusive, | Date:     October 27, 2003 |
| 16 | Time:     1:45 p.m. |
| 17 | Dept.:    CCW 323 |
| 18            Defendants | Judge    Hon. Charles W. McCoy |

19
20
21
22

23     The joint motion of the parties for an order (1) granting preliminary approval of the

24  settlement of this class action and  (2) authorizing notice to the class came on for hearing before

25  the Honorable Charles W. McCoy in the above entitled Court on October 27, 2003, at 1:45  p.m.

26

27     Good cause appearing therefore, IT IS HEREBY ORDERED:        Ex 3

28  1-LA/717896.1

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1        1.     The proposed settlement is granted preliminary approval as the Court finds the

2   settlement fair, just, reasonable and adequate to the Class Members;

3        2.     The Notice of Preliminary Approval of Class Action Settlement and Further Notice

4   of Hearing for Final Approval of Class Action Settlement (the "Notice of Settlement"), and the

5   Class Action Settlement Claim Form (the "Claim Form") attached hereto as Exhibit 1, are

6   approved to be disseminated to Class Members, and shall be transmitted to members of the class

7   via first class mail, postage prepaid, not later than 15 days after the entry of this Order.  In

8   addition, the Notice of Settlement together with the identification of the claims administrator will

9   be published, at Charming Shoppes, Inc.'s expense, in the Los Angeles Times, the San Francisco

10   Chronicle and the Sacramento Bee.  Notices will be ¼ of a page.

11        3.     Class Members who wish to participate in the Settlement Fund shall complete and

12   submit a Claims Form pursuant to the instructions contained therein. The deadline for submission

13   of Class Action Settlement Claim Forms is _____ (45 days from mailing of

14   Notice of Settlement).

15        4.     Class Members who wish to be excluded from the settlement, that is, to opt out,

16   shall submit, in writing, notification of his/her intent pursuant to the instructions contained in the

17   Notice of Settlement.  The deadline for opting out of the settlement is _____ (45

18   days from mailing of Notice of Settlement);

19        5.     Any objections to the proposed Settlement, or to the entry of the Judgment

20   approving the Settlement, shall be heard or considered by the Court at the Fairness Hearing only if

21   persons making such objections submit to the Claims Administrator their intention to appear,

22   setting forth the objections and basis relied upon, and copies of any papers in support of their

23   position on or before _____ (45 days from mailing of Notice of Settlement);

24        6.     Rust Consulting, Inc. is appointed Claims Administrator to handle the notice and

25   claims procedures as set forth in Stipulation for Class Action Settlement.

26        7.     The deadline to file Supplemental Briefs related to both the final fairness hearing

27   and requests for attorneys fees and costs is _____.

28

1-LA/717896.1

2

1    8.    On _____, at _____ __m. (at least 90 days after Notice to Class),

2    the Court will convene a hearing to finally determine whether the settlement should be approved

3    as reasonable, fair, and adequate, whether final approval of the settlement will be granted and, if

4    so, the reasonable amount of attorneys fees and costs to be approved. In addition, the Court will

5    finally determine whether the enhancements should be paid to the Class Representative and

6    whether Judgment of Dismissal with Prejudice should be entered.

7    9.    Upon final approval of the settlement, all Class Members who have not opted out,

8    whether or not they execute and deliver a Claim Form within the time provided for, shall be

9    barred from asserting any Released Claims, as defined in the Stipulation for Class Settlement,

10    against any of the Released Parties, as defined in the Stipulation for Class Settlement, and any

11    such Class Member shall conclusively be deemed to have released any and all such Released

12    Claims as against Released Parties.

13    10.    This Fairness Hearing or any related hearing may, from time to time and without

14    further notice to the Class Members, be continued or adjourned by order of the Court.

15    11.    Pending final approval of this settlement at the fairness hearing, neither the Class

16    Representatives nor any Class Member, either directly, representatively or in any other capacity,

17    shall commence or prosecute any action or proceeding, in any Court or tribunal asserting any of

18    the Released Claims against any one or all of the Defendants.

19

20

21    Dated: _____, 2003          BY ORDER OF THE COURT

22

23                                          _____

24                                          The Hon. Charles W. McCoy
                                            Judge of the Superior Court

25

26

27

28

1-LA/717896.1                               3

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    Approved as to form:

2    Dated: _____, 2003          MORGAN, LEWIS & BOCKIUS LLP
                                              ANDREW C. PETERSON
3

4

5                                            By _____
                                                Andrew C. Peterson
6                                               Attorneys for Defendants
                                                CHARMING SHOPPES OF
7                                               DELAWARE, INC. and FASHION BUG
                                                OF CALIFORNIA, INC.
8

9    Dated: _____, 2003          HARRIS & KAUFMAN
                                              WILLIAM E. HARRIS
10

11

12                                           By _____
                                                William E. Harris
13                                              Class Counsel

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1-LA/717896.1                                          4

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**KOZMINSKI v. FASHION BUG**
**L.A. Sup. Ct. Case No. BC 292065**
**Class Member Payout**

| NAME | $ AMOUNT |
|------|---------:|
| Alconero, Michelle | $2,166.01 |
| Angove, Penny | $2,205.96 |
| Arnold, Sheri | $4,602.54 |
| Beckner, Shirley | $1,180.75 |
| Bedingfield, Jerwanda | $1,513.31 |
| Bosworth, Stacy | $1,060.29 |
| Candelarias. Carmelita | $170.67 |
| Cardoza, Grace | $1,525.12 |
| Carrillo, Elizabeth | $6,000.37 |
| Castro, Leticia | $10,281.05 |
| Cazares, Miriam | $3,582.12 |
| Coombes, Nancy | $2,272.82 |
| Cordova, Victoria | $7,043.59 |
| Delfino, Charlene | $360.69 |
| Dore, Diana | $338.82 |
| Eckhoff, Sharon | $69.18 |
| Egan (Sanchez), Kelly | $5,819.19 |
| Ferguson, Crystal | $2,101.98 |
| Foree, Brandi | $1,488.46 |
| Fouse, Lisa | $439.50 |
| Fowler, Cheryl | $889.18 |
| Galli, Daniel | $1,980.95 |
| Ghattas, Diane | $2,661.06 |
| Goodin, Susan | $3,061.21 |
| Griego, Eunice | $1,757.91 |
| Gutierrez, Elva | $5,460.45 |
| Hall (Chamberlain), Brenda | $2,598.55 |
| Halliday, April | $313.08 |
| Hammond, Kimberly | $811.22 |
| Hardy, Melinda | $6,488.58 |
| Harris, Tami | $2,023.38 |
| Hernandez, Lorena | $1,679.29 |
| Hernandez, Rocio | $8,359.20 |
| Herrera, Esmeralda | $3,204.47 |
| Ibarra, Peggy | $1,966.85 |
| Infante-Garcia, Sandra | $5,133.81 |
| Ingram, Rebecca | $721.89 |

Ex 4

| NAME | $ AMOUNT |
|------|---------:|
| Ithierrivera, Crystal | $1,807.78 |
| Jacocks, Malaika | $1,097.86 |
| Jansen, Angela | $956.85 |
| Jaramillo (Penrod) Jennifer | $6,407.47 |
| Jurick, Sheila | $5,176.64 |
| Keen, Verlicia | $535.71 |
| Kenser, Gayla | $2,165.25 |
| Kozminski, Patricia | $7,620.62 |
| Lane (Iniguez), Blanca | $12,151.69 |
| Lane, Sheri | $2,756.28 |
| Lawhorn, Kelly | $109.09 |
| Lawler, Kelly | $9,477.89 |
| Lawson, Sara | $3,039.22 |
| Lingenfelter, Crystal | $1,528.42 |
| Lopez, Tina | $1,322.88 |
| Manapat, Gilbert | $6,281.60 |
| McEwen, Larry | $5,152.76 |
| McGriff, Deborah | $4,588.04 |
| Mejia, Theodora | $3,312.66 |
| Menchinella, Donna | $9,460.44 |
| Moore Debbie | $734.69 |
| Nelson, Shannon | $9,085.30 |
| Olguin, Mario | $2,532.87 |
| Ortega, Patricia (558477447) | $8,020.96 |
| Ortega, Patricia (604122289) | $2,731.23 |
| Payne, Lori | $1,412.01 |
| Paz, Kimberly | $9,253.03 |
| Pegg, Kelley Jo | $4,735.29 |
| Pendleton, Cathy | $2,210.28 |
| Perez (nee Payne), Lisa | $4,603.02 |
| Pierce, Wendy | $292.60 |
| Pryce-Mickens, Dalia | $1,278.55 |
| Quimby, Elise | $8,132.86 |
| Rae, Terie | $4,703.74 |
| Raumaker, Shannon | $3,688.77 |
| Reyes-Bailey, Linda | $4,973.81 |
| Richardson, Paulette | $2,742.37 |
| Roberts, Sherie | $551.02 |
| Rose, Sharlene | $423.40 |
| Royster, Katya | $3,810.20 |
| Ruiz, Monica | $76.53 |



| NAME | $ AMOUNT |
|------|---------:|
| Salinas, Connie | $1,775.10 |
| Sanchez, Yvonne | $1,609.50 |
| Scott, Wanda | $4,284.65 |
| Shearer, Shondell | $404.32 |
| Sheppard, Pauline | $2,244.28 |
| Singer, Laura | $528.83 |
| Stanger, Melissa | $3,199.56 |
| Taras, Cathey | $3,855.17 |
| Taylor, Lisa | $616.61 |
| Vallejo, Zuriema | $1,502.88 |
| Valori, Wilson | $1,299.82 |
| Verdugo, Georganna | $6,802.60 |
| Vidal, Grace | $961.15 |
| Walker, Barbara | $289.42 |
| Walker, Patricia | $620.19 |
| Wallace, Deshara | $2,023.20 |
| Watson, Deborah | $5,223.13 |
| Wilson, Janet | $6,005.16 |
| Wozolek, Shelli | $11,241.03 |
| Zapata, Craig | $7,801.01 |

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On October 13, 2003, I served the within documents:

### STIPULATION FOR CLASS ACTION SETTLEMENT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

William E. Harris
Harris & Kaufman
Valley Executive Tower
15260 Ventura Blvd., Suite 2250
Sherman Oaks, CA 91403

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 13, 2003, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

_Kelly Raleigh_
Kelly Raleigh

1-LA/717721.1

STIPULATION FOR CLASS ACTION SETTLEMENT