PETER M. HART (California Bar No. 198691)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

KENNETH H. YOON (California Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017-3383
Telephone:  (213) 612-0988
Facsimile:  (213) 947-1211

LARRY W. LEE (California Bar No. 228175)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower St., Suite 1370
The Citigroup Building
Los Angeles, CA 90071
Telephone:  (213) 488-6555
Facsimile:  (213) 488-6554

Attorneys for Plaintiff Shameika Moody

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIKA MOODY, as an individual and on behalf of others similarly situated,<br><br>          Plaintiff,<br>    vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation; LANE BRYANT, INC., a corporation; CHARMING SHOPPES, INC. a corporation, and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.:   C 07-06073 MHP<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) FAILURE TO PAY OVERTIME WAGES;**<br><br>**(2) VIOLATION OF LABOR CODE § 203;**<br><br>**(3)  VIOLATION OF LABOR CODE § 226.7;** |

1

**(4) FRAUD;**

**(5) VIOLATION OF LABOR CODE § 226;**

**(6) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.).**

**DEMAND FOR JURY TRIAL**

Plaintiff Shameika Moody (hereinafter referred to as "Plaintiff"), hereby submits her class action complaint against Defendants CHARMING SHOPPES OF DELAWARE, INC., LANE BRYANT, INC., CHARMING SHOPPES, INC. and DOES 1-20 (hereinafter collectively referred to as "DEFENDANTS") on behalf of herself and the class of all other similarly situated current and former employees of DEFENDANTS for overtime wages owed, meal period wages, waiting time penalties, and penalties or damages for failure to keep accurate records, restitution and injunctive relief as follows:

## INTRODUCTION

**1.** This class action is within the Court's jurisdiction under California <u>Labor Code</u> §§ 201-204, 226, 226.7, 1194, and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act).

**2.** This complaint challenges systemic illegal employment practices resulting in violations of the California <u>Labor Code</u> and <u>Business and Professions Code</u> against employees of DEFENDANTS.

**3.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all overtime wages due at the proper rate of overtime pay, all final wages due upon termination of employment, and in connection with DEFENDANTS' failure to keep all proper pay roll records of Plaintiff and Class Members.

**4.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California <u>Labor Code</u>,

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.   The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code.

<u>**JURISDICTION AND VENUE**</u>

6.   The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 1194 and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

7.   This Court has jurisdiction over Defendant Charming Shoppes of Delaware, Inc. as it represents that it is the employer of Plaintiff, it purposefully directs into California wage statements / paycheck paystubs to Plaintiff and thousands of California workers, including directing fraudulent wage statements, it purposefully directs into California payment of millions of dollars of wages to Plaintiff and to thousands of other California workers and makes payment of millions of dollars to California for employee payroll taxes and for employee State Disability payments, it works as a joint venturer, co-conspirator, and agent and principal with Lane Bryant, Inc. to get benefits from thousands of contacts with California resident workers and with California resident consumers.

8.   This Court has jurisdiction over Lane Bryant, Inc. as it is the admitted employer of Plaintiff and the class members numbering in the thousands, as well as operating dozens of stores in California, having managerial employees in California, is in wholesale violation of Labor Code Section 226 and thus on a daily basis falsely representing its status.

9.   This Court has jurisdiction over Charming Shoppes, Inc. as it is the parent owner of the wholly-owned subsidiary, Lane Bryant, Inc. and Charming Shoppes of Delaware, Inc., that the acts and the contacts of Lane Bryant, Inc. and Charming Shoppes of Delaware, Inc. can be

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

imputed to Charming Shoppes, Inc., and that Charming Shoppes, Inc. is a joint venturer, co-conspirator, principal, joint employer and integrated employment enterprise of Plaintiff and the class members and of all of the employees of Lane Bryant, Inc. and the other sister subsidiaries of Lane Bryant, Inc., having shared workers, shared managerial workers, shared human resources functions, handbooks, headquarters, and shares headquarters offices in Pennysylvania, wholly owns the subsidiaries such as Lane Bryant, Inc.

**10.** Venue is proper because the DEFENDANTS do business in California and in San Francisco County.

## **PARTIES**

**11.** Plaintiff SHAMEIKA MOODY was employed by DEFENDANTS from November 2006 until on or about July 2, 2007 as an assistant manager at one of DEFENDANTS' Lane Bryant retail stores in Pleasanton, California, which is a property owned and/or operated by DEFENDANTS.  Plaintiff was and is the victim of the policies, practices, and customs of DEFENDANTS complained of in this action in ways that have deprived her of the rights guaranteed to her by California <u>Labor Code</u> §§ 201-204, 226, 226.7, 1194, and California <u>Business and Professions Code</u> §17200, et seq., (Unfair Practices Act).

**12.**     Plaintiff is informed and believes and based thereon alleges Defendant CHARMING SHOPPES OF DELAWARE, INC.  (hereafter "CHARMING SHOPPES OF DELAWARE") was and is a corporation doing business in the State of California with retail stores in California and across the United States, employing thousands of California employees and paying wages in the millions of dollars to thousands of California employees and millions of dollars in California state payroll taxes to the State of California; Defendant LANE BRYANT, INC. (hereafter "LANE BRYANT") was and is a corporation doing business in the State of California and employing thousands of employees in Califonria; Defendant CHARMING SHOPPES, INC. was and is a corporation doing business in California, and jointly employing thousands of California employees in California including, but not limited to, employees at the retail stores operated under the wholly owned subsidiary companies of Lane Bryant, Fashion

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Bug, Catherines Plus Sizes, Petite Sophisticate Outlet, and Crosstown Traders, selling clothing and clothing accessories to the public on the retail level, including owning and operating retail stores in San Francisco County, California—collectively these above Defendants will be referred to hereafter as "DEFENDANTS".

13.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

14.    As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-204, 226, 226.7, 1194 and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

15.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 20, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16.    At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.    Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego

and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

18.    At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19.    At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

20.    **Definition:**  The named individual Plaintiff bring this action on behalf of herself and the class pursuant to California Code of Civil Procedure § 382. This action consists of the following Classes of employees (1) all of DEFENDANTS' past and present non-exempt employees employed in California during the period from October 11, 2003 to the present who were paid overtime wages and who were paid any form of incentive pay or were paid any form of non-discretionary bonuses, including sales bonuses and/or sales commissions, (2) all of DEFENDANTS' past and present non-exempt employees employed in California during the period from October 11, 2003 to the present who worked more than 5 hours in a shift; (3) all California persons to whom DEFENDANT CHARMING SHOPPES OF DELAWARE, INC. sent wage statements to during the period from October 11, 2003 to the present on which the wage statements set forth the name of Charming Shoppes of Delaware, Inc. and its address.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**21.    Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by from DEFENDANTS' records, including payroll records and time records. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS failed to (a) pay to Plaintiff and the class all overtime wages owed at the proper rate of overtime pay, (b) pay to Plaintiff and the class all final wages upon termination of employment, (c) provide proper meal periods in violation of Labor Code § 226.7, (d) keep proper payroll records in violation of Labor Code § 226 for Plaintiff and the class, (e) defrauded Plaintiff and members of the class numbering in the thousands through fraudulent statements, and (f) engaged in Unfair Business Practices, all in violation of IWC Wage Order No 7-2001.

**22.    Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past, have been appointed as class counsel by California courts, and currently have a number of wage-and-hour class actions pending in California state and federal courts.

**23.    DEFENDANTS** uniformly administered a corporate policy, practice of failing to (a) pay to Plaintiff and the class all overtime wages owed at the proper rate of overtime pay by failing to include all non-discretionary bonuses, commissions, and other incentive pay into the calculation and payment of overtime wages, (b) provide or allow Plaintiff to take meal periods in compliance with California Labor Code 226.7 and applicable IWC Wage Orders (c) to Plaintiff and the class all final wages upon termination of employment, (d) keep proper payroll records in violation of Labor Code § 226 for Plaintiff and the class, (e) defrauded Plaintiff and members of the class through fraudulent representations, and (f) engaged in Unfair Business Practices, all in violation of IWC Wage Orders.

**24.    Plaintiff** is informed and believes and based thereon alleges that DEFENDANTS, in violation of California <u>Labor Code</u> §§ 201 to 204, and 1194, respectfully, had a consistent and

uniform policy, practice of willfully failing to comply with <u>Labor Code</u> § 203. Plaintiff and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California <u>Labor Code</u> § 203.

25. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning DEFENDANTS' failure to (a) pay to Plaintiff and the class all overtime wages owed at the proper rate of overtime pay by failing to include all paid non-discretionary bonuses, commissions, and other incentive pay into the calculation and payment of overtime wages, (b) pay to Plaintiff and the class all final wages upon termination of employment, (c) provide proper meal periods in violation of Labor Code § 226.7, (d) keep proper payroll records in violation of Labor Code § 226, (e) defrauded Plaintiff and members of the class by fraudulent representations, and (f) engaged in Unfair Business Practices, all in violation of IWC Wage Order No 7-2001.

26. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the class in that Plaintiff has suffered the harms alleged in this Complaint in a similar and typical manner as the class members. Plaintiff is a member of the Classes and has suffered the alleged violations of California <u>Labor Code</u> §§ 201-204, 226, 226.7, 1194 and IWC Wage Order No. 7-2001 set forth in this Complaint and were defrauded by Defendant Charming Shoppes of Delaware, Inc. in the exact same fashion and manner, uniformly by fraudulent written represensions. Plaintiff and the class members were entitled to rely on and did rely on these fraudulent statements and representations of Defendant Charming Shoppes of Delaware, Inc.

27. The California <u>Labor Code</u> and <u>Civil Code</u> and common law upon which Plaintiff bases her claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from

exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

28.    The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

29.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

30.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid overtime, meal period premiums,,including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 226 and 1194 and Code of Civil Procedure § 1021.5.

**31.**     Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

**32.**     The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS.  The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**33.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set for herein.

**34.**     This cause of action is brought pursuant to <u>Labor Code</u> § 1194, et seq., which provides that employees are entitled to overtime wages and compensation for work performed, and provides a private right of action for failure to pay legal overtime compensation for overtime work performed.

**35.**     At all times relevant herein, DEFENDANTS were required to compensate its non-exempt, hourly employees for all overtime hours worked at the appropriate rate of overtime pay pursuant to California <u>Labor Code</u> § 1194 and the applicable IWC Wage Orders.

**36.**     As a pattern and practice, DEFENDANTS regularly required their non-exempt employees including Plaintiff and members of the class to work more than 8 hours per work day or more than 12 hours per day without the proper payment of all overtime wages earned at the proper rate of overtime wages.  Plaintiff and class members were not compensated at the appropriate rate of overtime pay for all overtime hours they worked and were subject to the control of DEFENDANTS, including all overtime they were suffered or permitted to work.

**37.**     As a pattern and practice, DEFENDANTS failed to include all paid non-

discretionary bonuses, sales bonuses, and/or sales commissions and other incentive pay into the regular rate when calculating and paying Plaintiff and DEFENDANTS' other non-exempt California employees proper overtime compensation for daily and weekly overtime hours worked at the appropriate overtime rate.

38.    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS' policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California Labor Code § 1194 and California Industrial Welfare Commission wage order(s). DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the class for overtime compensation earned as required by California law.

39.    The conduct of DEFENDANTS and their agents and employees as described herein was willful and intentional and part of a corporate policy and procedure and practice.

40.    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS willfully failed to pay employees proper compensation for all overtime hours worked at the appropriate rate of overtime pay.  Plaintiffs are informed and believe and based thereon allege that DEFENDANTS' willful failure to provide all overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

41.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 1194, et seq.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**SECOND CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**42.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set for herein.

**43.**     At all times relevant herein, DEFENDANTS were required to pay their non-exempt hourly employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

**44.**     As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and class members their final wages, including all overtime wages and meal period wages, pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**45.**     The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiff's and class members' rights, and done by managerial employees of DEFENDANTS.

**46.**     Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide all overtime wages and meal period wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**THIRD CAUSE OF ACTION**

**FOR VIOLATION OF LABOR CODE § 226.7 REGARDING MEAL PERIODS**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**47.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set for herein.

**48.**     DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including Plaintiff, and other members of the class, had the opportunity to take and

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    were provided with all proper meal periods in accordance with the mandates of the California

2    Labor Code and the applicable IWC Wage Order.  Plaintiff and the class were suffered and

3    permitted to work through legally required meal breaks and were denied the opportunity to take

4    their meal breaks.  As such, DEFENDANTS are responsible for paying premium compensation

5    for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 7 § 11(B)

6    and have failed to pay this compensation.  DEFENDANTS shall pay the each affected employee

7    one (1) hour of pay at the employee's regular rate of compensation for each workday that the

8    meal break was not provided and or denied.

9        **49.**    Plaintiff and class members regularly worked in excess of five (5) hours per day

10   and accordingly had a right to take a 30-minute meal period each day worked in excess of five

11   (5) hours.  Furthermore, Plaintiff and class members who worked in excess of ten (10) hours per

12   day had a right to take a second 30-minute meal period each day worked in excess of ten (10)

13   hours.

14       **50.**    As a pattern and practice, DEFENDANTS regularly required employees to work

15   through their meal periods without proper compensation and denied Plaintiff and their employees

16   the right to take proper meal periods as required by law and DEFENDANTS failed to keep

17   accurate records of meal breaks taken.

18       **51.**    This policy of requiring employees to work through their legally mandated meal

19   periods and not allowing them to take proper meal periods is a violation of California law.

20       **52.**    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS

21   willfully failed to pay employees who were not provided the opportunity to take meal breaks the

22   premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 7 § 11(B) and

23   that Plaintiff and those employees similarly situated as her are owed wages for the meal period

24   violations set forth above.  Plaintiff is informed and believes and based thereon alleges

25   DEFENDANTS' willful failure to provide Plaintiff and other members of the class the wages

26   due and owing them upon separation from employment results in a continued payment of wages

27   up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members

28

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**53.**    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 7 § 11(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

<u>FOURTH CAUSE OF ACTION</u>

**FOR FRAUD**

**(AGAINST DEFENDANT CHARMING SHOPPES**

**OF DELAWARE, INC. BY PLAINTIFF)**

**54.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 as though fully set for herein.

**55.**    Defendant Charming Shoppes of Delaware, Inc. directed into California written wage statements / paycheck paystubs ("wage statements") to Plaintiff when it paid her wages while she worked at Lane Bryant, Inc.  Such wage statements are mandated by California Labor Code Section 226 when an employer pays wages to its employees.

**56.**    Defendant Charming Shoppes of Delaware, Inc. on a corporate and managerial level (managers and officers known to Defendant), uniformly, intentionally, and knowingly represented on each of these wage statement that were directed to Plaintiff on her pay periods (dates of each such false representation are known to Defendant and each representation is known to Defendant) and similarly to the class of employees she represents, that it was the employer of Plaintiff and the class members.  Each of these uniform corporate-level written representations of Defendant Charming Shoppes of Delaware, Inc. on the wage statements that it was the employer, by its own admission were and are false.

**57.**    Plaintiff reasonably relied on these false representations of Defendant Charming Shoppes of Delaware, Inc. and had no reason to doubt this false representation or to believe that

it was false at the time she relied on it.

58.    Plaintiff in relying on these false representations of Charming Shoppes of Delaware, Inc. was harmed and suffered injury and damages.

59.    Plaintiff seeks for herself and the class she represents, damages, including consequential and punitive and exemplary damages against Charming Shoppes of Delaware, Inc. Punitive and exemplary damages are warranted against Charming Shoppes of Delaware, Inc. as its actions, as set forth above, were done with fraud, malice, and oppression to support the award of punitive damages.

### FIFTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

60.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 as though fully set for herein.

61.    DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the the name of the employer, rates of pay and the total amount of compensation and wages of their California employees in pay periods.  DEFENDANTS, as a matter of policy and practice, did not and do not maintain accurate records in violation of Labor Code § 226 by failing as a matter of uniform policy, practice and procedure state the legal name and address of the entity who is the employer of Plaintiff and the class members, including specifically Lane Bryant, Inc.'s failure to state on Plaintiff's and class members' wage statements that it is the employer of Plaintiff and these class members, failing to keep accurate records of Plaintiff's and the class members' rates of pay, by failing to include all earned non-discretionary bonuses, commissions, and other incentive wages of Plaintiff and class members, by failing to keep accurate records of rates of overtime pay, by failing to include all earned non-discretionary bonuses, commissions, and other incentive pay, net wages earned, daily or weekly overtime pay, taxes being withheld, Social Security taxes being paid, and by failing to keep accurate records of hours worked in pay periods.

1    **62.**    Such a pattern, practice and uniform administration of corporate policy as

2    described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class

3    identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226,

4    including interest thereon, attorney's fees, and costs of suit according to the mandate of

5    California Labor Code § 226.

6    **63.**    DEFENDANTS' wrongful and illegal conduct in failing to accurately record the

7    hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so,

8    unless and until enjoined and restrained by order of this court, will cause great and irreparable

9    injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to

10   violate these California laws, represented by labor statutes, unless specifically ordered to comply

11   with same.  This expectation of future violations will require current and future employees to

12   repeatedly and continuously seek legal redress in order to gain compensation to which they are

13   entitled under California law.  Plaintiff has no other adequate remedy at law to insure future

14   compliance with the California labor laws and wage orders alleged to have been violated herein.

15                              **SIXTH CAUSE OF ACTION**

16             **FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

17                        **(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

18   **64.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 as

19   though fully set for herein.

20   **65.**    DEFENDANTS, and each of them, have engaged and continue to engage in unfair

21   and unlawful business practices in California by practicing, employing and utilizing the

22   employment practices outlined above, include, to wit, by failing to (a) pay Plaintiff and the class

23   all overtime wages owed at the proper rates of overtime pay and (b) pay Plaintiff and the class all

24   wages owed of meal periods not properly taken and denied, and (c) failing to state on wage

25   statements / paycheck paystubs the name of the legal entity who is the employer of Plaintiff in

26   violation of and the class members, including specifically Lane Bryant, Inc.'s failure to state on

27   Plaintiff's and class members' wage statements that it is the employer of Plaintiff and these class

members.

**66.**    Further, Defendant CHARMING SHOPPES OF DELAWARE, INC. engaged and engages in misleading, fraudulent, unfair, and unlawful business practices in, by its admission, stating on Labor Code 226 wage statements / paycheck paystubs that it is the employer of Plaintiff and the class members who worked at Lane Bryant, Inc. when it actually contends that it is not the employer of Plaintiff and the class members who worked at Lane Bryant, Inc.

**67.**    DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

**68.**    Plaintiff seeks, on her own behalf, on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

**69.**    Plaintiff seeks, on her own behalf, on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

**70.**    Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SHAMEIKA MOODY prays for judgment for herself and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1.    For an order certifying the proposed class;

2.    For an order appointing Plaintiff as the representative of the class;

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

3.  For an order appointing Counsel for Plaintiff as class counsel;

4.  Upon the First Cause of Action, for wages and consequential damages according to proof, and for waiting time penalties according to proof pursuant to California <u>Labor Code</u> § 203;

5.  Upon the Second Cause of Action, for waiting time penalties according to proof pursuant to California <u>Labor Code</u> § 203;

6.  Upon the Third Cause of Action, for wages owed for meal periods and for waiting time penalties according to proof pursuant to California <u>Labor Code</u> § 203;

7.  Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in California <u>Labor Code</u> § 226, and for costs and attorney's fees;

8.  Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of <u>Business and Professions Code</u> § 17200 et seq., for an injunction to prohibit Defendants to engage in the unfair business practices complained of herein, for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

9.  On all causes of action for attorneys fees and costs as provided by California <u>Labor Code</u> §§ 226 & 1194 and <u>Code of Civil Procedure</u> § 1021.5 and for such other and further relief the Court may deem just and proper.

**Dated:  January 18, 2008**                         **LAW OFFICES OF PETER M. HART**

**By: _____/s/_____**
                    **Peter M. Hart, Esq.**
                    **Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Plaintiff, for herself and the class, hereby demands a jury trial as provided by California law.

**DATED:  January 18th, 2008**                **LAW OFFICES OF PETER M. HART**


                                              **By:  _____/s/_____**
                                                     **Peter M. Hart**
                                                     **Attorney for Plaintiff**

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**