1  JOHN S. BATTENFELD, State Bar No. 119513
   ALBERT HUANG, State Bar No. 193005
2  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA 90071-3132
4  Tel: 213.612.2500
   Fax: 213.612.2501
5  E-mail:  jbattenfeld@morganlewis.com
              ahuang@morganlewis.com
6
   ERIC MECKLEY, State Bar No. 168181
7  STEVEN J. GARRETT, State Bar No. 221021
   MORGAN, LEWIS & BOCKIUS LLP
8  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
9  Tel: 415.442.1000
   Fax: 415.442.1001
10 E-mail:  emeckley@morganlewis.com
              steven.garrett@morganlewis.com
11
   Specially Appearing for Defendant
12 CHARMING SHOPPES OF DELAWARE, INC.

13

14                    UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17 SHAMEIKA MOODY, as an individual          Case No. C 07-06073 MHP
   and on behalf of others similarly situated,
18                                            **DEFENDANT CHARMING SHOPPES OF**
                                              **DELAWARE, INC.'S REPLY IN SUPPORT**
19              Plaintiff,                    **OF MOTION TO DISMISS FOR LACK OF**
                                              **PERSONAL JURISDICTION**
   vs.
20                                            Date:     February 11, 2008
   CHARMING SHOPPES OF                        Time:     2:00 p.m.
21 DELAWARE, INC., a corporation, and
   DOES 1 through 20, inclusive,
22
                                              [Fed. R. Civ. Proc. 12(b)(2)]
23              Defendant.                    [SPECIAL APPEARANCE ONLY]

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  LOS ANGELES

1

## TABLE OF CONTENTS

2
                                                                        **Page**

3  I.      INTRODUCTION ............................................................................................ 1

4  II.     DEFENDANT'S PROVISION OF ADMINISTRATIVE SERVICES TO LANE
           BRYANT IS INSUFFICIENT TO ESTABLISH PERSONAL JURISDICTION ............ 2

5  III.    PLAINTIFF'S VARIOUS PROPOSED THEORIES SEEKING TO IMPUTE
           LANE BRYANT'S CALIFORNIA CONTACTS TO DEFENDANT ALL FAIL............ 4

6          A.    Defendant Was Not Plaintiff's Joint Employer ....................................... 5

7          B.    The "Integrated Enterprise" Theory Cannot Be Used to Establish Personal
                 Jurisdiction .............................................................................................. 6

8          C.    Defendant Is Not an Alter Ego of Lane Bryant...................................... 8

9          D.    Lane Bryant Was Not an Agent of Defendant ....................................... 10

10 IV.     DEFENDANT HAS NOT DIRECTED ANY FRAUD INTO CALIFORNIA................ 11

   V.      DEFENDANT HAS NOT WAIVED PERSONAL JURISDICTION AS A
11         DEFENSE ...................................................................................................... 12

12 VI.     PLAINTIFF HAS NOT ESTABLISHED A COLORABLE SHOWING OF
           PERSONAL JURISDICTION TO JUSTIFY DISCOVERY ON THIS ISSUE ............. 13

13 VII.    CONCLUSION............................................................................................... 15

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

# TABLE OF AUTHORITIES

2

Page

3

**Cases**

4

*Agnello v. Paragon Development, Ltd.,*
   2008 WL 45260, at *5 (W.D. Pa. Jan. 2, 2008) ........................................................... 4

5

*Amer. Tel. & Telegraph Co., v. Compagnie Bruxelles Lambert,*
   94 F.3d 586 (9th Cir. 1996) ........................................................................................... 8

6

7

*AT&T v. Compagnie Bruxelles Lambert,*
   94 F.3d 586, 591 (9th Cir. 1996) .................................................................................. 8

8

*Bonnette v. Cal. Health and Welfare Agency,*
   704 F.2d 1465 (9th Cir. 1983) ...................................................................................... 5

9

10

*Calvert v. Huckins,*
   875 F.Supp. 674 (E.D. Cal. 1995) ......................................................................... 4, 9, 13

11

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,*
   334 F.3 390, 402-403 .................................................................................................. 14

12

13

*Cavert v. Hickins,*
   875 F. Supp. 674 (E.D. Cal. 1995) ............................................................................... 8

14

*Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.,*
   230 F.3d 934 (7th Cir. 2000), *cert denied* 532 U.S. 943, 121 S.Ct. 1406 (2001) .............. passim

15

16

*Dunn v. Svitzer,*
   885 F.Supp. 980 (S.D. Tex.) ........................................................................................ 4

17

*Garcia v. San Antonio Metro. Transit. Auth.,*
   469 U.S. 528 (1985) ..................................................................................................... 5

18

19

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.,*
   328 F.3d 1122 (9th Cir. 2003) ...................................................................................... 11

20

*Hukill v. Auto Care, Inc.,*
   192 F.3d 437 (4th Cir. 1999) ................................................................................. 3, 6, 7

21

22

*In re Ski Train Fire In Kaprun,*
   2006 WL 538200 *3 (S.D.N.Y. 2006) .......................................................................... 8

23

*International Shoe Co. v. Washington,*
   326 U.S. 310, 66 S. Ct. 154, 158 (1945) ...................................................................... 5

24

25

*Isenberg v. California Employment Stabilization Comm'n,*
   30 Cal.2d 34 (1947) ..................................................................................................... 6

26

*Kang v. U. Lim America, Inc.,*
   296 F.3d 810 (9th Cir. 2002) ....................................................................................... 7

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    *Katzir's Floor & Home Design, Inc. v. M-MLS.com*,
       394 F.3d 1143 (9th Cir. 2004)..................................................................... 9

4

5    *Maddock v. KB Homes, Inc.*,
       2007 WL 4287627, at * 6 (Oct. 18, 2007) ...................................... 6, 7, 9, 11

6    *Mitan v. Feeney*,
       497 F.Supp.2d 1113 (C.D. Cal. 2007) ........................................................ 13

7

8    *Nordberg v. Trilegiant Corp.*,
       445 F.Supp.2d 1082 (N.D. Cal. 2006) ........................................................ 10

9    *Parker v. Columbia Pictures Ind.*,
       204 F.3d 326 (2nd Cir. 2000) ...................................................................... 7

10

11   *Pebble Beach Co. v. Caddy*,
       453 F.3d 1151 (9th Cir. 2006)..................................................................... 14

12   *Reynolds v. Bement*,
       36 Cal.4th 1075 (2005) .............................................................................. 5

13

14   *Rich v. KIS Cal., Inc.*,
       121 F.R.D. 254 (M.D.N.C. 1988) ............................................................... 14

15   *Russell v. Enter. Rent-A-Car Co. of Rhode Island*,
       160 F. Supp 2d 239 (D. R.I. 2001)............................................................... 7

16

17   *Sher v. Johnson*,
       911 F.2d 1357 (9th Cir. 1990)..................................................................... 12

18   *Singh v. 7-Eleven, Inc.*,
       2007 WL 715488, at *6 (N.D. Cal. March 8, 2007) ................................... 5, 6

19

20   *Sonora Diamond Corp. v. Sup. Ct.*,
       83 Cal. App. 4th 523 (2000) .................................................................. 8, 10

21   *Spiegel v. Shulmann*,
       2006 WL 3483922, at *11 (E.D.N.Y. Nov. 30, 2006)..................................... 4

22

23   *Transure, Inc. v. Marsh & McLennan, Inc.*,
       766 F.2d 1297 (9th Cir. 1985)...................................................................... 8

24   *United Electrical v. 163 Pleasant Street Corp.*,
       960 F.2d 1080 (1st Cir. 1992) ...................................................................... 6

25

26   *Universal Paragon Corp. v. Ingersoll-Rand Co.*,
       2007 WL518828, at *5 (N.D. Cal 2007)........................................................ 8

27   *Wickham v. Southland Corp.*,
       168 Cal.App.3d 49 (1985)............................................................................ 6

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

1

**TABLE OF AUTHORITIES**
(continued)

2                                                                                   **Page**

3    **Statutes**

4    Labor Code section 226 ............................................................ 1, 11, 12

5    Labor Code Section 226(a) ............................................................. 11

6    Rule 12(b)(2).................................................................................. 13

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv

DEF.'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS – C 07-06073-MHP

1    ## I.    **INTRODUCTION**

2    Plaintiff Shameika Moody ("Plaintiff") takes a "kitchen sink" approach in her opposition

3    to Defendant Charming Shoppes of Delaware, Inc.'s ("Defendant") motion to dismiss for lack of

4    personal jurisdiction. Plaintiff asserts that Defendant was the joint employer, principal, parent

5    and/or subsidiary, alter-ego, and co-conspirator of her actual employer, Lane Bryant, Inc. ("Lane

6    Bryant"), such that Lane Bryant's contacts with California should be imputed to Defendant. All

7    of these theories are premised on the same fact—that Defendant provides certain *administrative*

8    *services* to Lane Bryant (as well as sister companies). However, courts have consistently held

9    that "a corporate parent may provide administrative services for its subsidiary in the ordinary

10   course of business without calling into question the separateness of the two entities for purposes

11   of personal jurisdiction." *Central States, Southeast and Southwest Areas Pension Fund v. Reimer*

12   *Express World Corp.*, 230 F.3d 934, 945 (7th Cir. 2000), *cert denied* 532 U.S. 943, 121 S.Ct.

13   1406 (2001).

14   Plaintiff also seeks to muddy the waters by making arguments about Defendant's alleged

15   liability under California law. This alleged liability stems from Defendant's provision of payroll

16   services to Lane Bryant, and so does not establish personal jurisdiction under the law. Further,

17   the Ninth Circuit has made clear that liability and jurisdiction are <u>independent</u> questions, and that

18   pleading a theory of liability is not sufficient to establish personal jurisdiction. *See American*

19   *Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 590-591 (9th Cir.

20   1996). Plaintiff's repeated reference to Plaintiff's pay stub and Labor Code section 226 does not

21   change this analysis. Section 226 only regulates the conduct of (and allows for statutory liability

22   as to) the "employer"—it does not apply to a third-party service provider, which is the role

23   performed by Defendant here. To the extent Plaintiff asserts an alleged violation of Section 226,

24   that is an alleged statutory claim to be taken up with Lane Bryant, Inc., and cannot be converted

25   into a tort claim against Defendant. Moreover, regardless of whether an alleged statutory or tort

26   claim may be brought based upon the information on Plaintiff's pay stub, pleading such a claim

27   does not establish, and is irrelevant to, the question of personal jurisdiction. Personal jurisdiction

28   depends on whether a defendant has sufficient contacts with the forum state. Here, Defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEF.'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS – C 07-06073-MHP

1  does not have "substantial" or "continuous and systematic" contacts with California and has not

2  purposely availed itself of the privileges of doing business in California.  As there is no general or

3  specific personal jurisdiction over Defendant, the Court must dismiss Defendant from this action.[1]

4  **II.    DEFENDANT'S PROVISION OF ADMINISTRATIVE SERVICES TO LANE**

5  **BRYANT IS INSUFFICIENT TO ESTABLISH PERSONAL JURISDICTION**

6          Plaintiff claims that Defendant has had "significant systematic and continuous contacts"

7  with California by issuing paychecks and wage statements to Lane Bryant employees and by

8  paying employment taxes.  *See* Opp., pg. 11.  But, Plaintiff cites no authority for the proposition

9  that payroll processing or payment of employment taxes is sufficient to establish personal

10  jurisdiction.

11          To the contrary, courts have consistently held that the provision of administrative

12  services—including by one corporation to a sister or subsidiary corporation—is "not sufficient

13  minimum contacts to support the exercise of jurisdiction."  *Central States,* 230 F.3d at 945.  In

14  *Central States*, a pension fund filed suit in Illinois against a parent Canadian company (REE) for

15  withdrawal liability under the Multiemployer Pension Plan Amendments Act of 1980

16  ("MPPAA").  The plaintiff argued that the defendant was liable for the actions of its subsidiary

17  (ICTL), which went out of business, stopped contributing to the fund, and thus incurred MPPAA

18  withdrawal liability.  *Id.* at 938.  The defendant was the corporate "great-grandparent" of the

19  subsidiary and provided it with administrative services, including *payroll services.  Id.* at 937,

20  945-46.  The Seventh Circuit affirmed the district court's granting of the defendant's motion to

21  dismiss for lack of personal jurisdiction.  The court adopted the rule that "a corporate parent may

22  provide administrative services for its subsidiary in the ordinary course of business without

23

24  [1]    Defendant originally moved for dismissal of the entire action as it was the only named
25    defendant.  Plaintiff has recently filed a First Amended Complaint adding Lane Bryant,
      Inc. and Charming Shoppes, Inc. as defendants.  *See* Docket No. 32.  To date, those
26    defendants have not been served.  If they are served, dismissal will be sought on various
      grounds, including lack of personal jurisdiction (as to parent corporation Charming
27    Shoppes, Inc.) and the pendency of an identical action filed by Plaintiff in state court (as
      to Plaintiff's actual employer, Lane Bryant).
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3                    2                    DEF.'S REPLY BRIEF IN SUPPORT OF
                                                     MOTION TO DISMISS – C 07-06073-MHP

1   calling into question the separateness of the two entities for purposes of personal jurisdiction."

2   *Id.* at 945. The *Central States* court reasoned:

3
>           The basis for this proposition is much the same as for the more
>           general principle that jurisdiction over a parent cannot be based
4           merely on jurisdiction over a subsidiary. Parent corporations
>           regularly provide certain services to their subsidiaries. Such
5           parents do not expect that performing these activities may subject
>           them to liability because of the actions of the subsidiaries. Thus,
6           such standard services are not sufficient minimum contacts to
>           support the exercise of jurisdiction.
7

8   *Id.* at 945. The court concluded that "Illinois could not constitutionally exercise jurisdiction on

9   the basis of these administrative services that REE provided to ICTL." *Id.* at 946.

10          Here, as in *Central States,* Defendant provided certain administrative services, including

11  payroll services, to Lane Bryant, its sister corporation. Lane Bryant paid Defendant a fee for

12  these services. *See* Declaration of Elizabeth A. Ackley ("Ackley Decl."), ¶ 3. Under the rule set

13  forth in *Central States,* the provision of such services is simply not a basis for personal

14  jurisdiction. *Cf. Hukill v. Auto Care, Inc.,* 192 F.3d 437, 443 (4th Cir. 1999) (noting that

15  affiliated corporations' purchase of administrative services, including payroll services, from sister

16  corporation "is not unusual in today's business climate and is of no consequence" in determining

17  that corporations were not "integrated employer" and administrative services corporation was not

18  the plaintiff's employer).

19          Plaintiff fails to address this authority in arguing that the sheer volume of payroll that

20  Defendant provided somehow transforms Defendant's insufficient minimum contacts into a basis

21  for personal jurisdiction. *See, e.g.,* Opp., pg. 6 ("Defendant has been sending millions of dollars

22  weekly into California . . . [and] purposefully directing into California thousands of wage

23  statements/paycheck paystubs"). But, Plaintiff again cites no authority for this argument. Rather,

24  courts have repeatedly declined to exercise personal jurisdiction over companies that provide

25  payroll services. *See, e.g., Central States,* 230 F.3d at 945-46; *Kyle v. CRW Affiliated P'ship,*

26  2001 WL 899639 (S.D. Ind. 2001) (dismissing company from action for lack of personal

27  jurisdiction where company "issued . . .paychecks" for actual employer and provided "payroll

28  services").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEF.'S REPLY BRIEF IN SUPPORT OF
                                                              MOTION TO DISMISS – C 07-06073-MHP

1    The fact that Defendant's administrative services include legal consultation is also

2    insufficient grounds for jurisdiction. *See, e.g., Calvert v. Huckins*, 875 F.Supp. 674, 678 (E.D.

3    Cal. 1995) (finding that parent company's provision of legal services to subsidiary is "simply too

4    insubstantial to warrant a finding of general jurisdiction" over the parent).  In fact, courts have so

5    uniformly rejected an "administrative services" basis for personal jurisdiction that even an

6    entity's provision of a whole host of services beyond payroll and legal services does not create

7    jurisdiction. *See Spiegel v. Shulmann*, 2006 WL 3483922, at *11 (E.D.N.Y. Nov. 30, 2006)

8    (concluding that no personal jurisdiction existed over out-of-state company despite its provision

9    of administrative services that included "<u>accounts payable, accounts receivable, bookkeeping,</u>

10   <u>payroll, marketing, legal services, training, employee health insurance, and the like</u>"); *Dunn v.*

11   *Svitzer*, 885 F.Supp. 980, 988-89 (S.D. Tex.) (declining to exercise personal jurisdiction over

12   parent company that provided "<u>accounting, payroll, claims and risk management, reporting and</u>

13   <u>data management services</u>") (emphasis added).

14   Plaintiff also argues that general jurisdiction exists over Defendant in California because it

15   allegedly "pays the employment taxes" of Lane Bryant employees.  Opp., pg. 11.  However,

16   courts have held that the payment of payroll taxes in a state is insufficient to establish personal

17   jurisdiction there. *See, e.g., Agnello v. Paragon Development, Ltd.*, 2008 WL 45260, at *5 (W.D.

18   Pa. Jan. 2, 2008) (finding no personal jurisdiction over defendant in Pennsylvania despite

19   defendant's issuance of paychecks in Pennsylvania, receipt of a state identification number for

20   payment of *Pennsylvania taxes*, withdrawal of *state taxes* from paychecks, filing of quarterly and

21   yearly state *tax reports*, and payment of *unemployment taxes* on workers' behalf).

22   **III.    PLAINTIFF'S VARIOUS PROPOSED THEORIES SEEKING TO IMPUTE LANE**

23   **BRYANT'S CALIFORNIA CONTACTS TO DEFENDANT ALL FAIL**

24   Plaintiff throws out various theories of jurisdiction, all based on the underlying, erroneous

25   premise that Defendant's provision of administrative services to Lane Bryant creates a legally-

26   significant relationship between the two corporations.  Plaintiff boldly asserts that Defendant was

27   the joint employer, "integrated enterprise," alter-ego, or parent of Lane Bryant such that Lane

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3                          4                    DEF.'S REPLY BRIEF IN SUPPORT OF
                                                           MOTION TO DISMISS – C 07-06073-MHP

1   Bryant's California contacts can be imputed to Defendant to establish personal jurisdiction.

2   These theories are not viable as a matter of law and are not supported by any facts.

3       **A.    Defendant Was Not Plaintiff's Joint Employer.**

4       Plaintiff contends that Defendant was her "joint employer" with Lane Bryant and thus

5   should be subject to personal jurisdiction. To support this argument, she summarily asserts that

6   "Defendant [was] the employer of Plaintiff, thus easily establishing personal jurisdiction . . . ."

7   Opp., pg. 9. There is no authority for Plaintiff's blanket proposition that the mere pleading,

8   without any supporting facts, that a defendant is one's employer subjects that defendant to

9   jurisdiction. Such an approach ignores the longstanding crux of personal jurisdiction—an

10  analysis of each defendant's specific contacts with the forum state. *See, e.g., International Shoe*

11  *Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). In fact, cases that have

12  addressed a "joint employer" argument for personal jurisdiction have done so within recognized

13  theories, specifically the alter ego and agency theories of jurisdiction discussed below.[2]

14      Even assuming that Defendant's purported status as Plaintiff's "employer" was sufficient

15  to establish personal jurisdiction, Plaintiff alleges no facts that Defendant was her employer. The

16  California Labor Code under which Plaintiff asserts her wage and hour claims does not

17  specifically define the term "employer." *E.g., Singh v. 7-Eleven, Inc.,* 2007 WL 715488, at *6

18  (N.D. Cal. March 8, 2007).[3] California courts, however, have consistently recognized that the

19  _____

[2] To the extent Plaintiff equates her "joint employer" argument with an "integrated
20  enterprise" theory of personal jurisdiction, Defendant addresses Plaintiff's "integrated
    enterprise" argument in the next section of the reply. *See* Opp., pg. 18 ("Defendant could
21  likely be a joint employer or 'integrated enterprise' with CSI and/or Lane Bryant.")

[3] In determining whether a defendant is a joint employer under the Fair Labor Standards
22  Act ("FLSA"), courts look to the "economic reality" behind the relationship and typically
    consider the following four factors: (1) the power to hire and fire the employees, (2)
23  supervision and control of employee work schedules or conditions of employment, (3)
    determination of the rate and method of payment, and (4) maintenance of employment
24  records. *Bonnette v. Cal. Health and Welfare Agency,* 704 F.2d 1465, 1470 (9th Cir.
    1983), *disapproved of on other grounds in Garcia v. San Antonio Metro. Transit. Auth.,*
25  469 U.S. 528 (1985). The California Supreme Court has suggested, however, that the
    federal definition of "employer" is inapplicable under California law. *See Reynolds v.*
26  *Bement,* 36 Cal.4th 1075, 1088 (2005). Even if applied here, Plaintiff again asserts no
    facts establishing any of these factors, and the evidence shows that these factors are not
27  present.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3                                5          DEF.'S REPLY BRIEF IN SUPPORT OF
                                                        MOTION TO DISMISS – C 07-06073-MHP

1    principal test for determining the existence of an employment relationship is the right of control

2    over the manner or means of accomplishing the work desired. *Isenberg v. California*

3    *Employment Stabilization Comm'n*, 30 Cal.2d 34, 39 (1947); *Wickham v. Southland Corp.*, 168

4    Cal.App.3d 49, 54 (1985). Defendant exercises no control over Lane Bryant's operations and

5    does not manage or direct the work of any California employees of Lane Bryant, including

6    Plaintiff. *See* Sullivan Decl., ¶¶6-8. Rather, Lane Bryant owns and operates all Lane Bryant

7    stores in California and was Plaintiff's sole employer. *See* Sullivan Decl., ¶10; Camoratto Decl.,

8    ¶4.

9        Finally, Defendant's provision of administrative services to Lane Bryant does not

10    establish that it was a joint-employer of Lane Bryant's workers. *See, e.g., Maddock v. KB Homes,*

11    *Inc.,* 2007 WL 4287627, at * 6 (Oct. 18, 2007) (finding that parent company's maintenance of a

12    database of information on its subsidiary's employees and provision of shared payroll services

13    were "as a matter of law insufficient to establish that [parent company] was plaintiff's joint

14    employer under the [FLSA]"); *Singh,* 2007 WL 715488, at *6 (concluding that franchisor's

15    "ministerial functions" in providing "all payroll functions, including keeping and generating time

16    records; withholding and paying federal and state taxes, worker's compensation premiums, and

17    EDD taxes; calculating, generating, and delivering the employees' paychecks" do not create an

18    indicia of control sufficient to demonstrate that the franchisor is a joint employer for FLSA and

19    California Labor Code claims); *Hukill,* 192 F.3d at 443 (noting that corporations' purchase of

20    administrative services from sister corporation was of no consequence in determining that

21    corporations were not single employer).

22        **B.    The "Integrated Enterprise" Theory Cannot Be Used to Establish Personal**

23            **Jurisdiction.**

24        Plaintiff further contends that Defendant is an "integrated enterprise" with Lane Bryant.

25    The integrated enterprise theory, however, is a theory for <u>establishing liability</u> under federal anti-

26    discrimination law over a related business entity and is *not* a basis for asserting personal

27    jurisdiction. *See United Electrical v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1096 (1st Cir.

28    1992) (rejecting application of "integrated enterprise" theory to determine issues of personal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3                    6                    DEF.'S REPLY BRIEF IN SUPPORT OF
                                                      MOTION TO DISMISS – C 07-06073-MHP

1    jurisdiction); *see also Russell v. Enter. Rent-A-Car Co. of Rhode Island*, 160 F. Supp 2d 239, 246

2    (D. R.I. 2001) (same).

3    The two "integrated enterprise" cases that Plaintiff cites in her Opposition, *Kang v. U. Lim*

4    *America, Inc.,* 296 F.3d 810 (9th Cir. 2002) and *Parker v. Columbia Pictures Ind.*, 204 F.3d 326

5    (2nd Cir. 2000), both apply the integrated enterprise test to determine *liability* of a related

6    business entity under Title VII and the ADA respectively–*not* personal jurisdiction over that

7    entity. *See* Opp., pgs. 18-19. Specifically, these decisions hold that the employees of the actual

8    employer and the related entity can be aggregated to meet the employee threshold for coverage

9    under federal anti-discrimination statutes, such as the 15-employee requirement under Title VII.

10   *See Kang,* 296 F.3d at 815-816; *Parker*, 204 F.3d at 341-42. Neither decision applies the

11   integrated enterprise to determine personal jurisdiction.

12   Even assuming the integrated enterprise theory could be used to establish personal

13   jurisdiction, Plaintiff has not alleged any facts sufficient to demonstrate personal jurisdiction

14   under such theory. Plaintiff simply asserts that Defendant provides certain administrative

15   services to Lane Bryant and that both companies share the identical location of their corporate

16   headquarters, and then summarily concludes that "[u]nder such circumstances, it could certainly

17   evidence common management and thus an integrated enterprise." *See* Opp., pg.19. Plaintiff's

18   assertions are incorrect and irrelevant. First, Defendant and Lane Bryant do *not* share corporate

19   headquarters. Lane Bryant is headquartered in Columbus, Ohio; Defendant is headquartered in

20   Pennsylvania. *See* Ackley Decl., ¶2; Sullivan Decl., ¶ 3. Second, Defendant's mere provision of

21   administrative services does not constitute "(1) interrelation of operations; (2) common

22   management; (3) centralized control of labor relations; and (4) common ownership or financial

23   control" such that Lane Bryant and Defendant could be considered an "integrated enterprise".

24   *Kang,* 296 F.3d at 815; *see Hukill*, 192 F.3d at 443-44 (rejecting argument that defendant was

25   "integrated employer" with sister corporation to whom it provided administrative services;

26   *Maddock v. KB Homes,* 2007 WL 4287627, at *10-11 (same).

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3                                      7                        DEF.'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS – C 07-06073-MHP

C.    **Defendant Is Not an Alter Ego of Lane Bryant.**

Plaintiff has failed to put forth any evidence to support her alter ego theory of personal jurisdiction. Courts within this Circuit have uniformly held that the mere existence of a parent/subsidiary or affiliate relationship does not establish personal jurisdiction without the plaintiff first offering admissible evidence sufficient to make a prima facie "alter ego" showing. *See, e.g., AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996); *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299-1300 (9th Cir. 1985). To establish an alter ego relationship between companies, Plaintiff must demonstrate that (1) there is such unity of interest and ownership between the corporations that their separate personalities no longer exist, *and* (2) recognizing their separate corporate identities would result in fraud or injustice. *Amer. Tel. & Telegraph Co., v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996). Application of the alter ego doctrine is appropriate only when corporate formation has been used with the intent "to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose." *Universal Paragon Corp. v. Ingersoll-Rand Co.*, 2007 WL518828, at *5 (N.D. Cal 2007), *citing Sonora Diamond Corp. v. Sup. Ct.*, 83 Cal. App. 4th 523, 538 (2000).

First, the alter ego theory does not apply here. Plaintiff's employer, Lane Bryant, is simply not a subsidiary of Defendant, and therefore Lane Bryant's California contacts cannot be imputed to Defendant under the parent-subsidiary context in which the alter ego theory is applied. Lane Bryant and Defendant are sister corporations and are both subsidiaries of Charming Shoppes, Inc. *See In re Ski Train Fire In Kaprun*, 2006 WL 538200 *3 (S.D.N.Y. 2006) (noting the lack of authority for applying the alter ego theory between "sister corporations").

Even if the alter ego theory could extend to sister companies, Plaintiff presents no evidence showing that there is a "unity of interest" between Defendant and Lane Bryant. "There is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary." *Cavert v. Hickins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995). Here, there is not even an allegation (let alone evidence) that Defendant, who is akin to a mere third-party service provider, in any way "controls" the activities of Lane Bryant. Plaintiff summarily asserts that Defendant is playing a "corporate shell game made to cause

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3                        8                        DEF.'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS – C 07-06073-MHP

1   confusion ... ." Opp., pg. 20. Plaintiff has not presented any alleged facts, much less actual

2   evidence, demonstrating a singular corporate identity, such as "inadequate capitalization,

3   commingling of assets, [or] disregard of corporate formalities." *Katzir's Floor & Home Design,*

4   *Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004). Rather, Defendant and Lane Bryant

5   have maintained separate corporate identities. Defendant has no ownership interest in Lane

6   Bryant. *See,* Sullivan Decl., ¶ 6-8. All Lane Bryant stores in California are owned and operated

7   by Lane Bryant, not Defendant. *See, id.* at ¶ 8. Defendant does not exert management control

8   over Lane Bryant operations. *See, id.* at ¶ 6. Defendant does not hire, manage, or direct the work

9   of Lane Bryant employees. *See,* Camoratto Decl. ¶ 6. Defendant is headquartered and

10  incorporated in Pennsylvania, and Lane Bryant is headquartered in Ohio. *See* Ackley Decl., ¶ 2;

11  Sullivan Decl., ¶ 3. Furthermore, Lane Bryant and Defendant observe all corporate formalities,

12  including conducting separate regular board meetings. *See,* Sullivan Decl. ¶ 4.

13         Despite Lane Bryant and Defendant's corporate independence, Plaintiff once again relies

14  on Defendant's provision of administrative services to Lane Bryant as "proof" of an alter ego

15  relationship (and, presumably, personal jurisdiction). As discussed above, however, courts have

16  consistently held that such services are a common and accepted corporate practice among related

17  entities and not a basis for piercing the corporate veil. *See, e.g. Central States Southwest,* 230

18  F.3d at 945 (adopting rule that a corporate parent may provide administrative services for its

19  subsidiary in the ordinary course of business without calling into question the separateness of the

20  two entities for purposes of personal jurisdiction); *Calvert,* 875 F.Supp. at 678 (addressing alter

21  ego doctrine and finding insufficient evidence to pierce corporate veil where the parent provided

22  legal services to the subsidiary); *Maddock,* 2007 WL 4287627, at *13-14 (concluding that the fact

23  that parent provided payroll processing services to its subsidiaries was insufficient to establish a

24  unity of interest under alter ego standard).

25         Even if Plaintiff could establish facts supporting the first prong of the alter ego doctrine,

26  she has made no showing that recognition of Defendant and Lane Bryant's separate identities

27  would result in fraud or injustice. For a court to pierce the corporate veil it must determine that

28  there is bad faith conduct on the part of the parent corporation that would otherwise remain

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  without remedy.  *Nordberg v. Trilegiant Corp.,* 445 F.Supp.2d 1082, 1102 (N.D. Cal. 2006) (J.

2  Patel).

3        Here, Plaintiff does not identify any actual inequitable result that might follow from

4  recognizing Defendant's corporate separateness.  Plaintiff speculates that Defendant, in asserting

5  lack of personal jurisdiction, is perpetrating a scheme to "require low wage California employees

6  to travel to Pennsylvania to file suit against Defendant for any wage payment problems California

7  employees suffer."  Opp., pg. 17.  Plaintiff has not alleged any facts indicating such a "scheme,"

8  and there are none.  Defendant is a separate corporation that provides bona fide administrative

9  services to other operating subsidiaries of Charming Shoppes, Inc., including Lane Bryant.

10  Defendant's existence in no way prevents Plaintiff from filing suit in California on her wage and

11  hour claims against her actual employer, Lane Bryant.  Indeed, Plaintiff has filed a purported

12  class action in San Francisco County Superior Court against Lane Bryant alleging the very same

13  causes of action.  Huang Dec. ¶ 2.  Lane Bryant has filed an answer in the Superior Court action

14  and has not challenged personal jurisdiction.  Declaration of Albert Y. Huang in Support of

15  Reply, ("Huang Reply Decl."), ¶ 2.  Thus, Plaintiff can readily proceed with the class action she

16  filed against her real employer, Lane Bryant.  Recognizing the fact that Defendant is a separate

17  corporate entity from Lane Bryant certainly does not result in any inequity to Plaintiff or the

18  putative class.

19        **D.    Lane Bryant Was Not an Agent of Defendant.**

20        Plaintiff also argues that Lane Bryant was an agent of Defendant in California.  To

21  establish an agency relationship, Plaintiff must show that Defendant's control over Lane Bryant

22  was "so pervasive and continual" that Lane Bryant may be considered nothing more than an

23  "instrumentality" of Defendant.  *Sonora Diamond,* 83 Cal. App. 4th at 541.  Control is the key

24  characteristic of agency, and Plaintiff must show that Defendant has "taken over performance of

25  the subsidiary's day-to-day operations."  *Id.*  Plaintiff neither pleads nor presents any facts

26  demonstrating such control by Defendant over Lane Bryant.  Rather, Plaintiff resorts to the

27  absurd argument that an agency relationship exists because Defendant is "recycling money it

28  receives from thousands of California workers."  Opp., pg. 13.

1    However, it is Plaintiff who is "recycling" the same argument that Defendant's provision

2    of administrative services, specifically payroll, is a sufficient basis for personal jurisdiction. The

3    fact that Defendant processes Lane Bryant's payroll is not an indicia of "control" and certainly is

4    not evidence that Defendant controls Lane Bryant's daily operations. *See Maddock,* 2007 WL

5    4287627, at *10 (stating that the fact that KB Homes provided payroll processing services to its

6    subsidiaries "does not establish that KB Homes financed the paychecks for its subsidiaries'

7    employees"). Indeed, Lane Bryant is not performing *any* services for Defendant, let alone

8    services "sufficiently important to [Defendant] that if it did not have a representative to perform

9    them, [Defendant] . . . would undertake to perform similar services." *Harris Rutsky & Co. Ins.*

10   *Servs., Inc. v. Bell & Clements, Ltd.,* 328 F.3d 1122, 1135 (9th Cir. 2003) (noting that the agency

11   test permits imputation of contacts only where the subsidiary was either "established for, or is

12   engaged in, activities, that but for the existence of the subsidiary, the parent would have to

13   undertake itself"). Here, there is simply no evidence of such a relationship between Lane Bryant

14   and Defendant.

15   **IV.    DEFENDANT HAS NOT DIRECTED ANY FRAUD INTO CALIFORNIA**

16   Plaintiff further contends that Defendant is subject to personal jurisdiction in California

17   because it purportedly directed "fraudulent activities" into California when it allegedly failed to

18   comply with California Labor Code Section 226. *See* Opp., pgs. 14-15. Plaintiff first argues that

19   Defendant was Plaintiff's employer, but Plaintiff then argues that if that is not the case,

20   "Defendant has intentionally made false statements regarding who is the actual employer ... ."

21   Opp., pg. 14.

22   The only evidence Plaintiff cites for this sweeping statement is Plaintiff's pay stub which

23   identifies Defendant's name. However, the wage statement that Plaintiff filed in support of her

24   Opposition nowhere states that Defendant is her employer. Rather, Plaintiff's counsel apparently

25   assumed Defendant employed Plaintiff based upon one of the requirements of Labor Code

26   Section 226(a). Regardless of this (erroneous) assumption, the issue before the Court is whether

27   personal jurisdiction exists over Defendant, and Plaintiff's attempt to establish personal

28   jurisdiction by converting an alleged violation of Section 226(a) *by Lane Bryant* into an alleged

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3                          11          DEF.'S REPLY BRIEF IN SUPPORT OF
                                                   MOTION TO DISMISS – C 07-06073-MHP

1  tort claim *by Defendant* is simply unavailing.  First, Plaintiff is once again seeking to base

2  personal jurisdiction on the fact that Defendant provides payroll services for Lane Bryant—an

3  argument that has been emphatically rejected by the courts.  Second, Section 226 does not even

4  regulate Defendant's conduct, because Defendant is merely the provider of payroll services for

5  Lane Bryant.  Rather, the plain language of Section 226 establishes requirements for the

6  *employer*— Lane Bryant, not Defendant.  To the extent Plaintiff takes issue with the substance of

7  her pay stub, that is an issue to be taken up with her employer Lane Bryant (and, indeed, Plaintiff

8  has a pending lawsuit in San Francisco Superior Court in which she has the opportunity to do so).

9  Third, Plaintiff can point to no evidence that Defendant ever affirmatively represented to Plaintiff

10 that it was her employer, much less that all of the elements of fraud can be established.[4]  Thus,

11 Defendant did not direct any fraudulent activity into California so as to warrant the exercise of

12 personal jurisdiction.

13       Even if Section 226 applied to Defendant, this would not establish personal jurisdiction.

14 As discussed above, Plaintiff's "fraudulent activities" argument is based exclusively on alleged

15 violations of Section 226.  However, the Ninth Circuit has repeatedly rejected this argument by

16 holding that statutory liability may not be used "as a substitute for personal jurisdiction."

17 *American Telephone*, 94 F.3d at 590-591 (9th Cir. 1996) (holding that liability of a non-resident

18 parent company under the statute in question could not substitute for personal jurisdiction because

19 "liability and jurisdiction are independent"); *see also Sher v. Johnson*, 911 F.2d 1357, 1365 (9th

20 Cir. 1990) ("Liability depends on the relationship between the plaintiff and the defendants and

21 between the individual defendants; jurisdiction depends only upon each defendant's relationship

22 with the forum.").

23 **V.    DEFENDANT HAS NOT WAIVED PERSONAL JURISDICTION AS A DEFENSE**

24       Plaintiff argues that Defendant's failure to raise personal jurisdiction as a defense in a

25 prior wholly unrelated state court action filed in 2003 (which also named another subsidiary,

26 _____

27 [4]   Plaintiff's suggestion that she did not know she was employed by Lane Bryant is
     meritless.  She worked at a Lane Bryant store, signed documents affirming that she
28   worked for Lane Bryant, and received a Lane Bryant handbook

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3          12          DEF.'S REPLY BRIEF IN SUPPORT OF
                                   MOTION TO DISMISS – C 07-06073-MHP

1   Fashion Bug of California, Inc.) somehow constitutes a waiver of the defense in this action.

2   Opp., pgs. 7-8.  Plaintiff cites no authority whatsoever for this novel theory of perpetual waiver

3   and, not surprisingly, there is none.  To the contrary, in *Calvert v. Huckins*, the district court

4   found that the fact a parent corporation had been sued five separate times in California courts, had

5   a judgment entered against it in one case, and had itself brought an action in California did not

6   establish personal jurisdiction.  As to the prior lawsuits against the parent, the court held: "[a]s

7   this case demonstrates, it is common practice for plaintiffs to name a parent company when it

8   brings an action against a subsidiary.  This by itself shows no continuous and substantial contact

9   with California."  875 F. Supp. at 677.  Defendant has timely and properly asserted the defense of

10  lack of personal jurisdiction in this action through a motion to dismiss under Rule 12(b)(2), and

11  clearly has not waived the defense in this action.

12  **VI.**    **PLAINTIFF HAS NOT ESTABLISHED A COLORABLE SHOWING OF**

13          **PERSONAL JURISDICTION TO JUSTIFY DISCOVERY ON THIS ISSUE**

14          In a final attempt to maintain this action against Defendant, Plaintiff seeks the Court's

15  permission to conduct discovery as to personal jurisdiction.  In order to obtain discovery on

16  jurisdictional facts, Plaintiff must at least make a "colorable" showing that the Court can exercise

17  personal jurisdiction over Defendant.  *Central States*, 230 F.3d at 946, *Mitan v. Feeney*, 497

18  F.Supp.2d 1113, 1119 (C.D. Cal. 2007).  Specifically, Plaintiff seeks to conduct discovery as to

19  "other administrative functions" that Defendant provides to Lane Bryant and "the parent

20  subsidiary relationship that is admitted by Defendant."  Opp., pg. 19.[5]  But, as discussed above,

21  neither Defendant's provision of administrative services to Lane Bryant nor Defendant's status as

22  a sister corporation of Lane Bryant constitute sufficient contacts for the exercise of personal

23  jurisdiction as a matter of law.  Thus, any discovery on these issues would be entirely irrelevant to

24  the instant motion.  *See Central States*, 230 F.3d at 947 (affirming *denial of discovery on*

25  *jurisdiction* because facts regarding parent company's corporate affiliation with employer,

26  without any showing of "an usually high degree of control," and its provision of "standard

27  _____

    [5]    As the evidence makes clear, Defendant admits no such relationship with Lane Bryant, its
28         sister corporation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3                                          13                    DEF.'S REPLY BRIEF IN SUPPORT OF
                                                                            MOTION TO DISMISS – C 07-06073-MHP

1    administrative services" to employer were not sufficient to show a colorable basis for

2    jurisdiction). The discovery that Plaintiff seeks could not alter the conclusion that this Court

3    lacks personal jurisdiction over Defendant.

4    Moreover, Plaintiff's speculation and conclusory statements about Defendant's contacts

5    with California are not sufficient grounds for jurisdictional discovery. *See, e.g.*, *Pebble Beach*

6    *Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (affirming denial of right to conduct

7    jurisdictional discovery where "plaintiff's claim of personal jurisdiction appears to be both

8    attenuated and based on bare allegations in the face of specific denials made by the defendants");

9    *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3 390, 402-403 (stating

10   that a court is within its discretion in denying jurisdictional discovery when a plaintiff offers only

11   speculation or conclusory assertions about contacts with a forum state). Here, Plaintiff offers

12   only speculation that Defendant is playing a "corporate shell game" and furthering a "perfect

13   scheme" to avoid jurisdiction. Opp., pgs. 13, 20. The Court should ignore these bare allegations

14   and deny Plaintiff's request to conduct an irrelevant "fishing expedition" into issues of personal

15   jurisdiction. *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/975545.3                                            14                    DEF.'S REPLY BRIEF IN SUPPORT OF
                                                                              MOTION TO DISMISS – C 07-06073-MHP

1

**VII.    <u>CONCLUSION</u>**

2    Plaintiff's opposition is long on rhetoric and short on relevant facts or law.  Plaintiff has

3    failed to make a *prima facie* showing of jurisdictional facts to withstand Defendant's motion to

4    dismiss.  Defendant has minimal contact with California and only provides administrative

5    services to Lane Bryant.  These services do not evidence "substantial" or "continuous and

6    systematic" contacts with California, and do not create any joint or integrated employer, alter ego,

7    or agency relationship.  Because this Court lacks jurisdiction over Defendant, the motion to

8    dismiss must be granted.

9

10    Dated: January 28, 2008                        MORGAN, LEWIS & BOCKIUS LLP

11

12                                                    By _____ /S/ _____

13                                                        Albert Huang
                                                        Specially Appearing for Defendant
14                                                        CHARMING SHOPPES OF
                                                        DELAWARE, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES