JOHN S. BATTENFELD, State Bar No. 119513
ALBERT HUANG, State Bar No. 193005
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:       213.612.2500
Fax:      213.612.2501
E-mail:   jbattenfeld@morganlewis.com
          ahuang@morganlewis.com

ERIC MECKLEY, State Bar No. 168181
STEVEN J. GARRETT, State Bar No. 221021
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:       415.442.1000
Fax:      415.442.1001
E-mail:   emeckley@morganlewis.com
          steven.garrett@morganlewis.com

Attorneys for Defendant
CHARMING SHOPPES OF DELAWARE, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIKA MOODY, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation; LANE BRYANT, INC., a corporation; CHARMING SHOPPES, INC., a corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C 07-06073 MHP<br><br>**DEFENDANT CHARMING SHOPPES OF DELAWARE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

/ / /

/ / /

/ / /

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

1-LA/982591.2

CHARMING SHOPPES OF DELAWARE, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT
(C 07-06073 MHP)

Defendant Charming Shoppes of Delaware, Inc. ("CSDI"), by and through its counsel, hereby answers the allegations against CSDI contained in Plaintiff Shameika Moody's First Amended Complaint (hereinafter "FAC"), for itself and no other Defendant, in accordance with the numbered Paragraphs thereof, as follows:

## INTRODUCTION

1. CSDI contends that the allegations contained in paragraph 1 of the FAC regarding jurisdiction under the California Labor Code and Business and Professions Code constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 1 of the FAC.

2. CSDI contends that the allegations contained in paragraph 2 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 2 of the FAC.

3. CSDI denies the allegations contained in paragraph 3 of the FAC.

4. CSDI denies the allegations contained in paragraph 4 of the FAC.

5. CSDI denies the allegations contained in paragraph 5 of the FAC.

## JURISDICTION AND VENUE

6. CSDI contends that the allegations contained in paragraph 6 of the FAC regarding jurisdiction under the California Labor Code and Business and Professions Code constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 6 of the FAC.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

1-LA/982591.2

2

CHARMING SHOPPES OF DELAWARE, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT
(C 07-06073 MHP)

7. CSDI contends that the allegations contained in paragraph 7 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 7 of the FAC, except that CSDI admits that it makes payment on behalf of Lane Bryant, Inc. for Lane Bryant, Inc.'s payroll taxes in California and California State Disability payments.

8. CSDI contends that the allegations contained in paragraph 8 of the FAC constitute conclusions of law and/or legal arguments and that the allegations in paragraph 8 are not directed at this answering Defendant and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 8 of the FAC.

9. CSDI contends that the allegations contained in paragraph 9 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 9 of the FAC, except that CSDI admits that Charming Shoppes, Inc. is the parent corporation of CSDI.

10. CSDI contends that the allegations contained in paragraph 10 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 10 of the FAC..

**PARTIES**

11. CSDI denies the allegations contained in paragraph 11 of the FAC.

12. CSDI contends that certain allegations in paragraph 12 are not directed at this answering Defendant and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 12 of the FAC, except that CSDI admits that CSDI is a corporation.

13. CSDI denies the allegations contained in paragraph 13 of the FAC, except that CSDI admits that CSDI is a corporation.

14. CSDI contends that the allegations contained in paragraph 14 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 14 of the FAC.

15. CSDI denies that it proximately caused Plaintiff or others to be subject to the illegal employment practices, wrongs and injuries complained of in the FAC. CSDI further contends that the allegations improperly refer to "Doe" defendants, as "Doe" defendants are not permitted in federal court pleadings. CSDI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the FAC and, on that basis, denies the remaining allegations.

16. CSDI denies the allegations contained in paragraph 16 of the FAC.

17. CSDI denies the allegations contained in paragraph 17 of the FAC.

18. CSDI denies the allegations contained in paragraph 18 of the FAC.

19. CSDI denies the allegations contained in paragraph 19 of the FAC.

## CLASS ACTION ALLEGATIONS

20. CSDI contends that the allegations contained in paragraph 20 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 20 of the FAC.

21. CSDI contends that the allegations contained in paragraph 21 of the FAC regarding numerosity constitute conclusions of law and/or legal arguments

and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations regarding numerosity contained in paragraph 21 of the FAC. CSDI further denies the remaining allegations contained in paragraph 21 of the FAC.

22. CSDI contends that the allegations contained in paragraph 22 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 22 of the FAC.

23. CSDI denies the allegations contained in paragraph 23 of the FAC.

24. CSDI denies the allegations contained in paragraph 24 of the FAC.

25. CSDI contends that the allegations contained in paragraph 25 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 25 of the FAC.

26. CSDI contends that the allegations contained in paragraph 26 of the FAC regarding constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 26 of the FAC.

27. CSDI contends that the allegations contained in paragraph 27 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations regarding contained in paragraph 27 of the FAC.

28. CSDI contends that the allegations contained in paragraph 28 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 28 of the FAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/982591.2

5

CHARMING SHOPPES OF DELAWARE, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT
(C 07-06073 MHP)

29. CSDI contends that the allegations contained in paragraph 29 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 29 of the FAC.

30. CSDI contends that the allegations contained in paragraph 30 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 30 of the FAC.

31. CSDI contends that the allegations contained in paragraph 31 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 31 of the FAC.

32. CSDI contends that the allegations contained in paragraph 32 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 32 of the FAC.

## FIRST CAUSE OF ACTION

33. CSDI incorporates and realleges its responses to the allegations contained in paragraphs 1 through 32, as if said responses were fully set forth herein.

34. CSDI contends that the allegations contained in paragraph 34 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 34 of the FAC.

35. CSDI contends that the allegations contained in paragraph 35 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 35 of the FAC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/982591.2                          6                    CHARMING SHOPPES OF DELAWARE, INC.'S
                                                            ANSWER TO FIRST AMENDED COMPLAINT
                                                            (C 07-06073 MHP)

36. CSDI denies the allegations contained in paragraph 36 of the FAC.

37. CSDI denies the allegations contained in paragraph 37 of the FAC.

38. CSDI denies the allegations contained in paragraph 38 of the FAC.

39. CSDI denies the allegations contained in paragraph 39 of the FAC.

40. CSDI denies the allegations contained in paragraph 40 of the FAC.

41. CSDI denies the allegations contained in paragraph 41 of the FAC.

## SECOND CAUSE OF ACTION

42. CSDI incorporates and realleges its responses to the allegations contained in paragraphs 1 through 41, as if said responses were fully set forth herein.

43. CSDI contends that the allegations contained in paragraph 43 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 43 of the FAC.

44. CSDI denies the allegations contained in paragraph 44 of the FAC.

45. CSDI denies the allegations contained in paragraph 45 of the FAC.

46. CSDI contends that the allegations contained in paragraph 46 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 46 of the FAC.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

1-LA/982591.2

7

CHARMING SHOPPES OF DELAWARE, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT
(C 07-06073 MHP)

## THIRD CAUSE OF ACTION

47. CSDI incorporates and realleges its responses to the allegations contained in paragraphs 1 through 46, as if said responses were fully set forth herein.

48. CSDI denies the allegations contained in paragraph 48 of the FAC.

49. CSDI contends that the allegations contained in paragraph 49 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 49 of the FAC.

50. CSDI denies the allegations contained in paragraph 50 of the FAC.

51. CSDI contends that the allegations contained in paragraph 51 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 51 of the FAC.

52. CSDI denies the allegations contained in paragraph 52 of the FAC.

53. CSDI contends that the allegations contained in paragraph 53 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 53 of the FAC.

## FOURTH CAUSE OF ACTION

54. CSDI incorporates and realleges its responses to the allegations contained in paragraphs 1 through 53, as if said responses were fully set forth herein.

55. CSDI contends that the allegations contained in paragraph 55 of the FAC regarding California Labor Code section 226 constitute conclusions of law

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/982591.2

8

CHARMING SHOPPES OF DELAWARE, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT
(C 07-06073 MHP)

and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 55 of the FAC. CSDI denies the remaining allegations contained in paragraph 55 of the FAC.

56. CSDI denies the allegations contained in paragraph 56 of the FAC.

57. CSDI denies the allegations contained in paragraph 57 of the FAC.

58. CSDI denies the allegations contained in paragraph 58 of the FAC.

59. CSDI contends that the allegations contained in paragraph 59 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 59 of the FAC.

### FIFTH CAUSE OF ACTION

60. CSDI incorporates and realleges its responses to the allegations contained in paragraphs 1 through 59, as if said responses were fully set forth herein.

61. CSDI denies the allegations contained in paragraph 61 of the FAC.

62. CSDI contends that the allegations contained in paragraph 62 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 62 of the FAC.

63. CSDI contends that the allegations contained in paragraph 63 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 63 of the FAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/982591.2

9

CHARMING SHOPPES OF DELAWARE, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT
(C 07-06073 MHP)

## SIXTH CAUSE OF ACTION

64. CSDI incorporates and realleges its responses to the allegations contained in paragraphs 1 through 63, as if said responses were fully set forth herein.

65. CSDI denies the allegations contained in paragraph 65 of the FAC.

66. CSDI contends that the allegations contained in paragraph 66 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 66 of the FAC.

67. CSDI contends that the allegations contained in paragraph 67 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 67 of the FAC.

68. CSDI contends that the allegations contained in paragraph 68 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 68 of the FAC.

69. CSDI contends that the allegations contained in paragraph 69 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 69 of the FAC.

70. CSDI contends that the allegations contained in paragraph 70 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, CSDI denies the allegations contained in paragraph 70 of the FAC

## PRAYER FOR RELIEF

CSDI denies that Plaintiff is entitled to any of the relief sought in each and every paragraph of the Prayer for Relief, or to any relief whatsoever, on behalf of herself or on the behalf of the alleged putative class she purports to represent, the existence of which is expressly denied.

## DEFENSES

CSDI asserts the following defenses to the allegations set forth in the FAC in this action.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The FAC and each alleged cause of action fails to state a claim upon which relief can be granted against CSDI.

## SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

2. The claims of Plaintiff and some or all purported class members are barred or limited by the applicable statute(s) of limitations, including but not limited to, California Code of Civil Procedure sections 338, 339, and 340, and California Business & Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust Internal and Administrative Remedies)

3. The claims of Plaintiff and of each putative class member she purports to represent are barred to the extent that they failed to exhaust their internal and/or administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

4. The claims of Plaintiff and the class she purports to represent are barred in whole or in part because Plaintiff fails to satisfy the prerequisites for class certification, lacks standing under Business and Professions Code section 17204, and the California Labor Code, and Article III of the United States Constitution, to

bring these claims, and therefore cannot represent the interests of others as to each of the purported causes of action.

### FIFTH AFFIRMATIVE DEFENSE
### (Not Appropriate For Class Action)

5. The types of claims alleged in the FAC on behalf of Plaintiff and the purported class are matters in which individual questions predominate and, accordingly, Plaintiff fails to satisfy any of the prerequisites for class certification as to any cause of action.

### SIXTH AFFIRMATIVE DEFENSE
### (Claims Not Common or Typical)

6. The claims alleged by the named Plaintiff are neither common to nor typical of those, if any, of the alleged class Plaintiff purports to represent.

### SEVENTH AFFIRMATIVE DEFENSE
### (Inadequate Representative)

7. The FAC fails, to the extent it asserts a class action, because Plaintiff is not an adequate representative of the purported class.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

8. Plaintiff's monetary claims, and the claims of the putative members of the purported class, are barred, in whole or in part, because they have not appropriately or adequately mitigated their damages, if any.

### NINTH AFFIRMATIVE DEFENSE
### (Action Unconstitutional)

9. Prosecution of a representative action and certification of the alleged class as representative of the general public under California Business and Professions Code section 17200, based upon the facts and circumstances of this case, would be an unconstitutional denial of CSDI's right to due process under the

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

1-LA/982591.2

12

CHARMING SHOPPES OF DELAWARE, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT
(C 07-06073 MHP)

1  Fourteenth Amendment to the United States Constitution and the California
2  Constitution.

### TENTH AFFIRMATIVE DEFENSE
### (Lack of Superiority)

10. The claims alleged may not be maintained as class claims for, among other reasons, failure to satisfy the requirement of superiority.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Laches)

11. The claims of Plaintiff and some or all purported class members, including claims for damages, are barred in whole or in part by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE
### (Estoppel)

12. The claims of Plaintiff and some or all purported class members are barred in whole or in part by their own conduct, actions, and/or inactions, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

13. The claims of Plaintiff and of each purported class member pursuant to California Business and Professions Code section 17200, and the sought after injunctive and restitution remedies, are barred in light of the fact that Plaintiff and each putative member of the class she purports to represent have an adequate remedy at law.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

1-LA/982591.2                    13            CHARMING SHOPPES OF DELAWARE, INC.'S
                                               ANSWER TO FIRST AMENDED COMPLAINT
                                               (C 07-06073 MHP)

## FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver of Claims)

14. The claims of Plaintiff and some or all purported class members are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

15. The claims of Plaintiff and some or all purported class members are barred in whole or in part by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

16. The claims of Plaintiff and of each purported class member are barred in whole or in part by the doctrine of accord and satisfaction, and payment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Perform Conditions)

17. Plaintiff and some or all putative class members she purports to represent failed to perform the conditions necessary to give rise to any obligation on the part of CSDI for the payment of wages alleged in the FAC.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Setoff and Recoupment)

18. If any damages have been sustained by Plaintiff and/or any member of the class she purports to represent, although such damages are specifically denied, CSDI is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations of Plaintiff or putative class members owed to CSDI against any judgment that may be entered against Defendant.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

1-LA/982591.2

14

CHARMING SHOPPES OF DELAWARE, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT
(C 07-06073 MHP)

## NINETEENTH AFFIRMATIVE DEFENSE

(Good Faith)

19. Any wages that were allegedly unpaid or withheld are the subject of a bona fide, good faith dispute and thus should not be subject to the imposition of penalties.

## TWENTIETH AFFIRMATIVE DEFENSE

(Waiting Time Penalties)

20. The FAC fails to state a claim for waiting time penalties under Labor Code Section 203 to the extent that no such penalties can continue after the commencement of an action for the penalties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Excessive Fine)

21. An award of penalties against CSDI under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of CSDI's due process and other rights under the United States and California Constitutions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Release)

22. The claims of some or all purported class members are barred or limited in whole or in part because such claims have been released.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Avoidable Consequences)

23. The claims of Plaintiff and some of the putative class members are barred, or damages limited, by the doctrine of avoidable consequences because Plaintiff and others could have avoided the alleged damages by reasonable effort, but failed to do so.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/982591.2

15

CHARMING SHOPPES OF DELAWARE, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT
(C 07-06073 MHP)

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Lack of Personal Jurisdiction)

24. This Court lacks personal jurisdiction over Charming Shoppes of Delaware, Inc.

## RESERVATION OF RIGHTS

CSDI reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, CSDI prays for judgment that:

1. The Court deny Plaintiff's request to certify this action as a class action;

2. Plaintiff take nothing by reason of the FAC, and that the FAC be dismissed with prejudice;

3. Judgment be entered in favor of CSDI and against Plaintiff on all causes of action;

4. CSDI be awarded their costs of suit incurred herein;

5. CSDI be awarded attorneys' fees incurred by this action; and

6. The Court award CSDI such other and further relief as it deems just and proper.

Dated: March 12, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _/s/ Eric Meckley_
Eric Meckley
Attorneys for Defendant
CHARMING SHOPPES OF DELAWARE, INC.