PETER M. HART, Esq. (State Bar No. 198691)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile
kyoon@yoon-law.com

LARRY W. LEE (State Bar No. 228175)
**DIVERISTY LAW GROUP, A Professional Corporation**
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071
(213) 488 – 6555
(213) 488 – 6554 facsimile
lwlee@diversitylaw.com

Attorneys for Shameika Moody

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAMEIKA MOODY as an individual and on behalf all of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation; LANE BRYANT, INC., a corporation; CHARMING SHOPPES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C 07-06073 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**JUDGE:** HON. MARILYN HALL PATEL<br>**DATE:** MARCH 24, 2008<br>**TIME:** 10:00 A.M.<br>**CTRM.:** 15 |

**TO THE COURT:**

Plaintiff Shameika Moody and Defendant Charming Shoppes of Delaware, Inc. (hereinafter collectively referred to as the "Parties") conducted their Rule 26(f) meet and confer telephone conference on February 29, 2008. The Parties hereby submit their Joint Report pursuant to FRCP 26 and the Court's Civil Local Rules.[1]

**1.     Jurisdiction and Service**

*Per Plaintiff:*

Plaintiff filed her complaint in the Superior Court of California, County of San Francisco. Said complaint was removed to this Court pursuant to the Class Action Fairness Act, which Defendants allege gives this Court proper jurisdiction over said complaint.

Plaintiff has recently filed a First Amended Complaint, adding Lane Bryant, Inc. and Charming Shoppes, Inc. as additional defendants. Plaintiff has also served Defendants Lane Bryant, Inc. and Charming Shoppes, Inc. with said First Amended Complaint. Defendant Charming Shoppes of Delaware, Inc. has already been served with said First Amended Complaint. No defendants have responded to the First Amended Complaint.

*Per Defendant:*

On October 11, 2007, Plaintiff filed a complaint naming only defendant Charming Shoppes of Delaware, Inc. (hereinafter "CSDI") in San Francisco Superior Court.

---

[1] Defendants Lane Bryant, Inc. and Charming Shoppes, Inc. (hereinafter "CSI") were served with the summons and complaint on February 27, 2008, two days prior to the Parties Rule 26(f) conference. During the conference on February 29, Defense counsel informed Plaintiff's counsel that because CSI had been served only 2 days prior to the conference and intended to specially appear in order to file a motion to dismiss for lack of personal jurisdiction, Defense counsel believed it was premature at that time to engage in a substantive discussion regarding Rule 26(f) topics other than personal jurisdiction. Defense counsel also informed Plaintiff's counsel that because Lane Bryant had been served only 2 days prior to the conference and was contemplating filing a motion to stay or dismiss the federal action as to Lane Bryant, Defense counsel believed it was premature at that time to engage in a substantive discussion regarding Rule 26(f) topics pending resolution of Lane Bryant's contemplated motion.

1  On November 30, 2007, CSDI removed the action against CSDI to this Court
2  pursuant to 28 U.S.C. §§1332 et seq., the Class Action Fairness Act ("CAFA").
3  On December 10, 2007, Plaintiff filed a new complaint naming only defendant
4  Lane Bryant, Inc. ("Lane Bryant") in San Francisco Superior Court. Lane Bryant filed
5  its answer to that complaint on January 10, 2007 along with a counter designation
6  designating the case as complex under the California Rules of Court. A case
7  management conference in the Superior Court is scheduled for May 9, 2008.
8  On January 18, 2008, Plaintiff filed a First Amended Complaint in the federal
9  action which named Lane Bryant. and Charming Shoppes, Inc. ("CSI") as defendants in
10 addition to CSDI.
11 On February 27, 2008, Lane Bryant and CSI were served with the First Amended
12 Complaint. The parties have stipulated that the deadline for Lane Bryant and CSDI to
13 respond to the First Amended Complaint will be March 31, 2008.
14 CSI intends to specially appear and file a motion to dismiss for lack of personal
15 jurisdiction.
16 CSDI initially filed a motion to dismiss for lack of personal jurisdiction which
17 the Court denied. CSDI will have responded to the Complaint on or before March 12,
18 2008.

19 **2.     Facts of Case**
20 *Per Plaintiff:*
21 Plaintiff alleges that she, along with all other putative class members, were
22 denied proper overtime wages and meal periods pursuant to California law by
23 Defendants.
24 In particular, Plaintiff alleges that Defendants provided non-discretionary
25 incentive pay (e.g., bonuses, sales bonuses, non sales bonuses, and/or commissions,
26 etc.) to its non-exempt employees. Plaintiff alleges that Defendants, as a corporate-
27 wide common policy and practice, failed to include such incentive pay wages into the
28 regular and overtime rate of pay, thereby denying Plaintiff and all other putative class

2

members of all earned overtime wages.

Plaintiff further alleges that Defendants, as a corporate-wide common policy and practice denied Plaintiff and all other putative class members their legally mandated meal breaks under California law. Defendants' employee handbook provides the following "Hours, Meals and Breaks" policy:

> For Store Associates, breaks are important to staying productive and energetic. Store Associates should be sure to take breaks, but check with their Managers first. *The company may require Associates to take breaks and/or meal periods on Store premises.* For nonexempt Associates, meal periods are generally one-half hour (unpaid), and breaks are generally 15 minutes (paid). *If the company interrupts an unpaid meal period* and assigns an Associate work during that time, the Associate is to clock back in before resuming work. Associates need to report back to work on time. To ensure accurate record-keeping, all Store Associates are required to clock in and out.

(emphasis added).

As a result, Plaintiff alleges that Defendants owe Plaintiff and the putative class missed meal period premium wages. *White v. Starbucks Corp.*, 497 F. Supp.2d 1080 (N.D. Cal. 2007), is inapplicable as the facts in this case are significantly different from the *White* case.

Plaintiff alleges against CSDI that it committed a fraud against California workers to the extent that it represented it was their employer on paycheck paystubs—but contends that it is not their employer.

Plaintiff also alleges that Defendants failed to comply with California Labor Code Section 226 by failing to keep accurate records of, among other things, hours worked, wages paid, rates of pay, and failed to list the name of the employer on paycheck paystubs. Plaintiff further alleges violations of California's Unfair Practices Statute, California Business and Professions Code Section 17200, relating to the above claims and allegations.

It appears that Defendant is taking the position that all facts are disputed.

***Per Defendant:***

Plaintiff was employed by Lane Bryant, not CSI or CSDI. Neither CSI nor CSDI

3

1-SF/7678010.1

1 have any employees in the State of California. The scope of this case should therefore
2 be limited to Lane Bryant and its non-exempt California employees. This case neither
3 relates to nor includes employees employed by other subsidiary corporations of CSI,
4 Lane Bryant's parent corporation.

5 The legal and factual bases of each of Plaintiff's claims pled in her First
6 Amended Complaint are without merit. Plaintiff is not entitled to any recovery in this
7 action, including monetary remedies (e.g., unpaid wages, penalties, punitive damages,
8 restitution, and liquidated damages), or non-monetary relief (e.g., declaratory and
9 injunctive relief).

10 Lane Bryant has a policy to provide its employees with meal periods as required
11 by California law. Under this policy, Plaintiff had the right to take meal periods, and
12 Plaintiff was not required to miss meal periods. Lane Bryant has no policy in California
13 that requires non-exempt employees to remain in the store during meal periods. Thus,
14 Plaintiff's meal period claim is without merit. *Murphy v. Kenneth Cole Productions,* 40
15 Cal.4th 1094, 1110 (2007); *White v. Starbucks Corp.*, 497 F. Supp.2d 1080 (N.D. Cal.
16 2007).

17 Plaintiff was paid for all overtime hours she worked and recorded and was paid
18 overtime at the correct rate under California law.

19 Plaintiff alleges that she was employed by CSDI. If Plaintiff prevails on this
20 issue, she will have no basis for her claim that her wage statements violated Labor Code
21 section 226 by listing CSDI rather than Lane Bryant. If Plaintiff does not prevail on
22 this issue, and it is determined that her sole employer was Lane Bryant, she will not be
23 able to establish liability under section 226. First, any failure to list Lane Bryant on
24 wage statements was not knowing and intentional. Second, Plaintiff did not suffer any
25 actual injury as a result of this alleged violation of section 226. With respect to the
26 fraud claim against CSDI, Plaintiff cannot establish the necessary elements of fraud.
27 Furthermore, her attempt to bring a fraud claim based on an alleged violation of the
28 Labor Code is barred by the exclusive remedy doctrine.

4

To the extent that Plaintiff claims that she was not paid all wages owed upon termination, this claim is predicated on her other claims and fails because her other claims are without merit. Further, any failure by her employer to pay wages was not willful as required under Labor Code section 203.

Plaintiff's claims are not suitable for class certification. There is a lack of common issues and to the extent common issues exist, they do not predominate in light of the multitude of individualized issues the Court will have to examine as to each of the putative class members' claims. For example, the circumstances under which Plaintiff or others missed a meal or rest period requires individualized determinations. Compared to other class members, Plaintiff is not typical nor is she an adequate representative. The scope of the putative class is overbroad as Plaintiff was never employed by any subsidiary of CSI other than Lane Bryant. Other legal and/or factual bases for Defendant(s)' defenses may emerge during the discovery process which has not yet begun.

**3.      Legal Issues**

*Per Plaintiff:*

Plaintiff anticipates that Defendants will dispute Plaintiff's claims for overtime wages, meal periods, fraud, and record keeping violations, or that Defendants will contend that the liability is limited.

In addition, Plaintiff anticipates that one of the main legal disputes will be which entity(s) is the actual employer of the putative class members. Plaintiff alleges that the actual employer of Plaintiff and the putative class members is Charming Shoppes of Delaware, Inc., Lane Bryant, Inc. and/or Charming Shoppes, Inc. Consequentially, Plaintiff also anticipates the other disputed legal issue will be the identity of the class members. Plaintiff alleges that the class is composed of all non-exempt employees of Charming Shoppes of Delaware, Inc. and/or Charming Shoppes, Inc., including, but not limited to, non-exempt employees who worked in the subsidiary retail shops of Charming Shoppes of Delaware, Inc. and/or Charming Shoppes, Inc. such as Lane

5

Bryant, Fashion Bug, and Catherine's Plus Sizes.

Plaintiff also believes that the evidence submitted by Defendant in connection with their motion to dismiss, support Plaintiff seeking summary judgment and class certification on the Labor Code section 226 claim. Defendant Charming Shoppes of Delaware, Inc. stated that workers at Lane Bryant, Inc. received wage statements/paycheck stubs that misstated the legal entity who is the employer. This admission is important in determining liability for Labor Code section 226 by way of a Rule 56 motion.

*Per Defendant:*

As explained above, the principal legal issues which the Parties dispute include whether any class should be certified, the appropriate employer for any class claims, the standard to establish liability for meal period premium pay, the proper formula for determining the overtime rate of pay, the necessary requirements for establishing claims under Labor Code section 226, and whether a fraud claim can be based on an alleged violation of section 226.

**4.    Motions**

*Per Plaintiff:*

Defendant Charming Shoppes of Delaware, Inc. has previously filed a Motion to Dismiss for lack of jurisdiction. Said Motion was argued before this Court on February 11, 2008. The Court has since denied said Motion.

After seeking sufficient discovery, Plaintiff anticipates filing a Motion or Motions for Class Certification and a Motion for Summary Judgment/Summary Adjudication.

*Per Defendant:*

Defendant CSDI previously filed a motion to dismiss for lack of personal jurisdiction which the Court denied. CSDI anticipates filing a motion for judgment on the pleadings as to the fraud claim, and for summary judgment as to other claims after discovery has been conducted.

1    Defendant CSI intends to specially appear and file a motion to dismiss for lack of
2 personal jurisdiction. Defendant Lane Bryant was contemplating filing a motion to stay
3 or dismiss the federal court action against it based upon the pending identical state court
4 lawsuit against Lane Bryant in which the state court first obtained jurisdiction over
5 Plaintiff's claims against Lane Bryant prior to the federal action court doing so in this
6 action. On March 12, 2008, Plaintiff filed a request for dismissal without prejudice of
7 the state court action, however, Defendant has not received any notice from Plaintiff or
8 the Court that the action has been dismissed.

9    Defendant(s) may file a motion for summary judgment or, in the alternative,
10 partial summary judgment, to resolve some or all of Plaintiff's claims

11 **5.    Amendment of Pleadings**
12    *Per Plaintiff:*
13    As mentioned above, Plaintiff has filed a First Amended Complaint which added
14 Charming Shoppes, Inc. and Lane Bryant, Inc. as additional defendants and added a
15 claim for fraud against Defendant Charming Shoppes of Delaware, Inc.

16    Plaintiff has not completed discovery as to the actual employer. Depending on
17 the relationship between the various Defendants, additional parties may be added as
18 defendants. Additional plaintiffs may also be added as Class Representatives.

19    Plaintiff reserves her right to further amend her complaint. Plaintiff anticipates
20 that any amendment of her complaint will be completed before Plaintiff files her
21 Motion or Motions for Class Certification. Accordingly, Plaintiff proposes a deadline
22 of December 30, 2008, thirty (30) days prior to her Motion for Class Certification filing
23 deadline, by which to further amend the complaint and/or add additional parties, after
24 which, any request to amend would require leave of the court of stipulation of the
25 Parties.

26    *Per Defendant:*
27    Pursuant to the Court's Standing Order the Parties are required to state a
28 proposed deadline for amending the pleadings. Plaintiff did not wish to propose a

7

deadline during the Rule 26(f) conference. Defendant proposes May 30, 2008 as the deadline for amending the pleadings.

## 6. Preservation of Evidence

*Per Plaintiff:*

Plaintiff has preserved all evidence she has in her possession. Plaintiff requests and expects Defendants to preserve all potentially relevant evidence, particularly in light of California Labor Code §226's requirement that all employee time and pay records be retained for a minimum of three (3) years.

*Per Defendant:*

The Parties discussed the categories of evidence which Plaintiff believes Defendants should be preserving. Defendant believes that existing document retention policies require the preservation of the categories of documents identified by Plaintiff, time records, payroll records, relevant policies and procedures, and relevant corporate documents. Labor Code section 226 requires only that a record of deductions from payments of wages be kept for at least three years. Such records are not relevant to any claims in this lawsuit.

## 7. Initial Disclosures

*Per Plaintiff:*

Plaintiff provided her initial disclosure statement to Defendants on February 26, 2008.

Defendants Lane Bryant, Inc. and Charming Shoppes, Inc. have in the process of drafting this Joint Report stated that they will provide Plaintiff their initial disclosures for CSDI on March 14, 2008 and Plaintiff will provide Supplemental Initial Disclosures on March 14, 2008 as well. Defendants have not committed to a time for when they will provide Initial Disclosures for Lane Bryant or CSI. They have stated they will provide initial disclosures after the resolution of their anticipated Rule 12(b) motions, but have not provided any time frame for providing initial disclosures in the event their motions are unsuccessful in completely dismissing them from the case.

8

*Per Defendant:*

Contrary to Plaintiff's statement above, Defendants Lane Bryant, Inc. and Charming Shoppes, Inc. never made any statement by or on behalf of CSDI regarding when CSDI will provide its initial disclosures. Rather, CSDI informed Plaintiff's counsel during the Rule 26(f) conference that CSDI anticipates it will serve its initial disclosures on March 14, 2008. Given the recent service on Lane Bryant and CSI, the unresolved status of the pleadings with respect to Defendants CSI and Lane Bryant, and the anticipated motion(s) by the newly added Defendants, it would be premature at the present time to set a specific date by which CSI and Lane Bryant will provide their respective initial disclosures, in the event that they remain defendants in this case. Among other things, Lane Bryant should not be required to provide information about individuals and categories of documents supporting their defenses when they were just served, and have not responded to the Complaint at all, much less filed answers asserting affirmative defenses. If Lane Bryant and/or CSI remain as Defendants, their initial disclosures should not be required until after they have filed answers.

**8. Discovery Plan**

*Per Plaintiff:*

Plaintiff proposes a general discovery cut-off of 60 days before trial. Plaintiff does not believe that discovery in phases would be more efficient, because of the blending of certification and merits discovery. *See e.g. Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007).

Plaintiff proposes a single discovery deadline for a class certification motion because it limits the need to seek court assistance to resolve discovery disputes, for example, regarding scope and timing of discovery.

Plaintiff's counsel attempted to confer regarding various relevant fact stipulations that cannot be genuinely disputed, to reduce the extent of pre-certification discovery and to further refine the pertinent issues for deciding class certification. After

---

suggesting a few areas to stipulate,[2] Defendants made it clear that they were not interested in discussing any such stipulations.

Plaintiff believes that she will need to obtain discovery on Defendants' policies and procedures on calculation of overtime, Defendants' policies, practices and procedures regarding the payment of non-discretionary incentive pay (e.g., bonuses, commissions, etc.), Defendants' polices, practices, and procedures on meal periods, a list of names, addresses, and telephone numbers of potential witnesses and potential class members, databases regarding class members' overtime hours worked and payment of non-discretionary incentive pay (e.g., bonuses, commissions, etc.), databases regarding class members' time records, manual edits to class members' employee time records, employee payroll and timekeeping databases, class member recordkeeping, and paystub policies, creation, and disbursement.

Plaintiff expects that the primary electronic discovery is Defendants' computerized payroll records, time records, and databases. Plaintiffs believe that this database(s) would show among other necessary information, the hours worked for all employees, the pay received and each item of pay, the items on employees' paystub, manual edits to employee time, calculation of overtime and regular rates of pay, and recording of meal periods, and any pay for non-compliant meal periods. Plaintiff requests that this information be provided in a format that is reasonably readable. Plaintiff believes that pursuant to *Belaire-West*, putative class member/witness contact information should be provided, and have provided counsel for Defendants with a draft *Belaire-West* letter to witnesses/putative class members (a copy of the proposed

---

[2] Plaintiff suggested a fact stipulation as to (i) the number of employees for each Defendant, (ii) the fact that Charming Shoppes of Delaware, Inc. was identified as the employer on all wage statements sent to employees of Defendants, (iii) the fact that all employee wage statements provided to employees of Defendants do not identify the actual employer, (iv) that Plaintiff's wage statement showing Charming Shoppes of Delaware, Inc. as the actual employer is the same with respect to the identification of the employer as all other wage statements provided to Defendants' employees, and (v) the fact that Defendants did not incorporate into their overtime regular rate calculations all nondiscretionary incentive pay, including sales bonuses.

10

*Belaire-West* letter is attached hereto as Exhibit "A").

***Per Defendant:***

Discovery should be conducted in phases, with the first phase limited to issues pertaining to class certification and Plaintiff's individual claims. This will conserve resources and costs. Merits-based discovery should occur only in the event a class is certified. The discovery identified by Plaintiff would involve individualized discovery concerning the time records and pay records of thousands of current and former employees. This discovery is inappropriate in a putative class action, and demonstrates the lack of commonality, and the individualized nature of Plaintiff's class claims.

Defendants anticipate serving written discovery (interrogatories, requests for production, requests for admissions) and taking the Plaintiff's deposition.

Defendants propose modifying the discovery rules as follows: In the event either party files declarations of more than 10 putative class members in support of or in opposition to Plaintiff's Motion for Class Certification, then the opposing party will have the right to depose those declarants, even if the total number of depositions taken by that party exceeds 10 depositions and, in this respect, the limit on the number of depositions set forth in Rule 30(a)(2)(A) shall not apply.

In response to Plaintiff's discussion above regarding stipulations, first, given the unresolved status of the pleadings and, specifically, the fact that none of the Defendants had responded to the First Amended Complaint at the time of the Rule 26(f) conference, it is premature and inappropriate to discuss factual stipulations. Second, as is evident by the alleged "fact stipulations" in footnote 2, Plaintiff sought stipulations of argumentative legal contentions, not facts, which are disputed by Defendant. Further, Plaintiff's counsel disingenuously sought a stipulation that CSDI was not Plaintiff's employer, and then stated that Plaintiff herself would not agree to this stipulation in any event.

The pre-certification type of notice proposed by Plaintiff pursuant to *Belaire-West* is inappropriate in this federal court action under Rule 23. Moreover, it is

premature and unnecessary to address the issue of pre-certification notice at this time, when there is no outstanding discovery dispute about which the parties have met and conferred, much less have presented to the Court for resolution, and no Defendant has even responded to the First Amended Complaint. In addition, Plaintiff seeks to send a letter to individuals employed by separate and independent corporate entities that are not even parties to this lawsuit.

**9.    Class Actions**

*Per Plaintiff:*

Plaintiff anticipates filing a motion or more than one motion for class certification on or before January 30, 2009. Plaintiff believes that this action can be certified pursuant to Federal Rules of Civil Procedure 23, including Rule 23(a) and 23(b)(2)/23(b)(3).

> (1) all of DEFENDANTS' past and present non-exempt employees employed in California during the period from October 11, 2003 to the present who were paid overtime wages and who were paid any form of incentive pay or were paid any form of non-discretionary bonuses, including sales bonuses and/or sales commissions;
>
> (2) all of DEFENDANTS' past and present non-exempt employees employed in California during the period from October 11, 2003 to the present who worked more than 5 hours in a shift; and
>
> (3) all California persons to whom DEFENDANT CHARMING SHOPPES OF DELAWARE, INC. sent wage statements to during the period from October 11, 2003 to the present on which the wage statements set forth the name of Charming Shoppes of Delaware, Inc. and its address.

Plaintiff believes a class action can be maintained as there are common policies, practices, and procedures of failing to properly calculate the regular and overtime rate of pay for its non-exempt employees, failing to provide proper meal periods to its non-exempt employees, and failing to provide proper and accurate wage statements to its

1  non-exempt employees.

2      Plaintiff reserves the right to amend her First Amended Complaint to modify or
3  change the class definitions as discovery dictates.

4      *Per Defendant:*

5      This lawsuit is not appropriate for certification under Rule 23. Among other
6  reasons, Plaintiff's claims depend on an individualized analysis as to whether she or
7  others did or did not take meal periods, and if not, whether they chose not to take them,
8  or were required by their employer not to take them.

9      Defendant does not object to setting a January 2009 deadline for the filing of
10 Plaintiff's motion for class certification.

11 **10.  Related Cases**

12     *Per Plaintiff:*

13     As this Court is aware, subsequent to Defendant Charming Shoppes of Delaware,
14 Inc.'s filing of its Motion to Dismiss, Plaintiff filed a separate class action lawsuit in the
15 Superior Court of California, County of San Francisco, solely against Charming
16 Shoppes, Inc. and Lane Bryant, Inc. in order to preserve the putative class members'
17 statute of limitations.

18     However, due to Plaintiff's filing of her First Amendment Complaint adding in
19 Charming Shoppes, Inc. and Lane Bryant, Inc. as additional defendants, and as Plaintiff
20 has also advised this Court, Plaintiff intends on staying the action currently pending in
21 San Francisco Superior Court and proceeding solely on the action pending before this
22 Court.

23     *Per Defendant:*

24     The San Francisco Superior Court obtained jurisdiction over Plaintiff's claims
25 against Lane Bryant on December 10, 2007. On January 10, 2008, Lane Bryant filed its
26 answer to Plaintiff's state court complaint. Neither CSI nor CSDI are named as
27 Defendants in the state court lawsuit. Lane Bryant filed a complex counter designation
28 and a case management conference is scheduled for May 9, 2008.

Lane Bryant was later named as a defendant in the federal action on January 18, 2008 and was not served until February 27, 2008. Lane Bryant has not yet responded to Plaintiff's First Amended Complaint.

The claims alleged against Lane Bryant in the state court case are identical to the claims alleged against Lane Bryant in the federal case. The federal action against Lane Bryant should be stayed or dismissed so that the state court, which first obtained jurisdiction over Plaintiff's claims against Lane Bryant, may proceed.[3]

## 11. Relief Sought

As a class action, Plaintiff is seeking injunctive relief against Defendants to end the unlawful conduct as alleged by Plaintiff. In addition, Plaintiff also seeks restitution, wages, damages, and penalties for herself, individually, and for all members of the class. DEFENDANTS at this time have not provided and Plaintiff does not have payroll data and other factual data necessary to fully calculate the wages and/or damages owed to Plaintiff and to the class. Plaintiff is seeking such data from DEFENDANTS and will supplement the damages calculations when she receives such data.

Plaintiff and each individual member of the putative class would be entitled to the following categories of restitution/damages: (1) back overtime wages in an amount to be determined based on records to be produced by DEFENDANTS, Plaintiff's and/or representative testimony, and/or statistical evidence as may be offered by Plaintiff, (2) wages for meal period's not in compliance with California law in an amount to be determined based on records to be produced by DEFENDANTS, Plaintiff's and/or representative testimony, and/or statistical evidence as may be offered by Plaintiff, (3) 30 days worth of daily pay as waiting time penalties pursuant to Labor Code Section 203, (4) penalties and/or damages pursuant to Labor Code Section 226, and (5) punitive damages as to Defendant Charming Shoppes of Delaware, Inc.

---

[3] On March 12, 2008, Plaintiff filed a request for dismissal without prejudice in the state court action, however, no dismissal has been entered to date.

1    Plaintiff alleges that putative class members are owed damages for the categories
2 of harms set forth above, as well, and Plaintiff is seeking damages for these putative
3 class members. Plaintiff believes that these damages can be ascertained and calculated
4 from DEFENDANTS records on its employees, and/or representative testimony, and/or
5 statistical evidence as may be offered by Plaintiff.

6    Plaintiff is presently investigating the precise total number of putative class
7 members, but estimates at this time that there are well over 1,000 class members.

**12.   Alternative Dispute Resolution (ADR)**

*Per Plaintiff:*

Plaintiff is amenable to utilizing a private mediator to assist in resolving this matter before the filing of a motion(s) for class certification and after the filing and ruling on a motion(s) for class certification. Based on Plaintiff's counsel's experience with wage and hour class actions, Plaintiff is of the belief that a private mediator with professional experience in the wage and hour and class action areas will provide the best chance of resolving this matter. Defendants have not agreed to use the private mediator prior to the Court's ruling on any potential motion(s) for class certification.

*Per Defendant:*

The Parties have agreed to private mediation and filed a Stipulation and [Proposed] Order to that effect pursuant to the Court's ADR Rules. It is premature to establish an early deadline for mediation in this putative class action. Consideration of a mediation deadline would be appropriate only after Defendant(s)' initial motion(s) have been decided, Defendant(s) have appeared in the case, and the Parties have conducted sufficient discovery to determine whether a mediation should take place before class certification proceedings.

**13.   Consent to Magistrate Judge for all Purposes.**

*Per Plaintiff:*

Defendants have previously stricken the Magistrate Judge assigned to this case and thus was assigned to the Honorable Marilyn Hall Patel.

15

1-SF/7678010.1

1  Plaintiff is amenable to having Hon. Judge Patel conduct all proceedings in this
2  case, including trial and entry of judgment.

*Per Defendant:*

Defendant does not consent to the Magistrate Judge for all purposes.

### 14. Other References

*Per Plaintiff:*

Plaintiff is not aware and does not believe that this case should be referred to any other courts or procedures. Plaintiff does not believe that this case should be referred to binding arbitration or a special master.

*Per Defendant:*

The action against Lane Bryant should proceed in the San Francisco Superior Court which first acquired jurisdiction over Plaintiff's claims against Lane Bryant. The case is not suitable for reference to binding arbitration, special master or Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

*Per Plaintiff:*

Other than Plaintiff's anticipated motion for summary judgment/adjudication, Plaintiff is unaware of any other motions or procedures that may assist in the narrowing of issues other than a motion(s) for class certification and discovery rulings, should they become necessary.

*Per Defendant:*

Issues may be narrowed by appropriate motions as to personal jurisdiction, whether CSDI and/or CSI are proper Defendants, and the viability of Plaintiff's claims.

### 16. Expedited Schedule

The Parties agree that this is not the type of case which should be handled on an expedited basis with streamlined procedures.

1  **17.  Proposed Schedule**

2  *Per Plaintiff:*

3  Plaintiff proposes the following schedule on the assumption that there will not be
4  any discovery disputes between the parties: Plaintiff's deadline to filing her Motion for
5  Class Certification be January 30, 2009.  Plaintiff proposes a deadline of thirty (30)
6  days prior to her Motion for Class Certification filing deadline by which to further
7  amend the complaint and/or add additional parties, after which, any request to amend
8  would require leave of the court of stipulation of the Parties.  In the event of discovery
9  disputes between the parties, Plaintiff reserves the right to request an extension of time
10 by which to file her Motion for Class Certification and/or to amend the complaint
11 and/or to add additional parties.

12 Plaintiff proposes that a discovery cut-off be set for 60 days before trial and that a
13 trial schedule be set after this Court's ruling on Plaintiff's anticipated Motion for Class
14 Certification.

15 *Per Defendant:*

16 Apart from setting a deadline for the filing of amended pleadings and for
17 Plaintiff's motion for class certification, the Court should not set a trial date or any
18 other pre-trial deadlines at this time.

19 Defendant(s) will seek a briefing schedule on Plaintiff's motion for class certifi-
20 cation that allows sufficient time for opposition and reply papers to be prepared.  In that
21 event, Defendant(s) will need sufficient time to respond to Plaintiff's evidence,
22 including conducting discovery as to Plaintiff's declarants.  Defendant(s) requests that
23 the Court set the deadline for Defendant(s)' opposition to Plaintiff's motion for class
24 certification forty-five (45) days following service of Plaintiff's motion.

25 **18.  Trial**

26 *Per Plaintiff:*

27 Plaintiff has requested that the trial in this case be through a jury trial.  Plaintiff
28 estimates a 15-20 court day jury trial if a class is certified.  Plaintiff intends to bring a

17

Motion for Summary Judgment and/or Summary Adjudication prior to trial on a number of claims. For example, there would likely be no disputed facts on the issues of calculation of overtime or failure to accurately state the name of the employer, rates of pay and wages earned on wage statements, and these issues should be clear from a review of Defendants' paystub policies, overtime policies, computerized database payroll records and Rule 30(b)(6) depositions of Defendants.

*Per Defendant:*

A trial date should not be scheduled until after the Court rules on Plaintiff's motion for class certification and/or Defendant(s)' motion(s) for summary judgment. The amount of time required for additional discovery required to prepare for trial will be dependent upon whether a class is certified and, if a class is certified, the definition of the class.

It is premature to estimate the number of court days for a trial, given that the trial of this matter would be markedly different if it proceeds on a class-wide basis as opposed to an individual action. If the case is tried as a class action, there will be numerous individualized issues as to both liability and damages, which cannot be determined merely by reviewing policies and records. Rather, the nature of Plaintiff's class claims, and due process considerations, will require a lengthy trial of at least several months.

**19.  Disclosure of Non-party Interested Entities or Persons**

*Per Plaintiff:*

Plaintiff has filed her "Certification of Interested Entities or Persons" pursuant to Local Rule 3-16.

*Per Defendant:*

Defendant CSDI has filed its "Certification of Interested Entities or Persons" pursuant to Local Rule 3-16. Because Lane Bryant and CSI have not yet appeared in this action, their respective "Certification of Interested Entities or Persons" are not yet due pursuant to Local Rule 3-16(b).

1  **20.   Other Matters**

2  　　　The Parties are not presently unaware of any other matters that may assist this
3  Court in facilitating the disposition of this case.

4  **DATED:  March 14, 2008**　　　　　　**LAW OFFICES OF PETER M. HART**

6  　　　　　　　　　　　　　　　　　　**By:　　　/S/　　　　　　**
　　　　　　　　　　　　　　　　　　　　　**Peter M. Hart, Esq.**
7  　　　　　　　　　　　　　　　　　　　　**Attorney for Plaintiff and the class**

8  **DATED:  March 14, 2008**　　　　　　**MORGAN, LEWIS & BOCKIUS LLP**

10 　　　　　　　　　　　　　　　　　　**By:　　　/S/　　　　　　**
11 　　　　　　　　　　　　　　　　　　　　**Eric Meckley, Esq.**
　　　　　　　　　　　　　　　　　　　　　**Attorney for Defendant CSDI**