JOHN S. BATTENFELD, State Bar No. 119513
ALBERT HUANG, State Bar No. 193005
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
E-mail:  jbattenfeld@morganlewis.com
         ahuang@morganlewis.com

ERIC MECKLEY, State Bar No. 168181
STEVEN J. GARRETT, State Bar No. 221021
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail:  emeckley@morganlewis.com
         steven.garrett@morganlewis.com

Specially Appearing for Defendant
CHARMING SHOPPES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIKA MOODY, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation ; LANE BRYANT, INC., a corporation; CHARMING SHOPPES, INC., a corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C 07-06073 MHP<br><br>**DEFENDANT CHARMING SHOPPES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   May 5, 2008<br>Time:   2:00 p.m.<br>Place:  Courtroom 15, 18th Floor<br>Judge:  Hon. Marilyn H. Patel<br><br>[Fed. R. Civ. Proc. 12(b)(2)]<br>[SPECIAL APPEARANCE ONLY] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1

DEFENDANT CHARMING SHOPPES,
INC.'S MOTION TO DISMISS –
C 07-06073-MHP

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ......................................................................................................... 2
II.  FACTUAL BACKGROUND ....................................................................................... 3
     A.   Plaintiff's Wage and Hour Claims ....................................................................... 3
     B.   Lane Bryant, Inc. .................................................................................................. 3
     C.   Charming Shoppes, Inc ........................................................................................ 4
III. LEGAL ARGUMENT .................................................................................................. 5
     A.   CSI's Contacts with California Are Insufficient for This Court to Exercise
          Personal Jurisdiction Over CSI ............................................................................ 5
          1.   Plaintiff Cannot Establish General Personal Jurisdiction Over CSI ............ 6
               a.   Personal Jurisdiction Over Lane Bryant and/or CSDI Cannot
                    Be Imputed to the Parent Corporation CSI .......................................... 7
                    (1)   Plaintiff Cannot Prove Alter-Ego ............................................... 7
                    (2)   Plaintiff Cannot Prove Agency ................................................. 10
          2.   Plaintiff Cannot Establish Specific Personal Jurisdiction Over CSI ......... 11
IV.  CONCLUSION ........................................................................................................... 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1                              i                        DEFENDANT CHARMING SHOPPES,
                                                                    INC.'S MOTION TO DISMISS –
                                                                    C 07-06073-MHP

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*AT&T v. Compagnie Bruxelles Lambert,*
94 F.3d 586 (9th Cir. 1996) ........................................................................... 7,8

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,*
1 F.3d 848 (9th Cir. 1993) ............................................................................. 6

*Arce v. Aramark Corp.,*
239 F. Supp. 2d 153 (D. Puerto Rico 2003) ................................................. 9

*Bancroft & Masters, Inc. v. Augusta National, Inc.,*
223 F.3d 1082 (9th Cir. 2000) ....................................................... 6,7,11,12

*Brand v. Menlove Dodge,*
796 F.2d 1070 (9th Cir. 1986) ...................................................................... 6

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462, 105 S. Ct. 2174 (1985) .......................................................... 6

*Cavert v. Hickins,*
875 F. Supp. 674 (E.D. Cal. 1995) ............................................................... 8

*Kramer Motors, Inc. v. British Leyland, Ltd.,*
628 F.2d 1175 (9th Cir. 1980) .................................................................... 10

*Doe v. Unocal Corp.,*
248 F.3d 915 (9th Cir. 2001) ................................................................. 7,8,9

*Epps v. Stewart Information Services Corp.,*
327 F.3d 642 (8th Cir. 2003) ........................................................................ 9

*Freudensprung v. Offshore Technical Services, Inc.,*
379 F.3d 327 (5th Cir. 2004) ........................................................................ 9

*Harris Rutsky & Co. v. Bell & Clements Limited,*
328 F.3d 1122 (9th Cir. 2003) ...................................................................... 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
466 U.S. 408, 104 S. Ct. 1868 (1984) .......................................................... 6

*Hilsenrath v. Equity Trust Limited,*
2008 WL 728902 (N.D. Cal. March 17, 2008) ............................................ 5

*Hvide Marine International, Inc. v. Employers Insurance of WAUSAU,*
724 F. Supp. 180 (S.D.N.Y. 1989) ............................................................... 9

*International Shoe Co. v. Washington,*
326 U.S. 310, 66 S. Ct. 154 (1945) .............................................................. 5

## TABLE OF AUTHORITIES
**(continued)**

**Page**

*Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143 (9th Cir. 2004) ........ 8

*Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082 (N.D. Cal. 2006) ........ 10

*Omeluk v. Langston Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995) ........ 13

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ........ 12

*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S. Ct. 413 (1952) ........ 6

*Portera v. Winn Dixie of Montgomery, Inc.*, 996 F. Supp. 1418 (M.D.Ala. 1998) ........ 9

*Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993) ........ 11

*Schwarzenegger v. Fred Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ........ 6,11,12

*Sibley v. Rail America, Inc.*, 2006 WL. 83460 (W.D.Va. 2006) ........ 10

*Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297 (9th Cir. 1985) ........ 7

*Universal Paragon Corp. v. Ingersoll-Rand Co.*, 2007 WL.518828 (N.D. Cal. 2007) ........ 8

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559 (1980) ........ 5

*Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) ........ 12

## STATUTES AND RULES

Bus & Prof. Code § 17200 ........ 3

Cal. Code Civ. Proc. § 410.10 ........ 5

Fed. R. Civ. Proc. 12(b)(2) ........ 1

Labor Code § 203 ........ 3

**TABLE OF AUTHORITIES**
(continued)

Page

Labor Code § 226 ............................................................................................................. 3,13

Labor Code § 1194 ................................................................................................................. 3

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

1-LA/984671.1

iv

DEFENDANT CHARMING SHOPPES,
INC.'S MOTION TO DISMISS —
C 07-06073-MHP

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE THAT on May 5, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom No. 15 of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Charming Shoppes, Inc. will and does hereby move this Court for an Order dismissing it from this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff cannot establish that the Court may exercise either general or specific personal jurisdiction over Defendant Charming Shoppes, Inc.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities filed concurrently; the Declarations of John J. Sullivan and Elizabeth A. Ackley filed concurrently; the record for this action; and such other oral and documentary evidence and legal memoranda that may be presented at or by the hearing on this Motion.

Dated: March 31, 2008        MORGAN, LEWIS & BOCKIUS LLP

By _____/S/_____
Eric Meckley
Specially Appearing for Defendant
CHARMING SHOPPES, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1

1

DEFENDANT CHARMING SHOPPES,
INC.'S MOTION TO DISMISS –
C 07-06073-MHP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Shameika Moody ("Plaintiff") was employed by Defendant Lane Bryant, Inc. ("Lane Bryant"). Lane Bryant has not challenged the Court's exercise of personal jurisdiction and has answered the Complaint.

Plaintiff has also sued Lane Bryant's parent corporation, Charming Shoppes, Inc. ("CSI"), as well as a different subsidiary corporation of CSI, Charming Shoppes of Delaware, Inc. ("CSDI"). In response to an earlier filed motion to dismiss by CSDI, the Court ruled that specific personal jurisdiction existed as to CSDI based on the fact that CSDI had sent paychecks and wage statements to California residents and paid California payroll taxes on behalf of Lane Bryant. *See* February 27, 2008 Order, Court Docket #37.

The facts upon which the Court based its ruling as to CSDI do not exist with respect to CSI; specifically, CSI has not sent money, paychecks, wage statements, or payroll taxes into the State of California. The analysis which the Court relied on to find personal jurisdiction over CSDI does not apply to CSI, and the Court should consider CSI's motion to dismiss based upon the facts unique to CSI.

Plaintiff cannot establish that the Court may exercise either general or specific personal jurisdiction over CSI. CSI does not have the "substantial" or "continuous and systematic" contacts with California necessary to establish general personal jurisdiction. CSI is not incorporated in and has no physical presence in California, does not make sales in California, does not solicit or engage in business in California, does not serve the state's markets, does not have a designated agent for service of process in California, and does not hold a license in California.

CSI's relationship as a parent corporation of Lane Bryant, Inc. and CSDI is legally insufficient to establish personal jurisdiction. There is simply no credible basis for finding personal jurisdiction as to CSI based upon any alter-ego, joint employer, integrated enterprise, agency or any other theory of imputed jurisdiction.

The requirements for establishing specific personal jurisdiction also cannot be established.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1    2    DEFENDANT CHARMING SHOPPES, INC.'S MOTION TO DISMISS — C 07-06073-MHP

CSI has not "purposefully availed" itself of the privileges of doing business in California or purposely directed any activities toward California, Plaintiff's claims do not arise out of or result from any alleged forum-related activities of CSI, and exercising jurisdiction of CSI would not be reasonable. The exercise of personal jurisdiction over CSI would be unfounded and violate federal due process requirements. As a result, this Court should dismiss CSI from this action.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Wage and Hour Claims

Plaintiff brings this action on behalf of a purported class of employees who allegedly worked for Defendants Charming Shoppes, Inc., Lane Bryant, Inc., and Charming Shoppes of Delaware, Inc. in California from October 11, 2003 through the present. *See* First Amended Complaint ("FAC"), ¶ 20. Plaintiff worked as an Assistant Store Manager from around November, 2006 through early July, 2007 at a Lane Bryant retail store in California. *See* FAC, ¶ 11.

The First Amended Complaint alleges on behalf of Plaintiff and each of the putative class members the following wage and hour claims against CSI and the other defendants: (1) failure to pay overtime wages in violation of Labor Code Section 1194 and the California Industrial Welfare Commission Wage Orders (*See* FAC ¶¶ 33-41); (2) failure to timely pay wages due at termination in violation of Labor Code Sections 201 and 202 and recovery of penalties under Labor Code Section 203 (*See* FAC ¶¶ 42-46); (3) failure to provide meal periods in violation of California Labor Code Sections 226.7 and Section 11 of the California Industrial Welfare Commission Wage Order No. 7 (*See* FAC, ¶¶ 47-53); (4) failure to comply with itemized employee wage statement provisions in violation of Labor Code Section 226 (*See* FAC ¶¶ 60-63); and (5) violation of Business and Professions Code Section 17200, *et seq.* based upon the above alleged violations (*See* FAC ¶¶ 64-70).[1]

### B. Lane Bryant, Inc.

At all times since at least January 1, 2002, Lane Bryant, Inc. ("Lane Bryant") has owned

---

[1] Plaintiff's fraud claim (fourth cause of action) in the FAC is asserted only against CSDI. *See* FAC ¶¶ 54-59.

and operated all Lane Bryant stores in California. Declaration of Elizabeth Ackley ("Ackley Dec."), ¶ 3; Declaration of John J. Sullivan ("Sullivan Dec."), ¶ 10. Lane Bryant is headquartered in Columbus, Ohio, and its key operational officers (LuAnn Via, President; Elizabeth A. Ackley, Vice President–Lane Bryant Human Resources; and Joseph C. Hash, Vice President of Stores) direct and manage the business of Lane Bryant stores in California. Ackley Dec., ¶ 2. These officers all work out of Lane Bryant's Columbus, Ohio headquarters, and none are directors, officers, or managers of CSI or CSDI. *Id.* The business operations of Lane Bryant stores are directed and managed by the Lane Bryant management team, and not by Lane Bryant's parent corporation CSI. *Id.*, ¶ 3.

Lane Bryant has established and enforced the human resources policies and practices that apply to Lane Bryant employees, including the policies regarding overtime compensation and meal periods. Ackley Dec., ¶¶ 4, 6. Lane Bryant has its own employee handbook and personnel policies, which were developed and established by the Lane Bryant management team and distributed solely to Lane Bryant employees. *Id.*, ¶ 5.

### C. Charming Shoppes, Inc.

CSI is a publicly-traded corporation incorporated and headquartered in Pennsylvania. Sullivan Dec., ¶ 2. It is a retail apparel holding company and does business through three distinct and separate corporate subsidiaries: Lane Bryant; Catherines, Inc.; and Fashion Bug Retail Companies, Inc. *Id.* CSI is the sole shareholder of subsidiaries CSDI and Lane Bryant.[2] Sullivan Dec., ¶¶ 3, 8.

CSI does not engage in any business activities in California. CSI has no office, mailing address, telephone listing, hard assets, bank accounts, or registered agents in California. CSI does not solicit California residents; manufacture, purchase, or sell goods in California; advertise goods or services in California; or pay taxes in California. Sullivan Dec. ¶¶ 6-7.

CSI does not exert management control over the operations of it corporate subsidiaries, including Lane Bryant and CSDI. CSI exercises only that level control over its subsidiaries that a

---

[2] CSDI provides certain shared services, including payroll services, to CSI's operating subsidiaries, including Lane Bryant. Sullivan Dec., ¶ 3.

sole shareholder is permitted to exercise, through the election of its subsidiaries' boards of directors. Sullivan Dec., ¶ 8. CSI does not manage or direct the work of any Lane Bryant employees in California. CSI does not pay the wages of any Lane Bryant employees in California. CSI is not listed on the wage statements of any Lane Bryant employees in California. CSI also does not hire or select Lane Bryant employees in California. Sullivan Dec., ¶ 9. CSI does not determine, direct, implement, or enforce the policies or practices of Lane Bryant stores related to overtime compensation or meal periods for Lane Bryant employees in California. *Id.*

CSI reports the financial results of its corporate subsidiaries on a consolidated basis and describes to investors and the public the activities of its operating subsidiaries. Sullivan Dec., ¶ 4. Lane Bryant and CSI have one director in common, and CSDI and CSI also have one common director. Lane Bryant has 23 officers–eleven of whom are officers of CSI. CSDI has 34 officers–fifteen of whom are officers of CSI. Sullivan Dec., ¶ 4.

## III. LEGAL ARGUMENT

### A. CSI's Contacts with California Are Insufficient for This Court to Exercise Personal Jurisdiction Over CSI.

Fundamental precepts of due process require that non-resident defendants have certain "minimum contacts" with the forum state to ensure that the exercise of either general or specific personal jurisdiction does not "offend traditional notions of fair play and substantial justice."[3] *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). The purpose of the "minimum contacts" test articulated in *International Shoe* is twofold: (1) to protect defendants against the burdens of litigating in a distant, inconvenient forum; and (2) to ensure that states do not step beyond the limits of their sovereignty under a federal system of government. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 564 (1980).

---

[3] Under California's long-arm statute, both federal and state courts sitting in California "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10; *Hilsenrath v. Equity Trust Limited*, 2008 WL 728902, at *2 (N.D. Cal. March 17, 2008) ("California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis.").

BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1                                    5                    DEFENDANT CHARMING SHOPPES,
                                                                      INC.'S MOTION TO DISMISS –
                                                                      C 07-06073-MHP

The plaintiff bears the burden of proving that a court may exercise personal jurisdiction over a defendant. *Schwarzenegger v. Fred Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). If the jurisdictional challenge is based solely on written papers, plaintiff must make a *prima facie* showing of jurisdiction. *Id.*

1. **Plaintiff Cannot Establish General Personal Jurisdiction Over CSI**

A court may exercise general personal jurisdiction only if a defendant is *domiciled* in the forum state or its activities there are "*substantial, continuous and systematic.*" *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445, 72 S. Ct. 413, 418 (1952) (emphasis added); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19, 104 S. Ct. 1868, 1872-74 (1984) (finding that defendant did not have the "kind of continuous and systematic general business contacts" required to establish general jurisdiction). In addition, even if a defendant is found to have engaged in "substantial" or "continuous and systematic" activities in the forum state, the exercise of general personal jurisdiction still must be determined to be "reasonable" so as to require a defendant to defend itself in the forum state (i.e., that the exercise of jurisdiction "comports with fair play and substantial justice"). *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 851, fn. 2 (9th Cir. 1993) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S. Ct. 2174, 2184-85 (1985)). The amount of contact with the forum state necessary to establish general personal jurisdiction is "intended to be a fairly high standard" (*Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)) and "requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

There is no basis for the Court to exercise general personal jurisdiction over CSI. CSI has no operations or employees in California and conducts *no activities* in California, let alone the type of "substantial" or "continuous and systematic" activities necessary to establish general personal jurisdiction. *See* Sullivan Dec., ¶¶ 6-7. Factors weighing heavily in deciding whether general jurisdiction exists include whether a defendant: 1) is incorporated in the state; 2) makes sales in the state; 3) solicits or engages in business in the state; 4) serves the state's markets; 5) designates an agent for service of process in the state; or 6) holds a license in the state. *Bancroft*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1

6

DEFENDANT CHARMING SHOPPES,
INC.'S MOTION TO DISMISS –
C 07-06073-MHP

& *Masters, Inc.*, 223 F.3d at 1086. Here, none of the above factors apply to CSI. CSI is neither incorporated nor headquartered in California, but rather is incorporated and has its principal place of business and operations in Pennsylvania. Sullivan Dec., ¶ 2. CSI does not engage in any business activities in California and has no office, mailing address, telephone listing, hard assets, bank accounts, or registered agents in California. *Id.* at ¶¶ 6-7. CSI does not exert any management control over the California operations or employees of its corporate subsidiaries, including Lane Bryant. *Id.* at ¶¶ 8-9. The total lack of any contact with California precludes any finding that CSI's activities "approximate physical presence" in California. *Bancroft & Masters, Inc.*, 223 F.3d at 1086.

    a.    **Personal Jurisdiction Over Lane Bryant and/or CSDI Cannot Be Imputed to the Parent Corporation CSI**

Plaintiff asserts that this Court "has jurisdiction over [Defendant] as it is the parent owner of the wholly-owned subsidiary, Lane Bryant, Inc. and Charming Shoppes of Delaware, Inc., [and] that the acts and contacts of Lane Bryant, Inc. and Charming Shoppes of Delaware, Inc. can be imputed to [Defendant]." FAC, ¶ 9. However, the mere existence of a relationship between a parent corporation and its separate corporate subsidiary is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiary's contacts with the forum. *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). In order to premise jurisdiction on a subsidiary's contacts, a plaintiff must provide admissible evidence sufficient to make a *prima facie* showing that the subsidiary was the "alter ego" or agent of the parent. *See, e.g., AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996); *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299-1300 (9th Cir. 1985). An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations. *Doe v. Unocal*, 248 F.3d at 926. Here, Plaintiff cannot establish an alter ego or agency theory of personal jurisdiction.

    (1)    Plaintiff Cannot Prove Alter-Ego

To establish an alter ego relationship between CSI and Lane Bryant (or CSDI), Plaintiff must demonstrate that (1) there is such unity of interest and ownership between the corporations

that their separate personalities no longer exist, *and* (2) recognizing their separate corporate identities would result in fraud or injustice. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d at 591. Application of the alter ego doctrine is appropriate only when corporate formation has been used with the intent "to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose." *Universal Paragon Corp. v. Ingersoll-Rand Co.*, 2007 WL518828, at *5 (N.D. Cal. 2007), *citing Sonora Diamond Corp. v. Sup. Ct.*, 83 Cal. App. 4th 523, 538 (2000).

There is no evidence of a "unity of interest" between CSI and Lane Bryant or CSDI. "There is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary." *Cavert v. Hickins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995). Here, there is not even an allegation (let alone evidence) that CSI in any way "controls" the activities of Lane Bryant or CSDI such that either is a "mere instrumentality" of CSI. *Calvert*, 875 F.Supp. at 678. Plaintiff presents no alleged facts demonstrating a singular corporate identity, such as "inadequate capitalization, commingling of assets, [or] disregard of corporate formalities." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004).

Rather, CSI, Lane Bryant, and CSDI have maintained separate corporate identities and operate independently of one another. Sullivan Dec., ¶¶ 2-5, 8; Ackley Decl, ¶¶ 2-3. All Lane Bryant stores in California are owned and operated by Lane Bryant, not CSI. Ackely Dec., ¶ 3. The key operational managers for Lane Bryant, who oversee Lane Bryant's California stores, are not directors, officers, or managers of CSI. *Id.* at ¶ 2. CSI does not exert management control over Lane Bryant or CSDI's day-to-day operations and does not determine, direct, or enforce their business or human resources policies or practices, including those at Lane Bryant stores in California. Sullivan Dec., ¶¶ 8-9.

Moreover, CSI's mere ownership of Lane Bryant and CSDI does not make them alter egos of CSI. *See Harris Rutsky & Co. v. Bell & Clements Limited*, 328 F.3d 1122, 1135 (9th Cir. 2003). CSI's reporting on its subsidiaries' financial results also does not establish the existence of an alter ego relationship. *See Doe v. Unocal*, 248 F.3d at 928 (stating that "references in the

1  parent's annual report to subsidiaries or chains of subsidiaries as divisions of the parent company
2  do not establish the existence of an alter ego relationship"). Nor does CSI's reporting of the
3  financial results of Lane Bryant and its other subsidiaries on a consolidated basis render Lane
4  Bryant the alter ego of CSI. *See, e.g., Freudensprung v. Offshore Technical Services, Inc.*, 379
5  F.3d 327, 346-47 (5th Cir. 2004) (ruling that SEC filings concerning related corporate entities are
6  insufficient to overcome the presumption of corporate separateness and to support the exercise of
7  personal jurisdiction over a nonresident company); *Epps v. Stewart Information Services Corp.*,
8  327 F.3d 642, 650 (8th Cir. 2003) (finding that nonresident parent's inclusion of subsidiary's
9  assets and liabilities in its SEC filings does not establish an alter ego relationship and merely
10 supports the existence of a parent-subsidiary relationship). The fact that CSI shares a director
11 with both Lane Bryant and CSDI and has some common corporate officers does not evidence
12 alter ego status. *Doe v. Unocal Corp.*, 248 F.3d at 925-926 (noting that it is entirely appropriate
13 for directors of a parent corporation to serve as directors of its subsidiaries and that common
14 directors and officers can and do "change hats" to represent parent and subsidiary separately
15 despite common ownership), *citing U.S. v. Bestfoods*, 524 U.S. 51, 69, 118 S.Ct. 1876 (1998)
16 (assessing corporate separateness between parent and subsidiary for purposes of establishing
17 liability).
18       Courts have also held that a subsidiary corporation's use of an employee handbook
19 created by, issued by, or simply mentioning a parent corporation is insufficient to establish
20 personal jurisdiction. *See Arce v. Aramark Corp.*, 239 F.Supp.2d 153, 172 (D. Puerto Rico 2003)
21 (finding that subsidiary's use of an *employee handbook* with the name of the foreign parent
22 corporation was insufficient to warrant the exercise of personal jurisdiction over the parent);
23 *Portera v. Winn Dixie of Montgomery, Inc.*, 996 F.Supp. 1418, 1424 (M.D.Ala. 1998) (ruling that
24 out-of-state parent corporation's creation of *"general personnel guidelines"* implemented by the
25 subsidiary was insufficient to establish personal jurisdiction over the parent); *Hvide Marine Int'l,*
26 *Inc. v. Employers Ins. of WAUSAU*, 724 F.Supp. 180, 187 (S.D.N.Y. 1989) (emphasis added)
27 (finding that subsidiary's distribution to employees of an *employee handbook* containing
28 "descriptions of employee matters commonly established and administered by all the subsidiary

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1                                9                   DEFENDANT CHARMING SHOPPES,
                                                                 INC.'S MOTION TO DISMISS –
                                                                 C 07-06073-MHP

corporations" of the parent did not pierce the corporate veil and establish personal jurisdiction over the parent); *cf. Sibley v. Rail America, Inc.*, 2006 WL 83460, at *3 (W.D.Va. 2006) (holding that plaintiff was not employee of parent company under the Federal Employer's Liability Act because the parent's mere provision of resources to its subsidiary, including an *employee handbook*, did not create an employment relationship).

CSI did not control either Lane Bryant or CSDI's operations such that these susidiary corporations became CSI's alter egos. *Cf., Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980) (finding *no* alter ego relationship where parent company guaranteed loans for the subsidiary, reviewed and approved major decisions, placed several of its directors on the subsidiary's board, and was closely involved in the subsidiary's pricing decisions).

Not only is Plaintiff unable to establish the "unity of interest" between CSI and Lane Bryant or CSDI necessary to satisfy the first element of the alter ego theory, Plaintiff is also unable to show that recognition of the separate identities of CSI, Lane Bryant, and CSDI would result in fraud or injustice. Specifically, for a court to pierce the corporate veil, it must determine that there is bad faith conduct on the part of the parent corporation that would otherwise remain without remedy. *E.g., Nordberg v. Trilegiant Corp.*, 445 F.Supp.2d 1082, 1102 (N.D. Cal. 2006) (J. Patel). Here, Plaintiff cannot identify any actual inequitable result that might result from recognizing CSI's corporate separateness. Indeed, Plaintiff has named Lane Bryant as a defendant in this action and can readily proceed with the class action against her true employer—Lane Bryant. Lane Bryant is an ongoing business; there is no evidence that it is undercapitalized or would be unable to satisfy any judgment that might be entered against it. Recognition of CSI's separate corporate status certainly does not result in any inequity or potential detriment to Plaintiff or the putative class.

(2) Plaintiff Cannot Prove Agency

To establish an agency relationship, Plaintiff must show that CSI's supposed control over Lane Bryant or CSDI was "so pervasive and continual" that either may be considered nothing more than an "instrumentality" of CSI. *Sonora Diamond*, 83 Cal. App. 4th at 541. Control is the key characteristic of agency, and Plaintiff must show that CSI has "taken over performance of the

1  subsidiary's day-to-day operations." *Id.* As discussed, Plaintiff cannot present any facts
2  demonstrating such control by CSI over Lane Bryant or CSDI. Here, there is simply no evidence
3  of such a relationship between CSI and Lane Bryant or CSDI. Jurisdiction over CSI may not be
4  imputed based upon any agency theory.

5  Plaintiff's FAC makes the conclusory allegation that CSI is the "agent, empoyee, alter ego
6  and/or joint venturer of" Lane Bryant and CSDI. FAC ¶ 17. However, as the Court noted in its
7  Order on CSDI's motion to dismiss, Plaintiff's "kitchen-sink approach" of alleging joint
8  employer, agency, alter-ego, integrated enterprise, and co-conspirator theories of jurisdiction is
9  entirely without merit – both factually and legally. *See* February 27, 2008 Order, Court Docket #
10 37, pg. 6.

### 2. **Plaintiff Cannot Establish Specific Personal Jurisdiction Over CSI**

12 CSI lacks the constitutionally-mandated "minimum contacts" with California required for
13 the exercise of personal jurisdiction. Moreover, even if such contacts did exist (which they do
14 not), the claims at issue do not arise out of any supposed activities by CSI in California.

15 The Ninth Circuit has established a three-part test to determine if the exercise of specific
16 personal jurisdiction would comport with due process: "(1) the defendant must perform an act or
17 consummate a transaction within the forum, purposefully availing himself of the privilege of
18 conducting activities in the forum and invoking the benefits and protections of its laws; (2) the
19 claim must arise out of or result from the defendant's forum-related activities; [*and*] (3) exercise
20 of jurisdiction must be reasonable." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993);
21 *see, e.g., Bancroft & Masters, Inc.*, 223 F.3d at 1086 (9th Cir. 2000). Here, Plaintiff cannot
22 establish any of the requirements for specific jurisdiction.

23 The first prong of this test requires that Defendant either purposefully avail itself of the
24 privileges of conducting activities in the forum state or purposefully direct its activities toward
25 the forum state. *Schwarzenegger v. Fred Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).
26 Typically, evidence of purposeful availment will include "action taking place in the forum that
27 invokes the benefits and protections of the laws in the forum," while evidence of purposeful
28 direction will include "action taking place outside the forum that is directed at the forum."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1                         11                    DEFENDANT CHARMING SHOPPES,
                                                            INC.'S MOTION TO DISMISS –
                                                            C 07-06073-MHP

*Pebble Beach Co. v.* Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Here, CSI is a foreign holding company that does not directly conduct any business in California - let alone "purposefully avail" itself of the privileges of doing business in California. Sullivan Dec., ¶¶ 2, 6-7. CSI also has not purposefully directed activities into California because CSI has not (1) committed an intentional act, (2) expressly aimed at the forum state, which (3) causes harm that CSI knew was likely to be suffered in the forum state. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006) (*citing Schwarzenegger,* 374 F.3d at 803). As discussed *supra,* this Court previously ruled that CSDI did commit "intentional acts" aimed at California by sending wage statements, paychecks, and related payroll taxes into the state when acting as a paymaster on behalf of Lane Bryant. *See* February 27, 2008 Order, Court Docket # 37, pg. 9. In contrast, however, *CSI has not performed any such "intentional acts"* and has not affirmatively engaged in *any* activities directed at California. In contrast to the Court's findings with respect to CSDI, CSI has not sent paychecks, wage statements or payroll taxes into California. Sullivan Dec., ¶¶ 7,9.

Even if the first element to establish specific jurisdiction could be established (which it cannot), there is no nexus between Plaintiff's wage and hour claims and any supposed activity by CSI in California. To establish specific personal jurisdiction, this case must arise out of or result from CSI's supposed contacts with California. *See Bancroft,* 223 F.3d at 1088. Plaintiff on behalf of a purported class of "non-exempt employees" alleges that her employer Lane Bryant failed to properly calculate her overtime wages, failed to provide her with meal periods in accordance with California law, failed to pay all final wages upon termination, and failed to maintain accurate payroll records. *See* FAC, ¶¶ 33-53, 60-63.

As is evident from the allegations of FAC, Plaintiff's claims do not arise out of or result from any conduct of CSI. Rather, her claims arise out of and result from the alleged manner in which certain of Lane Bryant's Human Resources policies and practices were established, implemented, and enforced at Lane Bryant retail stores in California. Lane Bryant establishes, implements, and enforces the Human Resources policies and practices applicable to Lane Bryant employees. Ackley Dec., ¶¶ 4-6. Lane Bryant has its own employee handbook and personnel

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1

12

DEFENDANT CHARMING SHOPPES,
INC.'S MOTION TO DISMISS –
C 07-06073-MHP

policies, developed by the Lane Bryant management team. *Id.*, ¶ 5. CSI does not own, operate, control, or manage the Lane Bryant stores in California and has not established, implemented, or enforced the Human Resources policies as to Lane Bryant's California employees. Sullivan Dec., ¶¶ 8-10. The First Amended Complaint does not identify any specific person(s) employed by CSI who took, or failed to take, some action which resulted in the claims at issue. Indeed, CSI does not even have employees in California. Sullivan Dec., ¶ 7. Nor does Plaintiff's claim for violation of Labor Code Section 226 arise out of any activities by CSI – because CSI was not Plaintiff's employer, did not prepare or transmit any wage statements, and is not listed on any wage statements. Sullivan Dec., ¶¶ 7,9. Plaintiff's claims in this action simply do not arise out of any California activities on the part of CSI. *See, e.g., Omeluk v. Langston Slip & Batbyggeri A/S*, 52 F.3d 267, 272 (9th Cir. 1995) (injury to plaintiff would have occurred without regard to defendant's contacts with forum state). Consequently, Plaintiff cannot meet her *prima facie* burden of establishing specific personal jurisdiction.

## IV. CONCLUSION

CSI lacks the "substantial" or "systematic and continuous" contacts required for this Court to exercise general personal jurisdiction over CSI. Further, there is no evidence that either defendant Lane Bryant or CSDI is the alter ego or agent of CSI such that personal jurisdiction over these other defendants may be imputed to CSI. Finally, this Court cannot exercise specific personal jurisdiction over CSI because Plaintiff's claims in no way arise out of or result from any activities in California by CSI. For these reasons, this Court lacks jurisdiction over Defendant and therefore must dismiss CSI from this action.

Dated: March 31, 2008

MORGAN, LEWIS & BOCKIUS LLP

By /S/
Eric Meckley
Specially Appearing for Defendant
CHARMING SHOPPES, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/984671.1

13

DEFENDANT CHARMING SHOPPES, INC.'S MOTION TO DISMISS –
C 07-06073-MHP