JOHN S. BATTENFELD, State Bar No. 119513
ALBERT HUANG, State Bar No. 193005
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
E-mail: jbattenfeld@morganlewis.com
ahuang@morganlewis.com

ERIC MECKLEY, State Bar No. 168181
STEVEN J. GARRETT, State Bar No. 221021
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: emeckley@morganlewis.com
steven.garrett@morganlewis.com

Specially Appearing for Defendant
CHARMING SHOPPES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIKA MOODY, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation; LANE BRYANT, INC., a corporation; CHARMING SHOPPES, INC., a corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C 07-06073 MHP<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CHARMING SHOPPES, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: May 5, 2008<br>Time: 2:00 p.m.<br><br>[Fed. R. Civ. Proc. 12(b)(2)] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985406.1

[PROPOSED] ORDER GRANTING DEF.
CHARMING SHOPPES, INC.'S MOTION TO
DISMISS -- C 07-06073 MHP

This matter came on for hearing on May 5, 2008 on Defendant Charming Shoppes, Inc.'s ("CSI") Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure, Rule 12(b)(2). The Court has considered the moving, opposition and reply papers, the pleadings and records on file, and the oral argument of the parties at the hearing and hereby rules as follows:

IT IS ORDERED that Defendant CSI's Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) is hereby granted for the following reasons:

- This Court cannot constitutionally exercise general personal jurisdiction over CSI. CSI is incorporated and headquartered in the State of Pennsylvania. CSI has no operations, business or employees in the State of California. As an out-of-state entity with minimal connections to California, CSI does not have the "substantial" or "continuous and systematic" contacts with California necessary to establish general personal jurisdiction over it. Furthermore, CSI's parent-subsidiary relationships with Defendants Lane Bryant and Charming Shoppes of Delaware, Inc. ("CSDI") are not sufficient to establish personal jurisdiction.

- This Court cannot exercise specific personal jurisdiction over CSI because, CSI has insufficient contacts with California. CSI does not directly conduct any business in California – let alone "purposefully avail" itself of the privileges of doing business in California. CSI also has not affirmatively engaged in any activities that are directed at California. In contrast to this Court's ruling finding specific personal jurisdiction as to Defendant CSDI, there is no evidence before this Court that CSI sent wage statements or paychecks into the State of California or paid payroll or other taxes to the State of California.

- This Court does not have the constitutional or statutory authority to adjudicate this action as to Defendant CSI, and therefore dismisses CSI as a defendant in this action.

IT IS SO ORDERED:

Dated: _____, 2008

_____
United States District Judge