1  JOHN S. BATTENFELD, State Bar No. 119513
   ALBERT HUANG, State Bar No. 193005
2  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA  90071-3132
4  Tel: 213.612.2500
   Fax: 213.612.2501
5  E-mail:    jbattenfeld@morganlewis.com
              ahuang@morganlewis.com
6
   ERIC MECKLEY, State Bar No. 168181
7  STEVEN J. GARRETT, State Bar No. 221021
   MORGAN, LEWIS & BOCKIUS LLP
8  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
9  Tel: 415.442.1000
   Fax: 415.442.1001
10 E-mail:    emeckley@morganlewis.com
              steven.garrett@morganlewis.com
11
   Specially Appearing for Defendant
12 CHARMING SHOPPES, INC.

13

14                    UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17 SHAMEIKA MOODY, as an individual         Case No. C 07-06073 MHP
   and on behalf of others similarly situated,
18                                          **DEFENDANT CHARMING SHOPPES,**
                      Plaintiff,            **INC.'S REPLY IN SUPPORT OF MOTION**
19                                          **TO DISMISS FOR LACK OF PERSONAL**
              vs.                           **JURISDICTION**
20
   CHARMING SHOPPES OF                      Date:    May 5, 2008
21 DELAWARE, INC., a corporation ; LANE     Time:    2:00 p.m.
   BRYANT, INC., a corporation;             Place:   Courtroom 15, 18th Floor
22 CHARMING SHOPPES, INC., a                Judge:   Hon. Marilyn H. Patel
   corporation, and DOES 1 through 20,
23 inclusive,                               [Fed. R. Civ. Proc. 12(b)(2)]
                                            [SPECIAL APPEARANCE ONLY]
24                    Defendants.

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  LOS ANGELES      1-SF/7694051.1

1

**TABLE OF CONTENTS**

2

Page

3    I.    INTRODUCTION ......................................................................................1

4    II.   ARGUMENT............................................................................................1

5          A.    Plaintiff Has Failed to Establish a Prima Facie Case That CSI is Subject to General Personal Jurisdiction in California.........................................1

6                1.    CSI Does Not Have "Substantial and Continuous" Contacts With California ...............................................................................2

7

8                      a.    CSI does not own or operate any facility or have any employees in California ............................................2

9                      b.    Broad Statements About Charming Shoppes' Subsidiaries' "Employees" and "Operations" Are Insufficient and Irrelevant to Establish Actual Substantial and Continuous Contacts with California ......................................................3

10

11

12                           (1)    Vague statements in consolidated corporate filings do not establish personal jurisdiction ...............................3

13                           (2)    Websites or press statements do not establish personal jurisdiction....................................................5

14

15                           (3)    The references to CSI in Lane Bryant's Employee Handbook and Employment Application do not establish personal jurisdiction................................5

16

17                     c.    The Cases Cited by Plaintiff Are Inapposite ......................6

          B.    Plaintiff Has Failed to Establish a Prima Facie Case That CSI is Subject to Specific Personal Jurisdiction in California...........................................7

18

19                1.    CSI Has Not Purposefully Directed or Purposefully Availed Itself of Activities in California ...........................................................8

20

21                2.    There Is No Basis For Imputing Contacts To CSI....................................8

22                3.    Plaintiff's Claims Are Not Related To CSI's Alleged California Contacts ...............................................................................10

23        C.    Plaintiff Has Not Established A Colorable Showing Of Personal Jurisdiction To Justify Discovery On This Issue ................................10

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT CHARMING SHOPPES,
INC.'S REPLY IN SUPPORT OF MOTION
TO DISMISS ()

1

## TABLE OF AUTHORITIES

2

3

**Page**

**Cases**

4    *Amoco Egypt Oil Co. v. Leonis Navigation Co.,*
        1 F.3d 848 (9th Cir. 1993) .................................................................................................2

5

6    *Arce v. Aramark Corp.,*
        239 F.Supp.2d 153 (D. Puerto Rico 2003) ......................................................................6

7    *Bancroft & Masters, Inc. v. Augusta National, Inc.,*
        223 F.3d 1082 (9th Cir. 2000) ..................................................................................2, 8, 10

8

9    *Brand v. Menlove Dodge,*
        796 F.2d 1070 (9th Cir. 1986) ...........................................................................................2

10   *Calvert v. Huckins,*
        875 F. Supp. 674 (C.D. Cal. 1995) .............................................................................2, 3, 4

11

12   *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,*
        334 F.3d. 390 (4th Cir. 2003) ..........................................................................................11

13   *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.,*
        230 F.3d 934 (7th Cir. 2000) ...........................................................................................11

14

15   *Covad Comm. v. Pac. Bell,*
        1999 U.S. Dist LEXIS 22789 (N.D. Cal. 1999) ............................................................6, 7

16   *Cruz v. Ortho Pharmaceutical Corp.,*
        619 F.2d 902 (9th Cir. 1980) .............................................................................................9

17

18   *Doe, I v. Unocal Corp.,*
        248 F.3d 915 (9th Cir. 2001) ...........................................................................................10

19   *F. Hoffman-La Roche v. Sup. Ct.,*
        130 Cal.App. 4th 782 (2005) .............................................................................................5

20

21   *Hilsenrath v. Equity Trust Limited,*
        2008 WL 728902 (N.D. Cal. March 17, 2008) .................................................................4

22   *Hvide Marine Int'l, Inc. v. Employers Ins. of WAUSAU,*
        724 F.Supp. 180 (S.D.N.Y. 1989) .....................................................................................6

23

24   *Kramer Motors v. Bristish Leyland, LTD,*
        628 F.2d 1175 (9th Cir. 1980) .........................................................................................10

25   *MacDonald v. Navistar Int'l Transp. Corp.,*
        143 F.Supp.2d 918 (S.D. Ohio 2001) ................................................................................9

26

27   *Maddock v. KB Homes, Inc.,*
        2007 WL 4287627 (C.D. Cal. 2007) ..............................................................................2, 9

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANT CHARMING SHOPPES,
INC.'S REPLY IN SUPPORT OF MOTION
TO DISMISS ()

1

**TABLE OF AUTHORITIES**
(continued)

2
                                                                                        **Page**

3    *Mitan v. Feeney,*
         497 F.Supp.2d 1113 (C.D. Cal. 2007) ......................................................................11

4

5    *Nordberg v. Trilegiant Corp.,*
         445 F.Supp.2d 1082 (N.D. Cal. 2006) (J. Patel) .......................................................4

6    *Paneno v. Centres For Academic Progs.,*
         118 Cal.App. 4th 1447 (2004) ...................................................................................8

7

8    *Pebble Beach Co. v. Caddy,*
         453 F.3d 1151 (9th Cir. 2006) ...........................................................................8, 11

9    *Portera v. Winn Dixie of Montgomery, Inc.,*
         996 F.Supp. 1418 (M.D.Ala. 1998) ..........................................................................6

10

11   *Rano v. Sipa Press, Inc.,*
         987 F.2d 580 (9th Cir. 1993) .....................................................................................8

12   *Rich v. KIS Cal., Inc.,*
         121 F.R.D. 254 (M.D.N.C. 1988) ............................................................................11

13

14   *Schwarzenegger v. Fred Motor Co.,*
         374 F.3d 797 (9th Cir. 2004) .....................................................................................8

15   *Sibley v. Rail America, Inc.,*
         2006 WL 83460 (W.D.Va. 2006) ..............................................................................6

16

17   *Sonora Diamond Corp. v. Sup. Ct.,*
         83 Cal.App. 4th 523 (2000) ...................................................................................4, 9

18   *Tuazon v. R.J. Reynolds Tobacco Co.,*
         433 F.3d 1163 (9th Cir. 2005) ...............................................................................6, 7

19

**Statutes**

20

21   Cal. Code Civ. Proc.
         § 410.10 ......................................................................................................................4

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT CHARMING SHOPPES,
                                    INC.'S REPLY IN SUPPORT OF MOTION
                                    TO DISMISS  0

1 I.    **INTRODUCTION**

2       Despite Plaintiff's attempt to barrage the Court with irrelevant and misleading references

3 to various corporate filings and press releases, she has failed to establish a *prima facie* case of

4 general or specific personal jurisdiction over Defendant Lane Bryant, Inc.'s parent corporation,

5 Charming Shoppes, Inc. ("CSI").

6       Plaintiff has cited no case law which would support her primary argument that some

7 broadly worded statements in CSI's corporate filings, website and press releases which make

8 reference to "we" and "our employees" are sufficient to establish personal jurisdiction. In

9 addition, Plaintiff has failed to even address, let alone rebut, the case law cited in CSI's motion

10 which holds that a subsidiary's adoption and/or use of employment policies and practices

11 developed by its parent corporation is insufficient to establish personal jurisdiction over the

12 parent. Apart from repeatedly referring to broadly generic and irrelevant statements in CSI's 10-

13 K Annual Report, Plaintiff has presented no specific evidence which would demonstrate that CSI

14 is actually involved on a day-to-day basis in directing and controlling the operations of Lane

15 Bryant retail stores in California. As explained below, CSI has no "facility" in California.

16 Moreover, the handful of Quality Control employees in the Santa Fe Springs (a) work at a site

17 which is owned and operated by a third-party service provider which has no affiliation with CSI,

18 and (b) are employed by Charming Shoppes of Delaware, Inc. ("CSDI"), *not* CSI, and thus their

19 presence in California is irrelevant to the question of whether this Court may exercise jurisdiction

20 over CSI.

21      There is no evidence to support Plaintiff's "agency" or "alter-ego" arguments as to CSI,

22 which the Court similarly rejected in connection with the prior motion to dismiss filed by CSDI.

23 Plaintiff has failed to meet her burden of proving personal jurisdiction, and the Court should

24 dismiss CSI from this case.

25 II.   **ARGUMENT**

26      A.    **Plaintiff Has Failed to Establish a *Prima Facie* Case That CSI is Subject to General Personal Jurisdiction in California**

27

28      "General personal jurisdiction is an exacting standard. It requires that the defendant's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1                    1              DEFENDANT CHARMING SHOPPES,
                                                 INC.'S REPLY IN SUPPORT OF MOTION
                                                 TO DISMISS  (CASE NO. C 07-06073 MHP)

1    contacts with the forum state be 'substantial and continuous.'" *Calvert v. Huckins*, 875 F. Supp.

2    674, 677 (C.D. Cal. 1995). The amount of contact with the forum state necessary to establish

3    general personal jurisdiction is "intended to be a fairly high standard" (*Brand v. Menlove Dodge*,

4    796 F.2d 1070, 1073 (9th Cir. 1986)) and "requires that the defendant's contacts be of the sort

5    that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223

6    F.3d 1082, 1086 (9th Cir. 2000).

7         Furthermore, even when a defendant has "substantial" or "continuous and systematic"

8    contacts with the forum, it also must be reasonable to require the defendant to defend itself in the

9    forum state. *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.2 (9th Cir. 1993)

10    (citing *Asahi Metals Indus. Co. v. Sup. Ct.*, 480 U.S. 102 (1987)).

11                1.     CSI Does Not Have "Substantial and Continuous" Contacts With
California

12

13         Plaintiff argues that "CSI has substantial, continuous and systematic contacts with

14    California" because CSI purportedly "employs" thousands of individuals and operates "175+

15    retail store locations" in California and allegedly has a Quality Control facility in Santa Fe

16    Springs, California. Opp., pp. 18-19. In support of her argument, Plaintiff relies on erroneous

17    assertions and vague uses of words like "we" or "our" in corporate reports and press releases.

18    None of this "evidence" is sufficient to establish personal jurisdiction over CSI, and Plaintiff's

19    Opposition wholly fails to address the applicable factors for determining employment status. *See,*

20    *e.g., Maddock v. KB Homes, Inc.*, 2007 WL 4287627 (C.D. Cal. 2007).

21                a.     CSI does not own or operate any facility or have any employees in
California

22

23         Plaintiff wrongly asserts that CSI has an inspection facility in California. The facility in

24    Santa Fe Springs, California is an approximately 2,000,000 square foot distribution/consolidation

25    warehouse space which is owned and operated by Performance Team - Gale/Triangle, Inc.

26    ("Performance Team"), a third-party business process outsourcing vendor which is not in any

27    way owned by or affiliated with CSI. Sullivan Decl. ¶¶4, 5. CSI does not own or operate the

28    Santa Fe Springs facility. *Id.* When product for Lane Bryant and other sister-corporation stores

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1            2                 DEFENDANT CHARMING SHOPPES,
INC.'S REPLY IN SUPPORT OF MOTION
TO DISMISS (NO. C 07-06073 MHP)

1   arrives in the Los Angeles area from domestic or overseas vendors, Performance Team retrieves

2   the product, houses it in the warehouse facility, sorts and loads it in trucks, and delivers it to the

3   various retail store locations. Sullivan Decl. ¶¶4, 5. The employees who perform these functions

4   are not employed by CSI (or any related entity), but rather are employees and/or contractors of

5   Performance Team. *Id.*

6        Approximately four (4) Quality Control inspectors are on-site at the Performance Team

7   facility to inspect the product, however, these persons are employees of *Charming Shoppes of*

8   *Delaware, Inc.* – not CSI.[1] Sullivan Decl. ¶5. The fact that this small number of *CSDI*

9   employees reside in California simply has no bearing on whether personal jurisdiction exists as to

10  *CSI* – a separate legal entity which has no employees or facilities in California.[2]

            b.      Broad Statements About Charming Shoppes' Subsidiaries'
11
                    "Employees" and "Operations" Are Insufficient and Irrelevant to
12
                    Establish *Actual* Substantial and Continuous Contacts with
                    California
13
     Plaintiff attempts to establish general personal jurisdiction by relying on vaguely worded
14
statements in various communications which use phrases like "we" and "our" in referring to the
15
employees and stores of CSI's subsidiary corporations. It is neither significant nor surprising that
16
a corporate parent would refer to its family of corporations in this fashion. Plaintiff has not cited
17
a single case which supports her argument that such mere general *statements* as opposed to *actual*
18
*conduct and contact* with the forum state are sufficient to establish personal jurisdiction. Indeed,
19
the relevant case law contradicts Plaintiff's argument.
20

21

22

23
                                        
[1] The Court has already ruled that specific personal jurisdiction exists over CSDI (Docket #37).
24
[2] The website, telephone listing, and automated message which Plaintiff describes on pages 15-
25  16 of her Opposition all refer generically to "Charming Shoppes" and thus do not contradict
    Defendant's evidence that the Santa Fe Springs Quality Control function and employees relate to
26  *Charming Shoppes of Delaware*, Inc., not Charming Shoppes, Inc. Moreover, it is not unusual
    for the CSDI Quality Control Inspector position to be posted on the Charming Shoppes website
27  because the "Career Center" section lists openings for CSI's multiple subsidiary corporations.
    Sullivan Decl. ¶6.
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1            3                DEFENDANT CHARMING SHOPPES,
                                         INC.'S REPLY IN SUPPORT OF MOTION
                                         TO DISMISS   (NO. C 07-06073 MHP)

(1)    Vague statements in consolidated corporate filings do not establish personal jurisdiction

In *Calvert v. Huckins*, 875 F.Supp. 674, 678-79 (C.D. Cal. 1995), the plaintiff introduced consolidated annual reports, among other things, in an attempt to establish personal jurisdiction over out-of-state parent corporation. The court held that there was no basis for invoking personal jurisdiction over the parent. *Id.* at 680. The court stated that "consolidating the activities of a subsidiary into the parent's annual reports is a common business practice. It is allowed by both the Internal Revenue Service and the Securities and Exchange Commission, and is recommended by generally accepted accounting principles." *Id.* at 678-79.

Combined information pertaining to a parent corporation and its subsidiaries in a consolidated annual report is insufficient to establish personal jurisdiction. *Sonora Diamond Corp. v. Sup. Ct.*, 83 Cal.App. 4th 523, 550 (2000) ("the cases are unanimous that consolidated reporting is standard business practice and will not support jurisdiction") (citations omitted). In *Sonora Diamond*, the court rejected the trial court's reliance on combined information about the parent and subsidiary in the parent corporation's annual report to establish personal jurisdiction over the parent. *Id.* at 549. The court also held that the *"use of 'we' or 'the Company' or '[name of parent company]' in several reports in evidence did not prove that [parent] and [subsidiary] were, in actual practice, a single entity."* *Id.* at 550 (emphasis added).[3]

Here, Plaintiff quotes various statements in CSI's 10-K Annual Report that use the phrases "we" and "our" in relation to the operations and employees of CSI's separate subsidiary corporations. However, Plaintiff fails to bring to the Court's attention the following statement in

---

[3] Under California's long-arm statute, both federal and state courts sitting in California "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10; *Hilsenrath v. Equity Trust Limited*, 2008 WL 728902, at *2 (N.D. Cal. March 17, 2008) ("California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis."). The *Sonora Diamond* decision is one of the leading decisions on the issues of personal jurisdiction and the agency/alter-ego theories of personal jurisdiction. Accordingly, it has been extensively cited by both state and federal courts, including this Court. *See Nordberg v. Trilegiant Corp.* 445 F.Supp.2d 1082, 1102 (N.D. Cal. 2006) (J. Patel).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1                              4                    DEFENDANT CHARMING SHOPPES,
INC.'S REPLY IN SUPPORT OF MOTION
TO DISMISS  (NO. C 07-06073 MHP)

1    the Report:

2    "The terms 'the Company,' 'we,' and 'us,' and 'our' refer to Charming
     Shoppes, Inc., ***and, where applicable, our consolidated subsidiaries.***"

3    *See* Hubble Decl., Ex. A., p. 28 (emphasis added).

4    These references clearly do *not* establish that Plaintiff (or any other Lane Bryant

5    employee), was also employed by Lane Bryant's parent corporation CSI.

6              (2)       Websites or press statements do not establish personal
                         jurisdiction
7

8            Courts have rejected attempts to use collective references to parent and subsidiaries

9    contained in press releases to establish personal jurisdiction. *See F. Hoffman-La Roche v. Sup.*

10   *Ct.*, 130 Cal.App. 4th 782, 801 (2005) (holding that "the evidence of joint reporting or collective

11   media releases did not go beyond [the] normal incidence of ownership that is contemplated within

12   the parent/subsidiary context. Accordingly, this evidence does not subject the Swiss defendants

13   to the exercise of jurisdiction.").

14           Plaintiff's attempt to rely on the "www.charming.com" website is equally unavailing.

15   Again, it is commonplace for a family of corporate affiliates to have a shared website, and

16   Plaintiff has cited no cases holding that a limited and/or shared website creates joint employer or

17   alter ego status sufficient to establish personal jurisdiction. Also, Plaintiff's selective printing of

18   website pages fails to include the "About Us" section which specifically states that CSI is a

19   "holding company" and the "parent company" of "distinct brands" that include Lane Bryant. *See*

20   Huang Declaration, Exhibit 1.

21             (3)       The references to CSI in Lane Bryant's Employee
                         Handbook and Employment Application do not establish
22                       personal jurisdiction

23           Plaintiff spends multiple pages discussing isolated references in Lane Bryant's employee

24   handbook to "Charming Shoppes" or CSI. It is surprising that Plaintiff relies on the Fast Lane

25   Handbook, as this handbook is "An overview of Lane Bryant policies," which states on the very

26   first page: "This handbook is for Lane Bryant Associates, and was created to answer questions

27   about the company and its policies." Despite these statements, and the fact that Lane Bryant is

28   mentioned on nearly every page of the handbook, Plaintiff nonsensically argues that the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1                                    5                    DEFENDANT CHARMING SHOPPES,
                                                                      INC.'S REPLY IN SUPPORT OF MOTION
                                                                      TO DISMISS   (NO. C 07-06073 MHP)

1    handbook "indicate[s] that CSI is the individual's employer."

2    With respect to the occasional references in the handbook to "Charming Shoppes" or CSI,

3    Plaintiff's Opposition fails to rebut any of the case law cited in CSI's motion which holds that a

4    subsidiary corporation's use and/or distribution of policies and handbooks created by, issued by,

5    or simply mentioning a parent corporation is insufficient to establish personal jurisdiction.  As a

6    result, Plaintiff's reliance on limited references in the Lane Bryant Handbook to "Charming

7    Shoppes" is unavailing, and these references do not provide a basis for denying Defendant's

8    motion.[4]

9    Plaintiff ignores *Arce v. Aramark Corp.*, 239 F.Supp.2d 153, 172 (D. Puerto Rico 2003),

10    in which the court held that a subsidiary's use of an employee handbook with the name of the

11    foreign parent corporation was insufficient to warrant the exercise of personal jurisdiction over

12    the parent.  Plaintiff similarly ignores *Hvide Marine Int'l, Inc. v. Employers Ins. of WAUSAU*, 724

13    F.Supp. 180, 187 (S.D.N.Y. 1989), in which the court found that a subsidiary corporation's

14    distribution of an employee handbook to its employees which contained general policies of the

15    corporate parent did not establish personal jurisdiction over the parent.[5]

16    To the extent Plaintiff here argues that Lane Bryant has used or implemented employment

17    policies created by CSI, that is no different than the situation in *Portera v. Winn Dixie of*

18    *Montgomery, Inc.*, 996 F.Supp. 1418, 1424 (M.D.Ala. 1998), in which the court held that an out-

19    of-state parent corporation's creation of general personnel policies which were implemented by

20    the subsidiary was insufficient to establish personal jurisdiction over the parent.

21               c.    The Cases Cited by Plaintiff Are Inapposite.

22    Plaintiff's reliance on *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1175 (9th

23    Cir. 2005) and *Covad Comm. v. Pac. Bell*, 1999 U.S. Dist LEXIS 22789 (N.D. Cal. 1999) is

24    misplaced.

_____

25    [4] For the same reason, any attempt by Plaintiff to rely on certain meal and rest break policies
26    issued on CSI letterhead also does not establish personal jurisdiction over CSI.

27    [5] *Cf. Sibley v. Rail America, Inc.*, 2006 WL 83460, at *3 (W.D.Va. 2006) (parent corporation's
     provision of resources to its subsidiary, including an employee handbook,  did not create an
28    employment relationship).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1    6    DEFENDANT CHARMING SHOPPES,
INC.'S REPLY IN SUPPORT OF MOTION
TO DISMISS   (NO. C 07-06073 MHP)

1     The court's ruling in *Tuazon* that R.J. Reynolds had continuous and systematic contacts in

2     Washington sufficient to support the exercise of general jurisdiction relied on evidence which is

3     simply not present in the present case. *Tuazon*, 433 F.3d at 1175. Specifically, the court in

4     *Tuazon* found that R.J. Reynolds maintained a permanent office and workforce in the state, was

5     licensed to do business in the state, advertised in local media, and engaged in local politics. *Id.* at

6     1174. In *Covad*, the court exercised personal jurisdiction over an out-of-state defendant based on

7     evidence that defendant maintained an office in California and injected itself into the California

8     market by attempting to acquire Pacific Bell. *Id.* at 20-21. The court noted this evidence

9     suggested defendant was "present in California". *Id.*

10    In the present case, in contrast to *Tuazon* and *Covad*, CSI has not maintained any office or

11    workforce in California and has not injected itself into the California market. Plaintiff is

12    attempting to invoke jurisdiction based solely on vague statements in corporate filings and

13    websites (i.e., "[W]e operated 2,409 stores in 48 states."), not any *actual contacts* with

14    California.[6] Plaintiff has not presented a shred of evidence that CSI actually manages the day-to-

15    day operations of the separately incorporated Lane Bryant retail stores located in California. The

16    evidence submitted by CSI, including a declaration from Lane Bryant's Vice President of Human

17    Resources, establishes that Lane Bryant, not CSI, manages Lane Bryant's day-to-day operations.

18    As a result, Plaintiff has failed to establish that CSI has "substantial" or "continuous and

19    systematic" contacts with California. This Court does not have general personal jurisdiction over

20    CSI.

21    **B.    Plaintiff Has Failed to Establish a *Prima Facie* Case That CSI is Subject to**

22    **Specific Personal Jurisdiction in California**

23    The Ninth Circuit has established a three-part test to determine if the exercise of specific

24    personal jurisdiction would comport with due process: "(1) the defendant must perform an act or

25    consummate a transaction within the forum, purposefully availing himself of the privilege of

26

27    ---

[6] This statement is particularly irrelevant to the jurisdictional issue given that the 10K Annual
28    Report specifically defines "we" to refer to CSI's corporate subsidiaries.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES      1-SF/7694051.1                    7          DEFENDANT CHARMING SHOPPES,
INC.'S REPLY IN SUPPORT OF MOTION
TO DISMISS   (NO. C 07-06073 MHP)

1    conducting activities in the forum and invoking the benefits and protections of its laws; (2) the

2    claim must arise out of or result from the defendant's forum-related activities; [*and*] (3) exercise

3    of jurisdiction must be reasonable." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993);

4    *see, e.g., Bancroft & Masters, Inc.*, 223 F.3d at 1086 (9th Cir. 2000).

5                    1.      CSI Has Not Purposefully Directed or Purposefully Availed Itself of

6                            Activities in California

7          The first prong of the test requires that Defendant either purposefully avail itself of the

8    privileges of conducting activities in the forum state or purposefully direct its activities toward

9    the forum state. *Schwarzenegger v. Fred Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

10   Typically, evidence of purposeful availment will include "action taking place in the forum that

11   invokes the benefits and protections of the laws in the forum," while evidence of purposeful

12   direction will include "action taking place outside the forum that is directed at the forum."

13   *Pebble Beach Co. v.* Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

14         Here, Plaintiff again relies solely on the statements contained in the 10-K Annual Report,

15   website, press releases, and the Lane Bryant employee handbook/policies. Based on the

16   reasoning and authority discussed above, this evidence is insufficient to demonstrate purposeful

17   availment.

18                   2.      There Is No Basis For Imputing Contacts To CSI

19         Plaintiff argues that Lane Bryant's California contacts "must be imputed to CSI,"

20   asserting that Lane Bryant is merely an "incorporated division or department" of CSI. Opp., pp.

21   21. To the extent courts refer to "incorporated departments," it is in the context of agency

22   principles. *See Paneno v. Centres For Academic Progs.*, 118 Cal.App. 4th 1447, 1455 (2004)

23   (stating that "if a parent corporation exercises such a degree of control over its subsidiary

24   corporation that the subsidiary can legitimately be described as only a means through which the

25   parent acts, or nothing more than an incorporate department of the parent, the subsidiary will be

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1                8          DEFENDANT CHARMING SHOPPES,
INC.'S REPLY IN SUPPORT OF MOTION
TO DISMISS  (NO. C 07-06073 MHP)

1    deemed to be the agent of the parent in the forum state").[2]  In order to support her argument that

2    Lane Bryant is an "incorporated department," Plaintiff must prove that the requirements for

3    agency have been met.  She has not done so.

4          To establish an agency relationship Plaintiff must demonstrate that CSI's control over

5    Lane Bryant was "so pervasive and continual" that Lane Bryant is nothing more than a mere

6    "instrumentality" of CSI.  *Sonora Diamond Corp., supra,* at 541.  It is well established that the

7    relationship between a parent and subsidiary corporation contemplates a close connection; it is

8    normal and even expected that a parent exercise a "certain degree of direction and management"

9    over its subsidiaries.  *Id.; see also Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 905 (9th

10   Cir. 1980).  Providing management and direction is not enough to establish agency or alter-ego, a

11   plaintiff must prove that "the acts of the parent…trespass the boundaries of legitimate ownership

12   and control." *Sonora Diamond Corp., supra,* at 541.  "As a practical matter, the parent must be

13   shown to have moved beyond the establishment of general policy and direction for the subsidiary

14   and in effect taken over performance of the subsidiary's *day-to-day* operations in carrying out that

15   policy." *Id.* at 542.

16         The mere fact that Lane Bryant's officers may report to parent CSI does not establish that

17   Lane Bryant was an agent of CSI for purposes of establishing personal jurisdiction over CSI.  *See*

18   *Maddock v. KB Homes, Inc.,* 2007 WL 4287627, at * 10 (C.D. Cal. Oct. 18, 2007) (agreeing that

19   the fact that "officers of the subsidiary report to the parent corporation" does not establish that the

20   parent was a joint employer under the "integrated enterprise" test and noting that this test is less

21   stringent than the alter ego test for establishing personal jurisdiction); *MacDonald v. Navistar*

22   *Int'l Transp. Corp.,* 143 F.Supp.2d 918, 925-926 (S.D. Ohio 2001) (finding that the fact that

23   subsidiary's general manager reported to parent company's officers did not support an agency

24   relationship between parent and subsidiary for purposes of establishing general jurisdiction).

25         In the present case, even if Plaintiff had shown that CSI was involved in providing

26

27   [2] Plaintiff has invoked agency theory in the context of specific personal jurisdiction and CSI
     addresses Plaintiff's argument in this context, although Defendant's response is equally
28   applicable to the extent agency is a consideration in general personal jurisdiction.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1                    9              DEFENDANT CHARMING SHOPPES,
                                                 INC.'S REPLY IN SUPPORT OF MOTION
                                                 TO DISMISS  (NO. C 07-06073 MHP)

1   employment policies and/or direction for Lane Bryant (which she has not), Plaintiff has failed to

2   show that CSI was involved in the day-to-day operations of Lane Bryant.  Again, Plaintiff relies

3   entirely on vague and ambiguous statements in securities filings, the website, and Lane Bryant's

4   handbook. However, none of this evidence even hints at an improper level of control exercised by

5   parent CSI over its subsidiary Lane Bryant.  For example, in *Kramer Motors v. Bristish Leyland,*

6   *LTD*, 628 F.2d 1175, 1177-78 (9th Cir. 1980), the Ninth Circuit found that agency did not exist

7   even though the parent guaranteed loans for its subsidiary, reviewed and approved the

8   subsidiary's major decisions, placed directors on subsidiary's board, and was closely involved in

9   the subsidiary's pricing decisions.  *See also Doe, I v. Unocal Corp.,* 248 F.3d 915, 926-29 (9th

10  Cir. 2001) (motion to dismiss for lack of personal jurisdiction granted because agency principles

11  not satisfied even though plaintiff asserted that parent corporation was involved in subsidiaries'

12  acquisitions, capital investments, formulation of business policies and strategies applicable to

13  subsidiaries, provided loans and other types of financing to subsidiaries).

14          3.      Plaintiff's Claims Are Not Related To CSI's Alleged California Contacts

15          To establish specific personal jurisdiction, this case must arise out of or result from CSI's

16  contacts with California.  *See Bancroft,* 223 F.3d at 1088.  Even if Plaintiff had established the

17  purposeful availment element of specific jurisdiction, Plaintiff has failed to demonstrate any

18  nexus between her wage and hour claims and any alleged conduct, admission or representation by

19  CSI.  She provides no evidentiary support for her assertion that "but for" any policies and

20  procedures specifically attributable to CSI, the alleged harm would not have occurred.  What

21  policies and procedures specifically attributable to CSI have caused her harm?  She has not

22  identified any, despite all the references to CSI's website and press releases and annual reports.

23  As a result, she has not shown that her claims arise out of or result from the CSI's supposed

24  forum-related activities.

25  **C.      Plaintiff Has Not Established A Colorable Showing Of Personal Jurisdiction
26          To Justify Discovery On This Issue**

27          In a final attempt to maintain this action against CSI, Plaintiff seeks the Court's

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1                          10              DEFENDANT CHARMING SHOPPES,
                                                        INC.'S REPLY IN SUPPORT OF MOTION
                                                        TO DISMISS   (NO. C 07-06073 MHP)

1   permission to conduct discovery as to personal jurisdiction. In order to obtain discovery on

2   jurisdictional facts, Plaintiff must at least make a "colorable" showing that the Court can exercise

3   personal jurisdiction over Defendant. *Central States, S.E. & S.W. Areas Pension Fund v. Reimer*

4   *Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000), *Mitan v. Feeney*, 497 F.Supp.2d 1113,

5   947, 1119 (C.D. Cal. 2007) (affirming *denial of discovery on jurisdiction* because facts regarding

6   parent company's corporate affiliation with employer, without any showing of "an usually high

7   degree of control" were not sufficient to show a colorable basis for jurisdiction). The discovery

8   that Plaintiff seeks could not alter the conclusion that this Court lacks personal jurisdiction over

9   Defendant.

10          Plaintiff's conclusory statements about CSI's supposed contacts with California are not

11   sufficient grounds for jurisdictional discovery. *See, e.g., Pebble Beach Co. v. Caddy*, 453 F.3d

12   1151, 1160 (9th Cir. 2006) (affirming denial of right to conduct jurisdictional discovery where

13   "plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare

14   allegations in the face of specific denials made by the defendants"); *Carefirst of Maryland, Inc. v.*

15   *Carefirst Pregnancy Centers, Inc.*, 334 F.3d. 390, 402-403 (4th Cir. 2003) (stating that a court is

16   within its discretion in denying jurisdictional discovery when a plaintiff offers only speculation or

17   conclusory assertions about contacts with a forum state). The Court should ignore Plaintiff's

18   conclusory statements and deny Plaintiff's request to conduct an irrelevant "fishing expedition"

19   into issues of personal jurisdiction. *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).

20   Moreover, as the Court noted in its Order Re: CSDI's Motion to Dismiss: "plaintiff has failed to

21   put forth even a shred of evidence that any inconsistencies with an arms length corporate

22   relationship exist between CSDI and Lane Bryant. Additionally, plaintiff has made no credible

23   argument that such evidence exists or would be discoverable." Docket No. 37, pg. 5. The

24   Court's statement also applies to Plaintiff's lack of evidence or credible argument as to the

25   ///

26   ///

27   ///

28   ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1                          11                DEFENDANT CHARMING SHOPPES,
INC.'S REPLY IN SUPPORT OF MOTION
TO DISMISS   (NO. C 07-06073 MHP)

1  corporate relationship between CSI and Lane Bryant.

2  Dated: April 21, 2008                    MORGAN, LEWIS & BOCKIUS LLP

3

4                                           By_____/S/_____
                                               Eric Meckley
5                                              Specially Appearing for Defendant
                                               CHARMING SHOPPES, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-SF/7694051.1                    12        DEFENDANT CHARMING SHOPPES,
                                            INC.'S REPLY IN SUPPORT OF MOTION
                                            TO DISMISS   (NO. C 07-06073 MHP)

**PROOF OF SERVICE**

I, the undersigned, declare:

I am over the age of eighteen (18) years, and not a party to the within action. I am employed by Morgan, Lewis & Bockius, LLP and my business address is One Market, Spear Street Tower, San Francisco, CA 94105.

On April 21, 2008, I served the following document(s):

**DEFENDANT CHARMING SHOPPES, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

on the parties involved addressed as follows:

Peter M. Hart, Esq.                                    Attorneys for Plaintiff
Law Offices of Peter M Hart
13952 Bora Bora Way, F-320
Marina Del Ray, CA 90292

[　] **BY MAIL:** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business. On this date, I served the above interested parties following my employer's ordinary business practices.

[　] **BY FACSIMILE:** By use of a facsimile machine telephone number 415/442-1001, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting facsimile machine.

[X] **BY FEDERAL EXPRESS OVERNIGHT DELIVERY:** I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express. I am readily familiar with the practice for collection and processing of documents for delivery by overnight service by Federal Express of Morgan, Lewis & Bockius, LLP, and that practice is that the document(s) are deposited with a regularly maintained Federal Express facility in an envelope or package designated by Federal Express fully prepaid the same day as the day of collection in the ordinary course of business.

[　] **BY EMAIL:** By transmitting via electronic mail the document(s) listed above to the email address(s) set forth below on this date (pursuant to a stipulation between the parties).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on April 21, 2008.

_____
Mary Gonzalez

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7630567.1