PETER M. HART, Esq. (State Bar No. 198691)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

KENNETH H. YOON (State Bar No. 198443)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612-0988
(213) 947-1211 facsimile
kyoon@yoon-law.com

LARRY W. LEE (State Bar No. 228175)
**DIVERISTY LAW GROUP, A Professional Corporation**
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071
(213) 488 – 6555
(213) 488 – 6554 facsimile
lwlee@diversitylaw.com

Attorneys for Shameika Moody

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIKA MOODY as an individual and on behalf all of others similarly situated,<br><br>        Plaintiff,<br>   vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: C 07-06073 MHP<br><br>**SUPPLEMENTAL JOINT RULE 26(f) REPORT**<br><br>Judge:   Hon. Marilyn Hall Patel<br>Date:    May 5, 2008<br>Time:    2:00 p.m.<br>Ctrm.:   15 |

1

SUPPLEMENTAL JOINT RULE 26(f) REPORT
(C 07-06073 MHP)

**TO THE COURT:**

Pursuant to this Court's Order on March 24, 2008, the Parties hereby submit this Supplemental Report pursuant to the Local Rules and Rule 26.

**1.     Discovery**

<u>Per Plaintiff</u>

Plaintiff met and conferred in person with Defendants' counsel regarding the written discovery that Plaintiff had previously propounded to Defendant Lane Bryant, Inc. ("LBI") and Charming Shoppes of Delaware, Inc. ("CSDI") prior to the March 24, 2008 case management conference. In the interests of avoiding discovery disputes prior to the upcoming mediation and understanding the Court's suggestion of informal discovery, Plaintiff agreed to allow Defendants to produce all documents necessary for mediation informally and agreed to Defendants answering 90% of Plaintiff's interrogatories informally as well.[1] Plaintiff did request that Defendants provide verified responses to a very few of the interrogatories that Plaintiff propounded, including the types of sales and non-sales bonuses Defendants paid and whether and how these were included in the calculation of overtime wages. Plaintiff also asked for a 25% sampling of time data and pay data for the class period for Lane Bryant stores. Defendants have agreed to provide the formal and informal responses to Plaintiff's interrogatories on or before May 5, 2008. Defendants have also agreed to provide all of the remaining requested information and data, including a sampling of the class data, based on a target date of May 21, 2008. Plaintiff believes that the data requested is vital and necessary in order to be prepared for mediation such that Plaintiff has done her due diligence if the case settles and so that class members or potential or actual objectors can be satisfied with the investigation that was made. Prior to the March 24, 2008 case management conference, Plaintiff had also served Defendant Charming Shoppes, Inc. ("CSI") with similar written discovery. However, in light of this Court's order at said case management conference, Plaintiff has not sought discovery responses either formally

---

[1] Plaintiff also specifically reserved her right to require formal discovery responses if mediation is not successful or if Defendants do not produce the needed data pre-mediation. Plaintiff has also requested that if the mediation is successful that all data provided pre-mediation informally, will be verified by

2

SUPPLEMENTAL JOINT RULE 26(f) REPORT
(C 07-06073 MHP)

or informally from CSI until the Court rules on CSI's pending motion to dismiss.

On April 8, 2008, Defendant LBI also propounded written interrogatories and document production requests upon Plaintiff. Similar to the above, the parties have agreed that Plaintiff will provide formal written responses to Defendant LBI with respect to interrogatory numbers 1, 2, 7, 8, 12, 15, and 16. Based on the parties' agreement, Plaintiff will provide informal responses to the remaining outstanding interrogatories, as well as producing documents to Defendants on an informal basis. Plaintiff will produce such formal and informal responses and documents by a target date of May 30, 2008, but not before Defendants production of the class data, which current target date for production is May 21, 2008.

Per Defendants

Defendant Lane Bryant, Inc. has provided informal interrogatory responses to Plaintiff and has produced more than 218 pages of documents to Plaintiff. Lane Bryant also will be providing certain formal/verified interrogatory responses, per Plaintiff's request. Lane Bryant has agreed to provide Plaintiff with electronic time punch and payroll data regarding a random 25% sampling of Lane Bryant's non-exempt California employees during the putative class period. The parties are currently meeting and conferring regarding the manner in which the random sampling will be achieved. Since the date of the Initial Case Management Conference, Defendants have acted in good faith to work with Plaintiff to provide information necessary for a meaningful and productive mediation.

In turn, Defendants require documents and information from Plaintiff in advance of the mediation in order for the mediation to be productive and meaningful. To that end, Plaintiff has agreed to provide formal and informal interrogatory responses and produce documents by a target date of May 30, 2008. In the event the mediation is unsuccessful or if Plaintiff does not produce the needed information pre-mediation, Defendants specifically reserve their right to require formal discovery responses.

---

Defendants after the mediation.

3

SUPPLEMENTAL JOINT RULE 26(f) REPORT
(C 07-06073 MHP)

**2.	Mediation**

Plaintiff and Defendants have agreed to mediate this case on July 15, 2008 with Jeffrey Krivis, an experienced private mediator, in a full day session.

**3.	Procedural Status**

The case against Lane Bryant, Inc. that Plaintiff had filed in the San Francisco Superior Court after this lawsuit was filed has been dismissed by the San Francisco Superior Court. All the currently named Defendants in the action before this Court have been served with the complaint and summons. Lane Bryant, Inc. and CSDI have both filed an answer to Plaintiff's First Amended Complaint. Charming Shoppes, Inc. has filed a personal jurisdiction challenge that is set for hearing on May 5, 2008 before this Court.

**4.	Amendment of the Pleadings**

<u>Per Plaintiff</u>

Plaintiff intends to amend the pleadings as there is no deadline or cut-off on amendment to modify the complaint to include a claim for unpaid wages owed, and modify the claims for overtime wages, meal periods, recordkeeping, and unfair practices based on Defendants' policies of requiring on duty meal periods and based on the sales bonuses and non-sales bonuses paid. After a deadline is set by the Court, Plaintiff will forward to Defendants any draft of amended Complaints in the hopes of obtaining a stipulation to file such a document. Plaintiff reserves her right to amend the pleadings further as discovery proceeds if this case does not resolve at mediation.

Currently there is no deadline for amendment of pleadings, and the Court declined to set one at the initial status conference. Plaintiff does not believe a deadline is necessary in part because the parties are working towards mediation and are not conducting full discovery, and in further part, because Defendants as they are producing additional documents are changing prior testimony (e.g., CSDI's statement that they have no employees in California to having employees in California). Thus any deadline would be premature as Plaintiff contends full discovery is necessary

4
SUPPLEMENTAL JOINT RULE 26(f) REPORT
(C 07-06073 MHP)

1 before any deadline for amendment to pleadings.

2 <u>Per Defendants</u>

3 Defendants contend that, to the extent Plaintiff intends to amend the Complaint, the
4 Court should establish a deadline which allows Defendants sufficient time in advance of the July 15,
5 2008 mediation to investigate and conduct formal/informal discovery regarding the amended claims.
6 Therefore, the Court should set May 30, 2008 as the deadline for any amendments to
7 the pleadings – any later deadline will not allow Defendants sufficient time to investigate and evaluate
8 such claims prior to the mediation.

**DATED: April 28, 2008**          **LAW OFFICES OF PETER M. HART**

By: _____/S/_____
    **Peter M. Hart, Esq.**
    **Attorney for Plaintiff and the class**


**DATED: April 28, 2008**          **MORGAN, LEWIS & BOCKIUS LLP**

By: _____/S/_____
    **Eric Meckley, Esq.**
    **Attorney for Lane Bryant, Inc. and**
    **Charming Shoppes of Delaware, Inc.**