UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIKA MOODY, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARMING SHOPPES OF DELAWARE, INC., a corporation ; LANE BRYANT, INC., a corporation; CHARMING SHOPPES, INC., a corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C 07-06073 JL<br><br>[PROPOSED] ORDER (1) PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT, (2) CONDITIONALLY CERTIFYING SETTLEMENT CLASS, (3) DIRECTING MAILING OF NOTICE AND CLAIM FORM TO THE CLASS, AND (4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS AND FINAL APPROVAL HEARING<br><br>Judge:   Hon. James Larson |

Based upon the December 18, 2009 Report and Recommendation (Docket #112) issued by this Court and the February 24, 2010 Order Adopting Report and Recommendation (Docket #116) issued by the Honorable Judge Patel of this Court regarding the motion by Plaintiff Shameika Moody ("Plaintiff"), on behalf of herself and all others similarly situated, for preliminary approval of the Stipulation and Agreement to Settle Class Action and Limited Release ("Agreement" or "Settlement"), and good cause appearing therefore, the Court ORDERS as follows:

1.  The Court incorporates the findings and opinions set forth in the December 18, 2009 Report and Recommendation (Docket #112) and February 24, 2010 Order Adopting Report and Recommendation (Docket #116).

2.  All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties.

3.  For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following Settlement Class:

> All current and former non-exempt employees of Defendants Lane Bryant, Inc. and Charming Shoppes of Delaware, Inc. ("Defendants") and other subsidiaries/affiliates of Charming Shoppes, Inc. (including but not limited to Catherines of California, Inc., Catherines Woman Delaware, Inc., Fashion Bug Retail Companies, Inc., Charming Shoppes Outlet Stores, LLC, Lane Bryant Outlet 4237/Petite Sophisticate Outlet, Inc., Lane Bryant Outlet 4324/Petite Sophisticate Outlet, Inc, Crosstown Traders) who were employed in a position classified as non-exempt at a retail store in the State of California between the dates October 11, 2003 through August 20, 2008.

4.  The Court conditionally finds that, for the purposes of approving this Settlement only, the proposed Class meets the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, in that: (a) the proposed Class is ascertainable and so numerous (more than 12,000 persons) that joinder of all members is impracticable; (b) there are questions of law or fact common to the proposed Class regarding

whether Defendants had certain policies that violated California wage and hour laws; (c) the claims of Plaintiff are typical of the claims of other members of the proposed Class; (d) Plaintiff and her counsel will fairly and adequately protect the interests of the proposed Class; and (e) there are certain questions of law or fact germane to the Settlement Class and a settlement class action is superior to other available methods for an efficient resolution of this controversy.

5. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Released Parties, or in this Litigation if the Settlement is not finally approved.

6. The Court appoints, for settlement purposes only, Plaintiff Shameika Moody as Class Representative.

7. The Court appoints, for settlement purposes only, the Law Offices of Peter M. Hart; Law Offices of Kenneth H. Yoon; Diversity Law Group, A Professional Corporation; and the Law Office of Eric Honig as Class Counsel. The Court finds that collectively Plaintiff's counsel have extensive experience and expertise in prosecuting wage and hour class actions.

8. The Court finds on a preliminary basis that the proposed Settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the Class Representative's Enhancement) falls within the "range of reasonableness" and therefore grants preliminary approval of the Settlement. Based on a review of the papers submitted by the Parties, the Court finds that the Settlement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement is non-collusive.

9. The Court finds and concludes that the Class Notice and Claim Form and the procedure set forth in the Agreement for providing notice to the Class will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), adequately advises Class Members of their rights under this Settlement, and therefore meet the requirements of due process.

    a.    <u>Class Notice</u>: The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this Litigation, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about Plaintiff's and Class Counsel's forthcoming applications for the Class Representative Enhancement and the Class Counsel attorneys' fees and costs award; (3) appropriate information about how to claim a share of the proceeds under the Settlement, and about Class Members' right to appear through counsel if they desire; (4) appropriate information about how to object to the Settlement or submit an Opt-Out Request, if a Class Member wishes to do so; and (5) appropriate instructions as to how to obtain additional information regarding this Litigation and the Settlement. The proposed plan for mailing the Class Notice and the Claim Form by first class mail to the Class Members' last known addresses is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement. The Administrator will distribute the Class Notice and the Claim Form to all Class Members by first class mail to their last known addresses, after seeking updated addresses from the U.S. Postal Service for the Class Members who are former employees. If the Class Notices are returned as undeliverable, the Administrator will make reasonable efforts to obtain updated addresses through a skip tracing process. There is no alternative method of distribution that would be practical and reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan. The proposed Class Notice and notice plan are the best practicable notice under the facts and circumstances of this case.

    b.    <u>Claim Form</u>: The proposed Claim Form allows Class Members a full and fair opportunity to submit a claim for proceeds under the Settlement. The Claim Form fairly,

3

[PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENT
C 07-06073-JL

DB2/20841955.2

accurately, and reasonably informs Class Members that the failure to complete and submit a Claim Form, in the manner and time specified, will constitute a waiver of any right to obtain any share of the proceeds under the Settlement.

The Class Notice and Claim Form and the manner of distributing the Class Notice and Claim Form to the Class are approved.

10. The Parties are ordered to carry out and proceed with the Settlement according to the terms of the Settlement.

11. The Parties' proposed Settlement is deemed filed as of the date of this Order for purposes of providing notice to the appropriate state and federal officials pursuant to the Class Action Fairness Act ("CAFA"), 23 U.S.C. section 1715.

12. The Court appoints Rust Consulting, Inc. as the Administrator. Promptly following the entry of this Order, the Administrator will prepare final versions of the Class Notice and Claim Form, incorporating into them the relevant dates and deadlines set forth in this order.

13. Within fifteen (15) business days after the entry of this Preliminary Approval Order, Defendants shall provide the Administrator with a list of each Class Member, setting forth in separate columns in Excel format, or some other format mutually agreed upon by Defendants and the Administrator, (i) the name, Social Security Number and last known mailing address of the Class Member, (ii) whether, during the Class Period, the Class Member earned non-discretionary incentive pay during one or more Pay Period(s) in which the Class Member worked overtime and, if so, the amount of non-discretionary incentive pay earned, (iii) the number of Pay Periods during the Class Period during which the Class Member worked on a full-time basis in a non-exempt retail store position in California, (iv) the number of Pay Periods during the Class Period during which the Class Member worked on a part-time basis in a non-exempt retail store position in California, (v) whether the Class Member is a former or current employee, and (vi) the start and end dates of the period(s) in the Class Period during which the Class Member worked in a non-exempt retail store position in California. The Administrator shall maintain this

information as private and confidential and shall not disclose such data to any persons or entities other than Defendants, or Plaintiff's counsel to the extent such information is needed to respond to any inquiry from a Class Member or a disputed claim.

14. Within ten (10) business days after receipt of the class information from Defendants, the Administrator, after conducting a search using the U.S. Postal Service National Change of Address database to validate or update the addresses of the former employee Class Members, shall send the Class Notice and Claim Form to all Class Members via first class U.S. Mail.

15. The Administrator is directed to mail the Class Notice and Claim Form in the manner provided in the Agreement and take all other actions in furtherance of claims administration as specified in the Agreement.

16. Class Members who wish to receive a Claim Amount must complete and return a timely Claim Form to the Administrator in the manner provided in the Agreement. The Claims Period Deadline for submitting a Claim Form is sixty (60) calendar days after the Class Notices and Claim Forms are mailed to the Class Members by the Administrator, as evidenced by the postmark.

17. Class Members who wish to exclude themselves from the Settlement must sign and submit an Opt-Out Request in the manner provided in the Agreement. The deadline for submitting an Opt-Out Request is the Claims Period Deadline. Any member of the Class who requests exclusion from the Settlement will not be entitled to any share of the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon. Class Members who fail to submit a valid and timely Opt-Out Request shall be bound by all terms of the Agreement, regardless of whether they otherwise have requested exclusion from the Settlement.

18. Class Members who submit both an Opt-Out Request and a Claim Form shall be sent a cure letter by the Administrator requesting clarification of the Class Member's intent. The letter will state that unless the Class Member clarifies by the Claims Period Deadline that he or

5

[PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENT
C 07-06073-JL

she intends to opt out, the Class Member will be deemed to be an Eligible Class Member.

19. A Class Member may dispute any of the information on the Claim Form by completing the dispute portion of the Claim Form and providing the completed form together with any supporting information or documentation to the Administrator by the Claims Period Deadline. Defendants and Class Counsel shall attempt in good faith to resolve any such dispute. The Administrator shall have the authority, based on information provided by Defendants and information provided by the actual or claimed Class Member, to issue a final non-appealable decision with regard to any dispute that cannot be resolved by Defendants and Class Counsel.

20. Any Class Member who does not Opt-Out but who wishes to object to the Settlement or otherwise to be heard concerning the Agreement may object by filing written objections with the Court and mailing a copy of his or her objections to Class Counsel via first-class mail. To be considered timely, the objections must be filed and mailed no later than the Claims Period Deadline. The objections must include any supporting papers and arguments. Any Class Member who fails to file and serve a timely written objection shall be barred from making any statement objecting to the Settlement, including at said hearing, and shall forever waive his or her objection, except by special permission of the Court. Either of the Parties may file a responsive document to any objection no later than five (5) court days before the Final Approval and Fairness Hearing.

21. Defendants shall have the right to terminate the Settlement in the event that prior to the Final Approval and Fairness Hearing more than 10% of Class Members who otherwise would be Eligible Class Members have filed proper and timely Opt-Out Requests. Defendants shall provide Notice of Termination in writing and at their own expense by first-class United States mail to Class Counsel and each Eligible Class Member no later than ten (10) calendar days after receipt by Defense Counsel of the complete list from the Administrator identifying all Opt-Outs. If Defendants elect to terminate the Settlement, they shall not be responsible for paying any of Plaintiff's attorney's fees and costs, but shall be responsible for any and all costs of the Administrator incurred. In the event the Settlement is terminated, this order shall be rendered

null and void and shall be vacated, and the Parties shall revert to their respective positions as before entering into the Settlement.

22. The Court will conduct a Final Approval and Fairness Hearing on Wednesday, July 21, 2010, at the time of 9:30 a.m., to determine: (1) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court, including consideration of any timely filed objections; (2) the amount of attorneys' fees and costs to award to Class Counsel; and (3) the amount of Enhancement to award to the Class Representative.

23. Plaintiff's motion for final approval of the settlement, and Class Counsel's motion for awards of attorneys' fees and costs, and shall be filed no later than twenty-one (21) days prior to the date of the Final Approval and Fairness Hearing. Any opposition(s) to such motions shall be filed no later than fourteen (14) days prior to the Final Approval and Fairness Hearing. Any reply briefs in support of such motions shall be filed no later than seven (7) days prior to the Final Approval and Fairness Hearing.

24. To the extent permitted by law, pending final determination as to whether the Settlement contained in the Agreement should be approved, the Class Representative and all Class Members who do not Opt Out of the Settlement, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in this Litigation, shall not institute or prosecute any claims or actions against the Released Parties (Lane Bryant, Inc., Charming Shoppes of Delaware, Inc., Charming Shoppes, Inc., and each of their past, present, and/or former, direct and/or indirect, affiliates, parents, subsidiaries, divisions, and related companies, and their shareholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, partners, investors, administrators, employee benefit plans, predecessors, successors, and assigns (including any and all such entities which operated retail stores in California at any time during the class period, including but not limited to Catherines of California, Inc., Catherines Woman Delaware, Inc., Fashion Bug Retail Companies, Inc., Charming Shoppes Outlet Stores, LLC, Lane Bryant Outlet 4237/Petite Sophisticate Outlet, Inc., Lane Bryant Outlet 4324/Petite Sophisticate Outlet, Inc, Crosstown Traders, and any of their

past, present, and/or former, direct and/or indirect, affiliates, parents, subsidiaries, divisions, and related companies, and their shareholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, partners, investors, administrators, employee benefit plans, predecessors, successors, and assigns)), which fall within the definition of the Released Claims in the Agreement, and any pending actions against the Released Parties, whether in court, arbitration or pending before any state or federal governmental administrative agency, are stayed on an interim basis as to any claims which fall within the definition of the Released Claims, and all such pending actions will be bound by the Final Judgment, absent submission of a valid and timely Opt-Out Request, in which case the individual opting out may pursue his or her individual claims, but not class or representative claims, that fall within the definition of the Released Claims.

25. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Agreement, this order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Agreement.

**IT IS SO ORDERED.**

Dated __March 17_____, 2010      _____
                                       Hon. James Larson
                                       United States Magistrate Judge