PETER M. HART (SB# 198691)
hartpeter@msn.com
LAW OFFICES OF PETER M. HART
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

Attorney for Plaintiff
Shameika Moody
(Additional Counsel for Plaintiff continued on page 2)

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

SHAMEIKA MOODY, as an individual and on behalf of all other similarly situated,

Plaintiff,

vs.

CHARMING SHOPPES OF DELAWARE, INC., a corporation, and DOES 1 through 20, inclusive,

Defendants.

Case No. C 07-06073 JL

**DECLARATION OF LARRY W. LEE IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Judge: Hon. James Larson
Ctrm.: F, 15th Floor
Date: September 22, 2010
Time: 9:30 a.m.

**ADDITIONAL COUNSEL**

KENNETH H. YOON (State Bar No. 198443)
LAW OFFICES OF KENNETH H. YOON
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211
kyoon@yoon-law.com

LARRY W. LEE (State Bar No. 228175)
DIVERSITY LAW GROUP, A Professional Corporation
444 S. Flower Street, Suite 1370
Los Angeles, CA 90071
Telephone: (213) 488 – 6555
Facsimile: (213) 488 – 6554
lwlee@diversitylaw.com

ERIC HONIG (State Bar No. 140765)
LAW OFFICE OF ERIC HONIG
P.O. Box 10327
Marina Del Rey, CA 90295
Telephone: (310) 314-2603
Facsimile: (310) 314-2793
erichonig@aol.com

**DECLARATION OF LARRY W. LEE**

I, LARRY W. LEE, DECLARE AS FOLLOWS:

1. I am an individual over the age of 18. I am a California bar-admitted attorney with a private practice. My firm is the Diversity Law Group, P.C. and I am one of the attorneys of record for Plaintiffs Shameika Moody ("Plaintiff") in this action. I have personal knowledge of the facts set forth below and if called to testify I could and would do so competently.

2. This Court granted preliminary approval of the class action settlement and ordered Notice to be sent to the class members.

3. The settlement administration including the mailing of the Notice and Claim Form was done in accordance with the Order of this Court by Rust Consulting, an experienced settlement administrator.

4. Based on the responses of the class and the fact that there was a claims rate that is well within the range of reasonableness and a significantly low percent of exclusions to the settlement, this settlement should be granted final approval.

5. Based on my review of the settlement, my review of the facts of this case, my review of the risks of years-long appeals, the total damages and penalties versus the fair Settlement Sum of $2,100,000—based on all of these factors and including the settlement process proceeding fairly and in accordance with this Court's order and the good claims rate, no objectors, and minimal requests for exclusion, I believe that the Settlement is fair, adequate and reasonable and that it should be granted final approval by this Court.

6. Prior to reaching a settlement of this matter that was presented to this Court, I worked with my co-counsel (collectively "Class Counsel"), regarding a litigation strategy and discovery strategy.

7. Plaintiff propounded formal written discovery and received documents from Defendants, including documents on class size and responses to interrogatories. Defendants produced a significant amount of documents pertaining to its various employment policies,

practices and procedures. I reviewed each and every one of these documents in detail.

8. Prior to the mediation, Defendants also produced data on the payroll, time records, and class size of current and former employees. I spent significant time reviewing such data in order to prepare a damage analysis for purposes of mediation.

9. Similarly, Defendants issued formal discovery upon Plaintiff, which Plaintiff responded to as well.

10. On a number of occasions I met and conferred with my co-counsel regarding the substantive issues in this case and regarding the strategic issues involved before the Parties had agreed to mediation and after the Parties had agreed to mediation.

11. Based on my review of all relevant data and information in this case, it is my belief that the settlement reached in this matter is fair, reasonable and adequate.

12. I spent time drafting, revising and reviewing the class settlement papers, including the Settlement Agreement, Claim Form, Class Notice and related documents and providing input regarding the drafting of them and their form and content.

13. I participated in the drafting and reviewed the Preliminary Approval Documents / Class Papers.

14. I also spent a significant amount of time in researching and responding to Priddy's objection to the preliminary approval motion.

15. I continued to monitor the status of the Court's granting of Order re preliminary approval. I engaged in communications with my co-counsel regarding the claims administration process as well as engaging in communications with the claims administrator and with Defendants' counsel regarding the claims process and questions by Claimants.

16. I received and responded to a number of telephone calls from Class Members regarding this settlement. I spoke at length with each of these Class Members regarding the significance of filing claim forms.

17. I also reviewed the weekly updates provided by the Claims Administrator regarding the claims status and I engaged in discussions with my co-counsel and opposing counsel regarding the claims process.

**ATTORNEYS' FEES AND COSTS**

18. Defendants have agreed to not oppose payments to Class Counsel of up to $525,,000.00 in attorney's fees which represents thirty percent (25%) of the settlement sum of $2,100,000.00 reimbursed from the class settlement fund. Importantly, the total attorney's fees that Class Counsel seek are in a case where attorney's fees are recoverable by statute. Class Counsel ask for a percentage of the "common fund" theory.

19. To date, my firm has incurred approximately 415 hours on this case, with billing rates of $500.00 to $600.00 per hour. The total amount of attorneys' fees expended by my firm to date is approximately $214,500.00. My current billing rate is $500.00 per hour, which has been approved by various courts including *Wahab et al. v. Flextronics International, et al.*, San Diego Superior Court Case No,. 37-2008-00086335 CU-OE-CTL and *Mardirossian v. Lowe's Companies, Inc.*, Los Angeles County Superior Court, Case No. BC410541. Attached hereto as Exhibit "A" is a summary of the hours the attorneys at my firm spent on this case. Records of time entries are kept in a contemporaneous fashion.

20. I also anticipate spending an additional 20 hours traveling to and attending the final approval motion, conferring and reviewing e-mails and other written communications with counsel for Defendants and with the Claims Administrator regarding post final approval matters, including payments and related issues.

21. In addition, to date, my firm has incurred costs in the amount of $6,70784. Such costs include, but are not limited to, filing fees, copy costs, travel costs, and mediation fees.

22. Accordingly the total of the attorney fees from my firm for this case will be approximately $224,500.00.

**ATTORNEY EXPERIENCE**

23. I am one of the primary attorneys on this matter. My qualifications are as follows: I received my JD from Arizona State University College of Law in 2003. During law school, I was a summer associate at the law firm of Brobeck, Phleger & Harrison. I graduated *cum laude* from Arizona State University College of Law in the top 10% of my class. While I was in law school, I was the Associate Managing Editor of the Arizona State University College of Law, Law Journal. For more than one and one-half years I practiced law as an associate at the Los Angeles County offices of Ogletree Deakins Nash Smoak & Stewart, P.C., a national employment defense law firm.

24. I am currently a shareholder in the law firm Diversity Law Group. My primary practice is employment law. I have handled a number of wage and hour matters including class actions and individual actions, on both plaintiff and defense sides. I have a practice that encompasses cases in the Los Angeles Superior Courts, the Orange County Superior Courts, the San Francisco County Superior Courts, the San Diego County Superior Courts, and the United States District Courts for the Central, Northern and Eastern Districts of California.

25. I have been certified as class counsel in a number of wage and hour class actions, including *Ortega v. AIG* (United States District Court, Central District of California, Case No. CV-06-0196 RSWL (PJWx)), *Chan-Lanier v. Citibank* (San Francisco Superior Court, Case No. CGC-05-445143), and *Universal Protection Service Overtime Cases* (Orange County Superior Court, Case No. 05CC00013), *Tse v. Best Buy*, Los Angeles Superior Court Case No. BC392717; and *Hernandez v. CVS Corporation*, Los Angeles Superior Court Case No. JCCP 4539, amongst others.

26. I routinely engage in negotiations with attorneys who have practiced many more years than I have. I have a great deal more responsibility and discretion than attorneys with the same number of years experience at mid-to-big size firms.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 31st day of August 2010 at Los Angeles, California.

/s/

Larry W. Lee

Exhibit A

# EXHIBIT A

| Approximate Hours Spent | Description of Work |
|---|---|
| 8 hours | Drafting of complaint; reviewing documents and conferring with co-counsel in connection with same; research causes of action in preparation for same; review of removal documents re same |
| 140 hours | Review motions to dismiss; draft oppositions to same; legal research re same; travel to and argue same |
| 52 hours | Prepare initial disclosures and discovery requests; meet and confer with Defendants re same; travel to and attend case management conference |
| 21 hours | Review discovery responses and class data produced by Defendants |
| 40 hours | Attend mediation; draft mediation brief; legal research re same; create damage analysis |
| 26 hours | Drafting of settlement agreement and related documents; confer with counsel re same |
| 20 hours | Draft motion for preliminary approval and related documents; attend hearings re same |
| 58 hours | Review objection to preliminary approval; confer with counsel re same; draft opposition to same; legal research re same; travel to and attend hearings re same |
| 6 hours | Conferences with claims administrators re administration issues |
| 16 hours | Discussions with class members re filing of claims and settlement status |
| 22 hours | Draft motion for preliminary approval and related documents; attend hearings re same |
| 12 hours | Drafting of misc. pleadings; attending status conferences |
| | |
| 421 Total Hours | |